IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POLAROID CORPORATION,<br><br>        Plaintiff,<br><br>        v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>        Defendant. | C.A. No. 06-738 (SLR) |

**ANSWER AND COUNTERCLAIMS**

Defendant, Hewlett-Packard Company ("HP"), by its attorneys Fish & Richardson P.C., hereby responds to the Complaint of Plaintiff Polaroid Corporation ("Polaroid"). HP denies each and every allegation contained in the Complaint that is not expressly admitted below.

    1.    HP is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1 and therefore denies such allegations.

    2.    HP admits that it is a Delaware Corporation with a principal place of business at 3000 Hanover Street, Palo Alto, California, 94304 and that it has used the marketing terms "Adaptive Lighting Technology" and "Digital Flash" in connection with certain products, and that it imports and sells certain consumables and software, but otherwise denies the allegations of paragraph 2.

    3.    HP is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3 and therefore denies such allegations.

    4.    HP admits the allegations of paragraph 4.

    5.    HP admits the allegations of paragraph 5.

    6.    HP incorporates by reference, as if set forth in full herein, its answers to paragraphs 1-5 above.

7. HP admits that a document purporting to be U.S. Patent No. 4,829,381 ("the '381 patent") was attached to the Complaint as Exhibit A, purports to be entitled "System and Method for Electronic Image Enhancement by Dynamic Pixel Transformation," and purports to be issued May 9, 1989.  HP is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 7, and therefore denies the same.

8. HP admits that Exhibit A, on its face, lists Woo-Jin Song and Donald S. Levinstone as inventors of the '381 patent, and that the '381 patent, on its face, states that Polaroid is the assignee.  HP is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 8, and therefore denies the same.

9. HP admits only that "Adaptive Lighting Technology" is a marketing term that has been used in connection with certain HP products, and denies the remainder of paragraph 9.

10. HP admits only that "Adaptive Lighting Technology" is a marketing term that has been used in connection with certain HP products, and denies the remainder of paragraph 9.

11. HP denies the allegations of paragraph 11.

12. HP denies the allegations of paragraph 12.

13. HP admits paragraph 13 only to the extent that HP was in license negotiations with Polaroid in 2002 and 2003 and otherwise is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 13, and therefore denies such allegations.

14. HP is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14, and therefore denies the same.

15. HP admits only that Polaroid offered to license the '381 patent in or about March of 2003 and otherwise denies the remainder of the allegations of paragraph 15.

16.  HP admits that it has not entered into a written license agreement with Polaroid regarding the '381 patent. HP denies the remaining allegations of paragraph 16.

17.  HP denies the allegations of paragraph 17.

18.  HP denies the allegations of paragraph 18.

19.  HP denies the allegations of paragraph 19.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

20.  HP products do not infringe and have not infringed any claims of the patent-in-suit.

### Second Affirmative Defense

21.  The claims in the patent-in-suit are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 101, 102, 103, and 112.

### Third Affirmative Defense

22.  Polaroid's claims are barred under the doctrine of laches, equitable estoppel, implied license, and/or license.

### Fourth Affirmative Defense

23.  Polaroid's claims for damages are limited by 35 U.S.C. § 287(a).

### Fifth Affirmative Defense

24.  Polaroid's conduct precludes an award of injunctive relief.

### Sixth Affirmative Defense

25.  Polaroid's claims are limited by the doctrine of prosecution history estoppel.

### Seventh Affirmative Defense

26.  Hewlett-Packard reserves the right to assert additional defenses that may become known to it through discovery, including but not limited to inequitable conduct.

## COUNTERCLAIMS

Defendant HP asserts the following counterclaims against Plaintiff Polaroid.

### Parties

1. Counterclaim Plaintiff HP is a Delaware corporation having a principal place of business at 3000 Hanover Street, Palo Alto, California 94304.

2. Upon information and belief, Counterclaim Defendant Polaroid is a Delaware corporation having a principal place of business at 1265 Main Street – Building W3, Waltham, MA 02451.

