IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POLAROID CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No.  06-738 (SLR)<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) |

## POLAROID CORPORATION'S REPLY TO COUNTERCLAIMS

Plaintiff Polaroid Corporation ("Polaroid"), by and through its undersigned attorneys, hereby provides its Reply to Defendant Hewlett-Packard Company's ("HP") Counterclaims:

### RESPONSE TO SPECIFIC ALLEGATIONS

### The Parties

**1.   Counterclaim Plaintiff HP is a Delaware corporation having a principal place of business at 3000 Hanover Street, Palo Alto, California 94304.**

**RESPONSE.**  Admitted.

**2.   Upon information and belief, Counterclaim Defendant Polaroid is a Delaware corporation having a principal place of business at 1265 Main Street - Building W3, Waltham, MA 02451.**

**RESPONSE.**  Admitted.

## Jurisdiction and Venue

**3.** These counterclaims arise under the Patent Law of the United States, as enacted under Title 35 of the United States Code, and the provisions of the Federal Declaratory Judgment Act, as enacted under Title 28 of the United States Code. The jurisdiction of the Court is proper under 35 U.S.C. § 271 et seq. and 28 U.S.C. §§ 1331, 1338, and 2201-2202.

**RESPONSE.** Polaroid admits that HP purports to raise its counterclaims under U.S. patent law and the Declaratory Judgment Act. Polaroid admits that this Court has jurisdiction pursuant to provisions of the Federal Declaratory Judgment Act, as enacted under Title 28 of the United States Code.

**4.** This Court has personal jurisdiction over Polaroid because Polaroid is a resident of Delaware, having incorporated in this state. In addition, Polaroid has sufficient contacts with Delaware such that compelling it to appear and defend in the forum does not offend traditional notions of fair play and substantial justice.

**RESPONSE.** Admitted.

**5.** In its Complaint, Polaroid alleges that HP infringes U.S. Patent No. 4,829,381 ("the '381 patent").

**RESPONSE.** Admitted.

**6.** Because HP denies that it infringes any valid claim of the '381 patent, an actual and justiciable controversy has arisen and now exists between HP and Polaroid as to whether HP infringes any of the claims of the '381 patent and as to whether the '381 patent is invalid.

**RESPONSE.** Admitted.

**7.** Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

**RESPONSE.** Admitted.

## Count I: Declaratory Relief Regarding Non-Infringement

**8.** The allegations of paragraphs 1-7 above are incorporated herein by reference.

**RESPONSE.** Polaroid incorporates by reference its responses to paragraphs 1–7 above.

9. HP does not infringe and has not infringed any claims of the patent-in-suit.

**RESPONSE.** Denied.

## Count II:  Declaratory Relief Regarding Invalidity

10. The allegations of paragraphs 1-7 above are incorporated herein by reference.

**RESPONSE.** Polaroid incorporates by reference its responses to paragraphs 1–7 above.

11. The claims in the patent-in-suit are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including 35 U.S.C.§ 101.

**RESPONSE.** Denied.

12. The claims in the patent-in-suit are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including 35 U.S.C. § 102.

**RESPONSE.** Denied.

13. The claims in the patent-in-suit are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United Sates Code, including 35 U.S.C. § 103.

**RESPONSE.** Denied.

14. The claims in the patent-in-suit are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including 35 U.S.C. § 112.

**RESPONSE.** Denied.

## Requested Relief

Polaroid denies that HP is entitled to any relief whatsoever in this action, either as prayed for in its counterclaims or otherwise.

        MORRIS, NICHOLS, ARSHT & TUNNELL, LLP

        */s/ Julia Heaney*
        Jack B. Blumenfeld (#1014)
        Julia Heaney (#3052)
        1201 N. Market Street
        Wilmington, Delaware 19801
        (302) 658-9200
        jheaney@mnat.com
          Attorneys for Plaintiff, Polaroid Corporation

OF COUNSEL:

Russell E. Levine, P.C.
C. Graham Gerst
Michelle W. Jordan
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

February 15, 2007
741755

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on February 15, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>William J. Marsden, Jr.
>Fish & Richardson P.C.
>919 N. Market Street, Suite 1100
>Wilmington, DE  19899-1114

I also certify that copies were caused to be served on February 15, 2007 upon the following in the manner indicated:

### **VIA E-MAIL**

>John E. Giust
>Fish & Richardson P.C.
>12390 El Camino Real
>San Diego, CA  92130
>giust@fr.com


*/s/ Julia Heaney*
_____
Julia Heaney (#3052)