IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POLAROID CORPORATION,<br><br>  Plaintiff and Counterclaim-Defendant,<br><br>  v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>  Defendant and Counterclaim-Plaintiff. | C.A. No. 06-738 (SLR) |

**STIPULATED PROTECTIVE ORDER
REGARDING CLASSIFIED INFORMATION**

Plaintiff Polaroid Corporation (Polaroid) and Defendant Hewlett-Packard Company (HP) stipulate, pursuant to Federal Rule of Civil Procedure Rule 26(c) and D. Del. LR 26.2, that the following applies to all discovery matters in this case:

**1.   Introduction and Scope**

This protective order shall govern all documents and information exchanged during this action, including, but not limited to, documents produced by the parties or non-parties, deposition testimony, testimony taken at a hearing or other proceeding, interrogatory answers, responses to requests for admissions, and any other form of evidence or discovery contemplated under Rules 26–37 and 45 of the Federal Rules of Civil Procedure that contains any trade secret or business information generally unknown to the public.  The documents and information governed by this protective order shall be collectively referred to as "Discovery Material."

**2.   Designation of Certain Discovery Material as "Confidential" or "Outside Counsel Only"**

Discovery Material may be designated as "Confidential" where such Discovery Material relates to non-public, sensitive, or confidential information.  Such Discovery Material shall be so

identified at the time of service of such Discovery Material by including on each page the legend "CONFIDENTIAL – C.A. 06-738."

Discovery Material may also be designated "Outside Counsel Eyes Only." The "Outside Counsel Eyes Only" designation is reserved solely for "Confidential" information that constitutes: (a) proprietary financial information and (b) forward looking business plans, the disclosure of which is likely to cause harm to the competitive position of the producing party. Such Discovery Material shall be so identified at the time of service of such Discovery Material by including on each page the legend "OUTSIDE COUNSEL EYES ONLY – C.A. 06-738." Notwithstanding the parties rights under this Protective Order to designate proprietary financial information as "Outside Counsel Eyes Only" Discovery Material, in order to effectuate the potential settlement of this litigation, the parties may provide documents containing summary financial information, including summary sales information, under the "Confidential" designation. Likewise, the parties may provide forward looking sales projections under the "Confidential" designation in an effort to effectuate settlement. Should either of the parties, in an effort to settle this litigation, so designate materials as "Confidential" instead of "Outside Counsel Eyes Only," nothing shall preclude, and no party shall object to, the reclassification of any such materials to the higher "Outside Counsel Eyes Only" designation. Such reclassification may be done at the sole discretion of the party disclosing the information.

In the event the designating party elects to produce original "Outside Counsel Eyes Only" or "Confidential" documents for inspection, no marking need be made by the designating party in advance of the inspection, and all inspected materials shall be deemed "Outside Counsel Eyes Only." If copies of those original documents are later delivered to the receiving party, those copies that are "Outside Counsel Eyes Only" or "Confidential" Discovery Material will be so

designated, while those copies lacking that designation will not be deemed "Outside Counsel Eyes Only" or "Confidential."

### 3. Use of Designated Information

"Outside Counsel Eyes Only" or "Confidential" Discovery Material may be used only for purposes of preparation, trial, and appeal of this action, shall be held in confidence by each person to whom it is disclosed, and may not be disclosed to any person or entity, except as permitted in this Order. All "Outside Counsel Eyes Only" or "Confidential" Discovery Material shall be carefully maintained by the receiving party in secure facilities and access to such "Outside Counsel Eyes Only" or "Confidential" Discovery Material shall be permitted only to persons having access hereto under the terms of this Order.

### 4. Inadvertent Failure to Designate

Any party or third party, who inadvertently fails to designate information as "Outside Counsel Eyes Only" or "Confidential," or otherwise wishes to change the designation of confidentiality under this Order, may later do so, and the receiving party shall treat such document/information as being so designated with confidentiality from the time the receiving party is notified in writing of the inadvertent designation. The parties agree that the inadvertent disclosure of "Outside Counsel Eyes Only" or "Confidential" Discovery Material by the designating party in producing discovery to the receiving party, regardless of whether the information was designated as such at the time of disclosure, shall not be treated as a waiver in whole or in part of a designating party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject.

