# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

April 3, 2007

The Honorable Sue L. Robinson                                          *VIA E-FILING*
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, DE 19801

    Re:    *Polaroid Corporation v. Hewlett-Packard Company*
            C.A. No. 06-738 (SLR)

Dear Chief Judge Robinson:

      I am writing in response to the Court's March 28, 2007 Order setting a telephonic scheduling conference for April 17, 2007 at 8:30 a.m. The parties submitted a proposed scheduling order on March 20, 2007, a copy of which is attached. We look forward to discussing this proposal with you on April 17.

                              Respectfully,

                              /s/ Jack B. Blumenfeld

                              Jack B. Blumenfeld (I.D. No. 1014)

JBB/dlb
Enclosure
cc:    Clerk of Court (Via Hand Delivery; w/ encl.)
       William J. Marsden, Jr., Esquire (Via Hand Delivery; w/ encl.)
       Matthew C. Bernstein, Esquire (Via E-Mail; w/ encl.)
       Russell C. Levine, Esquire (Via E-Mail; w/ encl.)

781924.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POLAROID CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-738 (SLR) |
| | ) | |
| HEWLETT-PACKARD COMPANY, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SCHEDULING ORDER

At Wilmington this _____ day of March 2007, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Limited Discovery Prior to May 8, 2007.** Prior to May 8, 2007, neither party may propound any written discovery or notice any depositions while the parties attempt in good faith to settle the pending litigation. Prior to March 30, 2007, HP will provide Polaroid with technical information which will enable Polaroid to further investigate its allegations of infringement, including the source code relative to the algorithms used for image enhancement, and summary sales information which will assist the parties in their attempt to settle this litigation. If, during this period of limited discovery, Polaroid believes in good faith that it needs additional information from HP in order to fully assess the possible settlement of this matter, Polaroid will make any such request prior to April 15, 2007, in writing to HP's outside counsel, and HP will endeavor in good faith to provide said additional materials prior to April 30, 2007.

1

All HP materials provided during this limited discovery period will be provided subject to an executed protective order in this case.

On May 7 and/or May 8, 2007, the parties will meet and confer to further discuss the scope of discovery moving forward in the case in light of the settlement discussions to date, as well as Polaroid's investigation of its infringement contentions to date. Should the parties believe that the limited discovery period should be extended in order to further effectuate settlement discussions, the parties may agree to the modification of this order, subject to Court approval, to so memorialize said extension.

    2.    **Pre-Discovery Disclosures.** The parties will exchange by May 15, 2007 the information required by Fed. R. Civ. P. 26(a) (1) and D. Del. LR 16.2. In addition, by May 15, 2007, the parties shall exchange the following e-discovery information:

- A list of the most likely custodians of electronically stored information, including a brief description of each person's title and responsibilities;

- A summary of the relevant electronic systems that have been in place during the relevant time period of this litigation, as well as whether each of these systems is easily accessible;

- The name of the individual responsible for retention of the party's electronically stored information; and

- The name of the individual who shall serve as that party's liaison for e-discovery.

    3.    **Discovery.**

        (a)    Discovery will be needed on the following subjects:

- Ownership of the '381 patent

- Whether or not the accused HP products infringe the asserted claims of the '381 patent

- Whether the claims of the '381 patent are valid or invalid

- The conception, reduction to practice, and diligence in reduction to practice in the claimed inventions of the '381 patent

- The preparation and prosecution of the patent application that issued as the '381 patent

- Whether the '381 patent is enforceable or unenforceable

- The extent of Polaroid's damages and any limitations to such damages

- Relevant patent licensing policies and practices of the parties and relevant patent license agreements entered into by either Polaroid or HP

- Whether or not HP's conduct was willful

- Additional issues that may arise through the ordinary course of discovery

(b) All fact discovery shall be commenced in time to be completed by February 1, 2008.

(1) Document production shall be completed on or before August 31, 2007. The parties are required to supplement their production after this date consistent with Federal Rule of Civil Procedure 26(e). Privilege logs will be exchanged by August 31, 2007.

(2) Maximum of 25 interrogatories by each party to any other party.

