IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POLAROID CORPORATION,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>Defendant and Counterclaim-Plaintiff. | C.A. No. 06-738 (SLR) |

**NOTICE OF DEPOSITION OF POLAROID CORPORATION
PURSUANT TO FED. R. CIV. PROC. 30(b)(6)
REGARDING IDENTITY AND LOCATION OF RELEVANT DOCUMENTS**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Hewlett-Packard Company, by its counsel, will take the deposition of Polaroid Corporation at the offices of Fish & Richardson PC located at 225 Franklin Street, Boston, Massachusetts 02110 commencing at 1:00 p.m. on June 29, 2007, or at such other place and time as may be agreed upon by counsel. The deposition will continue from day to day until completed. Some or all of the deposition testimony may be recorded by stenographic, audio, audiovisual, video, and/or real-time computer means.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Polaroid Corporation is obligated to designate one or more officers, directors, or managing agents or other persons who consent to testify on its behalf concerning the matters set forth in the attached Appendix. Polaroid Corporation is requested to set forth, for each person designated, the matters on which the person will testify.

Dated: June 7, 2007

FISH & RICHARDSON P.C.

By: _____
William J. Marsden, Jr. (#2247)
919 N. Market Street, Suite 1100
Wilmington, DE 19801
Telephone: (302) 652-5070
Facsimile: (302) 652-0607
Email: marsden@fr.com

John E. Giust
Matthew E. Bernstein
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099
Email: giust@fr.com
Email: bernstein@fr.com

Attorneys for Defendant and Counterclaim-Plaintiff
Hewlett-Packard Company

## APPENDIX

## DEFINITIONS

1. As used herein, "Polaroid" and "Plaintiff" and "Plaintiffs" and "you" or "your" mean Polaroid Corporation and all of its respective past and present predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, partnerships, and affiliates - including without limitation Petters Group Worldwide and J.P. Morgan Chase & Co. - and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

2. As used herein, "HP" means Hewlett-Packard Company and all its predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on its behalf.

3. As used herein, "Present litigation" refers to *Polaroid Corporation v. Hewlett-Packard Company*, No. 06-738 (D. Del.).

4. As used herein, the "'381 patent" means U.S. Patent No. 4,829,831 and all the patent applications from which it issued, namely U.S. Patent Application No. 07/182,987, filed April 18, 1988.

5. As used herein, "Patent-In-Suit" means the '381 patent, and any other Polaroid patents which are added as a basis for infringement to this action in any amended pleading or complaint.

6. As used herein, "Patent" means an issued United States Patent and all of the following that have been filed in support of any such United States Patent and/or that are related to any such United States Patent: United States Patent applications (without regard to whether

the application matured into an issued Patent), including parent and related applications; reissue applications; divisional applications; continuations; and continuations-in-part.

7.  As used herein, "Communication" means any transmission of information by one or more persons and/or between (or among) two or more persons by any means including telephone conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer linkups, written memoranda, and face-to-face conversations.

8.  As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible (and so as to make the request at issue most inclusive).

9.  As used herein, "any" and "all" shall each be construed in the way that makes the request at issue most inclusive.

10.  As used herein, "include" (or "including" or "includes) shall be construed to mean "without limitation," so as to acquire the broadest meaning possible.

11.  The singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as, the plural or the feminine or neuter, as the particular context makes appropriate (and shall be read in the way that makes the request at issue most inclusive).

12.  The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most inclusive.

13.  As used herein, "document" (or "Document" or "documents" or "Documents") has the same broad meaning as in Rule 34 of the Federal Rules of Civil Procedure. The term "document" (or "Document" or "documents" or "Documents") also encompasses tangible things.

14. As used herein, "All documents" (or "all documents") means any and all documents that might reasonably be located through a search of all locations reasonably likely to contain documents called for by these requests.

15. As used herein, "Person" (or "person") means any natural person or any business, legal, or governmental entity, or association.

16. As used herein, "relates to," "relating to" and "related to" mean describing, discussing, evidencing, concerning, reflecting, comprising, illustrating, containing, embodying, constituting, analyzing, stating, identifying, referring to, dealing with, demonstrating, or in any way pertaining to.

17. As used herein, "Third Party" means all Persons, individuals, corporations, partnerships and other entities of any kind that are not parties to this litigation, including customers and investors, as well as all Persons acting on behalf of such Third Parties, including their officers, agents, employees, and attorneys.

18. As used herein, "Polaroid Cameras" refers to any and all models or versions of any and all camera products designed, developed, manufactured, assembled, offered for sale, or sold by or for Polaroid where any such product embodies, enables, complements, or otherwise is intended to be used in conjunction with any invention disclosed, described, or claimed in the Patent-In-Suit, including but not limited to the following products: i1032 digital camera; i832W digital camera; i832 digital camera; i532RC digital camera; a515 digital camera; i733LP digital camera; i639M digital camera; m635LP digital camera; i533P digital camera; a520LP digital camera; a520M digital camera; a550 digital camera; i630B digital camera; i533 digital camera; i532FBDL digital camera; a700 digital camera; a520B digital camera; a520 digital camera; m635 digital camera; X530 digital camera; i532 digital camera; i531 digital camera; PDC 5055 digital

camera; PDC 5070 digital camera; PDC 5080 digital camera; a500 digital camera; a501 digital camera; m536 digital camera; PDC 5350 digital camera; PDC 5355 digital camera; PDC – 5070BD digital camera; PDC – 5355BD digital camera; PDC 4055 digital camera; PDC – 4355BD digital camera; PDC 4355 digital camera; PDC 4350 digital camera; PDC 4370 digital camera; a300 digital camera; a310 digital camera; PDC 3080 digital camera; PDC 3035 digital camera; PDC 3070 digital camera; PDC 3350 digital camera; PDC 3030 digital camera; PDC – 3070C digital camera; PDC – 3070BD digital camera; iON 230 digital camera; ION digital camera; PDC 2300Z digital camera; PDC 1320 digital camera; PDC 1300 digital camera; PDC 1100 digital camera; PDC 700 digital camera; Fun! Flash 820 digital camera; PDC 640 Plus digital camera; PDC 640 digital camera; Fun! Flash 640 SE digital camera; Fun! Flash 640 digital camera; Fun! 620 digital camera; Fun! 320 digital camera; izone 300TM digital camera; izone 300W digital camera; izone 310 digital camera; izone 310T digital camera; izone 550 digital camera; izone 550W digital camera; izone Viewer digital camera; CAA-03040S: Digital Video Camera; Studio 4 Digital Video Camera; CPM-300: 3.2 Megapixel Digital Camera; PhotoMAX Digital Camera; PhotoMAX PDC 2300Z digital camera; PhotoMAX PDC 1300 digital camera; PhotoMAX PDC 1100 digital camera; PhotoMAX PDC 700 digital camera; PhotoMAX PDC-640 digital camera; Digital Microscope Camera 2 (a/k/a DMC2); DMC le Digital Microscope Camera (a/k/a DMC); and PhotoMAX 3350 Digital Camera.

19. As used herein, "Polaroid Printers" refers to any and all models or versions of any and all printer products designed, developed, manufactured, assembled, offered for sale, or sold by or for Polaroid where any such product embodies, enables, complements, or otherwise is intended to be used in conjunction with any invention disclosed, described, or claimed in the Patent-In-Suit, including but not limited to the following products: PP46d Photo Printer; Digital

MiniPortrait with Red-Eye Reduction printer; Digital MiniPortrait printer; P-500 Digital Photo Printer; ColorShot Digital Photo Printer; PhotoMAXTM Digital Photo Printer; and PP46d Digital Photo Printer.

20.  As used herein, "Polaroid Scanners" refers to any and all models or versions of any and all scanner products designed, developed, manufactured, assembled, offered for sale, or sold by or for Polaroid where any such product embodies, enables, complements, or otherwise is intended to be used in conjunction with any invention disclosed, described, or claimed in the Patent-In-Suit, including but not limited to the following products: SprintScan 35 scanner; SprintScan 35 LE scanner; SprintScan 35 ES scanner; SprintScan 35 Plus scanner ; SprintScan 45 scanner; SprintScan 45 Ultra scanner; SprintScan 45i scanner; SprintScan 120 scanner; SprintScan 120 Ultra scanner; SprintScan 4000 scanner ; SprintScan 4000 Plus scanner; SprintScan 45i Multi-Format Film Scanner; SprintScan 4000 Film Scanner; SprintScan 35 Plus Film Scanner; and PhotoMAX Photo Scanner.

21.  As used herein, "Polaroid Software" refers to any and all models or versions of any and all software products designed, developed, manufactured, assembled, offered for sale, or sold by or for Polaroid where any such product embodies, enables, complements, or otherwise is intended to be used in conjunction with any invention disclosed, described, or claimed in the Patent-In-Suit, including but not limited to the following products: LaserSoft SilverFast Ai Scan Software; PhotoMAX Family Pack Image Maker Software; PhotoMAX Image Maker Software; PhotoMAXINE Image Maker Software; Adobe Photoshop plug-ins; Sprintscan TWAIN driver software; PolarColor Insight software; PolarColor Insight Pro software; Binuscan Photoperfect Master software; Binuscan Photoperfect Advanced software; ArcSoft PhotoStudio software; ArcSoft PhotoPrinter software; and ArcSoft PhotoImpressions software.

22. As used herein, "image enhancement" means any process of adjusting an image by manipulating the image data with software or other tools to 1) improve the perception of the image; 2) provide other types of improvement for viewing or automated image processing; or 3) compute one or more local or global averages within an image by any method, including the application of a low-pass filter to the image data, and compute (expressly or implicitly) a ratio where the numerator is a local or global average within an image and the denominator is a number that is either a select proportion of the dynamic range, the dynamic range, or determined from the dynamic range.

23. As used herein, "Potential License Patents" refers to all of the following: United States Patent No. 4,724,395; United States Patent No. 4,774,565; United States Patent No. 5,778,106; United States Patent No. 4,839,721; United States Patent No. 5,745,660; and United States Patent No. 7,053,908 and all the patent applications from which it issued, namely U.S. Patent Application No. 09/833,934.

24. The term "sale" shall mean or refer to public or private efforts of any sort in connection with the commercialization of a product, including but not limited to, those efforts made by or on behalf of Polaroid, whether experimental or otherwise, whether confidential or otherwise, whether in the United States or not, including without limitation any offers to sell or license, actual sales or licenses, or any advertising of any alleged inventions.

25. "Polaroid Bankruptcy Matter" refers to In re Polaroid Corporation, et al., No. 01-10864 (Bankr. D. Del.) and all associated cases or adversary proceedings, as those terms are defined under the United States Bankruptcy Code.

26. "Petters Group" refers to Petters Group Worldwide and its predecessors including its officers, directors, employees, agents and attorneys and subsidiaries and/or divisions.

27. "J.P. Morgan Chase" refers to J.P. Morgan Chase & Co. and its predecessors including its officers, directors, employees, agents and attorneys and subsidiaries and/or divisions, and also including but not limited to One Equity Partners LLC.

28. "Contrast enhancement" means any process of analyzing or modifying (1) the difference between the lightest and darkest pixels or areas in an image, or (2) the variation in the intensity of an image, or (3) the sharpness of an image.

## TOPICS OF DEPOSITION

1. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to any analysis of the Patent-In-Suit.

2. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to how, when, and for what consideration Polaroid acquired the rights to the Patent-In-Suit and any related patents and/or applications.

3. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to any and all Polaroid Cameras that contain or work with contrast enhancement or color enhancement technologies.

4. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to any and all Polaroid Scanners that contain or work with contrast enhancement or color enhancement technologies.

5. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to any and all Polaroid Printers that contain or work with contrast enhancement or color enhancement technologies.

6. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to any and all Polaroid Software that performs or is capable of performing any contrast enhancement or color enhancement.

7. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to or reflecting the number of units sold, average selling price, gross profit, cost, and Polaroid's production capacity of Polaroid Cameras, Polaroid Scanners, Polaroid Printers, and Polaroid Software.

8. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to, supporting, or reflecting any damages theory (e,g., reasonable royalty, lost profits) Polaroid believes is applicable to the present litigation.

9. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to, supporting, or reflecting the amount of damages Polaroid believes it is entitled to in the present litigation.

10. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to, reflecting, or constituting any license or potential license (including any such terms as may apply) of the Patent-In-Suit, any related patents and/or applications, and/or any other Polaroid patent Polaroid deems relevant to the present litigation (including but not limited to the Potential License Patents).

11. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to Polaroid's contention that HP willfully infringed the Patent-In-Suit.

12. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to any standard industry royalty, royalty rate, or royalty base or any industry norm royalty, royalty rate, or royalty base, or any typical or usual royalty, royalty rate, or royalty base that Polaroid believes applies or relates to the Patent-In-Suit (including any and all HP products to which Polaroid believes any such royalty, royalty base, or royalty rate applies).

13. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to or reflecting the identity of each person or entity that now holds, or in the past has held, any interests or rights in the patent-in-suit including

without limitation ownership interests (including undivided pro rata interests), security interests, license rights, covenants not to sue, or would receive any compensation, whether money or other consideration, should Polaroid succeed in its claim against HP or otherwise receive any payment from HP.

14. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to or concerning Petters Group's acquisition, relationship to, and/or control of Polaroid.

15. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to any entity's, other than Petters Group and including but not limited to J.P. Morgan Chase or One Equity Partners, acquisition of Polaroid or any of its assets.

16. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to the Polaroid Bankruptcy Matter.

17. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to or reflecting the identity of any and all HP products that Polaroid contends infringe the Patent-In-Suit.

18. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to or reflecting Polaroid's valuation of the Patent-In-Suit or any other Polaroid patent Polaroid deems relevant to this litigation.

19. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to or reflecting the identity and role of every individual "associated with the filing and prosecution of" (as that phrase is used in 37 C.F.R. § 1.56) the Patent-In-Suit and any related patents and/or applications.

20. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to or reflecting the identity—during the time period January 1, 1985 until the date their respective employments terminated at Polaroid—of the specific projects and specific products that each named inventor of the '381 Patent worked on by date worked, specific project and specific product name, model number, and internal Polaroid code-name, and all co-workers and managers on each project and product.

21. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to or reflecting Polaroid's assertion of the Patent-In-Suit against any individual or entity.

22. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to any license agreement between HP and Polaroid.

23. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to Polaroid's sale of any patents or sale of patent portfolios.

24. Polaroid's organizational structure, including the organizational structure of any affiliate, parent, subsidiary or related company of Polaroid.

25. The identification of and types of Polaroid documents, including the location and maintenance of such documents, relating to Polaroid's purported notice of the patent-in-suit pursuant to 35 U.S.C. § 287.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 7, 2007, I served a copy of the attached Notice of Deposition on the following individuals in the manner indicated:

| | |
|---|---|
| ***Via E-mail and Federal Express***<br>Jack B. Blumenfeld (#1014)<br>Julia Heaney (#3052)<br>Morris, Nichols, Arsht & Tunnell, LLP<br>1201 North Market Street<br>Wilmington, DE 19899-1347<br>Phone: 302-658-9200<br>Fax: 302-658-3989<br>Email: jblumenfeld@mnat.com<br>Email: jheaney@mnat.com | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |
| ***Via E-Mail and Federal Express***<br>Russell E. Levine, P.C.<br>C. Graham Gerst<br>Michelle W. Jordan<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL  60601<br>Phone: 312-861-2000<br>Fax: 312-861-2200<br>Email: rlevine@kirkland.com<br>Email: ggerst@kirkland.com<br>Email: mjordan@kirland.com | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |

                                                                                       _/s/ Matthew C. Bernstein_
                                                                                      Matthew C. Bernstein

11021190.doc