IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POLAROID CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-738 (SLR) |
| | ) | |
| HEWLETT-PACKARD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF SUBPOENA

PLEASE TAKE NOTICE THAT the attached subpoena is being served upon Jim Lyons.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Julia Heaney (#3052)*

        Jack B. Blumenfeld (#1014)
        Julia Heaney (#3052)
        1201 N. Market Street
        Wilmington, Delaware 19801
        (302) 658-9200
        jheaney@mnat.com
          Attorneys for Plaintiff, Polaroid Corporation

OF COUNSEL:

Russell E. Levine, P.C.
C. Graham Gerst
G. Courtney Holohan
Michelle W. Skinner
David W. Higer
Maria A. Meginnes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

January 17, 2008
1389402

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on January 17, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> William J. Marsden, Jr.
> FISH & RICHARDSON P.C.

I also certify that copies were caused to be served on January 17, 2008 upon the following in the manner indicated:

### BY E-MAIL

| | |
|---|---|
| William J. Marsden, Jr.<br>FISH & RICHARDSON P.C.<br>919 N. Market Street, Suite 1100<br>Wilmington, DE  19801 | Bradley Coburn<br>FISH & RICHARDSON P.C.<br>One Congress Plaza, Suite 810<br>111 Congress Avenue<br>Austin, TX 78701 |
| Matthew Bernstein<br>John E. Giust<br>FISH & RICHARDSON P.C.<br>12390 El Camino Real<br>San Diego, CA  92130 | Daniel Winston<br>CHOATE HALL & STEWART, LLP<br>Two International Place<br>Boston, MA  02110 |

*/s/ Julia Heaney (#3052)*
_____
Julia Heaney (#3052)

≈AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF     Idaho

POLAROID CORPORATION, Plaintiff

V.

HEWLETT-PACKARD COMPANY, Defendant.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

C.A. No. 06-738 (SLR)
Pending in the District of Delaware

TO:  Jim Lyons
      c/o Fish & Richardson, P.C.
      12390 El Camino Real
      San Diego, CA 92130

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Courtyard by Marriott Boise Downtown, 222 S. Broadway, Boise, ID, 83702 | 1/24/2008 8:30 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Maria A. Meginnes*    Attorney for Plaintiff Polaroid Corporation | 1/16/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Maria A. Meginnes, Kirkland & Ellis LLP, 200 East Randolph, Chicago, IL 60601-6636

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A TO SUBPOENA OF JIM LYONS

## DEFINITIONS

1.  A "Digital Enhancement Product" means any product, including software, manufactured by Hewlett-Packard Company ("HP"), or on HP's behalf, or sold by HP that includes technologies for enhancing digital images through contrast modification or color correction, which at a minimum includes the products listed in HP's First Supplemental Response to Polaroid's First Set of Interrogatories (No.15) as outlined below:

| |
|---|
| Image Zone, Image Zone Express, Photosmart Premier, Photosmart Essential, and HP Express Station PE1000. |
| P100, P130, P145, P245, P7150, P7260, P7350, P7550, P7555, P7555D, P7660, P7760, P7960, PSC1110, PSC1350, PSC1209, PSC1210, PSC2110, PSC2170, PSC2175, PSC2210, PSC2410, PSC2510, OfficeJet 5110, OfficeJet 9110, OfficeJet 9120, OfficeJet 9130, DeskJet 995, DeskJet 3320, DeskJet 3420, DeskJet 3450, DeskJet 3520, DeskJet 3550, DeskJet 3620, DeskJet 3650, DeskJet 3653, DeskJet 5150, DeskJet 5550, DeskJet 5650, DeskJet 5850, DeskJet 6122, DeskJet 6127, DeskJet 9130, DeskJet 9300, DeskJet 9650, DeskJet 9670, DeskJet 9680, HP Indigo Photo Enhancement Server, R725, R727, R827, R837, R927, R937, and R967. |
| PSC1200 Series, PSC1300 Series, PSC1310 Series, PSC1410 Series, PSC1500 Series, PSC1600 Series, PSC2100 Series, PSC2150 Series, PSC2170 Series, PSC2200 Series, PSC2300 Series, PSC2350 Series, PSC2400 Series, PSC2500 Series, OfficeJet 1200, OfficeJet 2700, OfficeJet 4100 Series, OfficeJet 4200 Series, OfficeJet 4300, OfficeJet 5550 Series, OfficeJet 5610 Series, OfficeJet 6100 Series, OfficeJet 6200 Series, OfficeJet 6300, OfficeJet 7100 Series, OfficeJet 7200 Series, OfficeJet 7300 Series, OfficeJet 7400 Series, OfficeJet D Series, OfficeJet J2100 Series, Photosmart 320 Series, Photosmart 330 Series, Photosmart 370 Series, Photosmart 380 Series, Photosmart 420 Series, Photosmart 470 Series, Photosmart 2575, Photosmart 2600 Series, Photosmart 2700 Series, Photosmart 3100 Series, Photosmart 3110 Series, Photosmart 3200 Series, Photosmart 3210 Series, Photosmart 3300 Series, Photosmart 3310 Series, Photosmart 7400 Series, Photosmart 7800 Series, Photosmart 8000 Series, Photosmart 8100 Series, Photosmart 8200 Series, Photosmart 8400 Series, Photosmart 8700, Photosmart A430 Series, Photosmart A510 Series, Photosmart A610 Series, Photosmart A710 Series, Photosmart D5100 Series, Photosmart D6100 Series, Photosmart D7100 Series, Photosmart D7300 Series, Deskjet 450 Series, Deskjet 460, Deskjet 1280, Deskjet 3740, Deskjet 3840, Deskjet 3900 Series, Deskjet 5440, Deskjet 5740, Deskjet 5940, Deskjet 6520, Deskjet 6540, Deskjet 6600, Deskjet 6800, Deskjet 6940, Deskjet 6980, Deskjet 9800, Deskjet D2300 Series, Deskjet D4100 Series, Deskjet F300 Series, Deskjet T360, LaserJet 1160, Business Inkjet 1200, OfficeJet Pro K550 Series, OfficeJet Pro K850 Series, OfficeJet Pro K5300 Series, OfficeJet Pro K5600 Series, OfficeJet Pro L7300, OfficeJet Pro L7500, OfficeJet Pro L7600, OfficeJet Pro L7700, Color LaserJet 3600, Photosmart C3100 AiO Series, Photosmart C4100 AiO Series, Photosmart C5100 AiO |

| |
|---|
| Series, Photosmart C6100 AiO Series, and Photosmart C7100 AiO Series. |
| PSC1600 Series, OfficeJet 380 Series, OfficeJet 4200, OfficeJet 4300, OfficeJet 6200, OfficeJet 6300, OfficeJet 7400 Series, OfficeJet Pro K550 Series, OfficeJet Pro K850 Series, Photosmart 330 Series, Photosmart 380 Series, Photosmart 390 Series, Photosmart 400 Series, Photosmart 2575, Photosmart 3100 Series, Photosmart 3200 Series, Photosmart 3300 Series, Photosmart 7800 Series, Photosmart 8000 Series, Photosmart 8200 Series, Photosmart A430 Series, Photosmart A510 Series, Photosmart A610 Series, Photosmart A710 Series, Photosmart D6100 Series, Photosmart D7100 Series, Photosmart D7300 Series, Photosmart Pro B8300, BIJ 1200, Deskjet 460, Deskjet 3840, DeskJet 3940, Deskjet 5440, Deskjet 5740, Deskjet 5940, Deskjet 6940 Series, Deskjet 6980 Series, Deskjet 9800 Series, Deskjet D1360, Deskjet D2300 Series, Deskjet F300 Series AiO, Photosmart C3100 AiO Series, Photosmart C4100 AiO Series, Photosmart C5100 AiO Series, Photosmart C6100 AiO Series, Photosmart C7100 AiO Series, HP Color LaserJet 2605, HP Color LaserJet 3000, HP Color LaserJet 3800, HP Color LaserJet 4700, HP Color LaserJet 4730, HP Color LaserJet CM1015/1017. |
| DeskJet 1320, DeskJet 1330, DeskJet 1341, DeskJet 2330, DeskJet 2345, DeskJet 2360, DeskJet 4155, DeskJet 4160, PS433, PS434, PS436, PS A310, PS A316, PS D5069, PS D5145, PS D5160, PS Pro B8350, PS Pro B9180, HP Color LaserJet 2605, HP Color LaserJet 2700, HP Color LaserJet 2800, HP Color LaserJet 3000, HP Color LaserJet 3500, HP Color LaserJet 3550, HP Color LaserJet 3600, HP Color LaserJet 3700, HP Color LaserJet 3800, HP Color LaserJet 4600, HP Color LaserJet 4650, HP Color LaserJet 4700, HP Color LaserJet 4730, HP Color LaserJet 5500, HP Color LaserJet 5550, HP Color LaserJet 8550, HP Color LaserJet 9500, HP Color LaserJet CM1015/1017, HP Color LaserJet CP4005, HP Photosmart pl1000e Microlab System, HP Photosmart pl1000s Microlab System, HP Photosmart ps2000 Studio, and HP Standard Film Scanner Expansion Kit (Pakon). |

2.   "Present Litigation" refers to *Polaroid Corporation v. Hewlett-Packard Company*, No. 06-738 (D. Del.).

## REQUESTS FOR PRODUCTION

1.   All documents referring or relating to U.S. Patent Number 4,829,381 (the "'381 patent").

2.   All documents referring or relating to any written and oral communications, including but not limited to letters, e-mails, and faxes, between Polaroid and HP regarding the '381 patent or any other Polaroid patent.

3. All documents referring or relating to any written and oral communications, including but not limited to letters, e-mails, and faxes, between HP and any third party regarding the '381 patent or any other Polaroid patent.

4. All documents referring or relating to any written and oral communications, including but not limited to letters, e-mails, and faxes, between employees of HP regarding the '381 patent or any other Polaroid patent.

5. All documents referring or relating to any in-person meetings between HP and Polaroid in which the '381 patent, or any other Polaroid patent, was discussed.

6. All documents referring or relating to any in-person meetings between HP and any third party in which the '381 patent, or any other Polaroid patent, was discussed.

7. All documents referring or relating to any in-person meeting between HP employees during which the '381 patent, or any other Polaroid patent, was discussed.

8. All documents referring or relating to any written and oral communications, including but not limited to letters, e-mails, and faxes, between anyone at Polaroid and Nathan Moroney regarding Nathan Moroney's work on the subject matter disclosed in U.S. Patent Nos. 6,813,041 or 6,822,762, or in *Local Color Correction Using Non-Linear Masking*, IS&T SID 8th Color Imaging Conference (2000).

9. All documents referring or relating to any written and oral communications, including but not limited to letters, e-mails, and faxes, between anyone at HP and Nathan Moroney regarding Nathan Moroney's work on the subject matter disclosed in U.S. Patent Nos.

6,813,041 or 6,822,762, or in *Local Color Correction Using Non-Linear Masking*, IS&T SID 8th Color Imaging Conference (2000).

10. All documents referring or relating to any written and oral communications, including but not limited to letters, e-mails, and faxes, between HP and any third party regarding Nathan Moroney's work on the subject matter disclosed in U.S. Patent Nos. 6,813,041 or 6,822,762, or in *Local Color Correction Using Non-Linear Masking*, IS&T SID 8th Color Imaging Conference (2000).

11. All documents referring or relating to any in-person meetings between anyone at HP and Nathan Moroney in which Nathan Moroney's work on the subject matter disclosed in U.S. Patent Nos. 6,813,041 or 6,822,762, or in *Local Color Correction Using Non-Linear Masking*, IS&T SID 8th Color Imaging Conference (2000) was discussed.

12. All documents referring or relating to any in-person meetings between HP and any third party in which Nathan Moroney's work on the subject matter disclosed in U.S. Patent Nos. 6,813,041 or 6,822,762, or in *Local Color Correction Using Non-Linear Masking*, IS&T SID 8th Color Imaging Conference (2000) was discussed.

13. All documents referring or relating to the date and circumstances in which HP first became aware of the '381 patent.

14. All documents referring or relating to the HP offers found at HPPOL_0378144–46 and POL 771.

15. All documents referring or relating to the Polaroid communication found at HP_68881-83.

16. All documents referring or relating to the HP offer as represented in HP_68880.

17. All documents referring or relating to the meeting between HP and Polaroid as represented in HPPOL_0706636.

18. All documents that constitute U.S. price lists, price forecasts, or historical price analyses for any Digital Enhancement Product.

19. All documents that constitute U.S. price lists, price forecasts, or historical price analyses for products that are consumed in the regular, routine use of Digital Enhancement Products ("Consumable Products") and/or parts and accessories that HP sells that may be used in conjunction with Digital Enhancement Products.

20. Documents sufficient to determine costs, sales, shipments, and profits of Digital Enhancement Products that HP sold, manufactured, or imported into the United States on a monthly and annual basis from each product's introduction to date.

21. Documents sufficient to determine costs, sales, shipments, and profits of Consumable Products and/or parts and accessories that HP sells that may be used in conjunction with Digital Enhancement Products on a monthly and annual basis from each product's introduction to date.

22. All documents relating to the expected sales and profitability of Digital Enhancement Products.

23. All documents relating to the expected sales and profitability of Consumable Products and/or parts and accessories that HP sells that may be used in conjunction with Digital Enhancement Products.

24. All documents relating to the actual sales and profitability of Digital Enhancement Products.

25. All documents relating to the actual sales and profitability of Consumable Products and/or parts and accessories that HP sells that may be used in conjunction with Digital Enhancement Products.

26. All documents relating to advertisements, promotional materials, trade publications, brochures, catalogs, or other documents used in the marketing of Digital Enhancement Products, marketing studies, marketing plans, outside consultant surveys, advertising campaigns, product comparisons, outside product reviews, press releases, supporting documentation for press releases, and materials HP provided to sales people as part of HP's efforts to market and sell Digital Enhancement Products.

27. All documents relating to advertisements, promotional materials, trade publications, brochures, catalogs, or other documents used in the marketing of the Consumable Products and/or parts and accessories that HP sells for use with Digital Enhancement Products, including any consumer surveys, marketing studies, marketing plans, outside consultant surveys, advertising campaigns, product comparisons, outside product reviews, press releases, and supporting documentation for press releases.

28. All documents relating to the launch of Digital Enhancement Products, including advertisements, marketing materials, internal marketing analyses, internal pricing analyses, press releases, and supporting documentation for press releases.

29. All business planning documents that describe, discuss, evaluate, or relate to Digital Enhancement Products.

30. All business planning documents that describe, discuss, evaluate, or relate to Consumable Products and/or parts and accessories that HP sells for use with Digital Enhancement Products.

31. All documents referring or relating to the design and development of Digital Enhancement Products.

32. All documents referring or relating to the testing of Digital Enhancement Products.

33. All documents relating to HP's competitors that also relate to Digital Enhancement Products.

34. All documents relating to HP's competitors that also relate to Consumable Products.

35. All documents, including correspondence, related to any licenses of or to, efforts to obtain licenses to, or efforts to license intellectual property related to printers, scanners, digital cameras, kiosks, or software on behalf of HP.

36. All documents referring or relating to the terms "Adaptive Lighting," "Digital Flash," or "Real Life Technologies."

37. All documents relating to or constituting consideration paid or an offer of consideration to be paid between you and any other person relating to the Present Litigation.

38. All communications between you and HP relating to the Present Litigation.

39. A copy of your current resume or curriculum vitae.