IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POLAROID CORPORATION,

Plaintiff and Counterclaim Defendant,

v.

HEWLETT-PACKARD COMPANY,

Defendant and Counterclaim Plaintiff.

C.A. No. 06-738-SLR

**REDACTED**

---

**DEFENDANT HEWLETT-PACKARD COMPANY'S MEMORANDUM
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON GROUNDS
OF ESTOPPEL AND, IN THE ALTERNATIVE OR IN ADDITION, LACHES**

**FISH & RICHARDSON P.C.**
William J. Marsden, Jr. (#2247)
Raymond N. Scott, Jr. (#4949)
919 N. Market Street, Suite 1100
Wilmington, DE 19801
Tel.: (302) 652-5070
Fax: (302) 652-0607
Email: marsden@fr.com

Robert S. Frank, Jr. *(pro hac vice)*
Daniel C. Winston *(pro hac vice)*
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02109
Tel.: (617) 248-5000
Fax: (617) 248-4000
Emails: rfrank@choate.com; dwinston@choate.com

John E. Giust *(pro hac vice)*
Matthew E. Bernstein *(pro hac vice)*
MINTZ, LEVIN, COHN, FERRIS,
    GLOVSKY AND POPEO PC
5355 Mira Sorrento Place, Suite 600
San Diego, CA 92121-3039
Tel.: (858) 320-3000
Fax: (858) 320-3001
Emails: jgiust@mintz.com; mbernstein@mintz.com

*Attorneys for Defendant and Counterclaim-Plaintiff
Hewlett-Packard Company*

Dated: May 16, 2008

4327384v3

## TABLE OF CONTENTS

Page

I.    NATURE AND STAGE OF PROCEEDING .................................................................1

II.   SUMMARY OF ARGUMENT ..................................................................................1

III.  STATEMENT OF UNDISPUTED FACTS ..................................................................2

      A.    Parties and Patent at Issue. ....................................................................2

      B.    Polaroid's Knowledge of HP's Alleged Infringement, and Polaroid's
            Corresponding Delay and Misleading Conduct. ........................................3

      C.    HP's Substantial Investments in LACE. ...................................................7

      D.    HP's Expansion of LACE Into The Accused Products. ...............................8

      E.    The Prejudice of Lost Evidence. .............................................................9

            1.    Lost Evidence related to Marking ..................................................10

            2.    Lost Evidence related to Alleged Willfulness .................................13

IV.   ARGUMENT ......................................................................................................14

      A.    Summary Judgment Should be Granted on HP's Laches Defense. ..............14

      B.    Polaroid Was Aware of the Alleged Infringement more than Six Years
            Prior to Suit, and thus a Presumption of Laches Applies. .........................15

            1.    A Presumption of Laches Applies ..................................................15

            2.    Even if a Presumption of Laches Does Not Apply, Laches Should
                  Still be Found Because Polaroid Unreasonably Delayed for at least
                  4.5 Years ...................................................................................18

      C.    HP's Has Suffered Prejudice As A Result of Polaroid's Delay...................19

            1.    Economic Prejudice ....................................................................19

            2.    Lost Evidence...........................................................................21

      D.    There is No Excuse For Polaroid's Delay in Filing Suit. .........................23

4327384v3

**TABLE OF CONTENTS**
(cont.)

V.    SUMMARY JUDGMENT SHOULD BE GRANTED ON HP'S EQUITABLE
      ESTOPPEL DEFENSE............................................................................................25

      A.    Polaroid's Misleading Conduct and Silence. ...........................................26

      B.    HP's Reliance on Polaroid's Misleading Conduct and Silence. ...............28

      C.    HP's Material Prejudice Due to Polaroid's Inaction..................................31

VI.   CONCLUSION....................................................................................................32

ii

## TABLE OF AUTHORITIES

CASES

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.,*
    960 F.2d 1020 (Fed. Cir. 1992)................................................................Passim

*ABB Robotics, Inc. v. GMFanuc Robotics Corp.,*
    52 F.3d 1062 (Fed. Cir. 1995)................................................................Passim

*Abbott Diabetes Care v. Roche Diagnostics Corp.,*
    2007 WL 1241928 (N.D. Cal. Apr. 27, 2007).............................................22, 25-26

*Cornell Research Found. v. Hewlett-Packard Co.,*
    2007 WL 4349135 (N.D.N.Y. Jan. 31, 2007)........................................................17

*Gossen Corp. v. Marley Mouldings, Inc.,*
    977 F. Supp. 1346 (E.D. Wis. 1997)..........................................................Passim

*Hall v. Aqua Queen Mfg., Inc.,*
    93 F.3d 1548 (Fed. Cir. 1996).................................................................Passim

*Intertech Licensing Corp. v. Brown & Sharpe Mfg.,*
    708 F. Supp. 1423 (D. Del. 1989)................................................................18

*Odetics, Inc. v. Storage Tech. Corp.,*
    14 F. Supp.2d 800 (E.D. Va. 1998) ..............................................................26

*Odetics, Inc. v. Storage Tech. Corp.,*
    919 F. Supp. 911 (E.D. Va. 1996), *aff'd in part, reversed in part on other grounds,*
    185 F.3d 1259 (Fed. Cir. 1999).............................................................Passim

*Rosemount, Inc. v. Beckman Instruments,*
    727 F.2d 1540 (Fed. Cir. 1984).................................................................20

*Scholle Corp. v. Blackhawk Molding Co.,*
    133 F.3d 1469 (Fed. Cir. 1998).................................................................27

*Symantec Corp. v. Computer Assoc. Int'l, Inc.,*
    __ F.3d ___, 2008 WL 1012443 (Fed. Cir. Apr. 11, 2008)....................................18

*Thomas v. Echostar Satellite LLC,*
    2006 WL 3751319 (W.D.N.C. Dec. 19, 2006).........................................18, 22, 24

*Wafer Shave, Inc. v. Gillette Co.,*
    857 F. Supp. 112 (D. Mass. 1993) ............................................................Passim

4327384v3

## TABLE OF AUTHORITIES
(Cont'd)

*Wanlass v. Gen. Electric Co.*,
    148 F.3d 1334 (Fed. Cir. 1998)........................................................................Passim

iv

## I.    NATURE AND STAGE OF PROCEEDING

On December 5, 2006, Polaroid Corporation ("Polaroid") sued Hewlett-Packard Company ("HP") alleging infringement of U.S. Patent No. 4,829,381 (the "'381 patent"). The parties have engaged in extensive fact discovery, have exchanged expert reports, and have completed the depositions of all experts. The claim construction and summary judgment hearing is scheduled for August 1, 2008. Trial is set to commence on December 8, 2008. This Memorandum is filed by HP in support of its Motion for Summary Judgment on Grounds of Estoppel and, in the Alternative or in Addition, Laches.

## II.    SUMMARY OF ARGUMENT

Polaroid's claim accrued in November 2000. At that time, Polaroid reviewed an HP article and presentation disclosing HP's use of an algorithm

REDACTED

REDACTED

REDACTED

Polaroid then stood silent for years while HP assumed Polaroid had abandoned its claim of infringement and continued to invest in and increase its now-accused product lines. HP is now forced to defend this suit starting in December, 2006,

more than 6 years after Polaroid's claim first accrued, after HP was led to believe Polaroid had abandoned its claim, and after Polaroid stood by and silently watched HP increase its investments in the accused products over many years. As a result of Polaroid's inexcusable delay and misleading silence, HP has now suffered substantial economic and evidentiary prejudice. Accordingly, Polaroid's suit should be barred by equitable estoppel and, in addition, its damages limited on grounds of laches.

### III.    STATEMENT OF UNDISPUTED FACTS

The following material facts are undisputed for purposes of summary judgment.

#### A.    Parties and Patent at Issue.

Plaintiff Polaroid is a well-known provider of instant film and cameras. Ex. 1, Strickland Rep., ¶ 6.[1] Defendant HP is a leading provider of personal computers, printers, scanners, digital cameras, and other products. Ex. 2, Wallace Rep., pp. 6-7. Polaroid went through bankruptcy and ownership changes in the early 2000s, but throughout this time continued its traditional instant camera and film business, and continued to develop and sell photographic hardware accessories, license its intellectual property, and conduct research and development. Ex. 3, Kullberg Dep., Dec. 6, 2007, 229:6-230:19, 233:16-235:6, 238:3-14; Ex. 4, Kullberg Dep., Jan. 25, 2008, 6:4-8:13; Ex. 5, Polaroid Admission No. 6, p. 5.

The '381 patent issued to Polaroid on May 9, 1989. It expired on April 18, 2008. The '381 patent is directed to a system and method for enhancing electronic images by varying the local contrast in different portions of an image. Ex. 6, '381 patent, p. 1. Polaroid alleges that HP printers, digital cameras and photo software using HP's LACE algorithm and source code (also

---

[1] Unless otherwise indicated, all Exhibits are attached to the Declaration of William J. Marsden, Jr. in Support of Defendant Hewlett-Packard Company's Memorandum in Support of its Motion for Summary Judgment on Grounds of Estoppel and, in the Alternative or in Addition, Laches submitted herewith.

4327384v3

called "Adaptive Lighting Technology" and/or "Digital Flash" Technology) use an algorithm that infringes system and method claims in the '381 patent.  Ex. 7, Polaroid Int. Response No. 2, pp. 6-8.

**B.     Polaroid's Knowledge of HP's Alleged Infringement, and Polaroid's Corresponding Delay and Misleading Conduct.**

Ex. 8, Moroney Dep., 102:18-104:11.          

Ex. 9, Moroney 11/00

Task List, HPPOL_0052837; Ex. 1, Strickland Rep., ¶ 47.

At an industry conference on November 7-11, 2000, HP published an article (the "Moroney Article") and a slide presentation which described an HP algorithm (the "Moroney Algorithm") to an audience that included Polaroid employees.  Ex. 10, Moroney Article, POL_000616-19; Ex. 11, Moroney Presentation, HPPOL_0052679-98; Ex. 8, Moroney Dep., 154:20-155:9, 171:5-24; Ex. 12, Thornton Dep., 144:3-145:7.  The Article and presentation showed images that HP had enhanced using this algorithm.  Ex. 10, Moroney Article at POL 000618; Ex. 11, Moroney Presentation at HPPOL_0052689-90, HPPOL_0052694.

REDACTED

Ex. 12, Thornton Dep., 144:20-24, 146:21-23; Ex. 13, Polaroid 1/06 IP Monetization Project, at

CRA 007452                                                   Ex. 7,

Polaroid Int. Response No. 15, p. 90.          REDACTED

Ex. 8, Moroney Dep., 171:5-172:2; Ex. 14, Kullberg Dep., Dec. 5, 2007, 9:1-14:2.

4327384v3

Ex. 12,

Thornton Dep., 144:3-149:20; Ex. 8, Moroney Dep., 172:3-14, 174:16-175:11; Ex. 15, Thornton

1/02 Status Report at POL 000702.[2]

REDACTED Ex. 8, Moroney

Dep., 203:6-204:5; Ex. 16, Bhaskar Dep., 131:14-23, 133:24-140:2; Ex. 17, Malibu Image

Enhancement Timeline, HPPOL_0381772; Ex. 18, Moroney 9/01 Task List, HPPOL_1720523;

Ex. 19 Moroney 11/01 Images, HPPOL_0137707-08.

Ex. 7, Polaroid Int. Response No. 2, p. 6; Ex. 13,

Polaroid 1/06 IP Monetization Project, at CRA 007452.

REDACTED

Ex. 8, Moroney Dep., 196:9-197:24, 203:6-204:5, 221:19-228:17; Ex. 16,

Bhaskar Dep., 104:6-105:12; 134:22-137:24; Ex. 20, Stevenson Rep., ¶¶ 146-47.

REDACTED Ex. 7,

Polaroid Int. Response No. 18, pp. 95-96; Ex. 21, Agouris Infringement Rep., pp. 25-30; Ex. 13,

Polaroid 1/06 IP Monetization Project at CRA 007452; Ex. 7, Polaroid Int. Response No. 2, pp.

10, 18, 26-27, 35-36, 43-44, 51-52; Ex. 20, Stevenson Rep. ¶¶ 146-47.

---

[2] At this point neither party has been able to locate preserved copies of either of the two referenced emails to determine exactly what they said or to confirm one even existed. The only record of either email is reference to one of them in an employee's notes, and no one remembers the precise content of either alleged email or precisely what was said to the HP employee at the conference. Ex. 8, Moroney Dep., 171:5-172:14, 173:25-175:11; Ex. 12, Thornton Dep., 144:3-149:20. Nevertheless, HP credits Polaroid's characterizations of these emails for purposes of summary judgment.

4

REDACTED

Ex. 22, Sawyer 10/01 Email, HPPOL_1759263R-70; Ex. 23, Reiling Dep., 72:8-76:7; Ex. 14, Kullberg Dep., Dec. 5, 2007, 18:15-21:4; Ex. 24, Kimball 3/02 Email, HP_68880.

REDACTED

Ex. 12, Thornton Dep., 132:19-133:24, 137:25-140:16; Ex. 15, Thornton 1/02 Status Report at POL 000702; Ex. 7, Polaroid Int. Response No. 15, p. 90.[3]

REDACTED

Ex. 15, Thornton 1/02 Status Report at POL 000702; Ex. 12, Thornton Dep., 173:20-174:15.

Ex. 15, Thornton 1/02 Status Report at POL 000702; Ex. 13, Polaroid 1/06 IP Monetization Project, at CRA 007452; Ex. 12, Thornton Dep., 149:21-150:22; Ex. 7, Polaroid Int. Response No. 15, pp. 87-88; Ex. 7, Polaroid Int. Response No. 2, pp. 12, 15-16.

REDACTED

Ex. 7, Polaroid Int. Response No. 15, pp. 87-88.

---

[3]

REDACTED

Ex. 15, Thornton 1/02 Status Report at POL 000702; *see also* Ex. 12, Thornton Dep., 138:17-140:10.

Ex. 12, Thornton Dep., 138:20-140:10; Ex. 25, Lyons Dep., 50:14-56:17.

5

REDACTED    Ex. 15, Thornton 1/02 Status Report at POL 000702;
Ex. 12, Thornton Dep., 149:21-150:22.

In mid-2002, HP began selling the HP Deskjet 5550, which used the accused LACE technology (LACE 2002) as part of its Malibu printer driver. Ex. 7, Polaroid Int. Response No. 2, p. 6; Ex. 1, Strickland Rep., ¶ 47. HP advertised the Deskjet 5550, as well as a number of other accused HP printers containing LACE, as part of its heavily publicized "Big Bang" product launch in June 2002. Ex. 1, Strickland Rep., ¶¶ 84-85; Ex. 26, HP 6/02 News Release, "HP Invests More than $1 Billion to Reset Printing and Imaging Market"; *see also* Ex. 27, HP 8/02 News Release, "Digital Imaging 'Takes the Cake' at Star-Wars-themed Wedding." HP's 2002 product literature publicized the "Digital Flash" feature and described it as allowing consumers to "lighten dark images" and to "automatically balance lightness and darkness." *See, e.g.*, Ex. 28, Deskjet 3600 Series User's Guide at HP_19324; Ex. 29, Deskjet 5650 User's Guide at HP_20088; Ex. 30, Deskjet 5850 User's Guide at HP_20428.

REDACTED

REDACTED

4327384v3

REDACTED


REDACTED


Soon thereafter, in August 2003, HP launched its "Big Bang 2" advertising campaign. *See* Ex. 35, HP 8/03 Big Bang 2 Launch Presentation, HPPOL_0133816-42; Ex. 36 Spragg Dep., 86:11-88:24. Among other features, HP advertised its "adaptive lighting technology" as creating "photos as your eyes would see it." Ex. 35, HP 8/03 Big Bang 2 Launch Presentation at HPPOL_0133827. A CNN.com article also publicized HP's "adaptive lighting" technology, describing it as "compensat[ing] on a camera for unlit or overlit portions of a photo so that the resulting picture is properly exposed throughout." Ex. 37, CNN 8/03 Article, "Is HP the New Apple?" at POL 7244910-11.

**C.    HP's Substantial Investments in LACE.**


REDACTED

Ex. 16, Bhaskar Dep., 86:14-98:10, 131:14-132:13, 198:21-202:18; Ex. 38, Srinivasan Dep., 14:14-16:21, 20:14-21:16; Ex. 7, Polaroid Int. Response No. 2, pp. 6-8.

REDACTED

7

REDACTED

Ex. 16, Bhaskar Dep., 86:14-93:15; Ex. 38, Srinivasan Dep., 14:14-16:21; 20:14-21:16.

Ex. 21, Agouris Infringement Rep., p. 80; Ex. 16, Bhaskar Dep., 175, 179-81, 194-95.

Ex. 16, Bhaskar Dep. 176:3-177:23.[4]

**D.    HP's Expansion of LACE Into The Accused Products.**

Over the 6 years between November 2000, when Polaroid first saw HP's Moroney Algorithm and the test images it had created, and Polaroid's December 2006 commencement of this action, HP developed and incorporated LACE

---

[4]

Ex. 16, Bhaskar Dep., 203:8-11.

Ex. 39, Fredrickson Dep., 37:11-40:5, 44:7-45:22, 65:17-73:22, 74:16-76:16.

8

# REDACTED

Ex. 1, Strickland Rep., pp. 22-23, 25-26, 27-31, Ex. G-1; Ex. 16, Bhaskar Dep., 86:14-98:10, 131:14-132:13, 198:21-202:18; Ex. 38, Srinivasan Dep., 14:14-16:21, 20:14-21:16; Ex. 49, HP Int. Response No. 15, pp. 15-19.

Ex. 13, Polaroid 1/06 IP Monetization Project, at CRA 007452.

Ex. 3, Kullberg Dep., Dec. 6, 2007, 438:2-440:16; Ex. 23, Reiling Dep., 58:25-61:19;

Ex. 2, Wallace Rep., pp. 32-37; Ex. 1, Strickland Rep., ¶¶ 92-93.

Ex. 23, Reiling Dep., 78-86; Ex. 32,

### E.    The Prejudice of Lost Evidence.

At this point, more than 6 years after Polaroid's infringement claims accrued in November 2000, evidence necessary to determine numerous issues in this case has been irretrievably lost, destroyed or simply forgotten to HP's prejudice. An outline of just some of the

9

# REDACTED

evidence lost since November 2000, and that would have been available had suit been brought promptly, is set forth below.

### 1.     Lost Evidence Related to Marking

The parties dispute whether Polaroid had an obligation to mark certain of its products.

Ex. 7, Polaroid Int. Response No. 18, pp. 95-6.

*Id.*

Much of the evidence concerning these assertions, and that might be used to discredit them (although they are undisputed for purposes of summary judgment), has at this point been irretrievably lost.

Specifically, as mentioned above, Polaroid alleges that

Ex. 7, Polaroid Int. Response No. 18, p. 95.  However, neither party has been able to locate any document evidencing this communication and there is no contemporaneous record of the email being sent or what exactly was included in its text.

Ex. 12, Thornton Dep. 144:16-149:20; Ex. 8, Moroney Dep. 174:4-15.

10

# REDACTED

Ex.

12, Thornton Dep. 144:16-146:12; Ex. 8, Moroney Dep. 172:3-13.

Ex. 7, Polaroid Int. Response

No. 18, p. 95-96.

Ex. 12, Thornton Dep., 138:17-140:3.

Ex. 12,

Thornton Dep., 138:20-140:10; Ex. 25, Lyons Dep., 50:14-56:17.

Ex. 7, Polaroid Int. Response No. 18, p. 96.  However, there are very

few documents that have been preserved relating to these discussions.

Ex. 41, Greer Dep., 45:24-

46:19; Ex. 25, Lyons Dep. 144:7-10, 121:10-13, 122:19-123:4.

Ex. 25, Lyons Dep., 41:15-17.

Ex. 23, Reiling Dep., 46:21-48:22.  And, as

can be expected, memories of all the individuals involved in these long ago discussions have

faded and been lost.  Ex. 23, Reiling Dep., 22-23; Ex. 42, Moore Dep., 76:13-21, 77:- 80:17,

102:3-9, 102:17-103:23, 104:19-23, 105:8-106:4, 109:25-110:22, 114:19-115:17, 132:2-134:6,

145:20-146:23; Ex. 41, Greer Dep. 8-9, 11-13, 15:4-8; Ex. 25, Lyons Dep. 56:16-63:24, 65:17-

21, 72:3-74:16, 81:16-85:4, 98:9-16; Berge 12:5-22:20; 74:5-77:9.

11

# REDACTED

Ex. 43, Polaroid Int. Response No. 22, pp. 11-12; Ex. 44, Bullitt Dep., 58:1-6; Ex. 12, Thornton Dep. 37:6-16.

Ex. 21, Agouris Infringement Rep., p. 97; Ex. 15, Thornton 1/02 Status Report, POL 000702; Ex. 44, Bullitt Dep., 23:1-6, 24:2-15.                                    Ex. 43, Polaroid Int. Response No. 23, pp. 12-13; Ex. 21, Agouris Infringement Rep., p. 97; Ex. 44, Bullitt Dep., 23:10:14, 41:1-2.

Ex. 15, Thornton 1/02 Status Report, POL 000702; Ex. 12, Thornton Dep., 19:2-20:9, 94:8-96:6; Ex. 45, Polaroid Project Memo at CRA 5407 [5].

Ex. 43, Polaroid Int. Response No. 23, pp. 12-13; Ex. 12, Thornton Dep., 37:6-38:20; Ex. 44, Bullitt Dep., 52-53, 58:1-4.

*See* Ex. 44, Bullitt Dep., 55-56.

---

[5]                                                                *See, e.g.*, Ex. 13, Polaroid 1/06 IP Monetization Project, at CRA 007452; Ex. 45, Polaroid Project Memo, at CRA 5407.

# REDACTED

. Ex. 43, Polaroid Int. Response No. 23, pp. 12-13; Ex. 44, Bullitt Dep., 49:17-24; Ex. 12, Thornton Dep., 37:6-22, 43:18-23; Ex. 46, Schonfeld Dep., 61:23-62:18.

Ex. 46, Schonfeld Dep., 61:23-62:18, 173:20-175:4, 353:14-19.

Accordingly, due to the passage of time, HP is hampered in proving virtually every element of its marking defense.

### 2. *Lost Evidence related to Alleged Willfulness*

Polaroid asserts that HP is liable for willful infringement,

Ex. 7, Polaroid Int. Response No. 15, pp. 90-91.

Accordingly, as for marking, virtually all of the alleged evidence necessary to resolve willfulness has been totally or partially lost.

13

IV.    **ARGUMENT**

    A.    <u>**Summary Judgment Should be Granted on HP's Laches Defense.**</u>

        Laches is established when a defendant shows that (1) the plaintiff delayed in filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against the defendant, and (2) the delay operated to the prejudice or injury of the defendant.  *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1032 (Fed. Cir. 1992).  Prejudice may be either evidentiary or economic in nature. *Id.* at 1033.  When laches is applied, the patentee may not recover any damages for the period of time prior to filing suit.  *Id.* at 1028.  Laches is an equitable defense amenable to summary judgment.  *Wanlass v. Gen. Electric Co.*, 148 F.3d 1334, 1337 (Fed. Cir. 1998).

        A delay of more than six years raises a presumption of laches.  *Wanlass*, 148 F.3d at 1337.  This presumption shifts to the patentee the burden of producing affirmative evidence to show that its delay was reasonable or excusable under the circumstances and that the defendant suffered neither economic nor evidentiary prejudice.  *Id.*  Where the patentee fails to come forward with evidence sufficient to create a genuine issue of material fact as to lack of prejudice, and of a legally cognizable excuse for its delay in filing suit, laches is established and summary judgment should be granted.  *Id.*, *Hall v. Aqua Queen Mfg., Inc.*, 93 F.3d 1548, 1553-54 (Fed. Cir. 1996); *Gossen Corp. v. Marley Mouldings, Inc.*, 977 F. Supp. 1346, 1351 (E.D. Wis. 1997).

        Here, the undisputed facts and Polaroid's own admissions establish that Polaroid knew of what it now alleges to be infringement more than six years prior to the commencement of this action.  Therefore, a presumption of laches applies.  There are no facts that support a viable excuse for Polaroid's delay.  Further, the undisputed facts establish that Polaroid's delay has caused HP both economic and evidentiary prejudice.  Accordingly, even if there were no

14

REDACTED

presumption of laches, and HP were required affirmatively to establish prejudice and unreasonable delay, the undisputed facts establish that the defense of laches applies.

**B.**    **Polaroid Was Aware of the Alleged Infringement more than Six Years Prior to Suit, and thus a Presumption of Laches Applies.**

The period of delay begins when the plaintiff patentee knew, or in the exercise of reasonable diligence should have known, of the allegedly infringing activity. *Wanlass*, 148 F.3d at 1337.   A patentee must be diligent and make such inquiry and investigation as the circumstances reasonably suggest. *Id.* at 1338-39.  For example, sales, marketing, publication, or public use of technology similar to the patented invention, or published descriptions of the defendant's alleged infringing activities, are sufficient to start the laches period running. *See id.* at 1338; *Hall*, 93 F.3d at 1552-53; *Gossen Corp.*, 977 F. Supp. at 1351; *Odetics, Inc. v. Storage Tech. Corp.*, 919 F. Supp. 911, 916-18, 920-21 (E.D. Va. 1996), *aff'd in part, reversed in part on other grounds*, 185 F.3d 1259 (Fed. Cir. 1999).

*1.    A Presumption of Laches Applies*

Here, Polaroid states, that it had *actual knowledge* of what it claims is HP's infringement of the '381 patent in early November 2000, more than six years before it filed suit in December, 2006.  As stated above, HP published the Moroney Article and a slide presentation at an industry conference on November 7-11, 2000.   The Article and presentation described HP's Moroney Algorithm,                                          and showed photographs that HP had enhanced by making and using that algorithm. Ex. 10, Moroney Article, POL_000616-19; Ex. 11, Moroney Presentation, HPPOL_0052679-98; Ex. 7, Polaroid Int. Response No. 15, p. 90; Ex. 13, Polaroid 1/06 IP Monetization Project, at CRA 007452.   Polaroid accuses HP's LACE algorithm of infringement and states that

4327384v3

REDACTED

Ex. 7,

Polaroid Int. Response No. 18, pp. 95-96; *see also* Ex. 13, Polaroid 1/06 IP Monetization Project,

at CRA 007452.  Polaroid representatives were present at this November 2000 conference, and

state that

Ex. 12,

Thornton Dep., 144:20-24, 146:21-23; Ex. 7, Polaroid Int. Response No. 15, p. 90; Ex. 13,

Polaroid 1/06 IP Monetization Project, at CRA 007452.

. Ex. 7,

Polaroid Int. Response No. 2, pp. 6, 9-11, 13-15; Ex. 13, Polaroid 1/06 IP Monetization Project,

at CRA 007452.

Ex. 12, Thornton Dep., 144:3-149:20; Ex. 15,

Thornton 1/02 Status Report, at POL 000702.  *Cf. Wanlass*, 148 F.3d at 1339 & n.3.  Thus, on

Polaroid's theory, its cause of action for infringement of the '381 patent was known, had accrued,

and could have been asserted as early as November 2000 without *any* further inquiry.  Ex. 13,

Polaroid 1/06 IP Monetization Project, at CRA 007452.[6]  *See, e.g., Gossen Corp.*, 977 F. Supp. at

1351.

_____

[6] This case is clearly distinguishable from *Cornell Research Found. v. Hewlett-Packard Co.*, 2007 WL 4349135 (N.D.N.Y. Jan. 31, 2007), in which the court found a disputed issue of fact as to whether a pre-product article triggered the laches period for a later product accused to be infringing.  In that case, there was no "act" of infringement revealed by the article, and no certainty that infringement would ever occur, since the article spoke only of the planned development of a potentially infringing computer chip which had never been used or fabricated, and was still in the development stage.  *Id.* at *36-38.  Here. in contrast.

16

4327384v3

REDACTED

Although HP created different versions of the accused LACE source code over time,

Polaroid asserts that those versions were, in relevant respects, the same as or similar to the

algorithm disclosed in the Moroney Article and presentation.

Ex. 7, Polaroid Int. Response No. 18, pp. 95-96; *see also*

Ex. 13, Polaroid 1/06 IP Monetization Project, at CRA 007452; Ex. 21, Agouris Infringement

Rep., pp. 25-30.  Therefore, the same laches period applies to all versions of the accused code.

*See Symantec Corp. v. Computer Assoc. Int'l, Inc.*, __ F.3d ___, 2008 WL 1012443, at *10 (Fed.

Cir. Apr. 11, 2008); *Odetics, Inc.*, 919 F. Supp. at 916 n.3.  Courts disregard a patentee's *post*

*hoc* attempts to limit the claimed damages period or otherwise distinguish earlier versions simply

to avoid laches, where it is clear that the plaintiff has asserted that the differences in the versions

are immaterial for purposes of infringement.  *Intertech Licensing Corp. v. Brown & Sharpe Mfg.*,

708 F. Supp. 1423, 1435-7 & n.27 (D. Del. 1989); *Thomas v. Echostar Satellite LLC*, 2006 WL

3751319, at *7 & n.10 (W.D.N.C. Dec. 19, 2006); *see also Wanless*, 148 F.3d at 1339 & n.3.[7]

Thus, the delay period for laches as to LACE begins in early November 2000, and a presumption

of laches applies.

The presumption of laches applies, and thus HP need offer no further evidence to prevail.

To rebut the presumption, Polaroid has the burden of presenting sufficient evidence to negate its

delay, as well as the presumed facts of economic and evidentiary prejudice.  *Hall*, 93 F.3d at

1553-54; *Gossen Corp.*, 977 F. Supp. at 1351.  Accordingly, HP could merely stand mute at this

---

[7] Polaroid also may not avoid the presumption of laches on grounds that HP did not sell an allegedly infringing product using the LACE algorithm it had made, and was testing and displaying, until mid-2002.  Polaroid's cause of action for infringement of both the method and system claims of the patent accrued, and the laches period began to run for laches purposes, in November 2000 as stated above.  *See Intertech Licensing*, 708 F. Supp. at 1435 n.27, 1437.

4327384v3

# REDACTED

point and prevail on laches in the absence of evidence from Polaroid sufficient to rebut *both* Polaroid's delay and *both* presumed types of prejudice to HP. *Id.* Here, however, the undisputed facts affirmatively establish inexcusable, unreasonable delay, as well as both economic and evidentiary prejudice to HP, justifying summary judgment even in the absence of the presumption.

### 2. *Even if a Presumption of Laches Does Not Apply, Laches Should Still be Found Because Polaroid Unreasonably Delayed for at least 4.5 Years*

After Polaroid learned of the algorithm disclosed in the Moroney Article in November 2000, it was under a continuing duty to investigate HP's alleged infringing activity. "If a patentee knows of the existence of a product or device that (i) embodies technology similar to that for which he holds a patent, and (ii) uses that similar technology to accomplish a similar objective, he has a duty to examine the product or device more closely to ascertain whether it infringes his patent." *Odetics, Inc.*, 919 F. Supp. at 918; *see also Wanlass*, 148 F.3d at 1339 (a reasonable patentee keeps abreast of the activities of those in his field). HP began selling and publicizing multiple products in mid-2002 that used LACE

Ex. 15, Thornton 1/02 Status Report, at POL 000702; *see also* Ex. 14, Kullberg Dep., Dec. 5, 2007, 56:25-61:9; Ex. 23, Reiling Dep., 85:23-86:25; Ex. 13, Polaroid 1/06 IP Monetization Project, at CRA 007452.


Ex. 15, Thornton 1/02 Status Report, at POL 000702; Ex. 13, Polaroid 1/06 IP Monetization Project, at CRA 007452; Ex. 7, Polaroid Int. Response No. 15, pp. 87-88; Ex. 7, Polaroid Int. Response No. 2, pp. 12, 15-16. HP's "open and notorious sale of easily testable products gave [Polaroid] the opportunity to discover the alleged infringement" well before 2006 and at least 4.5 years before it filed suit. *Id.*; *Wanlass*, 148 F.3d at 1339. Thus, even if the presumption of

18

4327384v3

laches did not apply, Polaroid's delay in bringing suit, from HP's accused product introduction in mid-2002 until December 2006, was unreasonable and inexcusable and summary judgment should be granted on HP's laches defense. *See, e.g., Rosemount, Inc. v. Beckman Instruments*, 727 F.2d 1540, 1550 (Fed. Cir. 1984) (granting summary judgment for 3-year delay); *Odetics, Inc.*, 919 F. Supp. at 924 (granting summary judgment for 3-year delay); *Wafer Shave, Inc. v. Gillette Co.,* 857 F. Supp. 112, 128-29 (D. Mass. 1993) (granting summary judgment for 3-year delay).

**C.    HP's Has Suffered Prejudice As A Result of Polaroid's Delay.**

HP need only establish, through the presumption or with evidence, that it suffered *either* economic prejudice or evidentiary prejudice. *Wanlass*, 148 F.3d at 1337.

**1.    Economic Prejudice**

Economic prejudice may arise where a defendant will suffer the loss of monetary investments or incur damages which likely would have been prevented by earlier suit. *Aukerman*, 960 F.2d at 1033. Economic prejudice may result from a variety of factors, each individually sufficient to establish prejudice, and all of which are present here:  substantial investment in the development and marketing of accused systems and products; expansion of accused product lines; increases in the sales of accused products; and related investments. *Odetics, Inc.*, 919 F. Supp. at 923; *Gossen Corp.*, 977 F. Supp. at 1355-56; *see also ABB Robotics, Inc. v. GMFanuc Robotics Corp.*, 52 F.3d 1062, 1065 (Fed. Cir. 1995). In addition, economic prejudice may be shown when the defendant has a history of licensing other patents from the plaintiff or others – as here – and thus it can fairly be inferred that the defendant would have done the same with respect to the accused device had suit been brought. *ABB Robotics, Inc.*, 52 F.3d at 1065; *Odetics, Inc.,* 919 F. Supp. at 923 n.18; *Wafer Shave, Inc.*, 857 F. Supp. at 124. Economic prejudice can also be established when an alleged infringer might have explored

19

REDACTED

possible non-infringing alternatives more fully had suit been filed. *Aukerman*, 960 F.2d at 1033; *Gossen*, 977 F. Supp. at 1355-56; *Wafer Shave, Inc.*, 857 F. Supp. at 125-26. Literally *all* of these types of prejudice are present here.

During the period of Polaroid's delay, HP made substantial investments in, and expanded its use of, the accused LACE technology.

Bhaskar Dep., 88-95.

Ex. 16, Bhaskar Dep., 86:14-98:10, 131:14-132:13, 198:21-202:18; Ex. 38, Srinivasan Dep., 14:14-16:21, 20:14-21:16; Ex. 7, Polaroid Int. Response No. 2, pp. 6-8.

Ex. 1, Strickland Rep., pp. 22-23, 25-26, 27-31, Ex. G-1; Ex. 49, HP Int. Response No. 15, pp. 15-19.

Ex. 1, Strickland Report pp. 22-23, Ex. G-1; Ex. 49, HP Int. Response No. 15, pp. 15-19.

*See* Ex. 1, Strickland Rep., pp. 25-26, 27-31.

From the undisputed facts it is fair to infer as a matter of law that, had a charge of infringement been made, HP would have licensed the '381 patent or considered other alternatives to LACE expansion in the face of an infringement action. *See ABB Robotics, Inc.*, 52 F.3d at 1065; *Odetics, Inc.*, 919 F. Supp. at 923 n.18; *Wafer Shave, Inc.*, 857 F. Supp. at 124, 125-26,

20

# REDACTED

129.

See Ex. 3, Kullberg Dep., Dec. 6, 2007, 438:2-

440:16; Ex. 23, Reiling Dep., 58:25-61:19;

Ex. 2, Wallace Rep., pp. 35-37; Ex. 1, Strickland Rep., ¶¶ 92-93.

See ABB

Robotics, Inc., 52 F.3d at 1065; Odetics, Inc., 919 F. Supp. at 923 n.18; Wafer Shave, Inc., 857 F.

Supp. at 124, 125-26, 129.  HP was prejudiced economically as a matter of law.

## 2. Lost Evidence

Evidentiary prejudice may arise by reason of a defendant's inability to present a full and

fair defense on the merits due to the loss of records, or the unreliability of memories of long past

events. Aukerman, 960 F.2d at 1033; see also Abbott Diabetes Care v. Roche Diagnostics Corp.,

2007 WL 1241928, *9-10 (N.D. Cal. Apr. 27, 2007).  Evidentiary prejudice is sufficient to

establish laches as a matter of law if it affects any issue in the case. E.g., Wanlass, 148 F.3d at

1340; e.g., Thomas, 2006 WL 3751319, at *4; Odetics, Inc., 919 F. Supp. at 922; Wafer Shave,

Inc., 857 F. Supp. at 126.

Here, Polaroid's delay has prejudiced HP's ability to collect and use relevant evidence

regarding a number of critical issues in this case.  First, as stated more fully in Section III.E

21

REDACTED

above, there is a great deal of lost evidence that may have supported HP's marking defense. For example,

Ex. 43, Polaroid Int. Response No. 22, pp. 11-12; Ex. 44, Bullitt Dep., 58:1-6; Ex. 12, Thornton Dep., 37:6-38:20.   First,

Second,

HP has been prejudiced from making its proof on both these points.   Ex. 43, Polaroid Int. Response No. 23, pp. 12-13; Ex. 44, Bullitt Dep., 49:17-24; Ex. 12, Thornton Dep., 37:6-38:20; Ex. 46, Schonfeld Dep., 61:23-62:18.

Ex. 7, Polaroid Int. Response No. 18, pp. 95-96.

Ex. 12, Thornton Dep., 144:16-149:20; Ex. 8, Moroney Dep., 172:3-13, 174:4-15.

Ex. 12, Thornton Dep., 138:17-140:10; Ex. 25, Lyons Dep., 50:14-56:17.

Ex. 23, Reiling Dep., 22-23; Ex. 42, Moore Dep., 76:13-21, 77:- 80:17, 102:3-9, 102:17-103:23, 104:19-23, 105:8-106:4, 109:25-110:22, 114:19-115:17, 132:2-134:6, 145:20-146:23; Ex. 41, Greer Dep. 8-9, 11-13, 15:4-8; Ex.

4327384v3

# REDACTED

25, Lyons Dep. 56:16-63:24, 65:17-21, 72:3-74:16, 81:16-85:4, 98:9-16; Ex. 47, Berge Dep., 12:5-22:20; 74:5-77:9. *E.g. Wanlass*, 148 F.3d at 1340 (evidentiary prejudice found based on unavailable witnesses and fading memories).

Similarly, HP has been substantially prejudiced from defending against Polaroid's allegations of willful infringement.

Ex. 7, Polaroid Int. Response No. 15, pp. 90-91. As discussed above, the documents and testimony necessary for HP to defend fully against this claim have now been lost.[8]

This loss of evidence is more than enough to justify laches. *Wanlass,* 148 F.3d at 1340; *e.g.*, *Thomas*, 2006 WL 3751319, at *4; *Odetics, Inc.*, 919 F. Supp. at 922; *Wafer Shave, Inc.*, 857 F. Supp. at 126.

### D. There is No Excuse For Polaroid's Delay in Filing Suit.

Polaroid must offer evidence sufficient to create a genuine issue of material fact as to the reasonableness of its delay. *See Gossen Corp.*, 977 F. Supp. at 1351. Here, the undisputed facts affirmatively establish that Polaroid's delay was unreasonable and inexcusable even in the absence of a presumption.

Polaroid can offer no legally viable excuse for its delay.

Ex. 48, Polaroid Reply to HP Int. Response No. 5, p. 359. These arguments are unavailing. "[T]he Supreme Court made clear long ago that poverty, by itself, is never an excuse for laches purposes." *Hall*,

---

[8] Lost evidence also prejudices HP with respect to other issues, such as HP's ability to prove the existence of non-infringing alternatives back in the early 2000s. *See* footnote 4 *supra*.

4327384v3

REDACTED

93 F.3d at 1554 (citing *Leggett v. Standard Oil Co.*, 149 U.S. 287 (1893)); *Gossen Corp.*, 977 F. Supp. at 1351.

Ex. 3, Kullberg Dep., Dec. 6, 2007, 229:6-230:19, 233:16-235:6, 238:3-14; Ex. 4, Kullberg Dep., Jan. 25, 2008, 6:4-8:13; Ex. 5, Polaroid Admission No. 6, p. 5.

Ex. 15, Thornton 1/02 Status Report, at POL 000702; Ex. 12, Thornton Dep., 173:20-174:15; Ex. 22, Sawyer 10/01 Email, HPPOL_1759263R-70; Ex. 23, Reiling Dep., 72:8-76:7; Ex. 24, Kimball 3/02 Email, HP_68880. Still, Polaroid waited until December 2006 to file suit.

Ex. 48, Polaroid Reply to HP Int. Response No. 5, p. 359.

*Abbott Diabetes Care*, 2007 WL 1241928, at *4; *Odetics, Inc.*, 919 F.Supp. at 919; *Wafer Shave, Inc.*, 857 F. Supp. at 121, 129. Such notice to an alleged infringer is the key to finding excusable delay, "for notice allows the accused infringer to take steps to protect himself from liability – to change his product or his activities…or to institute a declaratory judgment suit…." *Odetics, Inc.*, 919 F.Supp. at 919; *see also Wafer Shave, Inc.*, 857 F. Supp. at 121, 129.

24

4327384v3

REDACTED

Polaroid falls far short of providing adequate excuse for its delay

<sup>9</sup> *Odetics, Inc.*, 919 F.Supp. at 919; *see also Wafer Shave, Inc.*, 857 F.

Supp. at 121, 129.

## V.   SUMMARY JUDGMENT SHOULD BE GRANTED ON HP'S EQUITABLE ESTOPPEL DEFENSE

Equitable estoppel requires proof of three elements:

(1)   The patentee, through misleading conduct, leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer.   The conduct may include specific statements, action, inaction, or silence where there was an obligation to speak.

(2)   The alleged infringer relies on the patentee's conduct.

(3)   Due to reliance, the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its infringement suit.

*ABB Robotics, Inc.*, 52 F.3d at 1063; *Aukerman*, 960 F.2d at 1028.   Where equitable estoppel is

established, the entire action is barred.   *Id.*   Estoppel is an equitable defense amenable to

---

<sup>9</sup> Polaroid also contends in an interrogatory answer that its allegations of willful infringement by HP stand in the way of HP's laches defense. Ex. 48, Polaroid Reply to HP Int. Response No. 5, p. 360. This contention is meritless, for several reasons. First, mere *allegations* of willfulness are not sufficient to defeat a laches defense. *Odetics, Inc.*, 919 F. Supp. at 925 & n.21. Rather, courts on summary judgment have required the alleged conduct to be "*clearly shown* at that point, not merely alleged." *Odetics, Inc.*, 919 F. Supp. at 925 n.21 (emphasis in original). Second, willful infringement alone, even if shown, is insufficient to avoid laches without similar proof of "particularly egregious" willful conduct such as calculated plagiarism. *Abbott Diabetes Care*, 2007 WL 1241928 at *11 n.14 (citations omitted); *Odetics, Inc. v. Storage Tech. Corp.*, 14 F. Supp.2d 800, 805 (E.D. Va. 1998). Here, Polaroid has done nothing more than allege, not show, that HP is willfully infringing, based upon Polaroid's own view of the patent claims. Ex. 7, Polaroid Int. Response No. 15, pp. 90-91. Polaroid also does not even allege, much less show, "egregious conduct" such as plagiarism. *Odetics, Inc.*, 919 F. Supp. at 925; *Abbott Diabetes Care Inc.*, 2007 WL 1241928, at *11 n.14.

25

# REDACTED

summary judgment, including based upon periods of delay much shorter than here.  *E.g., ABB Robotics, Inc.*, 52 F.3d at 1063-65 (4-year delay); *Gossen Corp.*, 977 F. Supp. at 1354, 1356 (under 6-year delay); *Wafer Shave, Inc.*, 857 F. Supp. at 119-20, 127 (3.5-year delay).

Here, the undisputed facts show that (i) Polaroid's misleading conduct and silence,

led HP

reasonably to infer that Polaroid did not intend to enforce the '381 patent; (ii) HP relied on Polaroid's misleading conduct and silence; and (iii) HP will be materially prejudiced if Polaroid is allowed to proceed, due to HP's loss of evidence and change in economic position. Accordingly, equitable estoppel should bar Polaroid's suit.

### A.     Polaroid's Misleading Conduct and Silence.

The first element of equitable estoppel is established when the course of dealing between a patentee and an alleged infringer is such that the alleged infringer reasonably infers from the patentee's misleading conduct or inaction that the patentee does not intend to pursue a claim of patent infringement.  *Scholle Corp. v. Blackhawk Molding Co.*, 133 F.3d 1469, 1472 (Fed. Cir. 1998).  In particular, an allegation of infringement followed by a period of silence or inaction, "combined with other facts respecting the relationship or contacts between the parties," may give rise to the necessary inference that any claim against the defendant has been abandoned.  *ABB Robotics, Inc.*, 52 F.3d at 1064 (quoting *Aukerman*, 960 F.2d at 1042).  Thus, prior objection to the defendant's activities, followed by subsequent licensing negotiations and then a period of ensuing inaction, gives rise to estoppel.  *Id.*; *Gossen Corp.*, 977 F. Supp. at 1353-54; *Wafer Shave, Inc.*, 857 F. Supp. at 119-22.

Here, according to Polaroid,

Ex. 15, Thornton 1/02 Status Report, at POL 000702; Ex. 12, Thornton Dep., 144:3-149:20; Ex. 14, Kullberg Dep., Dec. 5, 2007, 9:1-14:2; Ex. 13, Polaroid 1/06 IP Monetization

4327384v3

# REDACTED

Project, at CRA 007452; Ex. 7, Polaroid Int. Response No. 15, p. 90. Specifically,

*Id.*

Ex. 12, Thornton Dep., 132:19-133:24, 137:25-140:16; Ex. 15, Thornton 1/02 Status Report, at POL 000702; Ex. 23, Reiling Dep., 99:19-101:17; Ex. 33, Reiling 3/03 Letter, HPPOL_1713783-84; Ex. 7, Polaroid Int. Response No. 15, p. 90-91.

Ex. 15, Thornton 1/02 Status Report, at POL 000702; Ex. 13, Polaroid 1/06 IP Monetization Project, at CRA 007452; Ex. 7, Polaroid Int. Response No. 15, pp. 87-88.

Ex. 23, Reiling Dep., 85:23-86:25; Ex. 14, Kullberg Dep., Dec. 5, 2007, 56:25-61:9, 211:15-214:4.

Polaroid then sat silent and let another 3.5 years pass without a word, while HP continued openly to market and sell, in increasing numbers and in more and more product lines, the products

27

REDACTED

Polaroid now accuses of infringement.  *See* Ex. 13, Polaroid 1/06 IP Monetization Project, at CRA 007452.  This undisputed course of conduct was very inequitable and misleading.  On this set of undisputed facts, "[t]he only possible reasonable inference to be drawn [by HP] from the parties' correspondence and from the ensuing years of silence is that [Polaroid] did not intend to press an infringement claim against [HP]."  *Gossen Corp.*, 977 F. Supp. at 1354 (citing authority).  Courts have consistently found misleading conduct to be established on summary judgment based on similar facts.  *See id.; ABB Robotics, Inc.*, 52 F.3d at 1064; *Wafer Shave, Inc.*, 857 F. Supp. at 119-21.  Accordingly, HP has met its burden of establishing misleading conduct by Polaroid.

**B.**    **HP's Reliance on Polaroid's Misleading Conduct and Silence.**

To satisfy the reliance element, the defendant must show that it "substantially relied on the misleading conduct of the patentee in connection with taking some action."  *Aukerman*, 960 F.2d at 1042-43.  As the Federal Circuit has noted, this requires that the defendant had a "relationship or communication with the plaintiff" that lulled the defendant into a sense of security that it would not be sued.  *Id.* at 1043.  A patentee's discontinuation of correspondence with respect to the licensing of a patent, followed by prolonged inaction, allows the defendant to rely and assume any claim of infringement has been abandoned.  *ABB Robotics, Inc.*, 52 F.3d at 1064.

Here, HP was lulled into a sense of security

Ex. 1, Strickland Rep., ¶¶ 47, 84-85.  In mid-2002, HP began to openly market and sell an increasing number of products and product lines that openly included LACE.  Ex. 26, HP 6/02 News Release, "HP Invests More than $1 Billion to Reset Printing and Imaging Market"; Ex. 27, HP 8/02 News Release, "Digital

28

# REDACTED

Imaging 'Takes the Cake' at Star-Wars-themed Wedding"; Ex. 28, Deskjet 3600 Series User's Guide at HP_19324; Ex. 29, Deskjet 5650 User's Guide at HP_20088; Ex. 30, Deskjet 5850 User's Guide at HP_20428.

Ex. 1, Strickland Rep., ¶¶ 84-85.

Ex. 33, Reiling 3/03 Letter, HPPOL_1713783-84; Ex. 23, Reiling Dep. 99:19-101:17.

Ex. 16, Bhaskar Dep., 179:24-180:12; 180:23-181:16; Ex. 2, Wallace Rep., pp. 32-37; Ex. 1, Strickland Rep., ¶¶ 92-93; Ex. 23, Reiling Dep., 78-86;

Ex. 33, Reiling 3/03 Letter, HPPOL_1713783-84;

Ex. 23, Reiling Dep., 99:19-101:17, 117:4-118:11.

As one court stated in a similar situation:

> When [the defendant] received [the patentee's] offer to purchase the Jennings patent, without any renewed mention of [defendant's]

29

REDACTED

> purported infringement, and [the patentee] later failed to respond to
> [defendant's] suggestion of a possibility of a non-exclusive license,
> [defendant's] reliance on its belief that the earlier infringement
> claim had evaporated was reasonable.  As three years and five
> months from [the] last threat, and two years and nine months from
> the last communication between the parties passed, it became
> increasingly reasonable for [defendant] to believe that the patentee
> had decided not to pursue the claim of patent infringement …
> During this time, [defendant] continued massive advertising and
> sales of its allegedly infringing products.  Anyone in its position
> would have reasonably expected at least a brief reiteration of the
> infringement claim if the patentee intended to reassert it.  On the
> basis of this information, the only reasonable inference [defendant]
> could draw was that the patentee had abandoned the infringement
> claim.  Given the lack of any information to alter this inference, it
> was reasonable for [defendant] to proceed in reliance on it.

*Wafer Shave, Inc.*, 857 F. Supp. at 124-25.

Similarly here,

These undisputed facts are sufficient to establish as matter of
law that it was reasonable for HP to infer that Polaroid would leave HP unmolested.  *See ABB
Robotics, Inc.*, 52 F.3d at 1064; *Gossen Corp.*, 977 F. Supp. at 1355; *Wafer Shave, Inc.*, 857
F. Supp. at 124-25.

If Polaroid had actually notified HP that it thought HP's products were infringing, HP
could have chosen to take a license                                    , or could have
considered the use of a non-infringing alternative.  *See, e.g., Wafer Shave, Inc.*, 857 F. Supp. at

4327384v3

REDACTED

124-26.  As stated above,

Instead, HP was lulled by Polaroid's misleading silence into a sense of security and thereafter invested more and more heavily in products that incorporate LACE.  The undisputed facts therefore establish reliance as a matter of law.  *See ABB Robotics, Inc.*, 52 F.3d at 1064; *Gossen Corp.*, 977 F. Supp. at 1355; *Wafer Shave, Inc.*, 857 F. Supp. at 124-25.

### C.    HP's Material Prejudice Due to Polaroid's Inaction.

Finally, "the accused infringer must establish that it would be materially prejudiced if the patentee is now permitted to proceed.  As with laches, the prejudice may be a change of economic position or loss of evidence." *Aukerman*, 960 F.2d at 1043.  As discussed above with regard to HP's laches defense, the undisputed facts affirmatively establish that HP has suffered both a loss of evidence and substantial prejudicial changes in economic position in reliance on Polaroid's inaction.  In short, based on Polaroid's apparent abandonment of its claim, HP forwent the opportunity of pushing for a license or exploring non-infringing alternatives or design-arounds.  Instead HP invested substantial time and effort into developing and integrating multiple versions of LACE into multiple products, and vastly increased its product lines and sales containing LACE while Polaroid sat by and silently watched.  In addition, at this point, years after Polaroid claim originally accused, much of the evidence HP even now needs to defend the claim has now disappeared.  *See* Sections III.E and IV.C above.  These undisputed facts – misleading conduct, reliance by HP, and material prejudice to HP – entitle HP to summary judgment on grounds of equitable estoppel.  *See ABB Robotics, Inc.*, 52 F.3d at 1065 (granting summary judgment based on 4-year delay on similar facts); *Gossen Corp.*, 977 F. Supp. at 1355-56 (granting summary judgment based on almost 6-year delay on similar facts);

31

4327384v3

*Wafer Shave, Inc.*, 857 F. Supp. at 120, 125-26 (granting estoppel on summary judgment based on 3.5-year delay on similar facts).

## VI.    CONCLUSION

For the reasons stated above, HP respectfully requests entry of Summary Judgment that:

- Polaroid's claims are barred in their entirety on grounds of equitable estoppel; and

- In the alternative or in addition, Polaroid is barred from pre-suit damages on grounds of laches.

4327384v3

Dated:  May 16, 2008                    FISH & RICHARDSON P.C.

                                        By:    /s/ William J. Marsden, Jr.
                                               _____
                                               William J. Marsden, Jr. (#2247)
                                               Raymond N. Scott, Jr. (#4949)
                                               919 N. Market Street, Suite 1100
                                               Wilmington, DE  19801
                                               Telephone:  (302) 652-5070
                                               Facsimile:  (302) 652-0607
                                               Email:  marsden@fr.com

                                               CHOATE HALL & STEWART, LLP
                                               Robert S. Frank, Jr.
                                               Daniel C. Winston
                                               Two International Place
                                               Boston, MA 02110
                                               Telephone:  (617) 248-5000
                                               Facsimile:  (617) 248-4000
                                               Email:  rfrank@choate.com
                                                         dwinston@choate.com

                                               MINTZ COHN FERRIS GLOVSKY &
                                               POPEO, P.C.
                                               John E. Giust
                                               Matthew C. Bernstein
                                               5355 Mira Sorrento Place, Suite 600
                                               San Diego, CA 92121-3039
                                               Telephone:  858-320-3000
                                               Facsimile:  858-320-3001
                                               Email:  JGiust@mintz.com
                                                         MBernstein@mintz.com

                                               *Attorneys for Defendant and Counterclaim-
                                               Plaintiff Hewlett-Packard Company*

4327384v3

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2008, I electronically filed with the Clerk of Court the foregoing document using CM/ECF which will send electronic notification of such filing(s) to the following counsel:

| | |
|---|---|
| ***Via Email***<br>Jack B. Blumenfeld (#1014)<br>Julia Heaney (#3052)<br>Morris, Nichols, Arsht & Tunnell, LLP<br>1201 North Market Street<br>Wilmington, DE 19899-1347<br>Phone:  302-658-9200<br>Fax:  302-658-3989<br>Emails:  jblumenfeld@mnat.com; jheaney@mnat.com | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |
| ***Via Email***<br>Russell E. Levine, P.C.<br>Michelle W. Skinner/David W. Higer<br>Maria A. Meginnes/Courtney Holohan/C. Beasley<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL  60601<br>Phone:  312-861-2000<br>Fax:  312-861-2200<br>Emails:  rlevine@kirkland.com; ggerst@kirkland.com;<br>mskinner@kirkland.com; dhiger@kirkland.com;<br>mmeginnes@kirkland.com; mmeginnes@kirkland.com;<br>cbeasley@kirkland.com | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |

***Courtesy Copy Via Federal Express***
Michelle W. Skinner
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
Phone:  312-861-2000
Fax:  312-861-2200

/s/ *William J. Marsden, Jr.*
William J. Marsden, Jr.

34

4327384v3