IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POLAROID CORPORATION,

Plaintiff and Counterclaim Defendant,

v.

HEWLETT-PACKARD COMPANY,

Defendant and Counterclaim Plaintiff.

C.A. No. 06-738-SLR

**REDACTED**

---

**DEFENDANT HEWLETT-PACKARD COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO PRECLUDE CERTAIN TESTIMONY OF POLAROID'S EXPERT DR. PEGGY AGOURIS**

**FISH & RICHARDSON P.C.**
William J. Marsden, Jr. (#2247)
Raymond N. Scott, Jr. (#4949)
919 N. Market Street, Suite 1100
Wilmington, DE 19801
Tel.: (302) 652-5070
Fax: (302) 652-0607
Email: marsden@fr.com

Robert S. Frank, Jr. *(pro hac vice)*
Daniel C. Winston *(pro hac vice)*
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02109
Tel.: (617) 248-5000
Fax: (617) 248-4000

John E. Giust *(pro hac vice)*
Matthew E. Bernstein *(pro hac vice)*
MINTZ, LEVIN, COHN, FERRIS,
    GLOVSKY AND POPEO PC
5355 Mira Sorrento Place, Suite 600
San Diego, CA 92121-3039
Tel.: (858) 320-3000
Fax: (858) 320-3001

*Attorneys for Defendant and Counterclaim-Plaintiff Hewlett-Packard Company*

Dated: May 23, 2008

4333187v1

## TABLE OF CONTENTS

Page(s)

I.    NATURE AND STAGE OF THE PROCEEDINGS ...........................................................1

II.   SUMMARY OF ARGUMENT ....................................................................................1

III.  STATEMENT OF FACTS ..........................................................................................2

IV.   ARGUMENT..............................................................................................................5

    A.    Legal Standard ................................................................................................5

    B.    Any Testimony By Dr. Agouris Based Significantly On The Analysis Of
          An Unproduced Expert Should Be Precluded ...........................................................6

          1.    Dr. Agouris's source code-related and hardware/software
               equivalency opinions are inherently unreliable. ...........................................6

          2.    Dr. Agouris's source code-related testimony is also inadmissible
               hearsay. ...........................................................................................9

    C.    Any Testimony By Mr. Wroblewski Should Be Precluded Under
          Rule 37(c)..........................................................................................................9

V.    CONCLUSION..........................................................................................................10

4333187v1

# TABLE OF AUTHORITIES

CASES

*Daubert v. Merrell Dow Pharmaceuticals,*
    509 U.S. 579 (1993)......................................................................................................1, 5

*Dunlap v. Schofield,*
    152 U.S. 244 (1894)............................................................................................................7

*Dura Automotive Systems of Indiana, Inc. v. CTS Corporation,*
    285 F.3d 609 (7th Cir. 2002) ........................................................................................5, 9

*In re Sulfuric Acid Antitrust Litigation,*
    235 F.R.D. 646 (N.D. Ill. 2006)........................................................................................9

*Kumho Tire Co. v. Carmichael,*
    526 U.S. 137 (1999)............................................................................................................5

*Malletier v. Dooney & Bourke, Inc.,*
    525 F. Supp. 2d 558 (S.D.N.Y. 2007)........................................................................5-6, 9

*McReynolds v. Sodexho Marriott Services, Inc.,*
    349 F. Supp. 2d 30 (D.D.C. 2004)....................................................................................6

*Soverain Software LLC v. Amazon.com, Inc.,*
    383 F. Supp. 2d 904 (E.D. Tex. 2005)..............................................................................7

*Telecom, S.A. v. Tekelec,*
    472 F. Supp. 2d 722 (E.D.N.C. 2007)..............................................................................5


STATUTES

35 U.S.C. § 112....................................................................................................................4

35 U.S.C. § 287....................................................................................................................4


RULES

Fed. R. Civ. P. 37(c)(1)........................................................................................................9

Federal Rule of Evidence 702..............................................................................................5

4333187v1

# REDACTED

Defendant Hewlett-Packard Company ("HP") hereby moves for an order excluding opinions of Polaroid Corporation's expert, Dr. Peggy Agouris, relating to, or based upon, an interpretation of source code, or the equivalents of hardware and software as means to perform the function stated in claims 1-3 of U.S. Patent No. 4,829,381 (the "'381 patent").

## I.     NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement case.   Polaroid alleges that certain image enhancement software, called "LACE," infringes the '381 patent.   Fact and expert discovery have been completed.   Summary judgment motions and supporting memoranda have been filed.   This is one of two *Daubert* motions being filed by HP.

## II.     SUMMARY OF ARGUMENT

An expert may not properly state opinions that depend for their reliability on the conclusions of another expert, who has not testified, whose qualifications are undisclosed, and whose work has not been (and could not be) supervised by the testifying expert.  Dr. Peggy Agouris is Polaroid's expert with respect to issues of infringement, validity, marking and non-infringing alternatives.  Her testimony is based upon

This other expert did not provide an expert report.  Dr. Agouris's opinions should be precluded insofar as they are based upon the opinions of another expert outside her field of expertise.

In addition, Dr. Agouris opines

4333187v1

# REDACTED

Dr. Agouris is,                                                                        not

competent to render that opinion.  All such testimony should be precluded.

## III.    STATEMENT OF FACTS

Dr. Peggy Agouris states                                            *See* Expert

Report of Dr. Peggy Agouris Regarding U.S. Patent No. 4,829,381 ("Agouris Expert Report I"),

filed herewith as Exhibit A to the Declaration of William J. Marsden, Jr. ("Marsden Decl."), at 4.

In her expert report, Dr. Agouris


*Id.* at 12-13.   In addition,

Dr. Agouris opined

*Id.* at 80-84.  Dr. Agouris further opined


*Id.* at 90-98.

At her deposition, Dr. Agouris                                                         of


Deposition of Dr. Peggy Agouris ("Agouris Dep.") (Marsden Decl. Ex. B.) at 51:11-12

*id.*  at  53:2-4


*id.*  at 58:3-5

the

Agouris Dep., 51:20-52:2.

-2-

**REDACTED**

*Id.* at 50:2-51:1.[1]

*Id.* at 52:6-7.

Dr. Agouris has                                                    Agouris Dep. at

pp. 50:24-25; 51:23-24; 53:4; 57:4-5; 58:25-59:4; 198:2; 221:10.   During her deposition, she

Agouris Dep. at pp. 51:24-25; 55:11-12;

56:17-20.  Dr. Agouris testified                                           *Id.* at

pp. 57:25-58:3.

Rather, for all of her source code-related opinions, Dr. Agouris

Agouris

Expert Report I at 28, n.4.  Mr. Wroblewski did not provide an expert report of any type.  His

qualifications as an expert, his potential bias, his methodology, his actual opinions and the

reasons for his opinions are entirely unknown.  In fact, the only specifics that either Polaroid or

Dr. Agouris has provided to HP are as follows:

- •

  *(id.* at 53:9-13);

- •

  54:10-14);                                                          *(id.* at

---

[1] It is noteworthy that Polaroid's witnesses have
\(*see, e.g.,* Deposition of Jay Thornton ("Thornton
Dep.") at 37:21-22; 43:18-23) (Marsden Decl. Ex. C); and that Polaroid's counsel have
repeatedly suggested the same through their questioning of HP's experts (*see, e.g.,* Deposition of
Dr. Dan Schonfeld ("Schonfeld Dep.") (Marsden Decl. Ex. D) at pp. 45:14-46:3, 172:11-173:19,
353:14-354:3).

# REDACTED

- *(id.* at 55:1-56:16);

- *(id.* at 197:24-198:7);

- *(id.* at 206:23-210:4);

- *(id.* at 217:6-221:22; 227:13-228:5);

-

In addition, claims 1-3 of the '381 patent are written in means plus function form. *See* 35 U.S.C. § 112, ¶ 6. The '381 patent includes an extended discussion of a computer device and circuitry that would perform the functions recited in these claims -- *i.e.*, that are the claimed means. It is undisputed that HP does                    Dr. Agouris has opined that "

Agouris Expert Report I at 45.

Agouris Dep. at 172:12-24; 205:12-24.

*Id.* at 205:20-25.

-4-

The last deadline for expert reports was April 18, 2008. The deadline for the completion of expert discovery was May 9, 2008. Mr. Wroblewski provided no expert report.

## IV.    ARGUMENT

### A.    Legal Standard

Under Federal Rule of Evidence 702, an expert must base his or her opinions "upon sufficient facts or data," so that the expert's work is "the product of reliable principles and methods." Federal Rule of Evidence 702. The expert must then apply those methods and principles "reliably to the facts of the case." *Id.* As the Supreme Court has emphasized, the trial court has an essential "gatekeeping" function to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 597 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (trial court's gatekeeping function "applies . . . to testimony based on 'technical' and 'other specialized' knowledge").

"The *Daubert* test must be applied with due regard for the specialization of modern science. A scientist, however well credentialed he may be, is not permitted to be the mouthpiece of a scientist in a different specialty." *Dura Automotive Systems of Indiana, Inc. v. CTS Corporation*, 285 F.3d 609, 614 (7th Cir. 2002). Where, as here, a testifying expert relies on "assistants" that are more than mere data-collectors, and where the testifying expert "lacks the necessary expertise to determine whether the techniques [employed by those "assistants"] were appropriately chosen and applied," the testifying expert is not competent to testify to, and may not base her conclusions on, the opinions of an expert in another area of specialty. *Id.* at 615; *see also Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 664 (S.D.N.Y. 2007) (finding the testifying expert's reliance on another expert improper); *Telecom, S.A. v. Tekelec*, 472 F. Supp. 2d 722, 729-730 (E.D.N.C. 2007).

# REDACTED

**B.     Any Testimony By Dr. Agouris Based Significantly On The Analysis Of An Unproduced Expert Should Be Precluded**

**1.     Dr. Agouris's source code-related and hardware/software equivalency opinions are inherently unreliable.**

Dr. Agouris should be precluded from offering any opinion that is based in significant part on the analysis of another expert who has not submitted an expert report and whose work she was not competent to supervise or evaluate.

In *Malletier, supra,* for example, a "regression analysis" at issue had been conducted by another expert. The testifying expert's knowledge of the conduct of such studies was based only on studying statistics 30 years earlier. 525 F. Supp. 2d at 664. The court stated that, while "[i]t is true that experts are permitted to rely on opinions of other experts to the extent that they are of the type that would be reasonably relied upon by other experts in the field . . . in doing so, the expert witness must in the end be giving his *own* opinion." *Id.* (emphasis in original). The testifying expert "cannot simply be a conduit for the opinion of an unproduced expert." *Id.*

In the case at bar, Dr. Agouris

These opinions should be precluded. In addition, Dr. Agouris has opined

*Compare McReynolds v. Sodexho Marriott Services, Inc.,* 349 F. Supp. 2d 30, 37 (D.D.C. 2004) (allowing testifying expert to rely on assistants where the testifying expert was able to independently verify the underlying work and determine if it was performed as he requested or whether any significant mistakes were made).

Examples of testimony that should be precluded are:

-6-

4333187v1

REDACTED

a.    HP's marking defense.  Polaroid has the burden of demonstrating compliance

with the marking statute.  *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894) ("the duty of alleging

and the burden of proving [notice] is upon the plaintiff"); *Soverain Software LLC v.

Amazon.com, Inc.,* 383 F. Supp. 2d 904, 908 (E.D. Tex. 2005) ("The patentee bears the burden of

proving compliance with the marking statute by a preponderance of the evidence.") (citing *Nike,

Inc. v. WalMart Stores, Inc., * 138 F.3d 1437, 1446 (Fed. Cir. 1998)).  Polaroid concedes that it

has not marked any product to indicate that it embodies a claim of the '381 patent.  Polaroid

asserts that the subject matter claimed in its '381 patent was never included in a Polaroid

commercial product, and that, as a result, it had no obligation to mark.  Dr. Agouris opines



                                                    She is not competent to render these opinions

because

b.    Non-infringing alternatives.  Retinex is image enhancement software developed

by HP that performs                                                      HP asserts

that Retinex source code was a non-infringing alternative to LACE source code.  Dr. Agouris has

opined



                                    Her opinion is necessarily a derivative of Mr. Wroblewski's

undisclosed analysis.

c.    Infringement of claims 1-3 of the '381 patent.  Claims 1-3 are stated means plus

function form.  The '381 patent discloses a particular algorithm used in combination with

computer hardware that is described in detail in the patent.  This combination is the means that is

disclosed in the '381 patent as performing the function stated in claims 1-3.  Although

4333187v1

REDACTED

Dr. Agouris

She is not qualified to render this opinion.

     d.   <u>Doctrine of Equivalents/Structural Equivalents</u>.  Throughout the expert report, Dr. Agouris opines

Any analysis of the doctrine of equivalents requires consideration of the function, way, result test.

---

[2] *E.g.*, Agouris Expert Report I states at p. 41:

Agouris Report I states at p. 45:

Agouris Dep. at 205:20-25.

4333187v1

REDACTED

### 2.    Dr. Agouris's source code-related testimony is also inadmissible hearsay.

Any testimony by Dr. Agouris                                              will also constitute hearsay evidence. *See Malletier,* 525 F. Supp. 2d at 666. For example, in *Malletier,* the court found that an expert's testimony regarding the findings of the underlying expert would violate the hearsay rule. Any such testimony would constitute the statement of an out-of-court declarant which was not admissible under any hearsay exception. *Id.* The court stated that while "[i]t is true that under Rule 703, experts can rely on hearsay in reaching their own opinions . . . a party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony." *Id.* Here, as in *Malletier,* the testifying expert's testimony has "no probative value independent of [the underlying expert's] report." *Id.*

### C.    Any Testimony By Mr. Wroblewski Should Be Precluded Under Rule 37(c)

Mr. Wroblewski was not disclosed by Polaroid as an expert. He has not provided an expert report. The deadline for expert disclosures and expert discovery has passed. Fed. R. Civ. P. 37(c)(1) provides that, in these circumstances, testimony by Mr. Wroblewski is precluded. *See, e.g., Dura,* 285 F.3d at 615-616; *In re Sulfuric Acid Antitrust Litigation,* 235 F.R.D. 646, 653 (N.D. Ill. 2006) (noting that *Dura* "made clear that Rule 703 was not an exception to the hearsay rule, and that one expert could not be the mouthpiece for another. If the latter had not been properly disclosed, he could not testify, and in that event the former's testimony would rest on air").

-9-

## V.    **CONCLUSION**

For the reasons set forth above, HP respectfully requests that the Court preclude any testimony of Dr. Peggy Agouris which (1) relies on, or relates to, an interpretation of source code, or (2) constitutes an opinion that hardware and software are equivalent as means to perform the function stated in claims 1-3 of the '381 patent.


Dated:  May 23, 2008                    **FISH & RICHARDSON P.C.**


By:    /s/ William J. Marsden, Jr.
          William J. Marsden, Jr. (#2247)
          Raymond N. Scott, Jr. (#4949)
          919 N. Market Street, Suite 1100
          Wilmington, DE 19801
          Tel.:  (302) 652-5070
          Fax:  (302) 652-0607
          Email:  marsden@fr.com
                    rscott@fr.com


          Robert S. Frank, Jr. *(pro hac vice)*
          Carlos Perez-Albuerne *(pro hac vice)*.
          CHOATE, HALL & STEWART LLP
          Two International Place
          Boston, MA 02109
          Tel.:  (617) 248-5000
          Fax:  (617) 248-4000
          Emails:  rfrank@choate.com; cperez@choate.com


          John E. Giust *(pro hac vice)*
          Matthew E. Bernstein *(pro hac vice)*
          MINTZ, LEVIN, COHN, FERRIS,
                    GLOVSKY AND POPEO PC
          5355 Mira Sorrento Place, Suite 600
          San Diego, CA 92121-3039
          Tel.:  (858) 320-3000
          Fax:  (858) 320-3001
          Emails:  jgiust@mintz.com; mbernstein@mintz.com


          *Attorneys for Defendant and Counterclaim-Plaintiff*
          *Hewlett-Packard Company*

-10-

## RULE 7.1.1 CERTIFICATE

The undersigned certifies that counsel for movants have made reasonable effort to reach agreement with the opposing attorneys on the matters set forth in the motion.

*s/ William J. Marsden, Jr.*
William J. Marsden, Jr.

4333187v1

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2008, I electronically filed with the Clerk of Court the foregoing document using CM/ECF which will send electronic notification of such filing(s) to the following counsel:

*Via Email*

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
MORRIS, NICHOLS, ARSHT & TUNNELL, LLP
1201 North Market Street
Wilmington, DE 19899-1347
Phone: 302-658-9200
Fax: 302-658-3989
Emails: jblumenfeld@mnat.com; jheaney@mnat.com

Attorneys for Plaintiff and Counterclaim-Defendant Polaroid Corporation

*Via Email*

Russell E. Levine, P.C.
Michelle W. Skinner/David W. Higer
Maria A. Meginnes/Courtney Holohan/C. Beasley
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
Phone: 312-861-2000
Fax: 312-861-2200
Emails: rlevine@kirkland.com; ggerst@kirkland.com;
mskinner@kirkland.com; dhiger@kirkland.com;
mmeginnes@kirkland.com; mmeginnes@kirkland.com;
cbeasley@kirkland.com

Attorneys for Plaintiff and Counterclaim-Defendant Polaroid Corporation

*Courtesy Copy Via Federal Express*

Michelle W. Skinner
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
Phone: 312-861-2000
Fax: 312-861-2200

/s/ *William J. Marsden, Jr.*
William J. Marsden, Jr.

4333187v1