IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POLAROID CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-738 (SLR) |
| | ) | |
| HEWLETT-PACKARD COMPANY, | ) | **REDACTED -** |
| | ) | **PUBLIC VERSION** |
| Defendant. | ) | |

**VOLUME II OF II**
**APPENDIX OF EXHIBITS TO**
**POLAROID'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO PRECLUDE**
**HEWLETT-PACKARD FROM RELYING ON UNTIMELY PRODUCED DISCOVERY**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
jheaney@mnat.com
*Attorneys for Plaintiff Polaroid Corporation*

OF COUNSEL:

Russell E. Levine, P.C.
G. Courtney Holohan
Michelle W. Skinner
David W. Higer
Maria A. Meginnes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

Original Filing Date: May 23, 2008

Redacted Filing Date: June 2, 2008

**INDEX**

| Appendix A | Table |
|---|---|
| Ex. 1 | 1/31/08 Email between Blumenfeld and Marsden |
| Ex. 2 | Supplemental Expert Report of Dr. Rangaraj Rangayyan |
| Ex. 3 | R. Rangayyan Deposition Transcript |
| Ex. 4 | Expert Report of Dr. Rangaraj Rangayyan |
| Ex. 5 | Polaroid Corporation's First Supplemental Response to Hewlett-Packard Co.'s First Set of Interrogatories |
| Ex. 6 | Errata to Expert Report of Dr. Rangaraj Rangayyan |
| Ex. 7 | Polaroid's Third Set of Interrogatories |
| Ex. 8 | Polaroid's Second Request for Production of Documents and Things |
| Ex. 9 | Polaroid's Fourth Request for Production of Documents and Things |
| Ex. 10 | 12/3/07 Ltr. from Skinner to Coburn |
| Ex. 11 | 3/07/08 Ltr. from Giust to Gerst |
| Ex. 12 | 3/18/08 Ltr. from Higer to Giust |
| Ex. 13 | Hewlett-Packard Company's Third Supplemental Response to Polaroid's First Set of Interrogatories (No. 15) and Supplemental Response to Polaroid's Third Set of Interrogatories (No. 22) |
| Ex. 14 | 1/31/08 HP Press Release: HP Announces Strategy to Bridge Gap Between Content Creation and Publishing |
| Ex. 15 | HP Photo Center Marketing Materials |
| Ex. 16 | Hewlett-Packard Company's Second Supplemental Initial Disclosures |
| Ex. 17 | 3/21/08 Ltr. from Skinner to Bernstein |
| Ex. 18 | Report of Robert H. Wallace |

| Ex. 19 | Polaroid's First Request for the Production of Documents and Things |
|--------|---------------------------------------------------------------------|
| Ex. 20 | Polaroid's Fifth Request for Production of Documents and Things |
| Ex. 21 | November 6, 2007 hearing transcript |
| Ex. 22 | 11/15/07 Ltr. from Holohan to Coburn (No. 1) |
| Ex. 23 | 11/15/07 Ltr. from Holohan to Coburn (No. 2) |
| Ex. 24 | 12/19/07 Email from Holohan to Benstein |
| Ex. 25 | 1/29/08 Ltr. from Meginnes to Bernstein |
| Ex. 26 | 2/11/08 Email from Meginnes to Bernstein |
| Ex. 27 | 3/25/08 Ltr. from Meginnes to Bernstein |
| Ex. 28 | 4/15/08 Ltr. from Kruizinga to Meginnes |
| Ex. 29 | 4/16/08 Ltr. from Meginnes to Giust |
| Ex. 30 | 10/03/07 Ltr. from Bustamante to Jordan |
| Ex. 31 | 10/03/07 Email from Holohan to Turchan |
| Ex. 32 | 10/05/07 Email from Turchan to Laney |
| Ex. 33 | 10/08/07 Ltr. from Bustamante to Holohan |
| Ex. 34 | 4/28/08 Ltr. from Meginnes to Bernstein |
| Ex. 35 | 4/28/08 Email from Bernstein to Meginnes |
| Ex. 36 | 10/03/07 Email from Holohan to Coburn |
| Ex. 37 | 10/07/07 Ltr. from Holohan to Coburn |
| Ex. 38 | 10/19/07 Ltr. from Holohan to Coburn |
| Ex. 39 | 3/11/08 email from Pierce to Gerst |
| Ex. 40 | 3/10/08 Ltr. from Kruizinga to Meginnes |
| Ex. 41 | 3/12/08 Email from Pierce to Meginnes and Higer |

| Ex. 42 | 4/02/08 Letter from Kruizinga to Meginnes |
| Ex. 43 | 4/02/08 Ltr. from Meginnes to Giust |
| Ex. 44 | Software License and Distribution Agreement |
| Ex. 45 | 4/18/08 Ltr. from Kruizinga to Meginnes |
| Ex. 46 | 4/22/08 Ltr. from Meginnes to Giust |
| Ex. 47 | Deposition of R. Wallace |
| Ex. 48 | 3/13/08 Ltr. from Kruizinga to Meginnes |
| Ex. 49 | 3/31/08 Ltr. from Kruizinga to Meginnes |
| Ex. 50 | 4/11/08 Ltr. from Kruizinga to Meginnes |
| Ex. 51 | 4/14/08 Ltr. from Meginnes to Giust |

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on June 2, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

William J. Marsden, Jr.
FISH & RICHARDSON P.C.

I also certify that copies were caused to be served on June 2, 2008 upon the following in the manner indicated:

### BY E-MAIL

William J. Marsden, Jr.
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19801

Matthew Bernstein
John E. Giust
MINTZ LEVIN COHN FERRIS GLOVSKY AND
POPEO PC
5355 Mira Sorrento Place
Suite 600
San Diego, CA 92121-3039

Bradley Coburn
FISH & RICHARDSON P.C.
One Congress Plaza, Suite 810
111 Congress Avenue
Austin, TX 78701

Daniel Winston
CHOATE HALL & STEWART, LLP
Two International Place
Boston, MA 02110

*/s/ Julia Heaney*
_____
Julia Heaney (#3052)

# EXHIBIT 8

# REDACTED

# EXHIBIT 9

# REDACTED

# EXHIBIT 10

REDACTED

# EXHIBIT 11

# REDACTED

# EXHIBIT 12

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

<table>
<tr><td>David W. Higer<br>To Call Writer Directly:<br>312 469-7029<br>dhiger@kirkland.com</td><td>200 East Randolph Drive<br>Chicago, Illinois  60601<br><br>312 861-2000<br><br>www.kirkland.com</td><td>Facsimile:<br>312 861-2200<br>Dir. Fax: 312 861-2200</td></tr>
</table>

March 18, 2008

**VIA EMAIL**

John E. Giust, Esq.
Fish & Richardson, P.C.
12390 El Camino Real
San Diego, CA 92130

Re:     *Polaroid Corporation v. Hewlett Packard Company*
        USDC-D. Del.-C.A. No. 06-738 (SLR)

Dear Mr. Giust:

        I write regarding HP's ongoing late production of documents.  HP continues to produce additional documents despite the fact that the document production deadline passed over six months ago and fact discovery closed over a month and a half ago.  There is no justification for HP's belated production of documents. Please be advised that Polaroid will move to preclude HP's or its experts' use of, and reliance on, any belatedly produced HP document, which includes at a minimum the following documents:

- HP_65796–66694;
- HP_66708–82996;
- HP_83231–91196;
- HP_91209–92532;
- HP_92534–92560[1];
- HP_95244–95530;
- HPPOL_0674781–0726068;
- HPPOL_0726078–0815802;
- HPPOL_0815806–1767691;
- HPPOL_1741553 R;
- HPPOL_1741675 R–1741677 R;
- HPPOL_1759263 R–1759270 R;
- HPPOL_1759283 R–1759287 R;
- HPPOL_1761531 R–1761549 R;
- HPPOL_1761552 R–1761555 R;

---

[1] Polaroid notes that the CD purportedly containing HP_95365–463 was produced to Polaroid blank.

John E. Giust, Esq.
March 18, 2008
Page 2

- HPPPN_001 - 037;
- HPPPN_026–027 Supplemental;
- HPDE_0000001–0314485; and
- HPDEN_001.

Very truly yours,

David W. Higer

DWH

cc:    William M. Boyd, Esq.
       Jack B. Blumenfeld, Esq.

EXHIBIT 13

# REDACTED

# EXHIBIT 14



# News release

» Return to original page

**HP Announces Strategy to Bridge Gap Between Content Creation and Publishing**

LAS VEGAS, Jan. 31, 2008

HP today announced its strategy to enable customers – from home consumers to large corporations – to harness the vast amount of rich media content that remains untapped for publishing.

As part of the announcement, HP unveiled at the Photo Marketing Association (PMA) tradeshow several retail photo printing solutions and services that provide consumers the tools to personalize their photos and publish customized creative output, while helping retailers maintain peak efficiency.

**Related Links**
» Printing
» Snapfish

» View the press kit

With three major analog-to-digital conversion processes already underway – in film, telephony and TV – and as more analog processes such as book publishing are converted to digital, the growth of digital content is exploding.

According to industry analyst firm IDC, the information added annually to the "digital universe" is expected to increase more than sixfold from 161 billion gigabytes to 988 billion gigabytes between 2006 and 2010. In 2006 alone, the amount of digital information created, captured and replicated was approximately 3 million times the information in all the books ever written.[1]

Recognizing this opportunity, HP's strategy focuses on four key areas that are designed to close the gap between the content that is created and that which is actually published and available for consumption:

- Helping customers create, access, manage and publish their content
- Generating new publishing occasions
- Using the web and other software assets to enable the entire content creation, management and publishing ecosystem
- Applying these capabilities to high-growth vertical markets

The effort is being led through HP's Web Services and Software Business, which was created last fall within the company's Imaging and Printing Group.

"Put simply, we want our customers to be able to bring rich content to life," said David Murphy, senior vice president, Web Services and Software Business, HP. "In combining our printing franchise with a world-class set of software and web assets, HP is creating a multibillion-dollar business poised to lead the transformation to a comprehensive digital supply chain – from content creation and management to publishing and consumption."

**Enabling the digital transformation**

Nowhere is the disconnect between digital content creation and publishing more prevalent than in the digital photography market, where the difference in the number of images captured and those that are actually published or printed is vast and growing.

To bridge this gap, HP is empowering consumers with the tools to personalize their photos and publish customized creative content. In the retail photo environment, the company is working to transform retailers' traditional photo labs into digital publishing centers that move beyond prints to rich digital media, such as photo books, posters, calendars and other creative photo products.

To this end, HP unveiled several additions to its lineup, including the launch of the new HP Photo Center – a versatile, scalable and space-efficient digital print solution designed to easily plug into a retailer's existing lab infrastructure. The system incorporates the new HP Photosmart ml1000 Minilab

printer, designed to be the fastest and most versatile dry inkjet retail photo printing system on the market,[2] as well as the efficient and easy-to-use new HP Photosmart pm2000e Microlab printer. Both products were winners of the DIMA 2008 Innovative Digital Product Awards.

The HP Photo Center also includes the new HP Photosmart cl2000 Creative printer for production of photo books, calendars, greeting cards and other published consumer content, and a new consumer order station that features a 17-inch screen with screen-assisted navigation to make publishing creative content easier.

To help retailers efficiently manage back-office services, such as device configuration, billing and reporting, the HP Photo Center features an innovative suite of software. The system also offers order management functionality to help with job fulfillment and a remote management system that ensures systems are consistently available for customer use.

**Fueling the web-to-store printing market**

HP also announced it is now offering its Snapfish by HP members the ability to order posters online to be picked up the same day at any of Staples' 1,400 "Copy and Printer Centers" nationwide. Staples is the first nationwide retailer to offer this service.

Starting at $14.99,[3] the posters will be printed in-store on HP Designjet printers and offered in two sizes — 16 x 20 inches and 20 x 30 inches. Customers will have the choice of using a single image or creating a collage of up to 30 images, and they can add a title as well as select from up to 14 background colors.

Between 2004 and 2007, the web-to-retail market in the United States grew more than 1,200 percent to more than 1.2 billion prints, according to internal HP data. In 2007, the Snapfish network of online photo sites generated more than 1 billion of those 1.2 billion web-to-store prints.

**HP at PMA**

HP's David Murphy will participate on the PMA Visionaries Panel today, where he will discuss the digital photography landscape, including the challenges and opportunities in helping consumers use the power of digital to unleash their photos and publish them in new and exciting ways.

More information on the products mentioned above and other HP announcements at PMA is available in an online press kit at http://www.hp.com/go/pma2008.

**About HP**

HP focuses on simplifying technology experiences for all of its customers – from individual consumers to the largest businesses. With a portfolio that spans printing, personal computing, software, services and IT infrastructure, HP is among the world's largest IT companies, with revenue totaling $104.3 billion for the four fiscal quarters ended Oct. 31, 2007. More information about HP (NYSE: HPQ) is available at http://www.hp.com.

---

[1] IDC, "The Expanding Digital Universe: A Forecast of Worldwide Information Growth Through 2010," March 2007, John F. Gantz.

[2] Based upon manufacturers' dry retail lab printer published specifications as of December 2007.

[3] Actual prices may vary.

---

This news release contains forward-looking statements that involve risks, uncertainties and assumptions. If such risks or uncertainties materialize or such assumptions prove incorrect, the results of HP and its consolidated subsidiaries could differ materially from those expressed or implied by such forward-looking statements and assumptions. All statements other than statements of historical fact are statements that could be deemed forward-looking statements, including but not limited to statements of the plans, strategies and objectives of

management for future operations; any statements concerning expected development, performance or market share relating to products and services; anticipated operational and financial results; any statements of expectation or belief; and any statements of assumptions underlying any of the foregoing. Risks, uncertainties and assumptions include the execution and performance of contracts by HP and its customers, suppliers and partners; the achievement of expected results; and other risks that are described in HP's filings with the Securities and Exchange Commission, including but not limited to HP's Annual Report on Form 10-K for the fiscal year ended Oct. 31, 2007. HP assumes no obligation and does not intend to update these forward-looking statements.

© 2008 Hewlett-Packard Development Company, L.P. The information contained herein is subject to change without notice. The only warranties for HP products and services are set forth in the express warranty statements accompanying such products and services. Nothing herein should be construed as constituting an additional warranty. HP shall not be liable for technical or editorial errors or omissions contained herein.

» Return to original page

Privacy statement        Using this site means you accept its terms        Feedback to webmaster
© 2008 Hewlett-Packard Development Company, L.P.

EXHIBIT 15

# HP Photo Center

Create new profit streams and increase store traffic with photo products that help customers tell their stories





### Lab-quality photos and more

HP Photo Center expands your retail business with high-margin, high-value products. In addition to vibrant, lab-quality photos, your customers can easily produce professional-looking photo creations such as photo books, calendars, greeting cards and more within a one-hour service environment.

### Easy for your customers and employees

With HP Photo Center, your customers can manage high volumes of digital images quickly and easily from a single order kiosk. The easy-to-use touchscreen interface guides customers through each step of the ordering process and allows for automatic red-eye removal and light adjustment. Images can be put into the HP Photo Center via most standard digital camera memory devices, CDs, DVDs and USB drives.

Behind the counter, the tools are easy to learn and use, and can be integrated into your current workflow or organized into one compact workstation. HP Photo Center requires little maintenance and only occasional supply replenishment. Because the system doesn't use photographic chemicals, no special training is required to operate or maintain. It also means no mess and no nasty smells.

### Expand your offerings

With more than 30 HP hardware, software and service options, HP Photo Center can be configured to create a unique photo processing environment to meet your retail needs. The basic solution includes the HP Creative Printer, HP Consumer Station, HP Fulfillment Station and order-label printer, as well as everything needed to create photo books, calendars and greeting cards. Expansion kits enable you to offer even more including posters, CDs, 4 x 6-inch prints, wallets, 5 x 7-inch prints, 8 x 10-inch prints, photo scanning and film scanning.

### Unmatched HP quality

Unique five-layer HP LaserJet paper produces exceptional-quality photo creations trouble-free. And HP inks and HP Premium Plus Photo Paper create brilliant, consistent image quality for posters.

### Why choose HP?

HP is the number-one digital printing brand worldwide and committed to developing and providing high-quality products your customers want to buy. We bring our innovative, reliable, clean and easy-to-use solutions to retail photo finishing. HP has the resources to help your photo business grow.

# HP Photo Center: The base solution

1. HP 19-inch touchscreen and intuitive interface
2. Inputs
3. Receipt printer for order pickup





**19-inch Consumer Order Station**
enables standard digital media device inputs, including camera cards, CDs, DVDs and USB drives.

**17-inch Consumer Order Station**
enables standard digital media device inputs, including camera cards, CDs, DVDs and USB drives.

**Pedestal for consumer order station (optional)**

1. HP 19-inch TFT monitor
2. Secure router
3. SR IPSec base module
4. 24-port switch



**HP Fulfillment Station**

1. Control panel with four-line graphical display and help features as well as configurable status alerts help you resolve printing issues quickly
2. 600-sheet output capacity
3. Simple front-door access allows you to change printer supplies easily
4. Four standard input trays
5. Full-speed (up to 24 ppm), two-sided color printing with automatic duplexer unit



**HP Photosmart Creative Printer with four input trays**

2

# HP Photo Center: Output options

**HP Poster Expansion Kit** enables retailers to expand their HP Photo Center offerings to include high-quality poster printing. Choose from the HP Designjet 130NR printer or the HP Designjet Z3100 printer.

**Front view**

1. LCD printer-status indicator for ink-supply maintenance and print-message alerts

2. Front bypass slot accommodates cut-sheet media up to 24 inches

3. Small footprint allows placement of printer on table-top or in common work area

**Rear view**

4. Automatic roll feed accepts rolls up to 24 inches wide

Internal color sensor for color consistency

Fade-resistant inks with 4 pl drop size for fade-resistant, photo-quality images

Modular ink system with six independently replaceable ink cartridges allows you to replace only the ink colors you need





HP Designjet 130NR printer

1. LCD front panel and direct-access keys for ink-supply maintenance and print-message alerts

2. Eleven-color HP Vivera pigment ink set with 4 pl and 6 pl drop size, as well as a 12th cartridge with gloss enhancer



HP Designjet Z3100 printer

3

# HP Photo Center: Output options

A high-volume microlab printer that produces 4x6 and 5x7 prints in seconds.

Stores up to 18 completed orders in built-in bins.

Secure vending capability lets customers retrieve their photos without employee assistance.

Compact design and standard power (110v) for efficient, under-the-counter implementation.

1. Bins accessible for behind-the-counter use

2. Optional door for front-of-counter by consumers



**HP Photosmart PM2000e Microlab Printer Expansion Kit**

**Front view**
1. LCD two-line text display with eight ink-level indicators
2. Control panel buttons and attention light
3. Top door for access to printheads
4. Ink cartridge door
5. Power button
6. 50-sheet output tray
7. 200-sheet input tray

**Rear view**
8. Power cord connection
9. Ethernet port
10. Rear access door
11. Rear door releases



**HP Enlargement Printer Expansion Kit** enables retailers to expand their HP Photo Center offerings to include gallery-quality photo enlargements.

1. Large input tray holds 100 CDs

2. Output tray holds 110 CDs



**HP CD Expansion Kit** enables retailers to expand their HP Photo Center offerings to include archival CD creation.

# HP Photo Center: Output options



1. Ability to scan two
   photos at once

1.

**HP Photo Center Print-to-Print Scanner** enables customers to scan and edit photos quickly and easily with
excellent resolution and color accuracy.

Ability to scan rolls with up to
40 images and strip down to
two frames

Automatic reading of the DX
code from 35 mm film





**HP Standard Film Scanner Expansion Kit** enables
customers to scan film easily and create digital
images that can be archived on CD or used for
HP Photo Center creative products.

**HP Enhanced Film Scanner Expansion Kit** enables
customers to scan film easily and create digital
images that can be archived on CD or used for
HP Photo Center creative products.

1. Enhanced Equipment Module
   with switch, router and wiring
   harness
2. Work Surface Module
3. Auxiliary Module
4. Printer Enclosure Module
5. Shelf Module



4.

1.

5.

3.

2.

**HP Operations Console**
Durable, modular options for housing your HP photo solution

5

Output          *Professional-looking photo creations*



- High-quality 4 x 6-inch prints are smudge, water and fade resistant and last for generations.*
- Photo prints are available with or without borders.





- Photo books come in three sizes: 5 x 7 inches, 8.5 x 11 inches (portrait and landscape) and 12 x 12 inches.
- Customers can choose covers, layout and design styles from dozens of templates.
- The 12 x 12-inch photo booklets hold from 10 to 270 photos.
- The 8.5 x 11-inch photo booklets hold from 10 to 378 photos.
- The 5 x 7-inch photo booklets hold from 6 to 90 photos.



- Customers use their own photos to create 5 x 7-inch greeting cards for holidays and special occasions.
- Easy-to-create cards make last-minute purchases a snap.
- Customers can choose from a range of designs and can add up to five lines of personal text to cards.
- Envelopes are included.



- Customers can use their favorite photos to create personalized spiral-bound, 12 x 12-inch calendars in minutes.
- Calendars can include as few as 12 or as many as 100 photos and can start on any month.
- Customers choose from several ready-to-use designs.



- With the HP CD Expansion Kit, customers can create photo CDs for easy organizing and storage.
- Each photo CD includes HP Photosmart Essential software for easy organizing, editing, printing and sharing of photos at home.
- Retailers can offer index prints and premium jewel cases for easy storage and reference.



- With the HP Poster Expansion Kit, customers can easily create poster-size prints of digital photos in minutes.
- Customers can design posters using one photo or a collage of up to 50.
- Posters come in several sizes and design themes.



- With the HP Enlargement Printer Expansion Kit, customers can print 2.5 x 3.5-inch wallets, 5 x 7-inch and 8 x 10-inch photos.
- Prints can be personalized with themed borders and frames.
- Photo enlargements resist fading for generations.*

- Based on display-permanence rating by Wilhelm Imaging Research, Inc., using specific HP inks and photo papers.

6

Technical specifications

# HP Photosmart PS2000 Studio System

## HP Consumer Station

| | HP CS 1700 Consumer Station | HP CS 1900 Consumer Station |
|---|---|---|
| Standard components | Touchscreen PC, HP Photosmart Studio software, CD/DVD reader, digital media drive, receipt printer | Touchscreen PC, HP Photosmart Studio software, CD/DVD reader, digital media drive, receipt printer |
| Digital input | Proprietary design supporting SD (incl SDHC), Mini-SD, microSD, CF/MD, xD, MMC (incl v4.x), RS-MMC, MS/PRO/DUO and USB2 | CompactFlash Type I/II, Memory Stick/Memory Stick PRO, Memory Stick PRO duo, SmartMedia, xD-Picture Card, SD, MiniSD, MMC, RS MMC, USB Flash, CD |
| Dimensions (W x D x H) | 13.5 x 12 x 21.5 in. (34.3 x 30.5 x 54.6 cm) | 19 x 16.3 x 21.4 in. (48.26 x 41.4 x 54.36 cm) |
| Weight | 40 lb (18 kg) | 81 lb (36.82 kg) |
| Power requirements | External, 250 W, 110 – 220V auto-select | 110 – 240V autoranging, 10 A |
| Additional order stations optional | Up to 8 consumer order stations can be supported by the HP Photo Center | Up to 8 consumer order stations can be supported by the HP Photo Center |

## Fulfillment Station

| | |
|---|---|
| Standard components | HP Photosmart Studio software suite, HP Photosmart order management station, HP Photosmart Studio finishing equipment |
| Dimensions (W x D x H) | 21.5 x 20.5 x 18 in. rack case (546.1 x 520.7 x 457.2 mm) |
| Weight | 43 lb rack case (19.5 kg) |
| Power requirements | 110 – 240V autoranging, 10.8 A |

## HP Creative Printer CL2000

| | |
|---|---|
| Printing technology | HP Color LaserJet |
| Paper size | 12 x 11.69 in., 8.5 x 11 in., 7 x 9.5 in., prescored |
| Printer quality | HP ImageREt 4800 |
| Print speed | Up to 40 ppm (letter) Up to 41 ppm (A4) |
| Dimensions (W x D x H) | 22.8 x 25 x 27.7 in. (580 x 635 x 704 mm) |
| Weight | 263.67 lb (119.6 kg) |
| Power requirements | 110 – 127V (±10 percent), 50/60 Hz (± 2 Hz), 12 A  220 – 240V (±10 percent), 50/60 Hz (± 2 Hz), 6 A |
| Included accessories and supplies | HP Photosmart Studio creative software, calendar binder, two staplers—supplies ordered separately |

## Ordering information

| Product number | Description |
|---|---|
| CC147A | HP Photosmart PS2000 Studio System |

| Options and accessories | Description |
|---|---|
| CG127A | HP CS 1700 Consumer Station |
| CC091D | HP CS 1900 Consumer Station |
| CC120A | HP Consumer Station Pedestal |
| CC091B | HP Consumer Station – additional units (19-inch only) |
| CC154A | HP Photo Center Print-to-Print Scanner  • Scanning workflow software license  • 1-year limited warranty |
| CG100A | HP Standard Film Scanner Expansion Kit  • Pakon F135 film scanner  • Scan PC with scan workflow software  • 1-year limited warranty |
| CC157C | HP Enhanced Film Scanner Expansion Kit  • Pakon F335 film scanner  • Scan PC with scan workflow software  • 1-year limited warranty |

| Supplies | Description |
|---|---|
| CC165A | Studio Media Supplies Kit (required)  • 11.69 x 12-inch paper (qty 800)  • 8.5 x 11-inch paper (qty 1,250)  • 7 x 9.5-inch paper (qty 1,600) |
| CC166A | Studio Media Supplies Kit (required)  • HP white photo greeting card  • Envelopes (qty 500)  • HP white standard wire binding (qty 100)  • Photo book covers (qty 25) |

7

Technical specifications    HP Photosmart PS2000 Studio System

## Ordering information (continued)

| Print cartridges | Description |
|---|---|
| CB380A | HP Color LaserJet Black Print Cartridge |
| CB381A | HP Color LaserJet Cyan Print Cartridge |
| CB382A | HP Color LaserJet Yellow Print Cartridge |
| CB383A | HP Color LaserJet Magenta Print Cartridge |

| Media | Description |
|---|---|
| Q8930A | HP Color Laser Photo Album 7 x 9.5-inch |
| Q8931A | HP Color Laser Photo Album 11.69 x 12-inch |
| Q8932A | HP Color Laser Photo Album 8.5 x 11-inch |

| Supplies and accessories | Description |
|---|---|
| CB384A | HP Color LaserJet Black Image Drum |
| CB385A | HP Color LaserJet Cyan Image Drum |
| CB386A | HP Color LaserJet Yellow Image Drum |
| CB387A | HP Color LaserJet Magenta Image Drum |
| CB457A | HP Color LaserJet 110 volt fuser kit |
| CB458A | HP Color LaserJet 220 volt fuser kit |
| CB459A | HP Color LaserJet roller kit |
| CB463A | HP Color LaserJet transfer kit |
| CC112A | Greeting Card Envelopes (qty 500) |

| Photo books | Description | Photo books | Description |
|---|---|---|---|
| CE231A | HP Black Cloth 8.5 x 11-inch Photo Book | CE077A | HP Pool Blue Linen 11 x 8.5-inch Photo Book |
| CC175A | HP Black Cloth 11 x 8.5-inch Photo Book | CE070A | HP Silver Satin 11 x 8.5-inch Photo Book |
| CC176A | HP Black Cloth 12 x 12-inch Photo Book | CE071A | HP Graphite Satin 11 x 8.5-inch Photo Book |
| CC177A | HP Natural Cloth 11 x 8.5-inch Photo Book | CE051A | HP Black Leather 11 x 8.5-inch Photo Book |
| CC178A | HP Red Cloth 11 x 8.5-inch Photo Book | CE046A | HP Black Leather 12 x 12-inch Photo Book |
| CC179A | HP Navy Cloth 11 x 8.5-inch Photo Book | CE052A | HP Red Leather 11 x 8.5-inch Photo Book |
| CE064A | HP Black Linen 11 x 8.5-inch Photo Book | CE047A | HP Red Leather 12 x 12-inch Photo Book |
| CE060A | HP Black Linen 12 x 12-inch Photo Book | CE053A | HP Brown Leather 11 x 8.5-inch Photo Book |
| CE065A | HP Natural Linen 11 x 8.5-inch Photo Book | CE048A | HP Brown Leather 12 x 12-inch Photo Book |
| CE061A | HP Natural Linen 12 x 12-inch Photo Book | CE054A | HP Soft Pink Specialty 11 x 8.5-inch Photo Book |
| CE066A | HP Soft Pink Weave 11 x 8.5-inch Photo Book | CE049A | HP Soft Pink Specialty 12 x 12-inch Photo Book |
| CE062A | HP Soft Pink Weave 12 x 12-inch Photo Book | CE055A | HP Powder Blue Specialty 11 x 8.5-inch Photo Book |
| CE067A | HP Powder Blue Weave 11 x 8.5-inch Photo Book | CE050A | HP Powder Blue Specialty 12 x 12-inch Photo Book |
| CE063A | HP Powder Blue Weave 12 x 12-inch Photo Book | CE056A | HP Ivory Floral Leather 12 x 12-inch Photo Book |
| CE068A | HP Pearl Satin 11 x 8.5-inch Photo Book | CE057A | HP Brown Specialty with Tree 12 x 12-inch Photo Book |
| CE069A | HP Pearl Satin 12 x 12-inch Photo Book | CE058A | HP Baby Elephants 11 x 8.5-inch Photo Book |
| CE072A | HP Coral Linen 11 x 8.5-inch Photo Book | CE059A | HP Ivory Leather Embossed 12 x 12-inch Photo Book |
| CE073A | HP Sea Blue Linen 11 x 8.5-inch Photo Book | CE078A | HP Swoosh 11 x 8.5-inch Photo Book |
| CE074A | HP Taupe Linen 11 x 8.5-inch Photo Book | CE079A | HP Poppies 11 x 8.5-inch Photo Book |
| CE075A | HP Deep Red Linen 11 x 8.5-inch Photo Book | CC180A | HP Butterfly Print 11 x 8.5-inch Photo Book |
| CE076A | HP Olive Linen 11 x 8.5-inch Photo Book | CC111A | Wire binders (qty 100) |

8

Technical specifications

## HP Poster Expansion Kit (optional)

Choose from the following poster printers.

### HP Designjet 130NR Printer

| | |
|---|---|
| Printing technology | HP thermal inkjet 6-ink technology |
| Paper size | 24 in. x 50 ft. HP Premium Plus Photo Paper |
| Printer resolution | Up to 2400 x 1200 dpi |
| Print speed (Best) | B size: up to 6 min/page (glossy) |
| | D size: up to 17.5 min/page (glossy) |
| Dimensions (W x D x H) | 41.3 x 20.5 x 8.7 in. (1049 x 919 x 221 mm) |
| Weight | 50.7 lb (23 kg) |
| Power requirements | 110 – 240V autoranging, 2 A |
| Included accessories and supplies | HP Designjet 130NR printer, automatic roll feed, HP Jetdirect network card, power cord, printheads (6), print cartridges (6), input/output tray, drivers and documentation CD |

### Ordering information

| Product number | Description |
|---|---|
| CC159A | Premium Poster Kit |
| | • Designjet 130NR Printer |
| | • Photosmart collage software |
| | • HP Premium Plus Photo Satin (24 in. x 50 ft.) |
| | • Poster bags (qty 1,000) |
| | • 1-year limited warranty |

### Options and accessories

| Product number | Description |
|---|---|
| CC086A | HP Designjet 130NR Poster Printer Stand & Bin |
| CC163A | HP Print Trimmer, 20-inch |
| CC164A | HP Print Trimmer, 36-inch |

### Media

| Product number | Description |
|---|---|
| Q1426A | HP Universal High-gloss Photo Paper (24 in. x 100 ft.) |
| Q5491A | HP Premium Plus Photo Satin (24 in. x 50 ft.) |

### Ink

| Product number | Description |
|---|---|
| C9420A | HP 85 Cyan Printhead |
| C9421A | HP 85 Magenta Printhead |
| C9422A | HP 85 Yellow Printhead |
| C9423A | HP 85 Light Cyan Printhead |
| C9424A | HP 85 Light Magenta Printhead |
| C5019A | HP 84 Black Printhead |
| C9425A | HP 85 Cyan Ink Cartridge |
| C9426A | HP 85 Magenta Ink Cartridge |
| C9427A | HP 85 Yellow Ink Cartridge |
| C9428A | HP 85 Light Cyan Ink Cartridge |
| C9429A | HP 85 Light Magenta Ink Cartridge |
| C5016A | HP 84 Black Ink Cartridge |

### HP Designjet Z3100 Printer

| | |
|---|---|
| Printing technology | HP thermal inkjet, HP Vivera pigment inks, HP Quad-black ink set, HP Embedded Spectrophotometer |
| Paper size | All standard sizes larger than Letter/A4 up to 24 in./610 mm |
| Printer resolution | Up to 2400 x 1200 dpi |
| Print speed (Best) | 15 min/page on D/A1 or up to 17 ft²/h (color image on glossy paper) 9.8 min/page on D/A1 or up to 31 ft²/h (color image on coated paper) |
| Dimensions (W x D x H) | Printer with stand: 49.7 x 26 x 41.2 in. (1262 x 661 x 1047 mm) |
| Weight | Printer with stand: 143 lb (65 kg) |
| Power requirements | Input voltage autoranging 100 – 240V (+/- 10%), 50/60 Hz (+/- 3Hz), 2 A maximum |
| Included accessories and supplies | Spindle; printheads (6 x 2 colors); ink cartridges (12 x 69 ml); 12 high-gloss photo media sample roll (24 in. x 15 ft.); 24-inch stand; 24-inch rear tray; 3-inch spindle adapter kit, power cord and training |

### Ordering information

| Product number | Description |
|---|---|
| CG001A | Premium Poster Kit |
| | • Designjet Z3100 24-inch Photo Printer |
| | • Photosmart collage software |
| | • HP Premium Instant-dry Satin Photo Paper (24 in. x 75 ft.) |
| | • Poster bags (qty 1,000) |
| | • 1-year limited warranty |

### Media

| Product number | Description |
|---|---|
| Q7992A | HP Premium Instant-dry Satin Photo Paper (24 in. x 75 ft.) |
| Q8704A | HP Artist Matte Canvas (24 in. x 20 ft.) |

### Ink

| Product number | Description |
|---|---|
| C9405A | HP 70 Light Magenta & Light Cyan Printhead |
| C9406A | HP 70 Magenta & Yellow Printhead |
| C9407A | HP 70 Photo Black & Light Gray Printhead |
| C9408A | HP 70 Blue & Green Printhead |
| C9409A | HP 70 Matte Black & Red Printhead |
| C9410A | HP 70 Gloss Enhancer & Gray Printhead |
| C9448A | HP 70 Matte Black 130 ml Ink Cartridge |
| C9449A | HP 70 Photo Black 130 ml Ink Cartridge |
| C9450A | HP 70 Gray 130 ml Ink Cartridge |
| C9451A | HP 70 Light Gray 130 ml Ink Cartridge |
| C9453A | HP 70 Magenta 130 ml Ink Cartridge |
| C9454A | HP 70 Yellow 130 ml Ink Cartridge |
| C9455A | HP 70 Light Magenta 130 ml Ink Cartridge |
| C9456A | HP 70 Red 130 ml Ink Cartridge |
| C9457A | HP 70 Green 130 ml Ink Cartridge |
| C9458A | HP 70 Blue 130 ml Ink Cartridge |
| C9459A | HP 70 Gloss Enhancer 130 ml Ink Cartridge |
| C9390A | HP 70 Light Cyan 130 ml Ink Cartridge |

* Printed image size: 22 x 27.5 in/55.9 x 69.9 cm

9

Technical specifications    HP CD/DVD Expansion Kit (optional)

### Rimage 2000i

| | |
|---|---|
| Output products | Photo CD/DVD, Photo CD/DVD with preview prints |
| Printing technology | Rimage 2000i, featuring HP thermal inkjet technology |
| Dimensions (W × D × H) | 21 × 15.75 × 20 in. (53.3 × 40 × 50.8 cm) |
| Weight | 58 lb (26.3 kg) |
| Power requirements | 110 – 240V autoranging, 2.7 A |
| Included accessories and supplies | HP Photosmart Studio CD management software, 600 printable CDs and ink |

### Ordering information

| Product number | Description |
|---|---|
| CC160A | CD Expansion Kit<br>• CD burner & disk printer (Rimage 2000i)<br>• CD software<br>• Printable CDs (qty 600)<br>• HP ink<br>• 1-year limited warranty |

| Supplies | Description |
|---|---|
| CC791A | HP Compact Disk Package (Photo Center Basic) |
| CC113A | CD Media & Ink (600 CDs) |
| CG101A | HP Photo Center DVD-R 16x 4.7 GB (200 pack) |
| CC114A | CD Cases, Clear (100 cases) |

Technical specifications    HP PM2000e Microlab Printer Expansion Kit (optional)

### HP PM2000e Microlab Printer Expansion Kit

| | |
|---|---|
| Output products | 4 × 6-inch and 5 × 7-inch prints, index print |
| Printing technology | HP thermal inkjet |
| Size | 4 × 6 in. and 5 × 7 in. |
| 4 × 6 printing speed | Up to 700 pph (5-second prints) |
| 5 × 7 printing speed | Up to 300 pph (12-second prints) |
| Dimensions | 30 × 33 × 32 in. (76 × 84 × 81 cm)<br>Footprint: 6.875 sq. ft.<br>Clearance requirements: add 10 in. W (8 in. left, 2 in. right), 2 in. D, 2 in. H |
| Weight | 500 lb (227 kg) |
| Power requirements | 120V, 15 A<br>Optional uninterrupted power supply |

### Ordering information

| Description |
|---|
| HP PM2000e Microlab Printer Expansion Kit<br>• HP Photosmart PM2000e Microlab Printer<br>• Workflow software license<br>• 1-year limited warranty<br>• See your salesperson for ordering details. |

| Supplies | Description |
|---|---|
| CG466A | HP Vivid Photo 4 × 6-inch Glossy (master carton) |
| CG465A | HP Vivid Photo 4 × 6-inch Matte (master carton) |
| Q8891A | HP Vivid Photo 5 × 7-inch Glossy (master carton) |
| Q8890A | HP Vivid Photo 5 × 7-inch Matte (master carton) |
| C5089A | HP 76 Black 775 ml Ink Cartridge |
| C5090A | HP 76 Cyan 775 ml Ink Cartridge |
| C5091A | HP 76 Magenta 775 ml Ink Cartridge |
| C5092A | HP 76 Yellow 775 ml Ink Cartridge |
| C5093A | HP 76 Light Magenta 775 ml Ink Cartridge |
| C5094A | HP 76 Gray 775 ml Ink Cartridge |
| | Aerosol Filter |
| | Input Air Filter |
| | Overspray Tray |
| | Cleaning Wipe |
| | Backprinter Wipe |

10

Technical specifications    HP Enlargement Printer Expansion Kit (optional)

**HP Photosmart Pro B9180 Photo Printer**

| | |
|---|---|
| Output products | 5 x 7-inch and 8 x 10-inch prints |
| Printing technology | HP thermal inkjet |
| Size | 5 x 7 in. and 8 x 10 in. |
| Print speed[1] | 5 x 7-inch: 1 min, 50 sec |
| | 8 x 10-inch: 2 min, 15 sec |
| Dimensions | 26.5 x 16.9 x 9.5 in. (67.31 x 42.9 x 24.13 cm) |
| Weight | 37.7 lb (17.1 kg) |
| Power requirements[2] | 100 – 240V (±10 percent), 50/60 Hz (±5 Hz), 1 A |
| Included accessories and supplies | HP Photosmart Pro B9180 Photo Printer, HP 38 Ink Cartridges (1 each photo black, matte black, light gray, cyan, magenta, yellow, light cyan, light magenta), HP Photosmart Premier and Essential software on CD, Quick Start booklet, User's Guide, power cord |

**Ordering information**

| Product number | Description |
|---|---|
| CC156A | HP Enlargement Printer Expansion Kit |
| | • HP Photosmart Pro B9180 enlargement printer |
| | • Enlargement workflow software license |
| | • 1-year limited warranty |

**Ink cartridges**

| | |
|---|---|
| C9412A | HP 38 Matte Black Pigment Ink Cartridge, 27 ml |
| C9413A | HP 38 Photo Black Pigment Ink Cartridge, 27 m |
| C9414A | HP 38 Light Gray Pigment Ink Cartridge, 27 ml |
| C9415A | HP 38 Cyan Pigment Ink Cartridge, 27 ml |
| C9416A | HP 38 Magenta Pigment Ink Cartridge, 27 ml |
| C9417A | HP 38 Yellow Pigment Ink Cartridge, 27 ml |
| C9418A | HP 38 Light Cyan Pigment Ink Cartridge, 27 ml |
| C9419A | HP 38 Light Magenta Pigment Ink Cartridge, 27 ml |

**Printheads**

| | |
|---|---|
| C9404A | HP 70 Matte Black/Cyan |
| C9405A | HP 70 Light Cyan/Light Magenta |
| C9406A | HP 70 Magenta/Yellow |
| C9407A | HP 70 Photo Black/Light Gray |

**HP photo papers**

| | |
|---|---|
| Q8925A | HP Advanced Photo Paper, Glossy 5 x 7-inch (880 sheets) |
| Q8926A | HP Photosmart Platinum High Gloss, 8 x 10-inch (400 sheets) |
| Q8928A | HP Matte Photo Paper, 5 x 7-inch (4 pks of 880) |
| Q8929A | HP Matte Photo Paper, 8 x 10-inch (5 pks of 400) |
| Q7852A | HP Advanced Photo Paper, Glossy 8.5 x 11-inch (calibration paper) |

Technical specifications    HP Operations Console (optional)

**HP Operations Console**

| | | |
|---|---|---|
| Dimensions (W x D x H) | Enhanced Equipment Module | 30 x 31.5 x 36.75 in.; with backsplash: 12.5 x 36.375 x 36.75 in. |
| | Auxiliary Module | 19 x 31.5 x 36.75 in.; with backsplash: 19 x 36.5 x 36.75 in. |
| | Work Surface Module | 12.5 x 31.375 x 36.75 in.; with backsplash: 12.5 x 36.375 x 36.75 in. |
| | Printer Enclosure Module | 30.25 x 21.7 x 12.875 in. |
| | Shelf Module | 30.25 x 21.7 x 2 in. |
| Weight | Enhanced Equipment Module | 240 lb (108.86 kg) |
| | Auxiliary Module | 163 lb (73.94 kg) |
| | Work Surface Module | 75 lb (34.02 kg) |
| | Printer Enclosure Module | 72 lb (32.66 kg) |
| | Shelf Module | 55 lb (24.95 kg) |

**Ordering information**

**Description**

HP Operations Console
• 90 day limited warranty
• See your salesperson for ordering details.

1 Approximate figures dependent upon type and print mode. Exact speed will vary depending on the system configuration.
2 Power requirements are based on the country/region where the product is sold. Do not convert operating voltages or use with other voltages.
Doing so might cause damage that would not be covered under HP's product warranty.

## Base Solution Comparison

| HP Photosmart PM2000e Microlab System | HP Photosmart PS2000 Studio System |
|---|---|
| **Printer** | |
| HP Photosmart PM2000e Microlab printer | HP Creative Printer |
| **Consumer order station** | |
| HP Consumer Station with 19-inch screen | HP Consumer Station with 19-inch or 17-inch screen |
| **Fulfillment station** | |
| HP Fulfillment Station (enhanced) | HP Fulfillment Station (enhanced) |
| • Modular Rack System | • Modular Rack System |
| • HP 19-inch TFT monitor | • HP 19-inch TFT monitor |
| • Secure router | • Secure router |
| • SR IPSec base module | • SR IPSec base module |
| • 24-port base module | • 24-port base module |
| **Labels** | |
| • Order label printer | • Order label printer |
| • Order label rolls (2 rolls of 350 labels each) | • Order label rolls (2 rolls of 350 labels each) |
| **Finishing** | |
| | • Photobook stapler |
| | • Heavy-duty staples (2,500) |
| | • Calendar binding system |
| | • Heavy-duty hole punch for creative calendar |
| | • Booklet stapler |
| | • Standard staples (5,000) |
| **Training and documentation** | |
| • HP Photo Center 1.0 Training and Documentation | • HP Photo Center 3.0 system manual |
| **Software licenses** | |
| • Creative image-rendering software license | • Creative image-rendering software license |
| • Creative engine and workflow software license | • Creative engine and workflow software license |

© 2008 Hewlett-Packard Development Company, L.P. The information contained herein is subject to change without notice. The only warranties for HP products and services are set forth in the express warranty statements accompanying such products and services. Nothing herein should be construed as constituting an additional warranty. HP shall not be liable for technical or editorial errors or omissions contained herein.

To learn more about HP Photo Center, please visit www.hp.com/go/RPS or call (877) 275-1386.



EXHIBIT 16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POLAROID CORPORATION,

    Plaintiff and Counterclaim-Defendant,

    v.

HEWLETT-PACKARD COMPANY,

    Defendant and Counterclaim-Plaintiff.

C.A. No. 06-738 (SLR)

## HEWLETT-PACKARD COMPANY'S
## SECOND SUPPLEMENTAL INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Rule 26(e) and the Court's April 24, 2007 Scheduling Order, Defendant Hewlett-Packard Company ("HP") hereby provides its Second Supplemental Initial Disclosures. These Disclosures are based on information reasonably available to HP at this time and reasonably believed to be relevant to the claims or defenses in this lawsuit.

HP reserves the right to supplement and/or amend these disclosures, either through supplemental disclosures or through discovery responses that include additional individuals likely to have discoverable information as well as additional sources of documents in support of its claims or defenses. By making these disclosures, HP in no way concedes the relevance or admissibility of any of the foregoing information, nor does HP waive the assertion of any applicable privileges and/or other proper bases upon which such information and/or documents may be withheld as discovery continues.

1.    **Fed. R. Civ. P. 26(a)(1)(A)(i) Disclosure**

    a.    The following individuals are likely to have discoverable information that Hewlett-Packard may use to support its claims or defenses in this action (excluding impeachment). Hewlett-

1

Packard's initial disclosures are based on the assumption that the accused technology is limited to those products using the LACE algorithm; i.e., not Retinex.

Any individual identified with an "Hewlett-Packard" notation is a present or former Hewlett-Packard employee. With respect to the current and former Hewlett-Packard employees listed below, each should be contacted solely through counsel of record for Hewlett-Packard.

By indicating the general subject matter of information that witnesses possess, Hewlett-Packard is not representing that this is the only relevant information that these witnesses possess; rather, these descriptions represent Hewlett-Packard's good faith efforts to identify the relevant information possessed by each witness at this time.

| Individual (party affiliation and title if any) | Subjects of Information |
|---|---|
| David Berfanger (Hewlett-Packard software engineer) | non-infringing alternatives |
| Rhanjit Bhaskar (Hewlett-Packard software engineer) | development and implementation of accused technology; non-infringing alternatives |
| Julian Bullitt (Zink Imaging, Inc.) | implementation of the accused technology at Polaroid |
| Rob Cazier (HP camera engineer) | development and implementation of accused and alternative technologies |
| Michael Dansky (current affiliation unkown) | valuation of the accused technology |
| Eleanore Dogan (HP) | marketing of the accused technology |
| Deborah Finck (HP) | marketing of the accused technology |
| Paul Frederickson (HP software engineer) | development and implementation of accused technology; non-infringing alternatives |
| Robert Goldman (CRA International, Inc.) | valuation of the accused technology |

| Individual (party affiliation and title if any) | Subjects of Information |
|---|---|
| Steve Greer (HP business development) | negotiations between Polaroid and Hewlett-Packard regarding Opal and Onyx technologies |
| Ted Haasl-Martinez (HP software developer) | development and implementation of accused technology |
| Tamir Hativa (HP) | marketing of the accused technology |
| Susan Heminger (HP patent agent) | patent prosecution at Hewlett-Packard |
| Bradford Kullberg (Polaroid) | Polaroid bankruptcy, title to the patent-in-suit, Polaroid licensing practices |
| Choon Hee Lee (HP software engineer) | development and implementation of accused technology; non-infringing alternatives |
| Juli Lee (HP software project manager) | development and implementation of accused technology; non-infringing alternatives |
| Erik Lettang (HP ASIC designer) | development and implementation of accused technology |
| Donald Levinstone (current affiliation unknown) | named inventor of the patent-in-suit |
| Lori Lorenz (HP marketing manager) | marketing of accused technology |
| Jim Lyons (HP) | communications between HP and Polaroid |
| Gaetano Maccarone (current affiliation unknown) | Title to the patent-in-suit |
| Michael McGee (Hewlett-Packard finance) | sales of the accused technology |
| Charles Moore (HP attorney) | Communications between Hewlett-Packard and Polaroid |
| Nathan Moroney (Hewlett-Packard researcher) | development of LACE algorithms |
| Mark Niemann (Hewlett-Packard firmware specialist) | development and implementation of accused technology |
| Ronald Reiling (current affiliation unknown) | Polaroid licensing |
| Edward Roman (current affiliation unknown) | prosecuting attorney for the patent-in-suit |

| Individual (party affiliation and title if any) | Subjects of Information |
|---|---|
| Richard Schioldager (current affiliation unknown) | valuation of the accused technology |
| Mark Schneider (HP) | Hewlett-Packard's licensing practices |
| Troy Sechrist (Phanfare, Inc.) | marketing of the accused technology |
| Woo-Jin Song (current affiliation unknown) | named inventor of the patent-in-suit |
| Royal Spragg (HP) | marketing of the accused technology |
| Anand Srinivisan (Hewlett-Packard software design engineer) | development and implementation of accused technology |
| Carl Staelin (HP) | implementation of accused technology |
| Anton Tabar (Hewlett-Packard) | implementation of accused technology |
| Jay Thornton (Mitsubish Electric Research Labs) | implementation of the accused technology at Polaroid |

b.    Pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, HP states that the above HP employees are likely custodians of electronically stored information relevant to this case.

Expert witnesses will be identified at a later date, consistent with the Scheduling Order in this case.

**2.    Fed. R. Civ. P. 26(a)(1)(A)(ii) Disclosure**

In support of its claims or defenses to Plaintiff's claims (excluding impeachment), HP may use certain documents in its possession or control, including documents and information that fall within the following categories:

1.    Documents concerning United States Patent No. 4,829,381 (the '381

patent), and documents pertaining to prosecution of the '381 patent.

2.    Documents and things concerning and constituting prior art to the '381

4

patent.

3.    Documents and things concerning the development of LACE algorithms.

4.    Documents and things concerning the design, development and

implementation of the accused products.

5.    Documents and things concerning the structure, function, operation, and use of the

accused products.

6.    Relevant marketing documents.

7.    Relevant sales documents.

8.    Documents concerning Polaroid's allegation of willful infringement.

9.    Documents concerning Polaroid's awareness of the accused products.

10.    Documents rebutting any Polaroid contention of any secondary consideration of

nonobviousness.

11.    Relevant licensing documents.

Pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, to the extent that relevant

electronically stored information exists, HP states that the likely relevant electronic systems that have

been in place from December 5, 2000 include: custodian hard drives, offline media, online email,

private network shares, public network shares, HP's internet servers and HP's intranet servers. HP's

back-up tapes and other back-up media are not easily accessible.

Also pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, Don Duffy of HP is the

individual responsible for retention of HP's electronically stored information.

Also pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, HP designates Matthew

Bernstein of Fish & Richardson P.C. as HP's liaison for e-discovery in this case.

**3.    Fed. R. Civ. P. 26(a)(1)(A)(iii) Disclosure**

Not currently applicable.

4.    Fed. R. Civ. P. 26(a)(1)(A)(iv) Disclosure

HP is unaware at this time of the existence of any relevant insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: March 18, 2008                FISH & RICHARDSON P.C.

                                By:    /s/ Bradley D. Coburn
                                       William J. Marsden, Jr. (#2247)
                                       919 N. Market Street, Suite 1100
                                       Wilmington, DE  19801
                                       Telephone:  (302) 652-5070
                                       Facsimile:  (302) 652-0607
                                       Email:  marsden@fr.com

                                       John E. Giust (pro hac vice)
                                       Matthew C. Bernstein (pro hac vice)
                                       12390 El Camino Real
                                       San Diego, CA  92130
                                       Telephone: 858-678-5070
                                       Facsimile: 858-678-5099
                                       Emails:  giust@fr.com; bernstein@fr.com

                                       Bradley D. Coburn (pro hac vice)
                                       111 Congress Avenue, Suite 810
                                       Austin, TX 78701
                                       Telephone:  (512) 472-5070
                                       Facsimile:  (512) 320-8935
                                       Email:  coburn@fr.com

                                       Robert S. Frank, Jr. (pro hac vice)
                                       Daniel C. Winston (pro hac vice)
                                       Choate Hall & Stewart, LLP
                                       Two International Place
                                       Boston, MA 02110
                                       Telephone:  (617) 248-5000
                                       Facsimile:  (617) 248-4000
                                       Emails:  dwinston@choate.com;
                                       rfrank@choate.com

                                       Attorneys for Defendant and Counterclaim-Plaintiff
                                       Hewlett-Packard Company

6

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 18, 2008, I served a copy of the attached **HEWLETT-**

**PACKARD COMPANY'S SECOND SUPPLEMENTAL INITIAL DISCLOSURES** on the

following individuals in the manner indicated:

<table>
<tr>
<td>

<u>*Via Email*</u>
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
Morris, Nichols, Arsht & Tunnell, LLP
1201 North Market Street
Wilmington, DE 19899-1347
Phone: 302-658-9200
Fax: 302-658-3989
Emails: jblumenfeld@mnat.com;
jheaney@mnat.com

</td>
<td>

Attorneys for Plaintiff and
Counterclaim-Defendant
Polaroid Corporation

</td>
</tr>
<tr>
<td>

<u>*Via Email*</u>
Russell E. Levine, P.C./
Michelle W. Skinner/David W. Higer
Maria A. Meginnes/Courtney Holohan/C. Beasley
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Phone: 312-861-2000
Fax: 312-861-2200
Emails: rlevine@kirkland.com;
skinnerm@kirkland.com; dhiger@kirkland.com;
mmeginnes@kirkland.com;
cholohan@kirkland.com; cbeasley@kirkland.com

</td>
<td>

Attorneys for Plaintiff and
Counterclaim-Defendant
Polaroid Corporation

</td>
</tr>
</table>

<u>*Courtesy Copy Via Overnight Mail*</u>
Michelle W. Skinner
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Phone: 312-861-2000
Fax: 312-861-2200

                      */s/ Bradley D. Coburn*
                      Bradley D. Coburn

11039505.doc

1

# EXHIBIT 17

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Michelle W. Skinner
To Call Writer Directly:              312 861-2000                              Facsimile:
312 861-2307                                                                   312 861-2200
skinnerm@kirkland.com              www.kirkland.com                       Dir. Fax: 312 861-2200

March 21, 2008

**VIA EMAIL**

Matthew C. Bernstein, Esq.
Fish & Richardson, P.C.
12390 El Camino Real
San Diego, CA 92130

   Re: *Polaroid Corporation v. Hewlett Packard Company*
     USDC-D. Del.-C.A. No. 06-738 (SLR)

Dear Mr. Bernstein:

   I write in response to HP's Second Supplemental Initial Disclosures served on March 18, 2008. Polaroid objects to HP's untimely disclosure of David Berfanger and to the untimely disclosure of Rhanjit Bhaskar's, Paul Frederickson's, Choon Hee Lee's, and Juli Lee's knowledge of noninfringing substitutes. Polaroid will move to strike and/or preclude the testimony of these witnesses regarding noninfringing alternatives at the appropriate time.

       Very truly yours,

       */s/ Michelle W. Skinner*

       Michelle W. Skinner

MWS

cc: William M. Boyd, Esq.
  Jack B. Blumenfeld, Esq.

EXHIBIT 18

REDACTED

EXHIBIT 19

REDACTED

# EXHIBIT 20

REDACTED

# EXHIBIT 21

11607 marsden.txt

1

<pre>
 1                IN THE UNITED STATES DISTRICT COURT
                  IN AND FOR THE DISTRICT OF DELAWARE
 2
                            -  -  -
 3
      POLAROID CORPORATION,          :     Civil Action
 4                                    :
                 Plaintiff and Counter- :
 5               claim Defendant,     :
            v.                        :
 6                                    :
      HEWLETT-PACKARD COMPANY,        :
 7                                    :
                 Defendant and Counter- :
 8               claim Plaintiff      :     No. 06-738-GMS
                            -  -  -
 9
                      Wilmington, Delaware
10              Tuesday, November 6, 2007
                         6:10 p.m.
11                          -  -  -

12    BEFORE:   HONORABLE SUE L. ROBINSON, U.S.D.C.J.

13    APPEARANCES:

14              JACK B. BLUMENFELD, ESQ.
                Morris, Nichols, Arsht & Tunnell
15                        -and-
                GRAHAM C. GERST, ESQ., and
16              COURTNEY HOLOHAN, ESQ.
                Kirkland & Ellis
17              (Chicago, IL)

18                          Counsel for Polaroid

19              WILLIAM J. MARSDEN, JR., ESQ.
                Fish & Richardson, P.C.
20                        -and-
                JOHN GIUST, ESQ., and
21              MATTHEW BERNSTIEN, ESQ.
                Fish & Richardson, P.C.
22              (San Diego, CA)
                          -and-
23              BRADLEY D. COBURN, ESQ.
                Fish & Richardson, P.C.
24              (Austin, TX)

25                          Counsel for Hewlett-Packard
</pre>

2

<pre>
 1              THE COURT:  Good evening.

 2              MR. BLUMENFELD:  Good evening, Your Honor.
</pre>

11607 marsden.txt

3          THE COURT:  You are here, so I assume you didn't

4    work out all of your differences during my sentencing.

5          So I will let counsel for plaintiff start us

6    out, and see where we end up.

7          MR. BLUMENFELD:  Thank you, Your Honor.  Jack

8    Blumenfeld for Polaroid, along with Graham Gerst and

9    Courtney Holohan from Kirkland & Ellis.

10          We had split things up, so I was going to take

11    the first issue, and then Ms. Holohan and Mr. Gerst were

12    going to split up the second.  But we did work out the first

13    issue, Your Honor.  The first issue in our letter had to do

14    with a document that we asked to be returned, represented

15    that it was returned, and then it showed up at a deposition.

16    But we now have reached a resolution, and hopefully that

17    won't happen again and we won't be bothering you with that.

18          And with that behind us, I will turn to Ms.

19    Holohan to deal with, I guess it's Issue 2(a) in our letter.

20          THE COURT:  All right, Mr. Blumenfeld.

21          MR. BLUMENFELD:  Thank you, Your Honor.

22          MS. HOLOHAN:  Good morning, Your Honor.

23    Courtney Holohan for Polaroid.

24          Your Honor, this is a straightforward reasonable

25    royalty case that was filed in December of 2006.  The

                                                          3


1    feature at issue is called adaptive lighting or digital

2    flash.  And it has to do with digital image enhancement.

3          Not shockingly, given the reasonable royalty

4    case and the fact that there is a single feature at issue,

5    we as the plaintiff are seeking straightforward damages

6    documents related to simple revenue, unit, and sales

7    information for HP products and software that include this

                              Page 2

11607 marsden.txt

8    feature in the case, this adaptive lighting or digital flash

9    feature.

10         We are also seeking consumables or convoyed

11   sales damages information, which in this case we understand

12   boils down to paper and ink.

13         Damages document discovery by this Court's order

14   was to have been completed by August 31st of this year.

15   Weeks ago, after much back-and-forth, HP finally agreed to

16   produce the damages information we seek, and then some.

17   Actually, on October 22nd, they agreed specifically in

18   writing to produce U.S. unit numbers, revenue numbers, bills

19   of material, and product specifications for every HP camera,

20   scanner, printer, and consumer PC, and also profit and

21   pricing information and convoyed sales related information.

22         As a result of this specific promise, at which

23   time HP never raised any bifurcation issues, they promised

24   to produce these things, we put off the, postponed the

25   hearing that we had scheduled with the Court.

                                                          4

1          Despite that agreement, we have not been able to

2    get a date certain for when we will get the straightforward

3    discovery.  And instead today, hearing about it yesterday

4    for the first time in this whole case, today we received a

5    brief, asking, frankly surprisingly, to bifurcate this case

6    between liability and damages, and to somehow stay discovery

7    that has been going on since May.  And that was supposed to

8    have been completed for documents in August, and that closes

9    for fact discovery in February.

10         The basis for this motion to bifurcate is

11   related exactly to the issue I am talking about now, which

                         Page 3

11607 marsden.txt

12    is HP contends that they are shocked by the damages

13    documents they agreed to produce on October 22nd because

14    these are brand-new.  That is not correct.

15              From the outset of this case, when we filed it

16    in December of 2006, we have specifically accused products

17    from HP which employ adaptive lighting and digital flash.

18              After receiving this complaint, HP did not ask

19    to bifurcate this.  During the 26(f) conference in the

20    spring, when the parties were to have specifically discussed

21    whether discovery should be conducted in phases, HP never

22    raised bifurcation.

23              The parties in April and then again in August

24    agreed on a specific schedule.  And HP never raised

25    bifurcation, and instead agreed specifically in both

                                                              5

1    schedules that the parties would have discovery on the

2    extent of Polaroid's damages and any limitations to such

3    damages.

4              Consistent with this schedule, in May and August

5    and July and June, all from the spring to the summer, we

6    asked specific requests, which I am happy to either hand up

7    to the Court or just provide a few examples, related to the

8    damages discovery we asked for today, and to which HP agreed

9    on October 22nd.

10              We ask that those documents be produced now,

11    consistent with our request, and that damages and liability

12    discovery can be bifurcated at this point.  Discovery is so

13    intertwined, depositions have been taken on damages issues.

14    And we simply request that the documents be produced that

15    should have been produced two months ago, to which the

16    parties agreed on October 22nd, we wrap up discovery, and

                            Page 4

11607 marsden.txt

17   move on toward trial.

18          THE COURT:  Thank you.  Let's hear from counsel

19   on that issue.

20          MR. MARSDEN:  Thank you, Your Honor.  William

21   Marsden from Fish & Richardson for Hewlett-Packard.  I have

22   with me today Matt Bernstein, John Giust, and Bradley Coburn

23   from my firm.  I may call on Mr. Bernstein from time to time

24   when we get into the details of some of these categories.

25          I thought we were here to talk about the

6

1   specific categories of documents that are set forth in their

2   letter.  And it is true that there is a problem that arises

3   right out of the box with 2(a).  The problem is this, Your

4   Honor.

5          What they have asked for, there is unit,

6   revenue, profit, price, and specification information for

7   each of the accused products.  And we actually tried to

8   engage them in some conversation out in the hall about this.

9          The adaptive lighting feature that counsel

10   referred to is implemented through software, and

11   particularly through source code and a particular algorithm.

12          In the HP products, adaptive lighting has been

13   done with a software called LACE, and it has also been done

14   with a software called Retinex.  Early on in this case we

15   provided source code for both, and understood, after

16   Polaroid's examination of both types of source code, that

17   they were not accusing Retinex of infringement.  And, in

18   fact, when we received their contention interrogatory

19   responses in the summer, they did not accuse Retinex, and

20   the only products that they have listed as accused are

Page 5

11607 marsden.txt

21    products that we identified as using LACE.

22        So based on that, Your Honor, we have provided,

23    in fact, all of the information they have asked for here,

24    unit, revenue, price, and specification information for

25    those accused products as we understood them, the products

7

1    that use LACE.  In fact, to the extent Retinex has come up

2    at all in the last several months, when they pushed for

3    information on that, they pushed for it in the context of it

4    being relevant to noninfringing alternatives.  Yet now what

5    I think we are hearing -- and this is news to us, it was

6    news to us when we heard it a week or so ago -- is they want

7    all of this information for Retinex as well, which we

8    understood not to be accused of infringement.

9        Closely related to that, Your Honor, their

10    requests have been actually quite a bit broader than that.

11    When we started to get into this convoyed sales issue, that

12    is also a new development in the case.  It's not something

13    they had clearly articulated to us before.

14        As you might expect, a company like

15    Hewlett-Packard makes more than just printers and printer

16    drivers.  We make scanners.  We make cameras.  We make many,

17    many things.  And we understood them to now be requesting

18    this same kind of information, unit, revenue, price

19    information, et cetera, for those products as well that are

20    sold with what they consider to be the accused products.

21        If that is what we are talking about, Your

22    Honor, we are talking about increasing the discovery in this

23    case by an order of magnitude.  If that is where we are and

24    if that is what they want to do -- it is true that October

25    22nd, we offered and said, if that's what you want, we can

Page 6

11607 marsden.txt

8

1   collect all that information, but it's going to take a long
2   time for us to gather it, review it, and produce it, and if
3   you are really serious about this, we will have to consider
4   other ways to preserve the schedule.
5           We did file a motion similar, to Your Honor, on
6   bifurcation and stay of damages.  I know it is not your
7   normal practice to stay damages discovery.  I don't want to
8   argue that motion, because, obviously, they haven't had an
9   opportunity to respond.  But we have put that out there as a
10  potential solution to this problem, if they are serious
11  about pursuing this very aggressive convoyed sales argument
12  and asking for the kind of detailed information for
13  nonaccused products that we have already provided with
14  respect to the accused products.
15          I think that that addresses 1 and 2.
16          My understanding of 2(3), the request for a
17  verified written response, is that we are going to provide
18  that.  So I think that issue is resolved.  But I will let
19  counsel address that.
20          Similarly, Item 4, surveys, we have produced
21  some, and we have gone back and looked.  And we believe
22  there may be a few more to produce.  And we will produce
23  them as soon as we are able to locate them.
24          No. 5, we are not sure what this is about, Your
25  Honor.  We have, in fact, produced sales forecasts.  The

9

1   patent in suit expires in five months.  We are not sure what
2   current sales forecasts it would be relevant to in this

Page 7

11607 marsden.txt

3    case, but I believe we have produced sales forecasts for

4    past periods that might be relevant, for example, in a

5    reasonable royalty analysis at the time of the negotiation.

6    If they believe there are some gaps in that and want us to

7    take another look, we will certainly do that.  But we have

8    produced sales forecasts.

9                I will just turn briefly to the -- actually, I

10   guess I won't, since they haven't addressed Item (b) yet.

11   The primary dispute, Your Honor, is with respect to A(1) and

12   (2), as I understand it.  And the reason for the dispute

13   there is we have, in fact, provided the very information

14   that they have requested, unit, revenue, profit, price, and

15   specification information for what we understood to be the

16   accused products.  And that was all of the products that HP

17   has made and sold that used LACE.  And that has included

18   printers, it has included some cameras, it has included some

19   other products.  That was our understanding of how we were

20   proceeding in the case based on the meet-and-confers we have

21   had and their contention interrogatory responses.

22               If we are now talking about something much

23   broader, then some adjustment would need to be made to the

24   schedule.  And our suggestion would be to bifurcate and stay

25   the damages and get on with the merits of the case on

                                                          10


1    liability.

2                THE COURT:  A couple questions before I have

3    counsel for Polaroid stand up again.

4                As I understand it, the first question that I

5    need to ask plaintiff's counsel is, what are the accused

6    products vis-a-vis the software?

7                MR. MARSDEN:  Yes, Your Honor.
                        Page 8

11607 marsden.txt

8          THE COURT: And the second question I have to
9    ask, and I will ask you first, if, in fact, the plaintiff is
10   seeking the same kind of detailed damages information about
11   convoyed sales as they are about the accused products, once
12   we figure out what the accused products are, based on your
13   representation that that is going to complicate the
14   discovery in an order of magnitude, I think was what you
15   said, is it at all reasonable not to bifurcate the
16   reasonable royalty damages -- well, can a damages case be
17   presented and only the convoyed sales part of it be
18   bifurcated, or is it an all-or-nothing proposition?
19          I don't think I have ever really had a
20   full-blown test -- and anymore I have got such little trial
21   time that half the time we don't get to damages. But I
22   don't generally bifurcate in the discovery. I don't know
23   that I have had a full-blown convoyed sales aspect to my
24   cases, at least I can't remember.
25          MR. MARSDEN: Yes, Your Honor. It is an

                                                              11


1    excellent question. Of course, there is an element under
2    Georgia-Pacific that talks about whether there are convoyed
3    sales, which is, of course, I think a separate inquiry. And
4    frankly, we have asked for their damages contention. And we
5    don't have a clear answer, to when they say convoyed sales,
6    are they talking about it just as the one factor under
7    Georgia-Pacific, or are they talking about actually coming
8    in and asking for a percentage of our sales of paper and
9    ink, et cetera?
10          I don't know the answer to that. I think it
11   would be very hard to bifurcate just that piece of it.

                        Page 9

11607 marsden.txt

12          I should also mention, Your Honor, that we have

13    provided not only this detailed information about the

14    accused products, but we have provided summaries.

15          One thing I neglected to mention, a lot of this

16    software ships free on an a CD with other products, and we

17    don't track that internally in the ordinary course of

18    business.  We have attempted to provide our best estimates

19    to them of how many of those units might have been shipped.

20          But again, if they want us to go in and really

21    try to establish a number in detail, the only way to do that

22    is with something called these billed materials documents,

23    which are sort of a list, as I understand it, of everything

24    that might have been in a box, and going through that kind

25    of an exercise, which would be extraordinarily burdensome.

                                                          12


1           Again, that was a part of what we offered in

2     October:  If you really want this, we can collect this stuff

3     and we can review it and produce it to you, but it's not

4     kept in the ordinary course of business and it will take a

5     lot of time to collect and produce, and to gather this

6     information.

7                THE COURT:  All right.  Thank you.

8                MS. HOLOHAN:  Your Honor, to be clear, these

9     requests, again, are not new.  We asked specific requests in

10    May.

11               THE COURT:  Frankly, it's too late in the day

12    for me to go back and regenerate the dispute.  What I need

13    are answers.  The first is, I would like you first to

14    address whether there is some confusion about which products

15    are accused and which are not vis-a-vis the software.

16               MS. HOLOHAN:  Your Honor, LACE is definitely

                             Page 10

11607 marsden.txt

17    accused.  As we made clear in interrogatory, it is at least
18    LACE.
19            However, we asked a request for Production No.
20    13, and we asked for related source code for this feature,
21    this adaptive lighting or digital enhancement feature.  We
22    did not receive the code that we now know exists from other
23    documents, which is TACE, ACE and SOSA.
24            So we have not received that code.  So we do not
25    know at this point if that infringes.

                                                              13


1             As far as Retinex goes, that is possibly a
2     noninfringing substitute that HP will argue is relevant to
3     this case.  And we have not gotten an agreement from them
4     that they will not rely on it.
5             So the damages information that we are
6     requesting is actually not overbroad, and is very
7     straightforward.  It's simple revenue, unit, and sales
8     information related to products that have this feature in
9     it.  And it's really relevant for four reasons.
10            THE COURT:  I am confident it's relevant.  The
11    question is whether the amount of information you have asked
12    for is so burdensome that the damages part is, the tail is
13    wagging the dog, that this is such a burdensome request, if
14    you are asking, if you are truly asking for all of this
15    information on all five of these, on all products that use
16    all five of these software programs, I am not sure I have
17    the right --
18            MS. HOLOHAN:  Your Honor, we are not sure they
19    divide it up that way, because we don't have a list.
20    Although we have talked about that in discovery, we don't
                            Page 11

11607 marsden.txt
21  have a list lining up the products with which code is

22  incorporated by the products.

23          The reason that this is not overbroad is really

24  twofold.  Number one.  They have not produced all relevant

25  unit sales related to the specific LACE products.  And we

                                                              14


1   have asked them time and time again to give us Bates numbers

2   of what they are referring to is relevant.

3           We have some revenue figures, some historical

4   figures.  But we don't have all of simple unit, revenue, and

5   sales information, for even the products that they agree are

6   accused.

7           The fact that summaries of software that gets

8   distributed is not tracked is directly inconsistent with

9   their own 30(b)(6) witness, who said she did believe it was

10  tracked.

11          So even if we just take the first issue, which

12  is, we all agree, LACE is accused, we do not believe that we

13  have all of the unit sales and revenue information on those.

14          THE COURT:  And with respect to -- again, it's

15  late in the day, and all I want to do is make some progress,

16  because I don't think it makes sense to issue a blanket

17  statement that a party can live up to.  So you are saying

18  that with respect to the LACE, the products that use the

19  LACE software --

20          MS. HOLOHAN:  Exactly, Your Honor.

21          THE COURT:  -- that you do not have or at least

22  you can't identify damages documents relating to that.  Is

23  that what you are saying?

24          MS. HOLOHAN:  That is true.  At least as far as

25  we have been able to track, and we have found some numbers,
                            Page 12

11607 marsden.txt

15

1    and we have asked HP to provide the Bates numbers for what

2    they are relying on for the fact that every single LACE

3    product has been accounted for as far as damages

4    information.  And we have not received that.

5                 THE COURT:  Well, it seems to me that, before we

6    get into the even more complicated issue of convoyed sales,

7    that we need to decide what are the accused products.  So

8    let's set damages aside first.

9                 It seems to me as though you all are having

10   difficulty with source code and making sure that we have

11   identified the accused products.  It seems to me as though

12   damages can't go forward without having some products,

13   without having a finite set of accused products.

14                So let's move on.

15                If, in fact, as it would indicate to me under

16   2(b), there are some issues about deciding which products

17   are accused in the first instance, let's move on to that and

18   come back to the damages.  Okay?  Because I think damages is

19   the tail, not the dog.  And I want to make sure we have got

20   the liability case kind of set in stone.

21                Is someone else going to talk about B?

22                MS. HOLOHAN:  Yes, Your Honor, my colleague,

23   Graham Gerst, is going to.

24                THE COURT:  Thank you.

25                MR. GERST:  Your Honor, Graham Gerst on behalf

16

1    of Polaroid.

2                What we are seeking on the liability side of

Page 13

11607 marsden.txt
3    this case is straightforward.  And again -- it's
4    straightforward.  We are seeking three things.  The first is
5    complete versions of the source code, and I will run through
6    those in a moment.  We are also seeking product development
7    documents.  And finally, we are seeking product manuals.
8    Each of these categories of documents are fundamental to
9    determine the issue of infringement.
10           Your Honor asked about what the accused products
11   are.  Our infringement contentions to date have specified
12   LACE, products that use LACE.  That could be products where
13   LACE is included in the firmware, it could be products where
14   LACE gets sold as a CD that gets shipped with the product in
15   the box.  Sometimes LACE is included in the firmware or
16   actually in the device itself.  Sometimes it's sold and
17   provided with a CD that ships in the box, as Mr. Marsden
18   said.
19           Those products are clearly and undisputably
20   infringing products.
21           So in terms of the LACE source code, we
22   originally received snippets.
23           HP contends that we have the complete LACE
24   source code.  But, Your Honor, what we don't have is the
25   full source code -- LACE is just a module in the larger body

                                                          17


1    of the source code.  In its noninfringement contentions, HP
2    has argued that they don't know how and when this particular
3    module gets activated.  For that reason, we certainly need
4    the full body of the code to know when this module is
5    reached.  These modules call and are called by other parts
6    of the software code.  And right now we don't have the
7    complete body of code that incorporates LACE.
                         Page 14

11607 marsden.txt

8           That is the LACE issue.

9           There are other types of software keyed that we

10    are also seeking.  The first is ACE, and TACE, and SOSA.

11    Those are three that I will put out there.

12          These are pieces of code that, in the initial

13    stage of the case when the parties were negotiating, these

14    were types of code that HP never identified as existing.  We

15    have discovered that they exist during the course of HP's

16    production and during the course of depositions.  We don't

17    have the code yet to evaluate whether or not those products,

18    products that incorporate that code, actually infringe.

19    That is why we need that code.

20          Finally, Your Honor, there is the Retinex code.

21    And this is code which we have not contended to date

22    specifically infringes.  However, it is a code related to

23    it, and is something that HP still refuses to produce,

24    although they refuse to agree that it could not be a

25    noninfringing substitute.  And if they do turn around and

                                                          18


1     argue it is a noninfringing substitute, we have to be able

2     to evaluate its effectiveness.  So that's something that we

3     need the Retinex code for.

4           Those are the types of code, Your Honor, that we

5     are seeking and the reasons why we are seeking them.

6           Moving to product development documents --

7           THE COURT:  That is routine.  And generally,

8     they are relevant.  Is the issue which products, or is the

9     issue something more sinister?

10          MR. GERST:  In terms of product development

11    documents and product manuals, we just don't have product

                          Page 15

11607 marsden.txt

12    documents or anything that appears to be comprehensive for

13    the products that are at issue here.  And for product

14    manuals -- and I could essentially go through them and

15    provide a list of the production for which we do not have

16    product manuals.  We just don't think we have the documents

17    in those categories.

18            THE COURT:  Now, when you talk about product

19    manuals, you are talking about the actual devices that

20    incorporate the software?  I am not sure what you mean.

21    What is the product here?  The software or the device?

22            MR. GERST:  Your Honor, when HP sells a printer

23    or a scanner or an all-in-one, there is a manual that goes

24    along in a box.  And it tells the user how to work the

25    product.  In addition, sometimes there is a CD that gets

                                                        19

1    shipped with that product.  And I don't know, there may or

2    may not be a manual that goes along with that CD when they

3    sell it separately.  But if there is, we would certainly

4    like to see it.

5            So to the extent that there are manuals telling

6    users how to make use of these products, whether it is sold

7    separately as software, whether it is provided as a separate

8    CD or whether it goes and gets shipped in the box, those are

9    the manuals that we are seeking.

10            THE COURT:  But again, you are talking about the

11    devices?  The devices that incorporate the software, I take

12    it it's the software that the patent speaks to.  I haven't

13    reviewed this patent.

14            MR. GERST:  Yes, Your Honor.  It is the code

15    that performs digital image enhancement.  And the code can

16    be in the device itself or it can be shipped separately as a

11607 marsden.txt

17    CD.

18              THE COURT:  Thank you.  Let's hear from Mr.

19    Marsden, HP, in terms of getting a finite list of accused

20    products.

21              MR. MARSDEN:  I will try to speak to that, Your

22    Honor.  Let me start with B(i), the source code that they

23    say they do not have.  In fact, they have all of the source

24    code.  I am not sure what the basis for the confusion is.

25    The only one that was produced recently was TACE, and that

                                                          20


1     was produced recently only because they only asked for it

2     within the last month.

3               They have ACE, that was produced, as I

4     understand it, back in September.  They have had LACE, they

5     have SOSA, in fact, used it at a deposition, so they clearly

6     know they have it.

7               And they have had Retinex since back in March.

8               What we are hearing today is they don't have

9     the, quote-unquote, complete code or the full code.

10              With respect to Retinex, let me address that

11    first, it is true, we gave them the module back in March for

12    them to do the analysis of whether it performs this adaptive

13    lighting function that's accused.  They asked for a bunch of

14    additional modules at a time when they had already

15    indicated -- or had not identified it as infringing.  And we

16    said, no, our understanding is you are not accusing this of

17    infringement, so we are not going to produce all these other

18    modules at this time.  And they didn't pursue that until we

19    heard about it here in the last week or, frankly, today.

20              If they want that, I think that can be produced

                            Page 17

11607 marsden.txt

21   to them.  But it is not an accused product.  We are not

22   abandoning an argument that it's a noninfringing

23   alternative.  If they want it under those circumstances, we

24   can provide that to them.

25                   With respect to not having a full copy of the

                                                                          21


1    LACE code, that's also new to us, at least in terms of them

2    specifically requesting additional pieces of the code.  We

3    are happy to look at that and work with them to try to

4    produce whatever other pieces of it they believe they need.

5    But we have produced all of this code.  We believed we had

6    produced the relevant portions that are going to be germane

7    to the assessment of whether or not there is infringement.

8                   So there is a little bit of ships crossing in

9    the night, Your Honor, and I don't have a full explanation

10   for that.

11                   In terms of the manuals.  It turns out, Your

12   Honor, that there are actually 250 accused products, just

13   using our understanding of the products that are accused are

14   those that use LACE.  It turns out there are 250 HP products

15   that use LACE.

16                   Now, we have provided manuals and guides and

17   data sheets and specifications for the software itself and

18   any time it's specifically called out.  We have not

19   produced, and we don't think it would be reasonable for us

20   to produce, product manuals and guides for every product

21   that HP makes or hundreds of products that HP makes, when

22   the dispute in this case is what happens in some source

23   code.

24                   But we think, again, that we have provided the

25   relevant product manuals and guides that are relevant to the

                              Page 18

11607 marsden.txt

22

1    LACE software, which is what we understood to be the basis
2    for the accusation of infringement.
3            I am happy to try to address any other questions
4    Your Honor has on that.
5            THE COURT:  I don't have any questions.  I am
6    interested in hearing the response of Mr. Gerst.
7            MR. GERST:  Certainly, Your Honor.  With all due
8    respect to Mr. Marsden, we do not have the complete code for
9    these products.  For example, what they contend they have
10   produced for ACE and TACE are incomplete portions that make
11   calls outside of that particular module, and we just don't
12   have it.
13           THE COURT:  So let me see, you are asking for
14   the complete -- well, I am not sure I understand, each of
15   these, TACE, ACE, LACE, is a software program?
16           MR. GERST:  It is a module within a larger
17   software program, Yes, Your Honor.
18           THE COURT:  What is the large software program?
19           MR. GERST:  We don't have the names for it.  But
20   it's a software program that this module is incorporated in,
21   that makes calls to it when the user seeks to engage the
22   adaptive lighting.  So in other words --
23           THE COURT:  What is the inventive aspect that is
24   at issue?
25           MR. GERST:  The inventive aspect that is at

23

1    issue is a method and apparatus for enhancing contrast,
2    enhancing the image by changing, varying the contrast within

Page 19

11607 marsden.txt
3   regions of the images.

4          THE COURT:  Does it matter why someone knocks on

5   the door and says I want to use this software or does it

6   only matter how the software to enhance this adaptive

7   lighting feature actually works?

8          MR. GERST:  Your Honor, that is what we believe.

9   But in its noninfringement contentions, HP contends that it

10  doesn't know when these particular aspects, these particular

11  modules, get used or applied.  And therefore, the products

12  therefore don't necessarily infringe, because these modules

13  may or may not get used.

14         So we believe that we need the code.  It sounded

15  like Mr. Marsden was willing to provide the code, the

16  complete code suites that these modules go into.  If he is

17  willing to do that and we can get a date certain for him to

18  produce it, we may be able to avoid this, Your Honor.  I may

19  have misunderstood him.  I thought that is what he was

20  saying.

21         With respect to the manuals, Your Honor, again,

22  if their contention is that they don't know how these things

23  get used or when these things get used, the manuals will

24  demonstrate how a user should make use of these particular

25  modules, how a user should use the particular algorithm,

                                                        24


1   what the user needs to do to make that happen.

2          THE COURT:  Well, this is my concern.  I am

3   concerned that discovery is starting to get larger than the

4   case I have time for.  If, in fact, one software program,

5   LACE, has relevance to 250 products -- I just don't know

6   what we are going to do with all this information in terms

7   of actually trying this case.  Is there any way we can --
                        Page 20

11607 marsden.txt

8    well, it seems to me as though the source code is the most

9    important thing.  And that, I guess, regardless of what the

10   manuals say, if the source code doesn't provide for, doesn't

11   have any relevant -- well, does the source code have to have

12   the information?

13           In other words, it doesn't matter what the

14   product manual says, if the source code doesn't provide for

15   activation of this particular module, any promises made in

16   the manual don't make any sense?

17           I am sorry, I am really tired.  I have been at

18   it since 8 this morning.

19           Is the source code the most important, critical

20   evidence in terms of how and when these features are used?

21           MR. GERST:  Yes, Your Honor.

22           THE COURT:  Then let's just focus on the source

23   code for the moment.  And we will again set aside the paper,

24   the product manuals, et cetera, once you have a better idea

25   of how the source code works.  If the source code doesn't

                                                              25


1    answer your questions, then we will have another meeting

2    about the paper.  All right?

3           Mr. Marsden, if, in fact, your defense is, these

4    products might not ever get used and we don't know when they

5    are used, then I would presume that it's appropriate to have

6    all the source code given to plaintiffs for their review.

7           MR. MARSDEN:  Let me speak to that briefly.  I

8    don't know whether Mr. Giust, who is really our source code

9    expert, has anything to add to this.

10          It actually turns out it is a particular

11   algorithm within the source code.  It is even narrower than

                           Page 21

11607 marsden.txt
12   the source code.  That algorithm is either there or it

13   isn't.  The stuff we have given them already we believe

14   gives them the information they need to know about whether

15   the algorithm is present or not.

16         My only concern, Your Honor, is I am not an

17   expert enough in the software side to know when they say the

18   full source code or the source code suite what they are

19   referring to.  I think we are happy to work with them to get

20   them, even if it is arguably relevant to positions we have

21   taken, that this particular module may or may not be called.

22   And I don't know if Mr. Giust wants to add to that briefly,

23   just to enlighten us all as to how source code works.

24         THE COURT:  I am not sure that at this point in

25   time I am going to be particularly receptive to

26

1    understanding it.  I think, though, that what we need to do

2    is have another meeting so we can have a more focused

3    discussion, and have that meeting within two weeks, and have

4    you bring -- if you haven't reached agreement on what source

5    code is appropriate and necessary to meet the defendant's

6    representations, then you each need to meet to bring your

7    people who can specifically try to explain to me what the

8    specific difference is.

9         I really don't think anyone is prepared to do

10   that this evening.  And I am certainly not.  I think I am

11   too tired to make any sense of it.

12         So this is where I stand with respect to

13   Polaroid's issues.  No. 1, I think the first thing we need

14   to do is identify the accused products before we start

15   worrying about convoyed sales or damages or anything else.

16   I think the key to that is source code.
Page 22

11607 marsden.txt

17          So I am going to look at my calendar and try to

18    find some time for you. Quite frankly, I don't have a lot

19    of time. I am going to give you a little less than two

20    weeks. Monday, November 19th at 5:00, I have got a pretrial

21    in a criminal case at 4:30. Usually they don't take longer

22    than half an hour. I hope you are not waiting out in the

23    hall for an hour.

24          By that time, if you have reached agreement on

25    the source code, then I don't think we need to meet. I

                                                          27


1     think we will need to meet next after the plaintiff has had

2     the opportunity to review the source code, and has a better

3     idea of what the accused products are.

4          MR. MARSDEN: May I ask, Your Honor, with

5     respect to that, assuming we work out the source code or we

6     sort it out with Your Honor on the 19th, and hopefully we

7     won't trouble you with that, can we get a date for them to

8     then supplement their infringement contentions to let us

9     know if they are accusing any additional products based on

10    their review of this source code? Whether that's two weeks

11    after we have produced it to them or whatever period they

12    think is reasonable.

13          THE COURT: Well, it could be we need to at

14    least talk on the phone on the 19th regarding this. I just

15    as soon wait until there has been source code and a review

16    to move to the next step. Certainly, it seems to me that if

17    there are any damages documents relating to LACE, those need

18    to be produced. And I have to admit that at this point I am

19    not sure, Ms. Holohan, whether you believe there were still

20    some damages documents that hadn't been produced with

                            Page 23

11607 marsden.txt
21    respect to at least that one product.

22         MS. HOLOHAN:  Your Honor, we do not believe they

23    have all been produced.  And we have asked HP to give us

24    Bates numbers, because they have mentioned in a letter or

25    two they have produced for all of the products in

                                                          28


1    Interrogatory 15.  We have not been able to make heads nor

2    tails of the documents they have provided.  They are not

3    your standard accounting unit, relative, price, profit

4    documents.

5         THE COURT:  All right.  Well, by the 19th I

6    think that needs to be addressed in terms of identifying

7    specifically what documents relate to the LACE product unit,

8    revenue, product, price, and specification information.

9         MR. MARSDEN:  Your Honor, we will be happy to do

10    that.  And I don't know if we are ready to move on to our

11    few topics.  We will try to keep it very short.  It is

12    actually a related request.

13         In our case, we feel it's a little bit more of a

14    challenge because we have received 7 million pages, which

15    don't appear to be organized in any particular way.  So

16    finding some of the documents that they have told us have

17    been produced has been difficult for us.

18         We have some upcoming depositions for which it

19    would be very helpful if they would identify for us by Bates

20    range where these documents can be found.  And there are

21    only three or four categories, Your Honor.  I will just list

22    them.

23         In response to our Interrogatory No. 12, which

24    asked for their damages contentions, they referred to a

25    number of documents and categories of documents that they
                              Page 24

11607 marsden.txt

29

1    said supported their damages claim.  One of those was

2    Polaroid patent licenses.  We asked them to identify where

3    in their production we can find those.

4            Another was Polaroid documents related to

5    pre-suit communications between the parties.  We would ask

6    for them to identify where in their production we can find

7    those.

8            They referred to Polaroid financial information

9    in very general terms.  We are not sure what that means or

10   what portion of their production we should be looking at for

11   that.  And we are not at this point, Your Honor, obviously,

12   looking for their damages expert type analysis.  We just

13   want to know where this information can be found in the

14   production they have made to date.

15           And then finally, they referred to third-party

16   articles describing features of HP's products, presumably

17   they had some particular articles in mind and they are in

18   their production.  And again, rather than us trying to find

19   a needle in a haystack, if they can provide us with that

20   Bates range, it would be most helpful.

21           And then lastly, Your Honor, there is, for the

22   witnesses that are being produced, we haven't been able to

23   see a pattern of, this looks like it came from this

24   individual's file and this looks like it came from another

25   individual's file.

30

1            So what we would like to do is have them

2    identify for each of these witnesses that are being produced

Page 25

11607 marsden.txt

3    the range of documents that came from their files, so that

4    we can make sure that we have looked at the right documents

5    when we depose them.

6           And lastly, Your Honor, there is a Polaroid

7    software distribution agreement with a company called

8    ArcSoft (phonetic).  And we have received an unexecuted

9    version of that agreement.  But we have asked for an

10   executed copy, and we have not received it.

11          So those are the issues we would like to have

12   addressed.

13          THE COURT:  All right.  Mr. Gerst.

14          MR. GERST:  Yes, Your Honor.  Let me just run

15   through.

16          With respect to the damages contention

17   interrogatory and identifying Bates ranges for the various

18   categories Mr. Marsden spoke about, we are happy to provide

19   the Bates ranges for those various documents.

20          For his request about identifying the range,

21   Bates range of documents produced from various witness

22   files, Your Honor, if this is something that they want to

23   make a mutual agreement on, that for each witness we will go

24   ahead and provide an exchange of that information, that is

25   certainly something we can discuss with them.  And it might

                                                           31

1    very well be something we are amenable to doing, if that

2    would be mutual.

3           Finally, Your Honor, in terms of the ArcSoft

4    agreement, HP has refused to produce any license agreements

5    unless those license agreements involve the license to a

6    patent.  The ArcSoft agreement that he is speaking about is

7    an agreement that doesn't involve a patent.  It's a license

                              Page 26

11607 marsden.txt

8    to use and to sell particular software code. It's not a
9    patent license.
10            Again, what they are seeking is discovery from
11   us that they are unwilling to provide for themselves.
12            So, Your Honor, we don't believe we should be
13   compelled to provide that agreement. We don't believe it
14   is -- under their position, they don't seem to believe that
15   nonpatent licenses are relevant. And therefore, since they
16   are refusing to produce such documents, we don't believe we
17   should be compelled to do so.
18            THE COURT: All right. Mr. Marsden.
19            MR. MARSDEN: Your Honor, I should have said
20   also there is an Adobe software distribution agreement as
21   well, as I understand it. We do think it is relevant. I
22   mentioned earlier that sometimes this software is shipped
23   free in a box. This is a similar kind of an arrangement.
24   It relates to photo-editing software which is closely
25   related to the issues in dispute here.

                                                            32


1            To the extent we may have withheld things in the
2    past of this nature, we are happy to revisit that and make
3    it a mutual exchange.
4            Similarly, with respect to identifying the files
5    or the range of Bates numbers for witnesses who are going to
6    be deposed, we are happy to work with them on that and
7    explore doing that on a mutual basis.
8            THE COURT: All right. That sounded easy. I
9    don't know whether it really was or not.
10            MR. BLUMENFELD: Your Honor, one other issue.
11   We did get this bifurcation/stay motion today. I think our
                          Page 27

11607 marsden.txt

12    response would be due right after Thanksgiving.  Given Your

13    Honor's rulings today on source code, accused products,

14    damages, I really don't know that it makes any sense for us

15    to be responding to that motion right now.  So it seems to

16    me that we ought to maybe just put that on hold until we get

17    a little further along.

18              THE COURT:  I think that makes sense, unless

19    there is --

20              MR. MARSDEN:  Your Honor, if I understood

21    correctly, I think you have essentially told us to focus for

22    the moment on the source code issues and the accused

23    products.  So, in effect, we are going to put our energy

24    there.  It does make sense to me, I guess, that we wait and

25    see where we are on the 19th.  If we still have what we

                                                              33


1    think is an unwieldy situation, we will ask you to consider

2    that motion.

3              THE COURT:  All right.  So on the 19th, we will

4    assume it's an in-court meeting, particularly if there are

5    disputed issues about the software and what needs to be

6    produced.

7              If that has been resolved, and the question only

8    is what the next step is, and you think we can handle that

9    over the telephone, if you both agree to it, I am happy to

10    handle it over the telephone and you just need to let my

11    staff know.

12              Is there anything else that we should address

13    this evening?

14              MR. BLUMENFELD:  Just one thing that Mr. Marsden

15    said, which caused me just a little bit of concern.  My

16    notes aren't that good.  I thought that one of the things

                              Page 28

11607 marsden.txt

17    you said that Hewlett-Packard should do is on the LACE

18    products that have been identified, if there are damages

19    documents still out there, they should get them produced.    I

20    wanted to make sure whether he said -- I understand they are

21    focusing on source code, but that that is still out there

22    and we ought to get that done.

23              THE COURT:    I appreciate the whole issue of

24    making sure, if they have been produced, then, again, you

25    need to identify the Bates numbers so that it is helpful to

                                                                    34


1     both the parties and the Court to confirm that you have

2     actually produced it.    All right?

3               MR. MARSDEN:    Thank you, Your Honor.

4               THE COURT:    Thank you very much, counsel.

5               (Conference concluded at 6:45 p.m.)

6                          -   -   -

7     Reporter:    Kevin Maurer

8

9

10

11

12

13

14

15

16

17

18

19

20

11607 marsden.txt

21

22

23

24

25

# EXHIBIT 22

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Courtney Holohan
To Call Writer Directly:
312 861-3027
cholohan@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200
Dir. Fax: (312) 861-2200

November 15, 2007

<u>VIA EMAIL</u>

Bradley D. Coburn, Esq.
Fish & Richardson, P.C.
111 Congress Avenue, Suite 810
Austin, TX 78701

   Re: *Polaroid Corporation v. Hewlett Packard Company*
     USDC-D. Del.-C.A. No. 06-738 (SLR)

Dear Mr. Coburn:

   I write to again request that HP produce appropriate damages information.

   On November 6, 2007, HP told the Court:

   [W]e have provided, in fact, all of the information they have asked for here, unit,
revenue, price, and specification information for those accused products as we
understood them, the products that use LACE. . . . And the reason for the dispute
there is we have, in fact, provided the very information that they have requested,
unit, revenue, profit, price, and specification information for what we understood
to be the accused products. And that was all of the products that HP has made
and sold that used LACE. . . . I should mention, Your Honor, that we have
provided not only this detailed information about the accused products, but we
have provided summaries.

   During the hearing, and later during our meet and confer discussion on November 8,
2007, HP agreed to provide the bates numbers of the damages information HP told the Court it
had produced for all of the products listed in Interrogatory No. 15 -- including the historical and
current sales, revenue, unit, price, bill of material, profit, and specifications for each product --
by Monday, November 12, 2007. Your letter of November 12, 2007 fails to provide this
information.

   For example, the documents you identify in your November 12, 2007 letter fail to reveal
revenue information for approximately 100 products listed in Interrogatory No. 15. Even for the
documents you do identify as containing revenue information for some of the other products

Chicago  Hong Kong  London  Munich  New York  San Francisco  Washington, D.C.

November 15, 2007
Page 2

listed in Interrogatory No. 15, the information is confusing and inconsistent at best.    For
example:

- The names of the products listed in the identified bates numbers do not coordinate
  with the names of the products listed in Interrogatory No. 15.  For example, we
  have had to assume OfficeJet 4215 and 4215V (from the bates numbered
  documents HP 35725-35) would be encompassed in the OfficeJet 4200 Series
  (from Interrogatory No. 15).  We have had to make similar assumptions to match
  up other products listed in Interrogatory No. 15 with HP's documents including
  assumptions related to code names.

- We have no revenue information for July, August, September and October.

- There are numerous blank entries, for which we have had to assume that HP did
  not offer the product for sale during these time frames, although it is not clear if
  that assumption is correct.

HP similarly failed to identify bates numbers for documents reflecting the unit sales for
the vast majority of the accused products listed in Interrogatory No. 15.

HP's identification of a single document reflecting pricing information certainly does not
indicate prices over time for each of the products identified in Interrogatory No. 15.  To the
contrary, HPPOL 1716865 appears to be conjured up for the purposes of litigation, and indicates
that the "methodology" employed to do so was to "develop[] a Base cost model for each sku
using the minimum and least expensive feature set for a given price point".  At this point, the
bates numbers you provided reflect the pricing of approximately only 6 of the accused products
from Interrogatory No. 15.

You have also stated that HP does not track profit per product.  It appears that HP does
track gross margin for at least some of its products.  We again ask that that information for each
of the accused products is produced. If HP does not track gross margin for each product, what is
the lowest level or grouping for which HP does track profit and/or gross margin?  Please provide
the information necessary to allow us to understand how each accused product is aggregated into
the various profit groupings.  As an example, for product HP PSC 2410, how would one
determine internally at HP the profitability of this product?

Again, your objection to producing fixed and variable cost information per product
makes no sense in light of your comments regarding HP's profit practices.  We would like HP's
standard cost information or cost information comparable to standard cost for at least the
products listed in Interrogatory No. 15 so that we can calculate profit or gross margin.  If this

November 15, 2007
Page 3

cost information is not available by product, what is the lowest level or grouping for which HP does track standard costs? What cost information is available by product?

You also did not identify bates numbers for the bill of materials and specifications for each product listed in Interrogatory 15, as you told the Court and us during our meet and confer discussion that you would.

In light of the fact that we need to get in touch with the Court tomorrow for the hearing, please let us know by 10 AM Eastern time tomorrow (Friday, November 16, 2007), when you intend to produce the missing information outlined above. If not, we will have no choice but to tell the court that the documents Mr. Marsden represented were produced were in fact not produced.

Very truly yours,

/Courtney/

Courtney Holohan

cc:     William M. Boyd, Esq.
        Jack M. Blumenfeld, Esq.

EXHIBIT 23

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Courtney Holohan
To Call Writer Directly:
312 861-3027
cholohan@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200
Dir. Fax: (312) 861-2200

November 15, 2007

<u>VIA EMAIL</u>

Bradley D. Coburn, Esq.
Fish & Richardson, P.C.
111 Congress Avenue, Suite 810
Austin, TX 78701

Re:     *Polaroid Corporation v. Hewlett Packard Company*
        USDC-D. Del.-C.A. No. 06-738 (SLR)

Dear Mr. Coburn:

I write in response to HP's request of this afternoon that Polaroid provide a list of all of the products for which HP has failed to produce basic financial information. Given Mr. Marsden's unequivocal statements to the Court that HP had already produced all unit, revenue, price, profit and specification information for each of the products listed in Interrogatory No. 15, we would have expected HP to have created a product-by-product list in order to ensure accuracy in its representations to the Court. *See, e.g.,* Nov. 6 Hearing Trans. ("[W]e have provided, in fact, all of the information they have asked for here, unit, revenue, price, and specification information for those accused products as we understood them, the products that use LACE. . . . And the reason for the dispute there is we have, in fact, provided the very information that they have requested, unit, revenue, profit, price, and specification information for what we understood to be the accused products. And that was all of the products that HP has made and sold that used LACE. . . . I should mention, Your Honor, that we have provided not only this detailed information about the accused products, but we have provided summaries.").

Although HP's conduct continues to unnecessarily increase the time and expense associated with this litigation, enclosed is the list of missing damages information per your request.

In addition to the enclosed list, as I explained earlier today, even for the documents you do identify as containing revenue information for some of the other products listed in Interrogatory No. 15, the information is confusing and inconsistent at best. As I also explained, HP's refusal to provide cost information in light of its contention regarding HP's profit practices is inappropriate. You also did not identify bates numbers for the bill of materials and

November 15, 2007
Page 2


specifications for each product listed in Interrogatory 15, as you told the Court and us during our meet and confer discussion that you would.

     In light of the fact that we need to get in touch with the Court tomorrow morning for the hearing, again, please let us know by 10 AM Eastern time tomorrow (Friday, November 16, 2007), when you intend to produce the missing information outlined above.  If you believe we have missed the information for any particular product in the enclosed list that is included in one of the documents you identified in your November 12, 2007 letter, please write the bates number next to the product on the enclosed list and send us the list by tomorrow morning at 10 AM Eastern.


                Very truly yours,


                /Courtney/


                Courtney Holohan


cc:    William M. Boyd, Esq.
       Jack M. Blumenfeld, Esq.

| Product | Missing Information |
|---|---|
| HP Business Inkjet 1200 | price, unit sales |
| HP Color LaserJet 2605 | revenue, price, unit sales |
| HP Color LaserJet 2700 | revenue, price, unit sales |
| HP Color LaserJet 2800 | revenue, price, unit sales |
| HP Color LaserJet 3000 | price, unit sales |
| HP Color LaserJet 3500 | price, unit sales |
| HP Color LaserJet 3550 | price, unit sales |
| HP Color LaserJet 3600 | price, unit sales |
| HP Color LaserJet 3700 | price, unit sales |
| HP Color LaserJet 3800 | price, unit sales |
| HP Color LaserJet 4600 | price, unit sales |
| HP Color LaserJet 4650 | price, unit sales |
| HP Color LaserJet 4700 | price, unit sales |
| HP Color LaserJet 4730 | price, unit sales |
| HP Color LaserJet 5500 | price, unit sales |
| HP Color LaserJet 8550 | price, unit sales |
| HP Color LaserJet 9500 | price, unit sales |
| HP Color LaserJet CM1015/1017 | price, unit sales |
| HP Color LaserJet CP 4005 | revenue, price, unit sales |
| HP DeskJet F300 Series Aio | price, unit sales |
| HP DeskJet 1280 | revenue, price, unit sales |
| HP DeskJet 1320 | revenue, price, unit sales |
| HP DeskJet 1330 | revenue, price, unit sales |
| HP DeskJet 1341 | revenue, price, unit sales |
| HP DeskJet 2330 | price, unit sales |
| HP DeskJet 2345 | price, unit sales |
| HP DeskJet 2360 | price, unit sales |
| HP DeskJet 3320 | price, unit sales |
| HP DeskJet 3420 | revenue, price, unit sales |
| HP DeskJet 3450 | revenue, price, unit sales |
| HP DeskJet 3520 | price, unit sales |
| HP DeskJet 3550 | revenue, price, unit sales |
| HP DeskJet 3620 | price, unit sales |
| HP DeskJet 3650 | price, unit sales |
| HP DeskJet 3653 | revenue, price, unit sales |
| HP DeskJet 3740 | price, unit sales |
| HP DeskJet 3840 | revenue, price, unit sales |
| HP DeskJet 3900 Series | revenue, price, unit sales |
| HP DeskJet 3940 | price, unit sales |
| HP DeskJet 4155 | price, unit sales |
| HP DeskJet 4160 | unit sales |
| HP DeskJet 450 Series | price, unit sales |
| HP DeskJet 460 | price, unit sales |
| HP DeskJet 5150 | price, unit sales |
| HP Deskjet 5440 | unit sales |
| HP DeskJet 5550 | price, unit sales |
| HP DeskJet 5650 | price, unit sales |
| HP DeskJet 5740 | price, unit sales |

| Product | Missing Information |
|---|---|
| HP DeskJet 5850 | price, unit sales |
| HP Deskjet 5940 | unit sales |
| HP DeskJet 6122 | price, unit sales |
| HP DeskJet 6127 | revenue, price, unit sales |
| HP DeskJet 6520 | price, unit sales |
| HP DeskJet 6540 | unit sales |
| HP DeskJet 6600 | revenue, price, unit sales |
| HP DeskJet 6800 | revenue, price, unit sales |
| HP Deskjet 6940 | price, unit sales |
| HP Deskjet 6940 | price, unit sales |
| HP Deskjet 6940 - 6940 DT | price, unit sales |
| HP DeskJet 6980 | revenue, unit sales |
| HP DeskJet 6980 Series | price, unit sales |
| HP DeskJet 9130 | revenue, price, unit sales |
| HP DeskJet 9300 | revenue, price, unit sales |
| HP DeskJet 9650 | price, unit sales |
| HP DeskJet 9670 | revenue, price, unit sales |
| HP DeskJet 9680 | revenue, price, unit sales |
| HP DeskJet 9800 | revenue, price, unit sales |
| HP DeskJet 9800 Series | price, unit sales |
| HP DeskJet 995 | revenue, price, unit sales |
| HP Deskjet D1360 | revenue, price, unit sales |
| HP DeskJet D2300 Series | revenue, price, unit sales |
| HP Deskjet D4100 Series | unit sales |
| HP Deskjet F300 Series | price, unit sales |
| HP DeskJet T360 | revenue, price, unit sales |
| HP Express Station PE1000 | revenue, price, unit sales |
| HP Image Zone  5 | price |
| HP Image Zone Express 1.5 | revenue, price, unit sales |
| HP Image Zone Express 1.5.3.36 | revenue, price, unit sales |
| HP Indigo Photo Enhancement Server | revenue, price, unit sales |
| HP LaserJet  1160 | revenue, price, unit sales |
| HP Officejet 1200 | revenue, price, unit sales |
| HP Officejet 2700 | revenue, price, unit sales |
| HP Officejet 380 Series | revenue, price, unit sales |
| HP Officejet 4100 Series | price, unit sales |
| HP Officejet 4200 | revenue, price, unit sales |
| HP Officejet 4200 Series | price, unit sales |
| HP Officejet 4300 | price, unit sales |
| HP Officejet 5110 | price, unit sales |
| HP Officejet 5550 Series | revenue, price, unit sales |
| HP Officejet 5610 Series | price, unit sales |
| HP Officejet 6100 Series | price, unit sales |
| HP Officejet 6200 | revenue, price, unit sales |
| HP Officejet 6200 Series | price, unit sales |
| HP Officejet 6300 | revenue, price, unit sales |
| HP Officejet 6300 Series | price, unit sales |
| HP Officejet 7100 Series | price, unit sales |
| HP Officejet 7200 Series | price, unit sales |

| Product | Missing Information |
| --- | --- |
| HP Officejet 7300 Series | price, unit sales |
| HP Officejet 7400 Series | price, unit sales |
| HP Officejet 9110 | price, unit sales |
| HP Officejet 9120 | price, unit sales |
| HP Officejet 9130 | price, unit sales |
| HP Officejet D Series | price, unit sales |
| HP Officejet J2100 Series | revenue, price, unit sales |
| HP OfficeJet Pro K5300 Series | revenue, price, unit sales |
| HP OfficeJet Pro K550 Series | price, unit sales |
| HP OfficeJet Pro K5600 Series | revenue, price, unit sales |
| HP OfficeJet Pro K850 Series | price, unit sales |
| HP OfficeJet Pro L7300 | revenue, price, unit sales |
| HP OfficeJet Pro L7500 | price, unit sales |
| HP OfficeJet Pro L7600 | revenue, price, unit sales |
| HP OfficeJet Pro L7700 | revenue, price, unit sales |
| HP P100 | revenue, price, unit sales |
| HP P130 | revenue, price, unit sales |
| HP P145 | revenue, price, unit sales |
| HP P245 | revenue, price, unit sales |
| HP P7150 | revenue, price, unit sales |
| HP P7260 | price, unit sales |
| HP P7350 | revenue, price, unit sales |
| HP P7550 | price, unit sales |
| HP P7555 | revenue, price, unit sales |
| HP P7555D | revenue, price, unit sales |
| HP P7660 | price, unit sales |
| HP P7760 | price, unit sales |
| HP P7960 | revenue, price, unit sales |
| HP Photosmart 2575 | price, unit sales |
| HP Photosmart 2600 Series | price, unit sales |
| HP Photosmart 2700 Series | price, unit sales |
| HP Photosmart 3100 Series | revenue, price, unit sales |
| HP Photosmart 3110 Series | revenue, price, unit sales |
| HP Photosmart 320 Series | price, unit sales |
| HP Photosmart 3200 Series | revenue, price, unit sales |
| HP Photosmart 3210 Series | price, unit sales |
| HP Photosmart 330 Series | price, unit sales |
| HP Photosmart 3300 Series | revenue, price, unit sales |
| HP Photosmart 3310 Series | price, unit sales |
| HP Photosmart 370 Series | price, unit sales |
| HP Photosmart 380 Series | price, unit sales |
| HP Photosmart 390 Series | revenue, price, unit sales |
| HP Photosmart 400 Series | revenue, price, unit sales |
| HP Photosmart 420 Series | price, unit sales |
| HP Photosmart 470 | revenue, price, unit sales |
| HP Photosmart 470 Series | price, unit sales |
| HP Photosmart 7400 Series | price, unit sales |
| HP Photosmart 7800 Series | price, unit sales |
| HP Photosmart 8000 Series | price, unit sales |

| Product | Missing Information |
|---|---|
| HP Photosmart 8100 Series | price, unit sales |
| HP Photosmart 8200 Series | price, unit sales |
| HP Photosmart 8400 Series | price, unit sales |
| HP Photosmart 8700 Series | price, unit sales |
| HP Photosmart A430 Series | price, unit sales |
| HP Photosmart A510 Series | price, unit sales |
| HP Photosmart A610 Series | price, unit sales |
| HP Photosmart A710 Series | price, unit sales |
| HP Photosmart C3100 AiO Series | price |
| HP Photosmart C4100 AiO Series | price, unit sales |
| HP Photosmart C5100 AiO Series | price, unit sales |
| HP Photosmart C6100 AiO Series | price, unit sales |
| HP Photosmart C7100 AiO Series | price, unit sales |
| HP Photosmart D5100 Series | |
| HP Photosmart D6100 Series | revenue, price, unit sales |
| HP Photosmart D7100 Series | price, unit sales |
| HP Photosmart D7300 Series | price, unit sales |
| HP Photosmart Essential 1.12 | revenue, price, unit sales |
| HP Photosmart pl1000e Microlab System | price, unit sales |
| HP Photosmart pl1000s Microlab System | price, unit sales |
| HP Photosmart Premier | revenue, price, unit sales |
| HP Photosmart Pro B8300 | revenue, price, unit sales |
| HP Photosmart ps2000 Studio | price, unit sales |
| HP Photosmart R 725 | price |
| HP PS 433 | revenue, price, unit sales |
| HP PS 434 | revenue, price, unit sales |
| HP PS 436 | revenue, price, unit sales |
| HP PS A310 | price, unit sales |
| HP PS A316 | price, unit sales |
| HP PS D5069 | revenue, price, unit sales |
| HP PS D5145 | revenue, price, unit sales |
| HP PS D5160 | revenue, price, unit sales |
| HP PS Pro B8350 | price, unit sales |
| HP PS Pro B9180 | price, unit sales |
| HP PSC 1110 | revenue, price, unit sales |
| HP PSC 1200 Series | price, unit sales |
| HP PSC 1209 | price, unit sales |
| HP PSC 1210 | price, unit sales |
| HP PSC 1300 Series | revenue, price, unit sales |
| HP PSC 1310 Series | price, unit sales |
| HP PSC 1350 | price, unit sales |
| HP PSC 1410 Series | price, unit sales |
| HP PSC 1500 Series | price, unit sales |
| HP PSC 1600 Series | price, unit sales |
| HP PSC 2100 Series | price, unit sales |
| HP PSC 2110 | price, unit sales |
| HP PSC 2150 Series | revenue, price, unit sales |
| HP PSC 2170 Series | revenue, price, unit sales |
| HP PSC 2175 | price, unit sales |

| Product | Missing Information |
| --- | --- |
| HP PSC 2200 Series | revenue, price, unit sales |
| HP PSC 2210 | revenue, price, unit sales |
| HP PSC 2300 Series | revenue, price, unit sales |
| HP PSC 2350 Series | price, unit sales |
| HP PSC 2400 Series | revenue, price, unit sales |
| HP PSC 2410 | price, unit sales |
| HP PSC 2500 Series | price, unit sales |
| HP PSC 2510 | price, unit sales |
| HP R 727 | price |
| HP R 727 Series | revenue, price, unit sales |
| HP R 827 | price |
| HP R 927 | price |
| HP R 967 | price |
| HP R837 | |
| HP R937 | |
| HP Standard Film Scanner Expansion Kit (Pakon) | price, unit sales |

# EXHIBIT 24

| Courtney Holohan/Chicago/Kirkland-Ellis | To | Polaroid Investigation |
|---|---|---|
| | cc | |
| 12/19/2007 03:32 PM | bcc | |
| | Subject | Fw: Missing Unit, Revenue, and Price Information |

G. Courtney Holohan
Kirkland & Ellis LLP
200 E. Randolph Drive
Chicago, IL 60601
Phone: 312-861-3027
Mobile: 773-220-8401
Fax: 312-861-2200
—— Forwarded by Courtney Holohan/Chicago/Kirkland-Ellis on 12/19/2007 03:26 PM ——

| Courtney Holohan/Chicago/Kirkland-Ellis | To | Bernstein@fr.com, Bustamante@fr.com, coburn@fr.com |
|---|---|---|
| | cc | |
| 12/19/2007 03:25 PM | | |
| | Subject | Missing Unit, Revenue, and Price Information |

Counsel:

As you know, we are still missing unit, price, and revenue information for the products listed in response to Interrogatory No. 15 as reflected on the attached document for your convenience. These documents should have been produced by August 31, 2007. Although we followed up requesting the missing information multiple times, on November 6, you actually told the Court that all information had been produced, although it certainly had not been produced. On November 19, you told the Court that you would produce the remaining information by December 7. Nearly two weeks after the December 7 deadline, you still have not produced this straightforward information. Indeed, we have received an increase of only 14% of revenue information, 16% of unit sales information, and 28% of price information since the documents belatedly produced during the week of November 12, 2007.

Unless we receive the remaining information from you by 9 AM central time on Friday, December 21, 2007 at the latest (which is nearly four months after the document production deadline), the admissible units, revenue, and price information for the missing products will be based on an extrapolation using appropriate statistical methodology for the products for which HP has provided unit information. We will object to any attempt by HP at any time to in any way challenge Polaroid's expert's use of this extrapolation for his damages opinion.

Best regards,

Courtney

G. Courtney Holohan
Kirkland & Ellis LLP
200 E. Randolph Drive
Chicago, IL 60601

Phone:  312-861-3027
Fax:  312-861-2200

<u>&lt;&lt;&lt; Attachment 'Missing Information Updated   12.19  .pdf' has been archived by user
'CommonStore/IT/Kirkland-Ellis' on '02/19/2008 00:17:31'. &gt;&gt;&gt;</u>

\*Profit and Cost information has not been identified for these products

| Product | Missing Information |
| --- | --- |
| HP Business Inkjet 1200 | |
| HP Color LaserJet 2605 | |
| HP Color LaserJet 2700 | revenue, price, unit sales |
| HP Color LaserJet 2800 | revenue, price, unit sales |
| HP Color LaserJet 3000 | |
| HP Color LaserJet 3500 | |
| HP Color LaserJet 3550 | |
| HP Color LaserJet 3600 | |
| HP Color LaserJet 3700 | |
| HP Color LaserJet 3800 | |
| HP Color LaserJet 4600 | |
| HP Color LaserJet 4650 | |
| HP Color LaserJet 4700 | |
| HP Color LaserJet 4730 | |
| HP Color LaserJet 5500 | |
| HP Color LaserJet 8550 | |
| HP Color LaserJet 9500 | |
| HP Color LaserJet CM1015/1017 | |
| HP Color LaserJet CP 4005 | |
| HP DeskJet F300 Series Aio | |
| HP DeskJet 1280 | price, unit sales |
| HP DeskJet 1320 | price |
| HP DeskJet 1330 | price |
| HP DeskJet 1341 | revenue, price, unit sales |
| HP DeskJet 2330 | |
| HP DeskJet 2345 | |
| HP DeskJet 2360 | |
| HP DeskJet 3320 | |
| HP DeskJet 3420 | |
| HP DeskJet 3450 | |
| HP DeskJet 3520 | price |
| HP DeskJet 3550 | price |
| HP DeskJet 3620 | price |
| HP DeskJet 3650 | price |
| HP DeskJet 3653 | price |
| HP DeskJet 3740 | |
| HP DeskJet 3840 | revenue, price, unit sales |
| HP DeskJet 3900 Series | |
| HP DeskJet 3940 | |
| HP DeskJet 4155 | |
| HP DeskJet 4160 | |
| HP DeskJet 450 Series | |
| HP DeskJet 460 | price |
| HP DeskJet 5150 | |
| HP Deskjet 5440 | |
| HP DeskJet 5550 | |

| Product | Missing Information |
| --- | --- |
| HP DeskJet 5650 | |
| HP DeskJet 5740 | |
| HP DeskJet 5850 | |
| HP Deskjet 5940 | |
| HP DeskJet 6122 | |
| HP DeskJet 6127 | |
| HP DeskJet 6520 | price |
| HP DeskJet 6540 | |
| HP DeskJet 6600 | revenue, price, unit sales |
| HP DeskJet 6800 | revenue, price, unit sales |
| HP Deskjet 6940 Series | |
| HP DeskJet 6940 | |
| HP Deskjet 6940 - 6940 DT | |
| HP DeskJet 6980 | |
| HP DeskJet 6980 Series | price |
| HP DeskJet 9130 | revenue, price, unit sales |
| HP DeskJet 9300 | |
| HP DeskJet 9650 | price |
| HP DeskJet 9670 | price |
| HP DeskJet 9680 | price |
| HP DeskJet 9800 | |
| HP DeskJet 9800 Series | |
| HP DeskJet 995 | price |
| HP Deskjet D1360 | revenue, price, unit sales |
| HP DeskJet D2300 Series | revenue, price, unit sales |
| HP Deskjet D4100 Series | |
| HP Deskjet F300 Series | |
| HP DeskJet T360 | revenue, price, unit sales |
| HP Express Station PE1000 | revenue, unit sales |
| HP Image Zone | price |
| HP Image Zone Express | revenue, price |
| HP Indigo Photo Enhancement Server | revenue, price, unit sales |
| HP LaserJet 1160 | |
| HP Officejet 1200 | revenue, price, unit sales |
| HP Officejet 2700 | revenue, price, unit sales |
| HP Officejet 380 Series | revenue, price, unit sales |
| HP Officejet 4100 Series | price |
| HP Officejet 4200 | |
| HP Officejet 4200 Series | |
| HP Officejet 4300 | |
| HP Officejet 5110 | |
| HP Officejet 5550 Series | revenue, price, unit sales |
| HP Officejet 5610 Series | |
| HP Officejet 6100 Series | |
| HP Officejet 6200 | |
| HP Officejet 6200 Series | |
| HP Officejet 6300 | |
| HP Officejet 6300 Series | |
| HP Officejet 7100 Series | |

| Product | Missing Information |
|---|---|
| HP Officejet 7200 Series | price |
| HP Officejet 7300 Series | |
| HP Officejet 7400 Series | |
| HP Officejet 9110 | |
| HP Officejet 9120 | price |
| HP Officejet 9130 | |
| HP Officejet D Series | |
| HP Officejet J2100 Series | revenue, price, unit sales |
| HP OfficeJet Pro K5300 Series | revenue, price, unit sales |
| HP OfficeJet Pro K550 Series | |
| HP OfficeJet Pro K5600 Series | revenue, price, unit sales |
| HP OfficeJet Pro K850 Series | price |
| HP OfficeJet Pro L7300 | revenue, price, unit sales |
| HP OfficeJet Pro L7500 | price |
| HP OfficeJet Pro L7600 | revenue, price, unit sales |
| HP OfficeJet Pro L7700 | revenue, price, unit sales |
| HP P100 | |
| HP P130 | |
| HP P145 | |
| HP P245 | price |
| HP P7150 | |
| HP P7260 | |
| HP P7350 | |
| HP P7550 | |
| HP P7555 | revenue, price, unit sales |
| HP P7555D | revenue, price, unit sales |
| HP P7660 | |
| HP P7760 | |
| HP P7960 | revenue, price, unit sales |
| HP Photosmart 2575 | |
| HP Photosmart 2600 Series | |
| HP Photosmart 2700 Series | |
| HP Photosmart 3100 Series | revenue, price, unit sales |
| HP Photosmart 3110 Series | revenue, price, unit sales |
| HP Photosmart 320 Series | price |
| HP Photosmart 3200 Series | revenue, price, unit sales |
| HP Photosmart 3210 Series | |
| HP Photosmart 330 Series | |
| HP Photosmart 3300 Series | revenue, price, unit sales |
| HP Photosmart 3310 Series | |
| HP Photosmart 370 Series | price |
| HP Photosmart 380 Series | |
| HP Photosmart 390 Series | revenue, price, unit sales |
| HP Photosmart 400 Series | revenue, price, unit sales |
| HP Photosmart 420 Series | |
| HP Photosmart 470 | |
| HP Photosmart 470 Series | |
| HP Photosmart 7400 Series | |
| HP Photosmart 7800 Series | |

| Product | Missing Information |
|---|---|
| HP Photosmart 8000 Series | |
| HP Photosmart 8100 Series | |
| HP Photosmart 8200 Series | |
| HP Photosmart 8400 Series | |
| HP Photosmart 8700 Series | price |
| HP Photosmart A430 Series | |
| HP Photosmart A510 Series | |
| HP Photosmart A610 Series | |
| HP Photosmart A710 Series | |
| HP Photosmart C3100 AiO Series | |
| HP Photosmart C4100 AiO Series | |
| HP Photosmart C5100 AiO Series | |
| HP Photosmart C6100 AiO Series | |
| HP Photosmart C7100 AiO Series | |
| HP Photosmart D5100 Series | |
| HP Photosmart D6100 Series | revenue, price, unit sales |
| HP Photosmart D7100 Series | |
| HP Photosmart D7300 Series | |
| HP Photosmart Essential | revenue |
| HP Photosmart pl1000e Microlab System | price |
| HP Photosmart pl1000s Microlab System | price |
| HP Photosmart Premier | revenue, price, unit sales |
| HP Photosmart Pro B8300 | revenue, price, unit sales |
| HP Photosmart ps2000 Studio | price |
| HP Photosmart R 725 | |
| HP PS 433 | revenue, price, unit sales |
| HP PS 434 | revenue, price, unit sales |
| HP PS 436 | revenue, price, unit sales |
| HP PS A310 | price |
| HP PS A316 | price |
| HP PS D5069 | price |
| HP PS D5145 | revenue, price, unit sales |
| HP PS D5160 | revenue, price, unit sales |
| HP PS Pro B8350 | price |
| HP PS Pro B9180 | price |
| HP PSC 1110 | |
| HP PSC 1200 Series | |
| HP PSC 1209 | |
| HP PSC 1210 | |
| HP PSC 1300 Series | revenue, price, unit sales |
| HP PSC 1310 Series | |
| HP PSC 1350 | |
| HP PSC 1410 Series | |
| HP PSC 1500 Series | |
| HP PSC 1600 Series | |
| HP PSC 2100 Series | price, unit sales |
| HP PSC 2110 Series | |
| HP PSC 2150 Series | revenue, price, unit sales |
| HP PSC 2170 Series | |

| Product | Missing Information |
|---|---|
| HP PSC 2175 | |
| HP PSC 2200 Series | revenue, price, unit sales |
| HP PSC 2210 Series | |
| HP PSC 2300 Series | revenue, price, unit sales |
| HP PSC 2350 Series | |
| HP PSC 2400 Series | revenue, price, unit sales |
| HP PSC 2410 | |
| HP PSC 2500 Series | |
| HP PSC 2510 | |
| HP R 727 | |
| HP R 727 Series | |
| HP R 827 | |
| HP R 927 | |
| HP R 967 | |
| HP R837 | |
| HP R937 | |
| HP Standard Film Scanner Expansion Kit (Pakon) | price |

EXHIBIT 25

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Maria A. Meginnes
To Call Writer Directly:
312.861.3220
mmeginnes@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200
Dir. Fax: 312.846.9196

January 29, 2008

**VIA EMAIL**

Matthew C. Bernstein, Esq.
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130

Re: *Polaroid Corporation v. Hewlett-Packard Company*
*USDC-D. Del. - C.A. No. 06-738 (SLR)*

Dear Mr. Bernstein:

Despite the statements in your December 20, 2007 correspondence, we are still missing unit, price, and revenue information for certain products listed in HP's First Supplemental Response to Interrogatory No. 15. This missing information is reflected on the attached document for your convenience. Previous correspondence from Ms. Courtney Holohan has amply outlined the history of HP's deficiencies in this regard. Polaroid expects HP to provide this missing information by the end of today, Tuesday, January 29, 2008.

Moreover, HP recently added approximately *126* new products in HP's Second Supplemental Response to Interrogatory No. 15 ("Second Supplemental Response"), as reflected on the attached document. The late disclosure of these products is unacceptable, particularly given the exchanges that have already taken place between the parties on these issues. Polaroid also expects HP to identify the unit, price, and revenue information for the new products from the Second Supplemental Response by the end of today at the latest.

Polaroid expects the two Rule 30(b)(6) witnesses designated for this week on unit, revenue, and pricing information and downloads to be prepared to testify regarding products contained in HP's Second Supplemental Response. If HP does not produce the unit, price, and revenue information Polaroid needs in a timely manner, Polaroid reserves the right to reopen these depositions after the close of discovery at our convenience in order to obtain the information that HP has deliberately withheld over the past four months.

Finally, Polaroid reserves its right to extrapolate whatever information it needs based on HP's failure to produce basic financial information regarding the accused products in this case. As you are well aware, this information is long overdue.

Hong Kong     London     Los Angeles     Munich     New York     San Francisco     Washington, D.C.

**KIRKLAND & ELLIS LLP**

Matthew C. Bernstein, Esq.
January 29, 2008
Page 2

Very truly yours,

*Maria A. Meginnes*

Maria A. Meginnes

cc:     William M. Boyd, Esq.
        Jack B. Blumenfeld, Esq.

*Profit and Cost information has not been identified for these products

| Product [5] | Missing Information |
|---|---|
| HP Business InkJet 1200 | |
| HP Color LaserJet 2605 | |
| HP Color LaserJet 2700 [3] | Revenue, Unit Sales |
| HP Color LaserJet 2800 Series [1] | |
| HP Color LaserJet 3000 | |
| HP Color LaserJet 3500 | |
| HP Color LaserJet 3550 | |
| HP Color LaserJet 3600 | |
| HP Color LaserJet 3700 | |
| HP Color LaserJet 3800 | |
| HP Color LaserJet 4600 | |
| HP Color LaserJet 4650 | |
| HP Color LaserJet 4700 | |
| HP Color LaserJet 4730 | |
| HP Color LaserJet 5500 | |
| HP Color LaserJet 8550 | |
| HP Color LaserJet 9500 | |
| HP Color LaserJet CM1015/1017 | |
| HP Color LaserJet CP 4005 | |
| HP DeskJet 1280 [3] | Revenue, Unit Sales |
| HP DeskJet 1320 | |
| HP DeskJet 1330 | |
| HP DeskJet 1341 | |
| HP DeskJet 2330 | |
| HP DeskJet 2345 | |
| HP DeskJet 2360 | |
| HP DeskJet 3320 | |
| HP DeskJet 3420 | |
| HP DeskJet 3450 | |
| HP DeskJet 3520 | |
| HP DeskJet 3550 | |
| HP DeskJet 3620 | |
| HP DeskJet 3650 | |
| HP DeskJet 3653 | |
| HP DeskJet 3740 | |
| HP DeskJet 3840 Series [1] | |
| HP DeskJet 3900 Series | |
| HP DeskJet 3940 | |
| HP DeskJet 4155 | |
| HP DeskJet 4160 | |
| HP DeskJet 450 Series | |
| HP DeskJet 460 | |
| HP DeskJet 5150 | |
| HP DeskJet 5440 | |
| HP DeskJet 5550 | |
| HP DeskJet 5650 | |

| Product [5] | Missing Information |
|---|---|
| HP DeskJet 5740 | |
| HP DeskJet 5850 | |
| HP DeskJet 5940 | |
| HP DeskJet 6122 | |
| HP DeskJet 6127 | |
| HP DeskJet 6520 | |
| HP DeskJet 6540 | |
| HP DeskJet 6600 Series [1] | |
| HP DeskJet 6800 Series [1] | |
| HP DeskJet 6940 Series | |
| HP DeskJet 6980 Series | |
| HP DeskJet 9130 | Revenue, Unit Sales, Price |
| HP DeskJet 9300 | |
| HP DeskJet 9650 | |
| HP DeskJet 9670 | |
| HP DeskJet 9680 | |
| HP DeskJet 9800 Series | |
| HP DeskJet 995 | |
| HP DeskJet D1360 | |
| HP DeskJet D2300 Series | |
| HP DeskJet D4100 Series | |
| HP DeskJet F300 Series AiO | |
| HP DeskJet T360 [4] | Revenue, Unit Sales, Price |
| HP Express Station PE1000 [3] | Revenue, Unit Sales |
| HP Image Zone | |
| HP Image Zone Express [2] | Revenue, Price |
| HP Indigo Photo Enhancement Server [2] | Revenue, Unit Sales, Price |
| HP LaserJet 1160 | |
| HP OfficeJet 1200 [4] | Revenue, Unit Sales, Price |
| HP OfficeJet 2700 [4] | Revenue, Unit Sales, Price |
| HP OfficeJet 380 Series [4] | Revenue, Unit Sales, Price |
| HP OfficeJet 4100 Series | |
| HP OfficeJet 4200 Series | |
| HP OfficeJet 4300 | |
| HP OfficeJet 5110 | |
| HP OfficeJet 5550 Series [4] | Revenue, Unit Sales, Price |
| HP OfficeJet 5610 Series | |
| HP OfficeJet 6100 Series | |
| HP OfficeJet 6200 Series | |
| HP OfficeJet 6300 Series | |
| HP OfficeJet 7100 Series | |
| HP OfficeJet 7200 Series | |
| HP OfficeJet 7300 Series | |
| HP OfficeJet 7400 Series | |
| HP OfficeJet 9110 | |
| HP OfficeJet 9120 | |

| Product [5] | Missing Information |
|---|---|
| HP OfficeJet 9130 | |
| HP OfficeJet D Series | |
| HP OfficeJet J2100 Series [4] | Revenue, Unit Sales, Price |
| HP OfficeJet Pro K5300 Series [3] | Revenue, Unit Sales |
| HP OfficeJet Pro K550 Series | |
| HP OfficeJet Pro K5600 Series [4] | Revenue, Unit Sales, Price |
| HP OfficeJet Pro K850 Series | |
| HP OfficeJet Pro L7300 [3] | Revenue, Unit Sales |
| HP OfficeJet Pro L7500 | |
| HP OfficeJet Pro L7600 Series [1] | |
| HP OfficeJet Pro L7700 Series [1] | |
| HP P100 | |
| HP P130 | |
| HP P145 | |
| HP P245 | |
| HP P7150 | |
| HP P7260 | |
| HP P7350 | |
| HP P7550 | |
| HP P7555 [4] | Revenue, Unit Sales, Price |
| HP P7555D [4] | Revenue, Unit Sales, Price |
| HP P7660 | |
| HP P7760 | |
| HP P7960 | |
| HP Photosmart 2575 | |
| HP Photosmart 2600 Series | |
| HP Photosmart 2700 Series | |
| HP Photosmart 3100 Series [3] | Revenue, Unit Sales |
| HP Photosmart 3110 Series [3] | Revenue, Unit Sales |
| HP Photosmart 320 Series | |
| HP Photosmart 3200 Series | Revenue, Unit Sales, Price |
| HP Photosmart 3210 Series | |
| HP Photosmart 330 Series | |
| HP Photosmart 3300 Series | Revenue, Unit Sales |
| HP Photosmart 3310 Series | |
| HP Photosmart 370 Series | |
| HP Photosmart 380 Series | |
| HP Photosmart 390 Series [4] | Revenue, Unit Sales, Price |
| HP Photosmart 400 Series [4] | Revenue, Unit Sales, Price |
| HP Photosmart 420 Series | Revenue, Unit Sales |
| HP Photosmart 470 Series | |
| HP Photosmart 7400 Series | |
| HP Photosmart 7800 Series | |
| HP Photosmart 8000 Series | |
| HP Photosmart 8100 Series | |
| HP Photosmart 8200 Series | |
| HP Photosmart 8400 Series | |

| Product [5] | Missing Information |
|---|---|
| HP Photosmart 8700 Series | |
| HP Photosmart A430 Series | |
| HP Photosmart A510 Series | |
| HP Photosmart A610 Series | |
| HP Photosmart A710 Series | |
| HP Photosmart C3100 AiO Series | |
| HP Photosmart C4100 AiO Series | |
| HP Photosmart C5100 AiO Series | |
| HP Photosmart C6100 AiO Series | |
| HP Photosmart C7100 AiO Series | |
| HP Photosmart D5100 Series | |
| HP Photosmart D6100 Series [3] | Revenue, Unit Sales |
| HP Photosmart D7100 Series | |
| HP Photosmart D7300 Series | |
| HP Photosmart Essential [2] | Revenue |
| HP Photosmart pl1000e Microlab System | |
| HP Photosmart pl1000s Microlab System | Revenue, Unit Sales |
| HP Photosmart Premier [2] | Revenue |
| HP Photosmart Pro B8300 Series [1] | |
| HP Photosmart ps2000 Studio | Revenue, Unit Sales |
| HP Photosmart R 725 | |
| HP PS A310 | |
| HP PS A316 | |
| HP PS D5069 | |
| HP PS Pro B9180 | |
| HP PSC 1110 | |
| HP PSC 1200 Series | |
| HP PSC 1300 Series | |
| HP PSC 1410 Series | |
| HP PSC 1500 Series | |
| HP PSC 1600 Series | |
| HP PSC 2100 Series [3] | |
| HP PSC 2150 Series [3] | Revenue, Unit Sales |
| HP PSC 2170 Series | |
| HP PSC 2200/2210 Series [1] | |
| HP PSC 2300 Series [3] | Revenue, Unit Sales |
| HP PSC 2350 Series | |
| HP PSC 2400 Series [3] | |
| HP PSC 2500 Series | |
| HP R 727 Series | |
| HP R 827 | |
| HP R 927 | |
| HP R 967 | |
| HP R837 | |
| HP R937 | |
| HP Standard Film Scanner Expansion Kit (Pakon) | |

Notes:

[1-4] Per letter from Matthew Bernstein of Fish & Richardson P.C dated December 20, 2007:

[1] Product is not a series.

[2] Product was not sold.

[3] Product possibly not sold in the U.S

[4] Product is misidentified.

[5] All accused products listed in Interrogatory 15 that are included in a series that is also listed in Interrogatory 15 are not specified in this document. This applies to DeskJet 6940, DeskJet 6980, DeskJet 9800, OfficeJet 4200, OfficeJet 6200, OfficeJet 6300, Photosmart 470, PS 433, PS 434, PS 436, PS D5145, PS D5160, PS Pro B8350, PSC 1209, PSC 1210, PSC 1310 Series, PSC 1350, PSC 2110 Series, PSC 2175, PSC 2410, PSC 2510, and R 727.

| Newly identified products according to Hewlett-Packard Company's Second Supplemental Response to Polaroid's First Set of Interrogatories. (1.25.08) | | | |
|---|---|---|---|
| Deskjet 656 | Officejet 5100 Series | Deskjet D1400 Series | Photosmart C8100 Series |
| Deskjet 920 | Officejet 550 Series | Deskjet D2400 Series | Photosmart D5060 Series |
| Deskjet 930 | Photosmart 130 | Deskjet D4200 Series | Photosmart D5100/D5160 Series |
| Deskjet 940 | Photosmart 145 | Deskjet F2100 Series | Photosmart D5300 Series |
| Deskjet 960 | Photosmart 245 | Deskjet F4100 Series | Photosmart D7200 Series |
| Deskjet 960c | Photosmart 7150 | Officejet H470 Series | Photosmart Pro B9100 Series |
| Deskjet 960cse | Photosmart 7260 Series | Officejet J6400 Series | CM 8050 Color MFP with Edgeline Technology |
| Deskjet 960cxi | Photosmart 7350 | Officejet K7100 Series | CM 8060 Color MFP with Edgeline Technology |
| Deskjet 990 | Photosmart 7550 | Officejet L7500 Series | Color Laserjet 3505 |
| Deskjet 990cm | Photosmart 7660 | Officejet L7600 Series | Color Laserjet 5550 |
| Deskjet 990cse | Photosmart 7760 | Officejet L7700 Series | Image Zone (including Versions 3.0 and above) |
| Deskjet 990cxi | Photosmart 7960 | Officejet L7300 Series | Image Zone Plus |
| Deskjet 995c Series | PSC 1110 Series | Officejet K5400 Series | Image Zone Express 1.5 |
| Deskjet 3420 Series | PSC 2175 Series | Officejet K8600 Series | Photosmart Premier 6.0 |
| Deskjet 3480 | Laserjet 1150 | HP Designjet Z2100 Series | Photosmart Essential 1.8 |
| Deskjet 3500 | NEC 770 | HP Designjet Z3100 Series | Photosmart Premier 6.5 |
| Deskjet 3530 | NEC 870 | HP Designjet Z3100ps Series | Photosmart Essential 1.9 |
| Deskjet 3600 Series | NEC 970 | Photosmart A440 Series | Photosmart Essential 1.12 |
| Deskjet 3750 | Picty 870 | Photosmart A520 Series | Photosmart Essential 2.0 |
| Deskjet 3820 | Picty 980 | Photosmart A620 Series | Photosmart Essential 2.01 |
| Deskjet 5100 Series | Desket 1360 | Photosmart A820 Series | Photosmart Essential 2.5 |
| Deskjet 5551 | Photosmart D5100/D5160 Series | Photosmart C4200 Series | Photosmart Essential Custom |
| Deskjet 5600 | PSC 1340/1350 Series | Photosmart C4380 Series | |
| Deskjet 5800 | Photosmart 100 Series | Photosmart C5200 Series | |
| Deskjet 9600 Series | Business Inkjet 1800 | Photosmart C6200 Series | |
| Business Inkjet 1100 | Deskjet D1300 Series | Photosmart C7200 Series | |

# EXHIBIT 26

----- Forwarded by Maria Meginnes/Chicago/Kirkland-Ellis on 02/11/2008 12:52 PM -----

| | | |
|---|---|---|
| Maria Meginnes/Chicago/Kirkland-Ellis | To | "Matthew C. Bernstein" <Bernstein@fr.com> |
| | cc | |
| 02/11/2008 12:52 PM | Subject | Fw: Polaroid/HP:  Correspondence |

Dear Matthew:

I wrote to you on January 29, 2008 regarding the unit, price, and revenue information that HP still has not produced to Polaroid.   Although Polaroid requested a response by the end of the day on January 29, 2008, HP never answered this letter in writing.  Instead, HP referenced a few additional documents that it has produced on January 30 and 31, 2008.  After review of this new production, Polaroid now provides the attached chart with the unit, price, and revenue information that it is still unable to locate in HP's production.  Please provide this missing information by the end of Wednesday, February 13, 2008.  It is long overdue and necessary for upcoming expert reports.

Best regards,

Maria

**Maria A. Meginnes** | Attorney | **Kirkland & Ellis LLP**
200 EAST RANDOLPH DRIVE • 73RD FLOOR | CHICAGO, IL 60601 | TEL: (312) 861-3220 | FAX: (312) 846-9196

*Profit and Cost information has not been identified for these products

| Accused Product [5] | Missing Information |
| --- | --- |
| Business Inkjet 1100 | |
| Business InkJet 1200 | |
| Business InkJet 1800 | Revenue, Unit Sales, Price |
| CM 8050 Color MFP with Edgeline Technology | Revenue, Unit Sales |
| CM 8060 Color MFP with Edgeline Technology | |
| Color LaserJet 2605 | |
| Color LaserJet 2700 [3] | Revenue, Unit Sales |
| Color LaserJet 2800 Series [1], [6] | |
| Color LaserJet 3000 | |
| Color LaserJet 3500 | |
| Color Laserjet 3505 | |
| Color LaserJet 3550 | |
| Color LaserJet 3600 | |
| Color LaserJet 3700 | |
| Color LaserJet 3800 | |
| Color LaserJet 4600 | |
| Color LaserJet 4650 | |
| Color LaserJet 4700 | |
| Color LaserJet 4730 | |
| Color LaserJet 5500 | |
| Color Laserjet 5550 | |
| Color LaserJet 8550 | |
| Color LaserJet 9500 | |
| Color LaserJet CM1015/1017 | |
| Color Laserjet CP4005 | |
| Designjet Z2100 Series | |
| Designjet Z3100 Series | |
| Designjet Z3100ps Series | |
| DeskJet 1280 [3] | Revenue, Unit Sales |
| DeskJet 1360 | |
| DeskJet 3320 | |
| DeskJet 3420 Series | |
| Deskjet 3480 [1] | Revenue, Unit Sales, Price |
| Deskjet 3500 | Revenue, Unit Sales, Price |
| Deskjet 3530 Series [6] | Revenue, Unit Sales |
| DeskJet 3550 | |
| Deskjet 3600 Series | |
| DeskJet 3740 | |
| Deskjet 3750 | Revenue, Unit Sales, Price |
| Deskjet 3820 | |
| DeskJet 3840 Series [1], [6] | |
| DeskJet 3900 Series | |
| DeskJet 450 Series | |
| DeskJet 460 | |
| Deskjet 5100 Series | |
| DeskJet 5440 | |

| Accused Product [5] | Missing Information |
|---|---|
| DeskJet 5550 | |
| Deskjet 5551 | Revenue, Unit Sales |
| Deskjet 5600 | Revenue, Unit Sales, Price |
| DeskJet 5650 | |
| DeskJet 5740 | |
| Deskjet 5800 | Revenue, Unit Sales, Price |
| DeskJet 5850 | |
| DeskJet 5940 | |
| DeskJet 6122 | |
| DeskJet 6127 | |
| DeskJet 6520 | |
| DeskJet 6540 | |
| Deskjet 656 | |
| DeskJet 6600 Series [1], [6] | |
| DeskJet 6800 Series [1], [6] | |
| DeskJet 6940 Series | |
| DeskJet 6980 Series | |
| Deskjet 920 | |
| Deskjet 930 | |
| DeskJet 9300 | |
| Deskjet 940 | |
| DeskJet 9600 Series | |
| Deskjet 960 | Revenue, Unit Sales, Price |
| Deskjet 960c | |
| Deskjet 960cse | |
| Deskjet 960cxi | |
| DeskJet 9800 Series | |
| Deskjet 990 | Revenue, Unit Sales, Price |
| Deskjet 990cm | |
| Deskjet 990cse | Revenue, Unit Sales, Price |
| Deskjet 990cxi | |
| DeskJet 995c Series | |
| DeskJet D1300 Series | |
| DeskJet D1400 Series | |
| DeskJet D2300 Series | |
| DeskJet D2400 Series | |
| DeskJet D4100 Series | |
| DeskJet D4200 Series | |
| DeskJet F2100 Series | |
| DeskJet F300 Series Aio | |
| DeskJet F4100 Series | |
| Express Station PE1000 [3] | Revenue, Unit Sales |
| Image Zone (including Versions 3.0 and above) | |
| Image Zone Express 1.5 | Revenue, Unit Sales, Price |
| Image Zone Plus | Revenue, Unit Sales, Price |
| Indigo Photo Enhancement Server [2] | Revenue, Unit Sales, Price |

| Accused Product [5] | Missing Information |
|---|---|
| LaserJet 1150 | |
| LaserJet 1160 | |
| NEC 770 | Revenue, Unit Sales |
| NEC 870 | Revenue, Unit Sales |
| NEC 970 | Revenue, Unit Sales |
| OfficeJet 4100 Series | |
| OfficeJet 4200 Series | |
| OfficeJet 4300 Series [6] | |
| OfficeJet 5100 Series | |
| OfficeJet 550 Series | Revenue, Unit Sales, Price |
| OfficeJet 5610 Series | |
| OfficeJet 6100 Series [3] | |
| OfficeJet 6200 Series | |
| OfficeJet 6300 Series [6] | |
| OfficeJet 7100 Series | |
| OfficeJet 7200 Series | |
| OfficeJet 7300 Series | |
| OfficeJet 7400 Series | |
| OfficeJet 9130 | |
| OfficeJet D Series | |
| OfficeJet H470 Series | Revenue, Unit Sales |
| OfficeJet J2100 Series [4] | Revenue, Unit Sales, Price |
| OfficeJet J6400 Series | Revenue, Unit Sales, Price |
| OfficeJet K7100 Series | Revenue, Unit Sales |
| OfficeJet Pro K8600 Series | Revenue, Unit Sales |
| OfficeJet Pro K5300 Series [3] | Revenue, Unit Sales |
| Officejet Pro K5400 Printer Series | |
| OfficeJet Pro K550 Series | |
| OfficeJet Pro K5600 Series [4] | Revenue, Unit Sales, Price |
| OfficeJet Pro K850 Series | |
| OfficeJet Pro L7300 Series [3] | Revenue, Unit Sales |
| OfficeJet Pro L7500 Series | |
| OfficeJet Pro L7600 Series [1] | |
| OfficeJet Pro L7700 Series [1] | |
| Photosmart 100 Series | |
| Photosmart 130 | |
| Photosmart 145 | |
| Photosmart 245 | |
| Photosmart 2575 | |
| Photosmart 2600 Series | |
| Photosmart 2700 Series | |
| Photosmart 3100 Series [3] | Revenue, Unit Sales |
| Photosmart 3110 Series [3] | Revenue, Unit Sales |
| Photosmart 320 Series | |
| Photosmart 3200 Series | Revenue, Unit Sales, Price |
| Photosmart 3210 Series | |

| Accused Product [5] | Missing Information |
|---|---|
| Photosmart 330 Series | |
| Photosmart 3300 Series | Revenue, Unit Sales |
| Photosmart 3310 Series | |
| Photosmart 370 Series | |
| Photosmart 380 Series | |
| Photosmart 390 Series [4] | Revenue, Unit Sales, Price |
| Photosmart 400 Series [4] | Revenue, Unit Sales, Price |
| Photosmart 420 Series | Revenue, Unit Sales |
| Photosmart 470 Series | |
| Photosmart 7150 | |
| Photosmart 7260 Series | |
| Photosmart 7350 | |
| Photosmart 7400 Series | |
| Photosmart 7550 | |
| Photosmart 7660 | |
| Photosmart 7760 | |
| Photosmart 7800 Series | |
| Photosmart 7960 | |
| Photosmart 8000 Series | |
| Photosmart 8100 Series | |
| Photosmart 8200 Series | |
| Photosmart 8400 Series | |
| Photosmart 8700 Series | |
| Photosmart A310 Series | |
| Photosmart A430 Series | |
| Photosmart A440 Series | |
| Photosmart A510 Series | |
| Photosmart A520 Series | |
| Photosmart A610 Series | |
| Photosmart A620 Series | |
| Photosmart A710 Series | |
| Photosmart A820 Series | |
| Photosmart C3100 AiO Series | |
| Photosmart C4100 AiO Series | |
| Photosmart C4200 Series | |
| Photosmart C4380 Series | |
| Photosmart C5100 AiO Series | |
| Photosmart C5200 Series | |
| Photosmart C6100 AiO Series | |
| Photosmart C6200 Series | |
| Photosmart C7100 AiO Series | |
| Photosmart C7200 Series | |
| Photosmart C8100 Series | |
| Photosmart D5060 Series | |
| Photosmart D5100/D5160 Series | |
| Photosmart D5300 Series | |

| Accused Product [5] | Missing Information |
|---|---|
| Photosmart D6100 Series | Revenue, Unit Sales |
| Photosmart D7100 Series | |
| Photosmart D7200 Series | |
| Photosmart D7300 Series | |
| Photosmart Essential [2] | Revenue |
| Photosmart Essential 1.12 | Revenue, Unit Sales, Price |
| Photosmart Essential 1.8 | Revenue, Unit Sales, Price |
| Photosmart Essential 1.9 | Revenue, Unit Sales, Price |
| Photosmart Essential 2.0 | Revenue, Unit Sales, Price |
| Photosmart Essential 2.01 | Revenue, Unit Sales, Price |
| Photosmart Essential 2.5 | Revenue, Unit Sales, Price |
| Photosmart Essential Custom | Revenue, Unit Sales, Price |
| Photosmart pl1000e Microlab System | |
| Photosmart pl1000s Microlab System | Revenue, Unit Sales |
| Photosmart Premier 6.0 | Revenue, Unit Sales, Price |
| Photosmart Premier 6.5 | Revenue, Unit Sales, Price |
| Photosmart Pro B8300 Series [1] | |
| Photosmart Pro B9100 Series | |
| Photosmart ps2000 Studio | Revenue, Unit Sales |
| Picty 870 | Revenue, Unit Sales, Price |
| Picty 980 | Revenue, Unit Sales, Price |
| PSC 1110 Series | |
| PSC 1200 Series | |
| PSC 1300 Series | |
| PSC 1310 Series | |
| PSC 1410 Series | |
| PSC 1500 Series | |
| PSC 1600 Series | |
| PSC 2100 Series [3] | |
| PSC 2110 Series | |
| PSC 2150 Series [3] | Revenue, Unit Sales |
| PSC 2170/2175 Series | |
| PSC 2200/2210 Series [1] | |
| PSC 2300 Series [3] | Revenue, Unit Sales |
| PSC 2350 Series | |
| PSC 2400 Series [3] | |
| PSC 2500 Series | |
| R 725 | |
| R 727 | |
| R 827 | |
| R 837 | |
| R 927 | |
| R 937 | |
| R 967 | |
| Standard Film Scanner Expansion Kit (Pakon) | |

Privileged & Confidential

Attorney Work Product

Notes:

[1-4] Per letter from Matthew Bernstein of Fish & Richardson P.C dated December 20, 2007:

[1] Product is not a series.

[2] Product was not sold.

[3] Product possibly not sold in the U.S

[4] Product is misidentified.

[5] All accused products listed in HP's 2nd Response to Interrogatory 15 that are included in a series that is also listed in 2nd Response to Interrogatory 15 are not specified in this document. This applies to Deskjet 3940, DeskJet 6940, DeskJet 6980, DeskJet 9800, Officejet 4200, Officejet 6200, PSC 1340/1350 Series.

[6] Accused product listed in HP's 2nd Response to Interrogatory 15 is assumed to be a series.

EXHIBIT 27

# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Maria A. Meginnes
To Call Writer Directly:
312.861.3220
mmeginnes@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200
Dir. Fax: 312.846.9196

March 25, 2008

**VIA EMAIL**

Matthew C. Bernstein, Esq.
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130

    Re:  *Polaroid Corporation v. Hewlett-Packard Company*
       USDC-D. Del. - C.A. No. 06-738 (SLR)

Dear Mr. Bernstein:

  I write in response to Hewlett-Packard Company's Third Supplemental Response to Polaroid's First Set of Interrogatories (No. 15) and Supplemental Response to Polaroid's Third Set of Interrogatories (No. 22), as served on March 20, 2008. While the supplementation of interrogatory responses may be appropriate under certain conditions, HP's untimely supplementation is clearly objectionable.

  Polaroid objects to HP's supplementation after the submission of initial expert reports on March 14, 2008. Polaroid also objects to the extent these interrogatory responses are based on late-produced documents or information that should have been disclosed much earlier in the case. Polaroid will move to strike and/or preclude any use of these supplemental interrogatory responses by HP at the appropriate time.

      Very truly yours,

      *Maria A. Meginnes*

      Maria A. Meginnes

MAM

cc:  William M. Boyd, Esq.
   Jack B. Blumenfeld, Esq.

Hong Kong  London  Los Angeles  Munich  New York  San Francisco  Washington, D.C.

EXHIBIT 28

# FISH & RICHARDSON P.C.

12390 El Camino Real
San Diego, California
92130

Frederick P. Fish
1855-1930

Telephone
858 678-5070

W.K. Richardson
1859-1951

**VIA EMAIL**

Facsimile
858 678-5099

April 15, 2008

Web Site
www.fr.com

Maria A. Meginnes
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601



Re:     *Polaroid Corporation v. Hewlett-Packard Company*
        USDC-D. Del. - C.A. No. 06-738 (SLR) (D.Del.)

ATLANTA

Dear Ms. Meginnes:

AUSTIN

Attached hereto, please find the following HP production bearing bates range HP
97225-28:

BOSTON

DALLAS

HP_97225 – POL APR1

DELAWARE

MUNICH

HP_97226 – Polaroid_Apr8

NEW YORK

HP_97227 – Fame 04-05

SAN DIEGO

SILICON VALLEY

HP_97228 – 8x11

TWIN CITIES

The documents are designated as OUTSIDE COUNSEL ONLY and under the
protective order needs to be treated as such.

WASHINGTON, DC

Very truly yours,

Kellye Kruzinga
Litigation Paralegal

Encls.

10826931.doc

# EXHIBIT 29

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Maria A. Meginnes
To Call Writer Directly:
312.861.3220
mmeginnes@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200
Dir. Fax: 312.846.9196

April 16, 2008

**VIA EMAIL**

John E. Giust, Esq.
Fish & Richardson, P.C.
12390 El Camino Real
San Diego, CA 92130

Re:    *Polaroid Corporation v. Hewlett-Packard Company*
       USDC-D. Del. - C.A. No. 06-738 (SLR)

Dear Mr. Giust:

I write to object to HP's late production of the documents Bates-stamped HP_97225, HP_97226, HP_97227, and HP_97228. Please be advised that Polaroid will move at the appropriate time to preclude HP's or its experts' use of, and reliance on, these documents.

Very truly yours,

*Maria A. Meginnes*

Maria A. Meginnes

cc:    William M. Boyd, Esq.
       Jack B. Blumenfeld, Esq.

Hong Kong        London        Los Angeles        Munich        ·  New York        San Francisco        Washington, D.C.

Eᴄxʜɪʙɪᴛ 30

# FISH & RICHARDSON P.C.

One Congress Plaza
Suite 810
111 Congress Avenue
Austin, TX 78701

Telephone
512 472-5070

Facsimile
512 320-8935

Web Site
www.fr.com

John Bustamante
512 226-8107

Email
bustamante@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA EMAIL**

October 3, 2007

Michelle W. Jordan
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

Re:     *Polaroid Corporation v. Hewlett-Packard Company*
        USDC-D. Del. - C.A. No. 06-738 (SLR)



ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

MUNICH

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Ms. Jordan:

Today, Mr. Manuel C. Turchan objected to the production of the settlement agreement between Hewlett-Packard, QQC, Inc., Manuel Turchan and Pravin Mistry. As this objection came after the set deadline, the agreement was produced bearing Bates range HP_66695-HP_66707.  In light of Mr. Turchan's objection, we request that Polaroid (1) sequester, retrieve, and destroy any copies made of this document and (2) do not use this documents in any way.

I have copied Mr. Turchan on this letter so that you may contact him regarding his objections and any additional restrictions on the production of this document.  Please copy me on any correspondence relating to the possible re-production of this document.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

*John Bustamante / ctl*

John Bustamante

JYB/ctl

cc:     Manuel Turchan     *(VIA EMAIL – mct@turchan.com)*

11028607.doc

# EXHIBIT 31

| | | |
|---|---|---|
| Courtney Holohan/Chicago/Kirkland-Ellis | To | mct@turchan.com |
| | cc | bustamante@fr.com |
| 10/03/2007 06:16 PM | bcc | Adam Duerr/Chicago/Kirkland-Ellis |
| | Subject | HP 66695-HP 66707 |

Dear Mr. Turchan:

I represent Polaroid Corporation in Polaroid v. HP Company, Case No. 06-738.  I received today a letter from John Bustamante, counsel for HP, requesting that we destroy document bates labelled HP 66695-HP 66707, pursuant to your objection, the basis of which Mr. Bustamante did not specify.  I have destroyed my copy of the document, and I am in the process of confirming that any other copies of the document that we have at Kirkland & Ellis are destroyed.

I would like to discuss with you your objection to the production of this document as Outside Counsel Only pursuant to the Protective Order in this case, which I attach for your convenience.  Please let me know when is a convenient time to discuss and resolve this issue this week.

I look forward to speaking with you.


Best regards,

Courtney Holohan

G. Courtney Holohan
Kirkland & Ellis LLP
200 E. Randolph Drive
Chicago, IL  60601
Phone:  312-861-3027
Fax:  312-861-2200

<<< Attachment 'Polaroid – Stipulated Protective Order .pdf' has been archived by user 'CommonStore/IT/Kirkland-Ellis' on '12/03/2007 20:05:09'. >>>

# EXHIBIT 32

**Celina Laney**

| | |
|---|---|
| **From:** | Turchan, Manuel C. [mct@turchan.com] |
| **Sent:** | Friday, October 05, 2007 1:06 PM |
| **To:** | Celina Laney |
| **Subject:** | RE: HP/Polaroid - 18296-013LL1 - 2007-10-03 Later to Jordan fr Bustamante re Turchan |

I have discussed this matter with my counsel, spoken with Polaroid counsel, further reiterated the issues with my counsel and pending confirmation from Fish & Richardson that they will reimburse my legal costs ($750), I am willing to retract my objection.

***Manuel C. Turchan***
Turchan Technologies Group, Inc.
P: (313) 581-0043
F: (313) 581-2480

**From:** Celina Laney [mailto:Laney@fr.com]
**Sent:** Wednesday, October 03, 2007 4:23 PM
**To:** Turchan, Manuel C.
**Subject:** HP/Polaroid - 18296-013LL1 - 2007-10-03 Ltr to Jordan fr Bustamante re Turchan

PLEASE SEE ATTACHED CORRESPONDENCE ON BEHALF OF JOHN BUSTAMANTE.

THANK YOU,


*Celina Laney*
FR FISH & RICHARDSON, P.C.
ONE CONGRESS PLAZA
111 CONGRESS AVENUE, SUITE 810
AUSTIN, TEXAS 78701
DIRECT DIAL: (512) 226-8117
MAIN NO. (512) 472-5070
FAX NO. (512) 320-8935
LANEY@FR.COM

THIS EMAIL MESSAGE IS FOR THE SOLE USE OF THE INTENDED RECIPIENT(S) AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION. ANY UNAUTHORIZED USE OR DISCLOSURE IS PROHIBITED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE CONTACT THE SENDER BY REPLY EMAIL AND DESTROY ALL COPIES OF THE ORIGINAL MESSAGE.

DISCLAIMER:
This E-Mail is strictly confidential and intended solely for the addressee.  It may contain information which is covered by the legal profession or other privilege.  If you are not the intended addressee you must not use, disclose or copy this transmission.

This E-Mail (unless it contains a PDF attachment(s) with digital signature(s) for the purpose of conveying a business commitment) is not intended to impose, nor shall it be construed, as imposing any legally binding obligation upon Turchan Technologies Group, Inc. and/or any of its subsidiaries or associated companies.

Neither Turchan Technologies Group, Inc. nor any of its subsidiaries or associated companies gives any representation or warranty as the accuracy or completeness of the content of this E-Mail.  Turchan Technologies Group, Inc. shall not be held liable to any person/entity resulting from the use of any information contained in this communication nor shall it be liable to any person/entity who acts or omits to do anything in reliance upon it.

10/8/2007

# EXHIBIT 33

# FISH & RICHARDSON P.C.

One Congress Plaza
Suite 810
111 Congress Avenue
Austin, TX 78701

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

VIA EMAIL (cholohan@kirkland.com)

October 8, 2007

Courtney Holohan
Kirkland & Ellis, L.L.P.
200 East Randolph Drive
Chicago, Illinois 60601

Re:     *Polaroid Corporation v. Hewlett-Packard Company*
        USDC-D. Del. - C.A. No. 06-738 (SLR)

Telephone
512 472-5070

Facsimile
512 320-8935

Web Site
www.fr.com

John Bustamante
512 226-8107

Email
bustamante@fr.com

**FR**

ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

MUNICH

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Ms. Holohan:

In your October 7th letter to Mr. Coburn, you state that Mr. Turchan has withdrawn his objection to the production of the agreement between himself, QQC, Mr. Mistry and Hewlett Packard. I do not believe that this represents Mr. Turchan's current position. As noted in the attached correspondence, Mr. Turchan's withdrawal of the objection is subject to a condition precedent; a condition that has not been met. Further, Hewlett Packard does not agree to pay Mr. Turchan's expenses that were incurred without Hewlett Packard's approval and without cause. If Polaroid would like to pay these expenses, the condition will be met and I will re-produce this agreement under the protective order.

Please do not hesitate to contact me if you have any questions.

Very truly yours,

John Bustamante

JYB/ctl

11028831.doc

**Celina Laney**

| | |
|---|---|
| **From:** | Turchan, Manuel C. [mct@turchan.com] |
| **Sent:** | Friday, October 05, 2007 1:06 PM |
| **To:** | Celina Laney |
| **Subject:** | RE: HP/Polaroid - 18296-013LL1 - 2007-10-03 Later to Jordan fr Bustamante re Turchan |

I have discussed this matter with my counsel, spoken with Polaroid counsel, further reiterated the issues with my counsel and pending confirmation from Fish & Richardson that they will reimburse my legal costs ($750), I am willing to retract my objection.

*Manuel C. Turchan*
Turchan Technologies Group, Inc.
P: (313) 581-0043
F: (313) 581-2480

**From:** Celina Laney [mailto:Laney@fr.com]
**Sent:** Wednesday, October 03, 2007 4:23 PM
**To:** Turchan, Manuel C.
**Subject:** HP/Polaroid - 18296-013LL1 - 2007-10-03 Ltr to Jordan fr Bustamante re Turchan

PLEASE SEE ATTACHED CORRESPONDENCE ON BEHALF OF JOHN BUSTAMANTE.

THANK YOU,

*Celina Laney*
🖋 FISH & RICHARDSON, P.C.
ONE CONGRESS PLAZA
111 CONGRESS AVENUE, SUITE 810
AUSTIN, TEXAS 78701
DIRECT DIAL: (512) 226-8117
MAIN NO. (512) 472-5070
FAX NO. (512) 320-8935
LANEY@FR.COM

THIS EMAIL MESSAGE IS FOR THE SOLE USE OF THE INTENDED RECIPIENT(S) AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION. ANY UNAUTHORIZED USE OR DISCLOSURE IS PROHIBITED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE CONTACT THE SENDER BY REPLY EMAIL AND DESTROY ALL COPIES OF THE ORIGINAL MESSAGE.


DISCLAIMER:
This E-Mail is strictly confidential and intended solely for the addressee. It may contain information which is covered by the legal profession or other privilege. If you are not the intended addressee you must not use, disclose or copy this transmission.

This E-Mail (unless it contains a PDF attachment(s) with digital signature(s) for the purpose of conveying a business commitment) is not intended to impose, nor shall it be construed, as imposing any legally binding obligation upon Turchan Technologies Group, Inc. and/or any of its subsidiaries or associated companies.

Neither Turchan Technologies Group, Inc. nor any of its subsidiaries or associated companies gives any representation or warranty as to the accuracy or completeness of the content of this E-Mail. Turchan Technologies Group, Inc. shall not be held liable to any person/entity resulting from the use of any information contained in this communication nor shall it be liable to any person/entity who acts or omits to do anything in reliance upon it.

10/8/2007

EXHIBIT 34

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois  60601

Maria A. Meginnes
To Call Writer Directly:
312.861.3220
mmeginnes@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200
Dir. Fax: 312.846.9196

April 28, 2008

**VIA EMAIL**

Matthew C. Bernstein, Esq.
Mintz Levin Cohn Ferris Glovsky and Popeo PC
5355 Mira Sorrento Place, Suite 600
San Diego, CA 92121-3039

Re:    *Polaroid Corporation v. Hewlett-Packard Company*
       USDC-D. Del. - C.A. No. 06-738 (SLR)

Dear Mr. Bernstein:

    I write regarding the report filed by Robert H. Wallace.  A document Bates-stamped HP_66695-66707 is cited on page 11 of Exhibit 6 to Mr. Wallace's report.  Polaroid does not have a copy of this document in HP's production.  Please produce this document.

        Very truly yours,

        Maria A. Meginnes

        Maria A. Meginnes

cc:    William M. Boyd, Esq.
       Jack B. Blumenfeld, Esq.

# EXHIBIT 35

----- Forwarded by Maria Meginnes/Chicago/Kirkland-Ellis on 04/28/2008 04:35 PM -----

| | | |
|---|---|---|
| **"Bernstein, Matthew"** <MBernstein@mintz.com> | To | "Maria Meginnes" <MMeginnes@kirkland.com> |
| 04/28/2008 02:32 PM | cc | |
| | Subje ct | RE: Polaroid v. HP: Correspondence |

Maria,

The document referenced in your letter should be attached.  Our records indicate it was produced to your office in 10/07.  Please let me know if you have any questions.

Regards,
Matt

**From:** Maria Meginnes [mailto:MMeginnes@kirkland.com]
**Sent:** Monday, April 28, 2008 12:17 PM
**To:** Bernstein, Matthew
**Subject:** Polaroid v. HP: Correspondence

Dear Matthew,

Please see the attached.

Best regards,

Maria

**Maria A. Meginnes| Attorney | Kirkland & Ellis LLP**
200 EAST RANDOLPH DRIVE • 73RD FLOOR | CHICAGO, IL 60601 | TEL: (312) 861-3220 | FAX:(312) 846-9196

*************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*************************************************************

----------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

------------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:

The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be

reimbursed for reasonable costs incurred in notifying us. HP0066695-HP0066707 - Settlement Agreement.pdf

EXHIBIT 36

| | | |
|---|---|---|
| **Courtney Holohan**/Chicago/Kirkland-Ellis | To | coburn@fr.com |
| | cc | |
| 10/03/2007 07:01 PM | bcc | Katie O' Brien/Chicago/Kirkland-Ellis |
| | Subject | Document Production |

Bradley:

I write to follow up on your letter of today to Michelle Jordan. Consistent with our previous written requests, please let us know what you mean by "all licenses" in your letter of today, including a description of the search HP has conducted. Particularly in light of the few license and settlement agreements produced, we remain concerned that we have not received all responsive documents in this category. Please also produce all documents and agreements referenced in the produced licenses, settlement agreements, cross licenses, and related documents. Please also provide us with the name and contact information of any third party who has objected to production or requested additional information, as described in your letter of today.

Best regards,

Courtney Holohan

G. Courtney Holohan
Kirkland & Ellis LLP
200 E. Randolph Drive
Chicago, IL 60601
Phone: 312-861-3027
Fax: 312-861-2200

EXHIBIT 37

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Courtney Holohan
To Call Writer Directly:
312 861-3027
cholohan@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200
Dir. Fax: (312) 861-2200

October 7, 2007

VIA EMAIL

Bradley D. Coburn, Esq.
Fish & Richardson, P.C.
One Congress Plaza
Suite 810
Austin, Texas 78701

Re:     *Polaroid Corporation v. Hewlett Packard Company*
USDC-D. Del.-C.A. No. 06-738 (SLR)

Dear Mr. Coburn:

I write in response to your letter dated October 5, 2007 regarding HP's production of license agreements.

We believe your list omits at least the following information to which the parties specifically agreed during their meet and confer discussions:

- Although you only mention "licenses that were entered into between the years 1997 and 2007," the parties agreed that HP also would produce any license that was renewed during this timeframe.

- The parties agreed that HP would also produce any cross-license agreement that contains a lump sum or running royalty in either direction; the only cross license agreements that HP need not produce are those that are completely royalty free at all times during the life of the agreement.

- The parties agreed that HP would produce licenses related to scanners, including all-in-ones, in addition to those related to printers, cameras, software, and kiosks.

Please confirm that HP is searching for, and intends to produce, this information as well.

October 7, 2007
Page 2


In addition, as I requested in my e-mail of yesterday, please (1) produce the Turchan agreement; (2) provide status and contact information for FoxLink, Konica, and Microsoft; and (3) confirm that you will produce all documents referenced in any produced agreement.

Finally, please provide a date certain by which all agreements will be produced.


Very truly yours,

Courtney Holohan

cc:    William M. Boyd, Esq.
       Jack M. Blumenfeld, Esq.

# EXHIBIT 38

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Courtney Holohan
To Call Writer Directly:
312 861-3027
cholohan@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200
Dir. Fax: (312) 861-2200

October 19, 2007

<u>VIA EMAIL</u>

Bradley D. Coburn, Esq.
Fish & Richardson, P.C.
111 Congress Avenue, Suite 810
Austin, TX 78701

      Re:    *Polaroid Corporation v. Hewlett Packard Company*
             USDC-D. Del.-C.A. No. 06-738 (SLR)

Dear Mr. Coburn:

      I write in response to your letter of October 9, 2007 to David Higer, and to follow up on our letters of October 4, 2007 and October 7, 2007 regarding HP's deficient document production.

      In appropriately completing its document production, Polaroid complied with the Federal Rules of Civil Procedure, and complied with HP's unreasonable insistence on broad search requests.  Your unspecified, vague accusations that Polaroid did anything other than spend an incredible amount of time and money ensuring that its production complied with HP's demands, is nothing more than makeweight calculated to inappropriately increase the costs of this litigation.  We fully explained the genesis of the few documents that you cite in our letter of October 4, 2007.  In response — highlighting HP's continuing frivolous and inappropriate allegations — HP does not identify a single document that it believes it is missing.

      In contrast, we have identified a number of very specific documents that we are missing from HP's production.  *See, e.g.*, Letters of October 4, 7, 18 and 19.  Rather than make *any* attempt to search for and produce the relevant documents that we have requested — and rather than cite to a single bates number in support of any argument that HP has actually produced the documents we believe we are missing — *HP actually demands that Polaroid re-raise its concerns regarding these previously identified missing documents*, once again unnecessarily and inappropriately increasing the costs of this action.

      Pursuant to HP's inappropriate demand, we reiterate our specific requests for documents missing from HP's production on the following page.

Chicago      Hong Kong      London      Munich      New York      San Francisco      Washington, D.C.

October 19, 2007
Page 2

(i)         **TACE** source code.

(ii)        **Product manuals and guides, and specification and data sheets,** for HP's products listed in Interrogatory No. 15, and for any other HP offering that includes adaptive lighting or digital flash.

(iii)       **Product development documents** for HP's products listed in Interrogatory No. 15, and for any other HP offering that includes adaptive lighting or digital flash. Examples of the types of product development documents that we would expect to find in HP's production for these products are Program Meeting/Digital Imaging Team Meeting Notes, Test Design Documents, Consumer Messaging Documents, Documentation Data Sheets, User Experience Specifications, Software Planning Documents, Statement of Work Documents, Project Plans, Product Data Sheets, Design Documents (*e.g.*, IRS, SFS), Product Development Plans, Program Schedules, Test/Quality Plans, Prototype Builds, Tooling Budget and Schedule, Alpha and Beta Testing Documents, Assembly and Process Documents, Operational Plans, etc.

(iv)        **Market research** information for HP's products listed in Interrogatory No. 15, and for any other HP offering that includes adaptive lighting or digital flash, as specifically described in Polaroid's October 18, 2007 letter regarding E. Dogan's deposition.

(v)         Documents related to **sales** of the products at issue, including unit, price, profit, revenue, cost, and bills of material, as described in Polaroid's letter of October 18 regarding E. Dogan's deposition. We would also expect to find **internal financial reporting documents** for divisions that cover HP's products listed in Interrogatory No. 15, and for any other HP offering that includes adaptive lighting or digital flash. Examples of such internal financial reporting documents that we would expect to see, for example, are Imaging and Printing Group quarterly and annual financial reports, Personal Printing quarterly and annual financial reports, and Consumer Imaging & Printing quarterly and annual financial reports.

(vi)        **Convoy sales** documents, as described in Polaroid's letter of October 19.

(vii)       All **license, settlement, and cross license agreements** from 1997 to the present — as discussed during our meet and confer on September 13 and 14, and as we have requested in follow up correspondence (*see, e.g.*, October 7, 2007 letter) — including but not limited to HP's method for valuing or evaluating patent licensing agreements, documents cited within produced agreements, and documents relating to the communications and negotiations of these license agreements. As we have previously explained, the categories you have set forth (most recently in your letter dated October 11 and sent to us on October 12) do not capture all of the licenses at issue. Please produce the remaining agreements, and then confirm in writing that HP has produced every single document described in my October 7, 2007 letter.

October 19, 2007
Page 3

(viii)      **Board meeting minutes and presentations.**

(ix)      **Moroney documents**, including for example, documents and communications regarding Moroney's work on 6,813,041, 6,822,762, 6,741,753, and *Local Color Correction*; deposition transcripts; and communications between Moroney and Polaroid.

     Again, if HP contends that it has produced sufficient documents responsive to the specific requests Polaroid has outlined above, please confirm by identifying those documents by Bates number.  Otherwise, we again request that HP supplement its production with at least these documents by Tuesday, October 23, 2007.

             Very truly yours,

             /Courtney/

             Courtney Holohan

cc:    William M. Boyd, Esq.
       Jack M. Blumenfeld, Esq.

# EXHIBIT 39

| "Jennifer Pierce"<br><pierce@fr.com> | To | <ggerst@kirkland.com> |
|---|---|---|
| 03/11/2008 08:28 AM | cc | |
| | Subject | HP/Polaroid:  document production |

Dear Mr. Gerst:

Attached please find HP's production document labeled HP_95334-HP_95344.  This document has been labeled Outside Counsel Only, under the protective order.

Thank you for your attention to this matter.

Regards,

**Jennifer L. Pierce**
**Litigation Case Manager**

~ Fish & Richardson P.C.

**919 N. Market Street, Suite 1100 | P.O. Box 1114 | Wilmington, DE  19899-1114**
**' (302) 778-8422 | ⊠ pierce@fr.com | www.fr.com**

******************************************************************************************************************

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

******************************************************************************************************************

EXHIBIT 40

REDACTED

# EXHIBIT 41

| "Jennifer Pierce" <pierce@fr.com> | To | <MMeginnes@kirkland.com>, <dhiger@kirkland.com> |
|---|---|---|
| 03/12/2008 02:43 PM | cc | |
| | Subject | HP/Polaroid: document production |

Dear Ms. Meginnes & Mr. Higer:

Attached please find HP's production document labeled HP_95345-HP_95363, which is the attachment to previously produced HP_66069-HP_66081.  This document has been labeled Outside Counsel Only, under the protective order.  Thank you for your attention to this matter.


Regards,
Jennifer L. Pierce
Litigation Case Manager

~ Fish & Richardson P.C.
919 N. Market Street, Suite 1100 | P.O. Box 1114 | Wilmington, DE  19899-1114
' (302) 778-8422 | ⊠  pierce@fr.com | www.fr.com

*********************************************************************************
***********************************

This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized use or disclosure is
prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication
(including any attachments) is not intended or written to be used, and cannot be used,
for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter
addressed herein.

*********************************************************************************
***********************************

# EXHIBIT 42

# FISH & RICHARDSON P.C.

12390 El Camino Real
San Diego, California
92130

Telephone
858 678-5070

Facsimile
858 678-5099

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA EMAIL**

April 2, 2008

Maria A. Meginnes
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Re:     *Polaroid Corporation v. Hewlett-Packard Company*
        USDC-D. Del. - C.A. No. 06-738 (SLR) (D.Del.)



Dear Ms. Meginnes:

Attached hereto, please find a recently executed HP agreement bearing bates number:

HP_97162 – HP_97221 – Motorola Agreement

This document is designated as OUTSIDE COUNSEL ONLY and under the protective order needs to be treated as such.

Very truly yours,

Kellye Kruizinga
Litigation Paralegal

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
MUNICH
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Encl.

10823783.doc

# EXHIBIT 43

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Maria A. Meginnes
To Call Writer Directly:
312.861.3220
mmeginnes@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200
Dir. Fax: 312.846.9196

April 2, 2008

**VIA EMAIL**

John E. Giust, Esq.
Fish & Richardson, P.C.
12390 El Camino Real
San Diego, CA 92130

Re:  *Polaroid Corporation v. Hewlett-Packard Company*
USDC-D. Del. - C.A. No. 06-738 (SLR)

Dear Mr. Giust:

I write to object to HP's late production of the document Bates-stamped HP_97162–HP_97221. Please be advised that Polaroid will move to preclude HP's or its experts' use of, and reliance on, this agreement.

Very truly yours,

*Maria A. Meginnes*

Maria A. Meginnes

cc:    William M. Boyd, Esq.
       Jack B. Blumenfeld, Esq.

Hong Kong       London       Los Angeles       Munich       New York       San Francisco       Washington, D.C.

# EXHIBIT 44

REDACTED

EXHIBIT 45

# FISH & RICHARDSON P.C.

12390 El Camino Real
San Diego, California
92130

Telephone
858 678-5070

Facsimile
858 678-5099

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA EMAIL**

April 18, 2008

Maria A. Meginnes
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Re:   *Polaroid Corporation v. Hewlett-Packard Company*
      USDC-D. Del. - C.A. No. 06-738 (SLR) (D.Del.)

Dear Ms. Meginnes:

Attached hereto, please find an HP production document bearing bates number
HP97229.

The document is designated as CONFIDENTIAL and under the protective order
needs to be treated as such.

Very truly yours,

Kellye Kruizinga
Litigation Paralegal

Encl.

10827781.doc

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
MUNICH
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Exhibit 46

# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Maria A. Meginnes
To Call Writer Directly:
312.861.3220
mmeginnes@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200
Dir. Fax: 312.846.9196

April 22, 2008

**VIA EMAIL**

John E. Giust, Esq.
Mintz Levin Cohn Ferris Glovsky and Popeo PC
5355 Mira Sorrento Place, Suite 600
San Diego, CA 92121-3039

Re:    *Polaroid Corporation v. Hewlett-Packard Company*
       USDC-D. Del. - C.A. No. 06-738 (SLR)

Dear Mr. Giust:

I write to object to HP's late production of the document Bates-stamped HP_97229. Please be advised that Polaroid will move at the appropriate time to preclude HP's or its experts' use of, and reliance on, these documents.

Very truly yours,

*Maria A. Meginnes*

Maria A. Meginnes

cc:    William M. Boyd, Esq.
       Jack B. Blumenfeld, Esq.

Hong Kong        London        Los Angeles        Munich        New York        San Francisco        Washington, D.C.

EXHIBIT 47

REDACTED

# EXHIBIT 48

# FISH & RICHARDSON P.C.

12390 El Camino Real
San Diego, California
92130

Telephone
858 678-5070

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Facsimile
858 678-5099

Web Site
www.fr.com

**VIA EMAIL**

March 13, 2008

Maria A. Meginnes
C. Graham Gerst
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Re:     *Polaroid Corporation v. Hewlett-Packard Company*
        USDC-D. Del. - C.A. No. 06-738 (SLR) (D.Del.)

Dear Counsel:

Attached hereto, please find an HP Production document bearing bates number:

HP_95364 – Polaroid SKU Pricing - (Excel Spreadsheet)

This document is designated as OUTSIDE COUNSEL ONLY and under the protective order needs to be treated as such.

Very truly yours,

Kellye Kruizinga
Litigation Paralegal

Encl.

ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

MUNICH

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

10818934.doc

EXHIBIT 49

# FISH & RICHARDSON P.C.

12390 El Camino Real
San Diego, California
92130

Telephone
858 678-5070

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Facsimile
858 678-5099

**VIA EMAIL**

Web Site
www.fr.com

March 31, 2008

Maria A. Meginnes
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Re:    *Polaroid Corporation v. Hewlett-Packard Company*
       USDC-D. Del. - C.A. No. 06-738 (SLR) (D.Del.)



ATLANTA

Dear Ms. Meginnes:

AUSTIN

Attached hereto, please find an HP Production bearing bates:

BOSTON

DALLAS

HP_97160 – legal_frank_mar08_v2; and
HP_97161 – legal_frank_mar26_addl skus from Mar10 email

DELAWARE

MUNICH

The documents are designated as OUTSIDE COUNSEL ONLY, and under the
protective order need to be treated as such.

NEW YORK

SAN DIEGO

Very truly yours,

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Kellye Kruizinga
Litigation Paralegal

Encl.

10823297.doc

EXHIBIT 50

# FISH & RICHARDSON P.C.

12390 El Camino Real
San Diego, California
92130

Frederick P. Fish
1855-1930

Telephone
858 678-5070

W.K. Richardson
1859-1951

**VIA EMAIL**

Facsimile
858 678-5099

April 11, 2008

Web Site
www.fr.com

Maria A. Meginnes
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601

Re:  *Polaroid Corporation v. Hewlett-Packard Company*
     USDC-D. Del. - C.A. No. 06-738 (SLR) (D.Del.)



Dear Ms. Meginnes:

ATLANTA

Attached hereto, please find the following excel spreadsheets bearing bates range
HP_97222 - HP_97224:

AUSTIN

BOSTON

DALLAS

HP_97222 – HP Patent List

DELAWARE

HP_97223 – PSIZusepermonth

MUNICH

NEW YORK

HP_97224 – PE Data_Summer06

SAN DIEGO

SILICON VALLEY

The documents are designated as OUTSIDE COUNSEL ONLY and under the
protective order needs to be treated as such.

TWIN CITIES

WASHINGTON, DC

Very truly yours,

Kellye Kruizinga
Litigation Paralegal

Encls.

10826124.doc

# EXHIBIT 51

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Maria A. Meginnes
To Call Writer Directly:
312.861.3220
mmeginnes@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200
Dir. Fax: 312.846.9196

April 14, 2008

**VIA EMAIL**

John E. Giust, Esq.
Fish & Richardson, P.C.
12390 El Camino Real
San Diego, CA 92130

Re:     *Polaroid Corporation v. Hewlett-Packard Company*
        USDC-D. Del. - C.A. No. 06-738 (SLR)

Dear Mr. Giust:

I write to object to HP's late production of the documents Bates-stamped HP_97160, HP_97161, HP_97222, HP_97223, and HP_97224.  Please be advised that Polaroid will move at the appropriate time to preclude HP's or its experts' use of, and reliance on, these documents.

Very truly yours,

*Maria A. Meginnes*

Maria A. Meginnes

cc:     William M. Boyd, Esq.
        Jack B. Blumenfeld, Esq.

Hong Kong          London          Los Angeles          Munich          New York          San Francisco          Washington, D.C.