### Jurisdiction and Venue

3. These counterclaims arise under the Patent Law of the United States, as enacted under Title 35 of the United States Code, and the provisions of the Federal Declaratory Judgment Act, as enacted under Title 28 of the United States Code. The jurisdiction of the Court is proper under 35 U.S.C. § 271 et seq. and 28 U.S.C. §§ 1331, 1338, and 2201-2202.

4. This Court has personal jurisdiction over Polaroid because Polaroid is a resident of Delaware, having incorporated in this state. In addition, Polaroid has sufficient contacts with Delaware such that compelling it to appear and defend in the forum does not offend traditional notions of fair play and substantial justice.

5. In its Complaint, Polaroid alleges that HP infringes U.S. Patent No. 4,829,381 ("the '381 patent").

6. Because HP denies that it infringes any valid claim of the '381 patent, an actual and justiciable controversy has arisen and now exists between HP and Polaroid as to whether HP infringes any of the claims of the '381 patent and as to whether the '381 patents is invalid.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

**Count I: Declaratory Relief Regarding Non-Infringement**

8. The allegations of paragraphs 1-7 above are incorporated herein by reference.

9. HP does not infringe and has not infringed any claims of the patent-in-suit.

**Count II: Declaratory Relief Regarding Invalidity**

10. The allegations of paragraphs 1-7 above are incorporated herein by reference.

11. The claims in the patent-in-suit are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including 35 U.S.C. § 101.

12. The claims in the patent-in-suit are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including 35 U.S.C. § 102.

13. The claims in the patent-in-suit are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including 35 U.S.C. § 103.

14. The claims in the patent-in-suit are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including 35 U.S.C. § 112.

**Requested Relief**

HP respectfully requests a judgment against Polaroid as follows:

a. A declaration that HP does not infringe and has not infringed the patent-in-suit;

b. A declaration that United States Patent No. 4,829,381 is invalid;

c. That Polaroid take nothing by its complaint;

d. That the Court enter judgment against Polaroid and in favor of HP and that Polaroid's complaint be dismissed with prejudice;

  e. That the Court enter judgment that this case is an exceptional case under 35 U.S.C. § 285, and enter a judgment awarding HP its costs and reasonable attorneys' fees; and

  f. That the Court grant HP whatever further relief the Court deems just and proper.

## Demand for Jury Trial

HP hereby demands a jury trial on all claims and issues triable of right by a jury.

Dated:  January 30, 2007    FISH & RICHARDSON P.C.

          By: */s/ William J. Marsden, Jr.*
            William J. Marsden, Jr. (#2247)
            919 N. Market Street, Suite 1100
            Wilmington, DE  19801
            Phone:  (302) 652-5070
            Facsimile:  (302) 652-0607
            Email:  marsden@fr.com

            John E. Giust
            Matthew E. Bernstein
            12390 El Camino Real
            San Diego, CA  92130
            Phone:  (858) 678-5070
            Facsimile:   (858) 678-5099
            Email:  giust@fr.com
            Email:  bernstein@fr.com

            Charles H. Sanders
            225 Franklin Street
            Boston, MA 02110
            Phone: (617) 542-5070
            Facsimile:  (617) 542-8906
            Email: sanders@fr.com

          Attorneys for Defendant
          Hewlett-Packard Company

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2007, I electronically filed with the Clerk of Court the foregoing Answer and Counterclaims using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition, the filing will also be sent via hand delivery:

Jack B. Blumenfeld, Esq.  Attorneys for Plaintiff
Julia Heaney, Esq.  Polaroid Corporation
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899-1347

I hereby certify that on January 30, 2007, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

Russell E. Levine  Attorneys for Plaintiff
Graham C. Gerst  Polaroid Corporation
Michelle W. Jordan
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

　　　　　　　　　　　　　　　　　　 /s/ William J. Marsden, Jr.
　　　　　　　　　　　　　　　　　　William J. Marsden, Jr. (#2247)

80041514.doc