5. **Procedure for Designating Deposition Testimony**

The deposition testimony and all copies of any transcript of the deposition of any current or former agent, officer, director, employee, consultant or supplier of the designating party shall initially be considered, as a whole, to constitute "Outside Counsel Eyes Only" Discovery Material subject to this Order, and the original and all copies of such deposition transcripts shall be marked accordingly as "OUTSIDE COUNSEL EYES ONLY – C.A. 06-738" by the reporter until twenty-one (21) days after the producing party is notified that the transcript is available. After the expiration of the twenty-one day period, the testimony and any transcripts of the deposition shall no longer be treated as "Outside Counsel Eyes Only" or "Confidential" unless the producing party designates on the record or in writing that such materials, or portions of such materials, be treated as "Outside Counsel Eyes Only" or "Confidential" within the twenty-one day period. If a party fails to designate a deposition in the required time period, that deposition testimony will not be considered confidential. However, the deposition may still be designated confidential at a later date.

6. **No Obligation to Challenge**

A party shall not be obligated to challenge the propriety of "outside counsel eyes only" or "confidential" designations, and a failure to do so shall not preclude a subsequent challenge of the propriety of such designation. If the parties are unable to resolve any challenge of confidentiality by agreement within ten (10) days after receipt of challenge notice by the receiving party, the receiving party may at any time thereafter seek a Court Order to alter the "Outside Counsel Eyes Only" or "Confidential" status of the materials or information.

7. **Access to Discovery Material**

Subject to Paragraphs 8 and 9 of this Order, no "Outside Counsel Eyes Only" or "Confidential" Discovery Material shall, without prior written consent of the producing party, (a)

4

be disclosed, to anyone other than the Court and the persons and entities specified in Paragraphs 8 and 9 hereof; or (b) be used by anyone other than the producing party for any purpose whatsoever other than the prosecution or defense of this litigation. Nothing herein shall detract from, or affect in any way, confidentiality obligations to which the parties may be subject pursuant to agreements independent of this litigation.

    **8.**    <u>**Access to "Outside Counsel Eyes Only" Discovery Material**</u>

Discovery Material designated as "OUTSIDE COUNSEL EYES ONLY –C.A. 06-738" shall be made available only to the following persons who are informed of the terms of this Order:

    (a)    Outside legal counsel for the parties, and supporting personnel employed by such counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks and/or private photocopying services, provided that such individuals are informed of the terms of this Order;

    (b)    Experts and consultants pursuant to Paragraph 10 of this Order;

    (c)    The Court, the Court's staff, and the jury in this litigation;

    (d)    Employees of outside vendors providing copy services, exhibit preparation services, document coding, image scanning, mock trial, participation in a mock jury, jury profiling, or the creation of any computer database from documents containing "Outside Counsel Eyes Only" Discovery Material in connection with this litigation, provided that such persons are informed of the terms of this Order;

  (e)  Stenographic reporters and videographers engaged for depositions or proceedings necessary to this action; and

  (f)  Any person who is identified as an author or recipient, including receipt by copy, of any document, information therein or tangible medium. Such persons shall be considered "Authorized Personnel" solely with respect to the specific document, information therein or tangible medium.

**9.** **Access to "Confidential" Discovery Material**

Discovery Material designated as "CONFIDENTIAL – C.A. 06-738" shall be made available only to the following persons who are informed of the terms of this Order:

  (a)  Five employees from Polaroid and five employees from HP. Specifically, the following three Polaroid employees shall have access to "Confidential" information: Bill Boyd, Brad Kulberg and Tom Bowden. The following three HP employees shall have access to "Confidential" information: Bruce Watrous, Bloor Redding and Charles Moore. Any other employee of either Polaroid or HP, up to an additional two Polaroid employees and two HP employees, who seeks access to "Confidential" information can receive such access only after: (1) said employee's name, title, and job description is identified in writing to the opposing party; and (2) the opposing party is given 5 calendar days to object, in writing, to disclosure of "Confidential" information to the employee. Any such objection must be made in good faith and for legitimate reasons. All employees identified in this paragraph must agree to be bound by all of the terms of this Protective Order, including but not limited to the prosecution

          ban contained in paragraph 19, and must further execute the Secrecy Agreement attached as Exhibit A, prior to receiving any "Confidential" information.

(b)     Outside legal counsel for the parties, and supporting personnel employed by such counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks and/or private photocopying services, provided that such individuals are informed of the terms of this Order;

(c)     Experts and consultants pursuant to Paragraph 10 of this Order;

(d)     The Court, the Court's staff, and the jury in this litigation;

(e)     Employees of outside vendors providing copy services, exhibit preparation services, document coding, image scanning, mock trial, participation in a mock jury, jury profiling, or the creation of any computer database from documents containing "Confidential" Discovery Material in connection with this litigation, provided that such persons are informed of the terms of this Order;

(f)     Stenographic reporters and videographers engaged for depositions or proceedings necessary to this action; and

(g)     Any person who is identified as an author or recipient, including receipt by copy, of any document, information therein or tangible medium. Such persons shall be considered "Authorized Personnel" solely with respect to the specific document, information therein or tangible medium.

**10.     Access to "Confidential" Discovery Material by Experts**

Any "Outside Counsel Eyes Only" or "Confidential" Discovery Material may be disclosed to independent experts and consultants assisting in this matter provided that in advance of the receipt of any "Outside Counsel Eyes Only" or "Confidential" Discovery Material, the expert or consultant signs a copy of the Secrecy Agreement attached hereto as Exhibit A and the expert is also disclosed, without objection, or by order of the Court, under the disclosure provisions of this paragraph.  Specifically, prior to disclosing any "Outside Counsel Eyes Only" or "Confidential" discovery material to an independent expert or consultant, the party seeking to provide the expert or consultant with "Outside Counsel Eyes Only" or "Confidential" discovery material shall provide a copy of the expert's/consultant's executed Secrecy Agreement, along with the expert's/consultant's most recent CV, to the other party to this litigation.  In addition to providing the Secrecy Agreement and CV, the party seeking to provide the expert or consultant with "Outside Counsel Eyes Only" or "Confidential" discovery material shall also provide written notice of the following information concerning the expert or consultant:  (1) the current business affiliation of the expert or consultant (including any affiliation as an expert, an advisor, a consultant or any other similar role); (2) any known present or former relationships between the expert or consultant and any party; and (3) all business relationships of the expert or consultant during the past four years in an area involving software algorithms for image processing, printers or cameras.  If the identity of any business relationship or affiliation is confidential, then a general description of the nature of the work shall be provided instead.  The party receiving the notice (and the other obligations of this paragraph) of the other party's desire to provide the expert or consultant with "Outside Counsel Eyes Only" or "Confidential" discovery material will then have seven (7) calendar days to object, in writing, to the disclosure of "Outside Counsel Eyes Only" or "Confidential" discovery material to the identified expert.  If

the parties cannot resolve their dispute on any particular expert receiving "Outside Counsel Eyes Only" or "Confidential" discovery material within seven (7) calendar days, the objecting party may file a motion with the court for a protective order.

### 11.     Limited Access by Certain Deposition Witnesses

"Outside Counsel Eyes Only" or "Confidential" Discovery Material may be disclosed to a witness not already allowed access to such information under this Order only if counsel for the party designating the material as "Outside Counsel Eyes Only" or "Confidential" Discovery Material agrees in writing or on the record, before disclosure, that the material may be disclosed to the witness.

In the event of disclosure under this paragraph, only the reporter, deponent, his/her counsel, and persons to whom disclosure may be made, and who are bound by the Order, may be present during the disclosure or discussion of "Outside Counsel Eyes Only" or "Confidential" Discovery Material.  Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

### 12.     Party's Own Information

The restrictions on the use of Discovery Material established by this protective order are applicable only to Discovery Material received by a party from another party or from a non-party as a direct result of this litigation.  A party is free to do whatever it desires with its own Discovery Material.

### 13.     Related Material

The restrictions on the use of Discovery Material established by this protective order shall extend to:  (i) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto that contain or reflect the content of any such Discovery Material, copies, extracts, or summaries, provided that such writings are identified as containing "Outside Counsel

9

Eyes Only" or "Confidential" Discovery Material as provided for by Paragraph 14 hereto and are marked "OUTSIDE COUNSEL EYES ONLY –C.A. 06-738" or "CONFIDENTIAL – C.A. 06-738" on at least the first page of the writing; and (ii) all copies, extracts and complete or partial summaries prepared from such Discovery Material.

**14.    Filings Under Seal**

The Clerk of the Court is directed to maintain as a "sealed document" all information, documents, objects and other materials filed by either party with the Clerk which have been designated by a party to this action as "OUTSIDE COUNSEL EYES ONLY – C.A. 06-738" or "CONFIDENTIAL – C.A. 06-738."

To assist the Clerk, any document or object comprising "Outside Counsel Eyes Only" or "Confidential" Discovery Material shall be filed in the Clerk's Office in the manner set forth by the rules and procedures of the court.

**15.    Use of Discovery Material at Hearing or Trial**

Nothing in this Order shall prevent a party from using any "Outside Counsel Eyes Only" or "Confidential" Discovery Material at trial or a hearing.  In the event that "Outside Counsel Eyes Only" or "Confidential" Discovery Material is used in any court proceeding in connection with this litigation, it shall not lose its status as "Outside Counsel Eyes Only" or "Confidential" Discovery Material through such use, provided that the parties to this action take steps reasonably calculated to protect its confidentiality during such use.  The parties may request that attendance at those portions of the hearing or trial or access to the transcripts of those hearings or the trial in which "Outside Counsel Eyes Only" or "Confidential" Discovery Material is disclosed be restricted to court personnel and persons authorized to receive disclosure by this Order.  Where a party plans to use "Outside Counsel Eyes Only" or "Confidential" Discovery Material in a hearing or trial, that party shall make a good faith effort to notify opposing counsel

at least 24 hours ahead of the hearing or trial and shall notify the Court at the outset of the proceeding that some portions of the evidence to be presented have been so designated.

**16.   No Admission Regarding Confidentiality**

Neither the designation of "Outside Counsel Eyes Only" or "Confidential" Discovery Material pursuant to this Order nor the receiving party's failure to oppose or challenge any such designation shall be construed as an admission that such information is, in fact, a trade secret or confidential information and shall not be admissible as evidence of that fact.

**17.   Modifications in Writing**

Nothing herein shall prevent disclosure beyond the terms of this Order if counsel for the designating party consents in writing or on record to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure. Any particular consent given under this Order with respect to confidentiality of the particular document shall not be deemed a general waiver of any other designation.

**18.   Third Parties**

Third parties producing document or providing testimony in the course of this action may also designate Discovery Materials as "Outside Counsel Eyes Only" or "Confidential," subject to the same protections and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena served in connection with this action.

**19.   Exclusion Relating to Patent Prosecution**

Materials designated as "Outside Counsel Eyes Only" or "Confidential," and the information contained therein, may not be disclosed to attorneys or agents who prepare or prosecute any U.S. or foreign patent applications. Persons, including experts or consultants, to whom materials marked as "Outside Counsel Eyes Only" or "Confidential," and the information contained therein, are disclosed shall refrain from preparing or prosecuting any U.S. or foreign

patent applications related to the subject matter of image contrast enhancement in photography or printing for two (2) years from the entry of a final judgment or dismissal in this action.

### 20.  Other Proceedings

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "OUTSIDE COUNSEL ONLY– C.A. 06-738" or "CONFIDENTIAL –C.A. 06-738" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

### 21.  Disposition Upon Conclusion

Within thirty (30) days after settlement or final judgment of this action, including the time for filing and resolution of all appeals, or such other period as the parties agree upon, each receiving party shall at its option either (a) return to the designating party or (b) destroy and certify such destruction to the designating party all documents, objects and other materials produced or designated as "Outside Counsel Eyes Only" or "Confidential" Discovery Material under this Order, and each receiving party shall destroy in whatever form, stored or reproduced, all other document objects and other materials that contain or refer to "Outside Counsel Eyes Only" or "Confidential" Discovery Material, including pleadings and work product.

### 22.  Violation of this Order

In the event anyone shall violate or threaten to violate the terms of this protective order, the aggrieved designating party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this protective order.

**23.     Waiver or Termination**

The provisions of this protective order may not be modified, waived or terminated except by the written stipulation of counsel or order of the Court.  This Order shall survive the final termination of this proceeding with respect to any retained "Outside Counsel Eyes Only" or "Confidential" Discovery Material.  Termination of the proceedings shall not relieve any person from the obligations of this protective order, unless the Court orders otherwise.  The Court shall retain jurisdiction to enforce the protective order despite termination of this lawsuit.

**24.     The Parties Have the Right to Seek Further Relief**

This protective order is without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions, or restrictions provided herein.

**25.     Notice**

All notices required by this protective order are to be served via facsimile and email to the appropriate attorney(s) at Kirkland & Ellis LLP and Fish & Richardson P.C.  The date by which a party to this action receiving a notice shall respond, or otherwise take action, shall be computed from the date indicating that the facsimile and email was received.  Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the party designating Discovery Material under this Order.

| | |
|---|---|
| Dated: <u>March 8, 2007</u> | Dated: <u>March 8, 2007</u> |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | FISH & RICHARDSON P.C. |
| By <u>/s/ Jack B. Blumenfeld</u> | By <u>/s/ William J. Marsden, Jr.</u> |
| Jack B. Blumenfeld (#1014)<br>Julie Heaney (#3052)<br>1201 N. Market Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br>Email: jblumenfeld@mnat.com<br>Email: jheaney@mnat.com | William J. Marsden, Jr. (#2247)<br>919 N. Market Street, Suite 1100<br>Wilmington, DE 19899<br>Telephone: (302) 652-5070<br>Facsimile: (302) 652-0607<br>Email: marsden@fr.com |
| Russell E. Levine, P.C.<br>C. Graham Gerst<br>Michelle W. Jordan<br>KIRKLAND & ELLIS LLP<br>200 East Randolph Drive<br>Chicago, IL 60601<br>Telephone: (312) 861-2000<br>Facsimile: (312) 861-2200<br>Email: rlevine@kirkland.com<br>Email: ggerst@kirkland.com<br>Email: mjordan@kirland.com | John E. Giust<br>Matthew C. Bernstein<br>12390 El Camino Real<br>San Diego, CA 92130<br>Telephone: (858) 678-5070<br>Facsimile: (858) 678-5099<br>Email: giust@fr.com<br>Email: bernstein@fr.com |
| *Attorneys for Plaintiff and Counterclaim-Defendant Polaroid Corporation* | *Attorneys for Defendant and Counterclaim-Plaintiff Hewlett-Packard Company* |

APPROVED AND SO ORDERED.

DATED: March _____, 2007        Hon. Sue L. Robinson
United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2007, I electronically filed with the Clerk of Court the foregoing STIPULATED PROTECTIVE ORDER REGARDING CLASSIFIED INFORMATION using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.  In addition, the filing will also be sent via hand delivery:

| | |
|---|---|
| Jack B. Blumenfeld (#1014) | Attorneys for Plaintiff and |
| Julia Heaney (#3052) | Counterclaim-Defendant |
| Morris, Nichols, Arsht & Tunnell, LLP | Polaroid Corporation |
| 1201 North Market Street | |
| Wilmington, DE 19899-1347 | |
| Phone:  302-658-9200 | |
| Fax:  302-658-3989 | |
| Email:  jblumenfeld@mnat.com | |
| Email:  jheaney@mnat.com | |

I hereby certify that on March 8, 2007, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

| | |
|---|---|
| Russell E. Levine, P.C. | Attorneys for Plaintiff and |
| C. Graham Gerst | Counterclaim-Defendant |
| Michelle W. Jordan | Polaroid Corporation |
| Kirkland & Ellis LLP | |
| 200 East Randolph Drive | |
| Chicago, IL  60601 | |
| Phone:  312-861-2000 | |
| Fax:  312-861-2200 | |
| Email:  rlevine@kirkland.com | |
| Email:  ggerst@kirkland.com | |
| Email:  mjordan@kirland.com | |

                                            */s/ William J. Marsden*
                                             William J. Marsden, Jr. (#2247)

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| POLAROID CORPORATION,<br><br>   Plaintiff and Counterclaim-Defendant,<br><br>   v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>   Defendant and Counterclaim-Plaintiff. | C.A. No. 06-738 (SLR) |

**SECRECY AGREEMENT**

I hereby solemnly swear that:

    1.    I have been given a copy the Protective Order in the above-captioned case (the "Order") and have read and do fully understand the Order.

    2.    I agree to comply with and to be bound by the terms of the Order.

    3.    I submit to the jurisdiction of this Court for enforcement of the Order.

    4.    I agree not to use any "Outside Counsel Eyes Only" or "Confidential" Discovery Material disclosed to me pursuant to the Order except for purposes of the above-captioned litigation and not to disclose any such "Outside Counsel Eyes Only" or "Confidential" Discovery Material to persons other than those specifically authorized by said Order, without the express written consent of the party who designated such information as being confidential or by order of this Court. I also agree to notify any stenographic, clerical or technical personnel that are required to assist me of the terms of said Order.

5.  I understand that I am to retain all "Outside Counsel Eyes Only" or "confidential" documents or materials in a secure manner and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any "Outside Counsel Eyes Only" or "Confidential" Discovery Material are to be returned to counsel who provided me with such documents and materials.

Dated: _____     By: _____

                                          Name: _____

                                          Company: _____