(3) In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4) Maximum of 33 requests for admission by each party to any other party.

(5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b) (6)) shall be scheduled prior to the completion of document production.

3

(6) Maximum of 75 hours for fact depositions, including any 30(b)(6) depositions and any third-party depositions. Within two weeks of the end of the document production period, each party will identify two witnesses who each may be deposed in their individual capacity for up to ten hours. Except for those identified witnesses, all fact depositions noticed under Fed. R. Civ. P. 30(b)(1) shall be limited to seven hours. In addition, to the extent a translator is needed for any deposition, that deposition may last up to fourteen hours, but only one-half of the time spent at the deposition will count against the 75 hour limit. For example, if a deposition with an interpreter is needed and is taken and lasts fourteen hours, only seven hours will be deducted from the 75 hour limit.

(c) Expert discovery shall be commenced in time to be completed by April 30, 2008.

(1) Expert reports on issues for which the parties have the burden of proof due February 29, 2008. Rebuttal expert reports due March 28, 2008. Draft expert reports will not be discoverable, nor will communications between an expert and counsel regarding the substance of the expert's opinion be discoverable, unless the expert relied on the communication in reaching his opinion. Expert invoices will be discoverable.

(2) Expert depositions to be limited to a maximum of ten hours per expert, unless extended by agreement of the parties.

(3) All Daubert motions shall be filed on or before May 23, 2008.

(d) If willfulness has been asserted and absent agreement among the parties, the Defendant must inform the Plaintiff as to whether it intends to rely on advice of counsel by September 14, 2007, and produce the opinion and all documents within the scope of the waiver by that date.

4

(e)  **Discovery Disputes.**

(1)  Its schedule permitting, the Court shall conduct in-person discovery status conferences on September 18, 19, or 20 from \_\_\_\_m. to \_\_\_\_m., and on December 4, 5, or 6 from \_\_\_\_m. to \_\_\_\_m., the time to be allocated equally among the parties. **No motions to compel or motions for protective order shall be filed absent approval of the court.**

(2)  The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3)  Absence express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(f)  **Fact Witnesses to be Called at Trial.**  Within one (1) month following the close of expert discovery, i.e by May 30, 2008, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, i.e by June 30, 2008, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month, i.e by July 30, 2008, after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

4.  **E-Discovery.** The parties shall follow the Court's Default Standard for Discovery of Electronically Stored Information, except that the parties will not provide notice with respect

5

to spam and/or virus filtering. Documents will be produced in searchable "pdf" or "tff" format. Metadata will not be produced as part of the ordinary course of production but will be preserved and may be addressed on a document-by-document basis between the parties.

5. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and/or to amend the pleadings based on information contained in documents produced by the August 31, 2007 document production deadline shall be filed on or before October 23, 2007. To the extent any joinder of parties or amendment of pleadings is based on information obtained in a deposition or depositions taken after October 23, 2007, in a document produced subsequent to the August 31, 2007 document production deadline, or in a discovery response received after August 31, 2007, any such motion for joinder of parties or amendment of pleadings shall be filed within ten business days of the deposition(s), document production, or discovery response allegedly giving rise to the facts allegedly warranting joinder of parties or amendment of pleadings. With respect to any such motion filed after October 23, 2007, the burden shall be on the movant to demonstrate that such a motion could not have been filed by October 23, 2007, based on the facts then available.

6. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

7. **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on November 30, 2007, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 9 below.

8. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before May 16, 2008. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

9. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on December 17, 2007, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on January 11, 2008. Simultaneous response briefs should be filed by January 25, 2008. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The Court's schedule permitting, the hearing on the claim construction and motion(s) for summary judgment will be heard on [during the week of July 14, 2008], at ____.m.

10. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

    (a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

    (b) No telephone calls shall be made to chambers.

    (c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing

Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

11.     **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

12.     **Pretrial Conference.** The Court's schedule permitting, a pretrial conference will be held on November 3, 2008, _____ at ____.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

13.     **Trial.** The Court's schedule permitting, this matter is scheduled for a 10 day jury trial commencing on December 8, 2008 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge