IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POLAROID CORPORATION,

    Plaintiff and Counterclaim Defendant,

    v.

HEWLETT-PACKARD COMPANY,

    Defendant and Counterclaim Plaintiff.

C.A. No. 06-738-SLR

**REDACTED**

**DECLARATION OF RAYMOND N. SCOTT, JR.
IN SUPPORT OF DEFENDANT HEWLETT-PACKARD'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF POLAROID CORPORATION'S MOTION
FOR SUMMARY JUDGMENT UNDER 35 U.S.C. § 287**

**FISH & RICHARDSON P.C.**
William J. Marsden, Jr. (#2247)
Raymond N. Scott, Jr. (#4949)
919 N. Market Street, Suite 1100
Wilmington, DE 19801
Tel.: (302) 652-5070
Fax: (302) 652-0607
Email: marsden@fr.com; rscott@fr.com

Robert S. Frank, Jr. *(pro hac vice)*
Daniel C. Winston *(pro hac vice)*
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02109
Tel.: (617) 248-5000
Fax: (617) 248-4000
Emails: rfrank@choate.com; dwinston@choate.com

John E. Giust *(pro hac vice)*
Matthew E. Bernstein *(pro hac vice)*
MINTZ, LEVIN, COHN, FERRIS,
    GLOVSKY AND POPEO PC
5355 Mira Sorrento Place, Suite 600
San Diego, CA 92121-3039
Tel.: (858) 320-3000
Fax: (858) 320-3001
Emails: jgiust@mintz.com; mbernstein@mintz.com

*Attorneys for Defendant and Counterclaim-Plaintiff
Hewlett-Packard Company*

Dated: June 5, 2008

4338175v1

I, Raymond N. Scott, Jr., declare as follows:

1.    I am an attorney with Fish & Richardson P.C., counsel for Hewlett-Packard Company.  I am a member of the Bar of the State of Delaware and of this Court.  I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2.    Attached hereto as <u>Exhibit 1</u> is a true and correct copy of excerpts of the Declaration of Dr. Dan Schonfeld, the Expert Report of Dr. Dan Schonfeld, and accompanying exhibits A-C.

3.    Attached hereto as <u>Exhibit 2</u> is a true and correct copy of excerpts of the Deposition of Julian Bullitt, dated January 24, 2008.

4.    Attached hereto as <u>Exhibit 3</u> is a true and correct copy of excerpts of the Deposition of Jay Thornton, dated November 16, 2007.

5.    Attached hereto as <u>Exhibit 4</u> is a true and correct copy of excerpts of the Deposition of Dr. Dan Schonfeld, dated May 7, 2008.

6.    Attached hereto as <u>Exhibit 5</u> is a true and correct copy of the "Dodge and Burn source code," Deposition Exhibit 5 from the Deposition of Julian Bullitt.

7.    Attached hereto as <u>Exhibit 6</u> is a true and correct copy of Hewlett-Packard Company's Notice of Agreement to Polaroid's Proposed Construction of "Averaging" and "Average," dated May 15, 2008.

8.    Attached hereto as <u>Exhibit 7</u> is a true and correct copy of the "Adaptive Sharpening source code, " Deposition Exhibit 6 from the Deposition of Julian Bullitt.

9.    Attached hereto as <u>Exhibit 8</u> is a true and correct copy of excerpts of the document "Polaroid Project Memo," at CRA 005406-10.

10.    Attached hereto as <u>Exhibit 9</u> is a true and correct copy of the document, "Thornton 1/02 Status Report," at POL 000700-705.

11.    Attached hereto as <u>Exhibit 10</u> is a true and correct copy of excerpts of the document, "Polaroid 1/06 IP Monetization Project," at CRA 007452.

12.    Attached hereto as <u>Exhibit 11</u> is a true and correct copy of excerpts from Polaroid Corporation's Response to Hewlett-Packard Company's Second Set of Interrogatories, verified February 4, 2008.

13.    Attached hereto as <u>Exhibit 12</u> is a true and correct copy of excerpts of Hewlett-Packard Company's First Set of Requests for Production of Documents, dated May 22, 2007.

14.    Attached hereto as <u>Exhibit 13</u> is a true and correct copy of excerpts of Hewlett-Packard Company's First Set of Interrogatories, dated May 22, 2007.

15.    Attached hereto as <u>Exhibit 14</u> is a true and correct copy of excerpts of Hewlett-Packard's Second Set of Requests for Production of Documents, dated July 6, 2007.

16.    Attached hereto as <u>Exhibit 15</u> is a true and correct copy of excerpts of Hewlett-Packard's Third Set of Requests for Production of Documents, dated July 31, 2007.

17.    Attached hereto as <u>Exhibit 16</u> is a true and correct copy of excerpts of Polaroid Corporation's Response to Hewlett-Packard Company's First Set of Interrogatories, dated June 21, 2007.

18.    Attached hereto as <u>Exhibit 17</u> is a true and correct copy of the Notice of Deposition of Polaroid Corporation Pursuant to Fed. R. Civ. P. 30(b)(6) Regarding Polaroid Products, dated August 20, 2007.

19.     Attached hereto as <u>Exhibit 18</u> is a true and correct copy of a letter dated November 19, 2007 from William J. Marsden, Jr. to the Honorable Sue L. Robinson, filed as D.I. 74.

20.     Attached hereto as <u>Exhibit 19</u> is a true and correct copy of a letter dated December 18, 2007 from John E. Giust to David W. Higer.

21.     Attached hereto as <u>Exhibit 20</u> is a true and correct copy of a letter dated January 3, 2008 from John E. Giust to David W. Higer.

22.     Attached hereto as <u>Exhibit 21</u> is a true and correct copy of Hewlett-Packard Company's Second Set of Interrogatories, dated January 2, 2008.

23.     Attached hereto as <u>Exhibit 22</u> is a true and correct copy of a letter dated January 29, 2008 from John E. Giust to David W. Higer.

24.     Attached hereto as <u>Exhibit 23</u> is a true and correct copy of a letter dated February 7, 2008 from John E. Giust to David W. Higer.

25.     Attached hereto as <u>Exhibit 24</u> is a true and correct copy of excerpts of the Deposition of Dr. Peggy Agouris, dated May 6, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th of June, 2008, at Wilmington, Delaware.

*/s/ Raymond N. Scott, Jr.*
Raymond N. Scott, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2008, I electronically filed with the Clerk of Court the

foregoing document using CM/ECF which will send electronic notification of such filing(s) to

the following counsel:

| | |
|---|---|
| ***Via Email***<br>Jack B. Blumenfeld (#1014)<br>Julia Heaney (#3052)<br>Morris, Nichols, Arsht & Tunnell, LLP<br>1201 North Market Street<br>Wilmington, DE 19899-1347<br>Phone: 302-658-9200<br>Fax: 302-658-3989<br>Emails: jblumenfeld@mnat.com; jheaney@mnat.com | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |
| ***Via Email***<br>Russell E. Levine, P.C.<br>Michelle W. Skinner/David W. Higer<br>Maria A. Meginnes/Courtney Holohan/C. Beasley<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL 60601<br>Phone: 312-861-2000<br>Fax: 312-861-2200<br>Emails: rlevine@kirkland.com; ggerst@kirkland.com;<br>mskinner@kirkland.com; dhiger@kirkland.com;<br>mmeginnes@kirkland.com; mmeginnes@kirkland.com;<br>cbeasley@kirkland.com | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |

***Courtesy Copy Via Federal Express***
Michelle W. Skinner
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Phone: 312-861-2000
Fax: 312-861-2200

/s/ Raymond N. Scott, Jr.
Raymond N. Scott, Jr.

4338175v1

# Exhibit 1

# REDACTED
# IN ITS ENTIRETY

# Exhibit 2

# REDACTED
# IN ITS ENTIRETY

# Exhibit 3

# REDACTED
# IN ITS ENTIRETY

# Exhibit 4

# REDACTED
# IN ITS ENTIRETY

# Exhibit 5

# REDACTED
# IN ITS ENTIRETY

# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POLAROID CORPORATION,

    Plaintiff and Counterclaim Defendant,

    v.

HEWLETT-PACKARD COMPANY,

    Defendants and Counterclaim Plaintiff.

C.A. No. 06-738-SLR

## HEWLETT-PACKARD COMPANY'S NOTICE OF AGREEMENT TO POLAROID'S PROPOSED CONSTRUCTION OF "AVERAGING" AND "AVERAGE"

In the parties' submissions regarding claim construction, Hewlett-Packard Company ("HP") proposed constructions for the terms "averaging" (in claims 1 and 7) and "average" (in claims 1,2, 7 and 8) of U.S. Patent No. 4,829,381 that differed from the constructions for those terms proposed by Polaroid Corporation ("Polaroid"). In the interest of reducing the number of disputed claim terms that the Court must resolve, HP hereby agrees to Polaroid's proposed constructions of the terms "averaging" and "average." For the convenience of the Court, attached hereto as Exhibit A are replacements for pages 3 and 4 of the Joint Claim Construction Chart (D.I. 90) to reflect that "HP agrees to Polaroid's construction" for each of these terms. Attached hereto at Exhibit B are redlined versions of these same pages to reflect the changes from the original filing.

FISH & RICHARDSON P.C.

    */s/ William J. Marsden, Jr*
William J. Marsden, Jr. (#2247)
Raymond N. Scott, Jr. (#4949)
919 N. Market Street, Suite 1100
Wilmington, DE 19801
Telephone: (302) 652-5070

CHOATE, HALL & STEWART

*/s/ Robert S. Frank, Jr.*
Robert S. Frank, Jr.
Daniel C. Winston
Two International Place
Boston, MA  02110
Telephone:  (617) 248-5000

MINTZ COHN FERRIS GLOVSKY & POPEO, P.C.

*/s/ John E. Giust*
John E. Giust
Matthew C. Bernstein
5355 Mira Sorrento Place, Suite 600
San Diego, CA 92121-3039
Telephone:  858-320-3000

*Attorneys for Defendant and Counterclaim-Plaintiff*
*Hewlett-Packard Company*

Dated:  May 15, 2008

2

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2008, I electronically filed with the Clerk of Court the

foregoing document using CM/ECF which will send electronic notification of such filing(s) to

the following counsel:

| | |
|---|---|
| ***Via Email***<br>Jack B. Blumenfeld (#1014)<br>Julia Heaney (#3052)<br>Morris, Nichols, Arsht & Tunnell, LLP<br>1201 North Market Street<br>Wilmington, DE 19899-1347<br>Phone:  302-658-9200<br>Fax:  302-658-3989<br>Emails:  jblumenfeld@mnat.com; jheaney@mnat.com | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |
| ***Via Email***<br>Russell E. Levine, P.C.<br>Michelle W. Skinner/David W. Higer<br>Maria A. Meginnes/Courtney Holohan/C. Beasley<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL  60601<br>Phone:  312-861-2000<br>Fax:  312-861-2200<br>Emails:  rlevine@kirkland.com; ggerst@kirkland.com;<br>mskinner@kirkland.com; dhiger@kirkland.com;<br>mmeginnes@kirkland.com; mmeginnes@kirkland.com;<br>cbeasley@kirkland.com | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |

***Courtesy Copy Via Federal Express***
Michelle W. Skinner
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
Phone:  312-861-2000
Fax:  312-861-2200

/s/ *William J. Marsden, Jr.*
William J. Marsden, Jr.

80060742.doc

# Exhibit 7

# REDACTED
# IN ITS ENTIRETY

# Exhibit 8

# REDACTED
# IN ITS ENTIRETY

# **Exhibit 9**

# REDACTED
# IN ITS ENTIRETY

# Exhibit 10

# REDACTED
# IN ITS ENTIRETY

# Exhibit 11

# REDACTED
# IN ITS ENTIRETY

# Exhibit 12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POLAROID CORPORATION,

    Plaintiff and Counterclaim-Defendant,

      v.

HEWLETT-PACKARD COMPANY,

    Defendant and Counterclaim-Plaintiff.

C.A. No. 06-738 (SLR)

## HEWLETT-PACKARD COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO POLAROID CORPORATION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant and Counterclaim-Plaintiff Hewlett-Packard Company ("HP") hereby requests that Plaintiff and Counterclaim-Defendant Polaroid Corporation ("Polaroid") respond to these requests by producing for inspection and copying the documents described below at the offices of Fish & Richardson P.C., 12390 El Camino Real, San Diego, CA 92130 within thirty (30) days of service of this request or at such other times and places as counsel for the parties may agree.

## DEFINITIONS

1.    "HP" means Hewlett-Packard Company and its predecessors including its officers, directors, employees, agents and attorneys and subsidiaries and/or divisions.

2.    "Polaroid," "plaintiff," "you," or "your" refers to Polaroid Corporation, including its past and present members, principals, management, directors, employees, agents, consultants, attorneys and others acting or purporting to act on plaintiff's behalf, and including the predecessor(s) in interest to the patent-in-suit, its subsidiaries, parents,

1

**REQUEST FOR PRODUCTION NO. 9:**

All documents relating to or comprising communications with any third party (or referring to or comprising presentations to any third party) in which HP or any HP product was referenced or discussed in the communication.

**REQUEST FOR PRODUCTION NO. 10:**

All documents relating to Polaroid's allegations of infringement of any Accused Product.

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to any litigation or threatened litigation between Polaroid and any third party relating to the Patent-In-Suit or the technology that is the subject of the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 12:**

All documents that relate to any product, invention, or device that embodies any claim of the Patent-in-Suit.

**REQUEST FOR PRODUCTION NO. 13:**

All documents that relate to or refer to Donald S. Levinstone or Woo-Jin Song, both named inventors of the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 14:**

All documents relating to or supporting Polaroid's contention that HP's alleged infringement was/is willful and/or deliberate.

**REQUEST FOR PRODUCTION NO. 15:**

All documents relating to the ownership, assignment, and/or licensing at any time of the Patent-in-Suit.

**REQUEST FOR PRODUCTION NO. 16:**

All documents relating to any inquiry, investigation, evaluation, discussion, negotiation, or agreement regarding the ownership, assignment, and/or licensing of the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 17:**

All documents relating to or resulting from any searches for prior art related to the Patent-In-Suit or any genealogically related patent.

**REQUEST FOR PRODUCTION NO. 18:**

All documents relating to or comprising the application that led to the Patent-In-Suit or any genealogically related patent.

**REQUEST FOR PRODUCTION NO. 19:**

All documents relating to or resulting from any searches for prior art relating to the prosecution of the Patent-In-Suit or any genealogically related patent.

**REQUEST FOR PRODUCTION NO. 20:**

All documents relating to or constituting communications or correspondence with any patent attorney or patent agent in connection with the filing or prosecution of the application that led to the Patent-In-Suit or any genealogically related patent.

**REQUEST FOR PRODUCTION NO. 21:**

All documents relating to the conception, development, programming, testing, and/or manufacture of any of any product covered by or within the scope of any claim of the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 22:**

All documents relating to or constituting the first written description of the alleged invention disclosed and claimed in the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 23:**

All documents relating to or constituting the first written description of any and all inventions, methods, products, and devices used in connection with any alleged invention described or shown in the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 24:**

All documents relating to or constituting the first disclosure or demonstration to any person, organization, or group of any and all inventions, methods, products, or devices described or shown in the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 25:**

All documents relating to or constituting speeches, interviews, publications, press releases, articles, trade shows, or conferences, whether or not made under obligation of confidentiality, regarding any inventions, methods, products, or devices described or shown in the Patent-in-Suit.

**REQUEST FOR PRODUCTION NO. 26:**

All documents relating to or constituting any research or development regarding any inventions, methods, products, or devices described in the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 27:**

All documents relating to or evidencing the first reduction to practice by Polaroid or any individual inventor of the Patent-In-Suit of any invention, method, product, or device described or shown in the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 28:**

All documents relating to or constituting any publication by any named inventor of the Patent-In-Suit or any of the Patent-In-Suit's foreign counterparts.

**REQUEST FOR PRODUCTION NO. 29:**

One working unit of each product that embodies any claim of the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 30:**

All documents relating to Polaroid's alleged damages.

**REQUEST FOR PRODUCTION NO. 31:**

All documents Polaroid intends to rely on to support any alleged damages in this matter, including without limitation all documents that comprise the basis for any calculations of lost profits or a reasonable royalty for the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 32:**

All documents relating to any license or sublicense agreement regarding the Patent-In-Suit, regardless of whether additional patents were involved.

**REQUEST FOR PRODUCTION NO. 33:**

All documents relating to the negotiation of any license or sublicense agreement (regardless of whether any agreement was in fact executed) regarding the Patent-In-Suit, regardless of whether additional patents were involved.

**REQUEST FOR PRODUCTION NO. 34:**

As to each product developed, manufactured, or assembled by or for Polaroid that embodies any claim of the Patent-In-Suit and from the first date of sale to present, documents sufficient to show by unit number, version number, or other identifying data the sales of the product on a quarterly and annual basis.

**REQUEST FOR PRODUCTION NO. 35:**

As to each product developed, manufactured, or assembled by or for Polaroid that embodies any claim of the Patent-In-Suit, all press releases, product announcements, or product advertisements relating to any such product.

16

**REQUEST FOR PRODUCTION NO. 36:**

All business planning documents that describe, discuss, evaluate, or relate to the Patent-In-Suit or any invention, product, or device that embodies any claim of the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 37:**

All documents relating to any research or development costs anticipated or incurred in the development of any invention, product, or device developed, manufactured, or assembled by or for Polaroid that embodies any claim of the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 38:**

All documents relating to any legal or administrative proceedings in any way relating to or referring to the Patent-In-Suit or any foreign counterpart of the Patent-In-Suit, including, without limitation, pleadings, hearing transcripts, deposition transcripts, trial transcripts, and any documents constituting exhibits offered or admitted in such proceedings.

**REQUEST FOR PRODUCTION NO. 39:**

All documents relating to Polaroid's first awareness of any and each HP product alleged to infringe the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 40:**

All documents relating to the marking of products with the patent number of the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 41:**

All documents relating to Polaroid's policy and procedure for marking products with patent numbers.

17

**REQUEST FOR PRODUCTION NO. 42:**

All documents relating to Polaroid's decision to mark or not to mark any invention, product, or device that embodies any claim of the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 43:**

One working unit of each product that bears the mark of the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 44:**

All documents sufficient to determine the first date of sale for any invention, product, or device that embodies any claim of the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 45:**

All documents relating to the marketing of any invention, product, or device that bears the patent number of the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 46:**

All documents relating to, referring to, or reflecting Polaroid's intent or decision to discontinue or otherwise stop selling or marketing any invention, product, or device that embodies any claim of the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 47:**

All documents relating to, referring to, or reflecting Polaroid's policy for the retention and/or destruction of documents from January 1, 2000 to the present.

**REQUEST FOR PRODUCTION NO. 48:**

All documents relating to, referring to, reflecting, or constituting an index of the destruction of any documents responsive to any and all of HP's Requests for Production.

**REQUEST FOR PRODUCTION NO. 49:**

All documents relating to any financial support provided by the United States government or any foreign government for any work or research that contributed in any

18

way to the development of the Patent-In-Suit or any invention, product, or device that embodies any claim of the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 50:**

All documents relating to or used in connection with any presentation made to any of Polaroid's directors, officers, employees, or shareholders relating to the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 51:**

All documents relating to or used in connection with any presentation made to any potential or actual investors relating to the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 52:**

All documents prepared, reviewed, or edited by any inventor regarding any alleged invention disclosed in the Patent-In-Suit or any genealogically related patent.

**REQUEST FOR PRODUCTION NO. 53:**

All documents (including without limitation diaries, lab notebooks, inventor notebooks, memoranda, publications, inventor files, and invention alerts or disclosures) prepared, reviewed, or edited by any inventor of any alleged invention disclosed in the Patent-In-Suit or any genealogically related patent that relate to any applications that led to the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 54:**

All documents relating to or comprising the personnel files and any other files maintained in the name of each inventor of the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 55:**

All documents relating to problems purportedly solved by any invention of the Patent-In-Suit or to solutions for such problems considered by Polaroid or by any of the named inventors of the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 56:**

All documents relating to whether each named inventor of the Patent-In-Suit himself or herself invented (as this terminology is used in 35 U.S.C. § 102(f)) any invention disclosed, described, or claimed in the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 57:**

As to each named inventor of the Patent-In-Suit, all documents relating to that inventor's belief that he is (or was) the original and first inventor (as this phrase is used in 35 U.S.C. § 115) of any alleged invention(s) disclosed, described, or claimed in the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 58:**

As to any prosecuting attorney of the Patent-In-Suit, all documents relating to any belief by that attorney that any named inventor of the Patent-In-Suit is (or was) the original and first inventor (as this phrase is used in 35 U.S.C. § 115) of any alleged invention(s) disclosed, described, or claimed in the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 59:**

All documents sufficient to identify all persons who participated in the design or development of every product ever made by or for Polaroid that embodies or uses any alleged invention disclosed, described, or claimed in the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 60:**

All documents related to the design, development, structure, function, and operation of every product (whether or not the product was sold or offered for sale and whether or not it functioned properly) designed, developed, assembled, or manufactured by or for Polaroid that embodies or uses any alleged invention disclosed, described, or claimed in the Patent-in-Suit.

**REQUEST FOR PRODUCTION NO. 61:**

All documents relating to the commercial use, sale, offer for sale, or exploitation by any entity, business, or individual other than Polaroid of any invention disclosed, described, or claimed in the Patent-In-Suit, including without limitation feasibility studies, marketing plans, marketing forecasts, market share estimates or projections, advertisements, promotional brochures, product literature, catalogs, trade show exhibits or displays, technical brochures, specifications, price lists, contracts, purchase orders, papers published or presented, and documents referring or relating to research, development, marketing, manufacturing, production, negotiations, efforts to sell, offers for sale, and actual sales.

**REQUEST FOR PRODUCTION NO. 62:**

All documents relating to or constituting prior art to the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 63:**

All documents relating to any reference, activity, or document affecting or potentially affecting the validity, unenforceability, or scope of the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 64:**

All documents relating to or comprising any prior art reference or potential prior art reference known to, possessed by, located by, reviewed by, or cited to (or by or on

21

**REQUEST FOR PRODUCTION NO. 121:**

All documents created, developed, or generated in the conception, development, programming, testing, or manufacture of Polaroid cameras.

**REQUEST FOR PRODUCTION NO. 122:**

All documents sufficient to show the quarterly and annual sales (in terms of unit quantity, revenue, cost, and profit metrics) of Polaroid cameras.

**REQUEST FOR PRODUCTION NO. 123:**

All documents relating to the marketing and sale of Polaroid cameras, including without limitation all press releases, product announcements, and product advertisements.

**REQUEST FOR PRODUCTION NO. 124:**

All docs relating to any contrast enhancement feature or functionality of any Polaroid cameras.

**REQUEST FOR PRODUCTION NO. 125:**

All documents relating to the conception, development, programming, testing, or manufacture of Polaroid printers.

**REQUEST FOR PRODUCTION NO. 126:**

All documents created, developed, or generated in the conception, development, programming, testing, or manufacture of Polaroid printers.

**REQUEST FOR PRODUCTION NO. 127:**

All documents sufficient to show the quarterly and annual sales (in terms of unit quantity, revenue, cost, and profit metrics) of Polaroid printers.

**REQUEST FOR PRODUCTION NO. 128:**

All documents relating to the marketing and sale of Polaroid printers, including without limitation all press releases, product announcements, and product advertisements.

32

**REQUEST FOR PRODUCTION NO. 129:**

All docs relating to any contrast enhancement feature or functionality of any Polaroid printers.

**REQUEST FOR PRODUCTION NO. 130:**

All documents relating to the conception, development, programming, testing, or manufacture of Polaroid scanners.

**REQUEST FOR PRODUCTION NO. 131:**

All documents created, developed, or generated in the conception, development, programming, testing, or manufacture of Polaroid scanners.

**REQUEST FOR PRODUCTION NO. 132:**

All documents sufficient to show the quarterly and annual sales (in terms of unit quantity, revenue, cost, and profit metrics) of Polaroid scanners.

**REQUEST FOR PRODUCTION NO. 133:**

All documents relating to the marketing and sale of Polaroid scanners, including without limitation all press releases, product announcements, and product advertisements.

**REQUEST FOR PRODUCTION NO. 134:**

All docs relating to any contrast enhancement feature or functionality of any Polaroid scanners.

**REQUEST FOR PRODUCTION NO. 135:**

All documents relating to the conception, development, programming, testing, or manufacture of Polaroid software.

**REQUEST FOR PRODUCTION NO. 136:**

All documents created, developed, or generated in the conception, development, programming, testing, or manufacture of Polaroid software.

33

**REQUEST FOR PRODUCTION NO. 137:**

All documents sufficient to show the quarterly and annual sales (in terms of unit quantity, revenue, cost, and profit metrics) of Polaroid software.

**REQUEST FOR PRODUCTION NO. 138:**

All documents relating to the marketing and sale of Polaroid software, including without limitation all press releases, product announcements, and product advertisements.

**REQUEST FOR PRODUCTION NO. 139:**

All docs relating to any contrast enhancement feature or functionality of any Polaroid software.

**REQUEST FOR PRODUCTION NO. 140:**

All documents relating to or reflecting Polaroid's methodology, process, or procedure for ascribing a monetary value to its entire patent portfolio.

**REQUEST FOR PRODUCTION NO. 141:**

All documents relating to or reflecting the monetary value Polaroid ascribes to its entire patent portfolio.

**REQUEST FOR PRODUCTION NO. 142:**

All documents relating to or reflecting Polaroid's methodology, process, or procedure for ascribing a monetary value to any sub-groupings of patents within its entire patent portfolio.

**REQUEST FOR PRODUCTION NO. 143:**

All documents relating to or reflecting the monetary values Polaroid ascribes to any sub-groupings of patents within its entire patent portfolio.

**REQUEST FOR PRODUCTION NO. 144:**

All documents relating to or reflecting Polaroid's methodology, process, or procedure for ascribing a monetary value to the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 145:**

All documents relating to or reflecting the monetary value Polaroid ascribes to the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 146:**

All documents relating to or explaining Adaptive Lighting, as that term is (or has been) used and employed by Polaroid regarding image enhancement functionality.

**REQUEST FOR PRODUCTION NO. 147:**

Documents sufficient to identify all Polaroid products incorporating, employing, or otherwise utilizing Adaptive Lighting functionality.

**REQUEST FOR PRODUCTION NO. 148:**

All documents relating to or explaining Digital Flash, as that term is (or has been) used and employed by Polaroid regarding image enhancement functionality.

**REQUEST FOR PRODUCTION NO. 149:**

Documents sufficient to identify all Polaroid products incorporating, employing, or otherwise utilizing Digital Flash functionality.

**REQUEST FOR PRODUCTION NO. 150:**

All documents relating to or explaining Automatic Contrast Enhancement, as that term is (or has been) used and employed by Polaroid regarding image enhancement functionality.

**REQUEST FOR PRODUCTION NO. 151:**

Documents sufficient to identify all Polaroid products incorporating, employing, or otherwise utilizing Automatic Contrast Enhancement functionality.

**REQUEST FOR PRODUCTION NO. 152:**

All documents relating to any negotiations, meetings, or communications between Polaroid and HP regarding the Patent-In-Suit during the period January 1, 2001 to December 31, 2003.

**REQUEST FOR PRODUCTION NO. 153:**

All documents relating to any negotiations, meetings, or communications between Polaroid and HP regarding the image enhancement technology or functionality generally during the period January 1, 2001 to December 31, 2003.

**REQUEST FOR PRODUCTION NO. 154:**

Source code for all Polaroid scanners designed, manufactured, sold, or offered for sale from January 1, 1995 to the present.

**REQUEST FOR PRODUCTION NO. 155:**

Source code for all Polaroid cameras designed, manufactured, sold, or offered for sale from January 1, 1995 to the present.

**REQUEST FOR PRODUCTION NO. 156:**

Source code for all Polaroid printers designed, manufactured, sold, or offered for sale from January 1, 1995 to the present.

**REQUEST FOR PRODUCTION NO. 157:**

Source code for all Polaroid software designed, written, manufactured, sold , offered for sale, or used in connection with any Polaroid camera, scanner or printer product from January 1, 1995 to the present.

36

**REQUEST FOR PRODUCTION NO. 158:**

To the extent not covered by the preceding request, source code for all Polaroid software designed, written, manufactured, sold , or offered for sale from January 1, 1995 to the present.

**REQUEST FOR PRODUCTION NO. 159:**

All documents relating to the Polaroid Bankruptcy Matter.

**REQUEST FOR PRODUCTION NO. 160:**

All documents relating to the Polaroid Bankruptcy Matter that in any way ascribe, reflect, describe, analyze, or relate to a valuation of Polaroid's pre-bankruptcy petition patent portfolio.

**REQUEST FOR PRODUCTION NO. 161:**

All documents relating to the post-confirmation (as that term is used in the United States Bankruptcy Code) disposition of any and all (whether treated separately or in bundles) of Polaroid's pre-bankruptcy petition patent portfolio.

**REQUEST FOR PRODUCTION NO. 162:**

All documents relating to or reflecting the post-confirmation (as that term is used in the United States Bankruptcy Code) ownership, licensing, or assignment of any and all (whether treated separately or in bundles) of Polaroid's pre-bankruptcy petition patent portfolio.

**REQUEST FOR PRODUCTION NO. 163:**

All documents relating to or reflecting the post-confirmation (as that term is used in the United States Bankruptcy Code) ownership, licensing, or assignment of the Patent-In-Suit.

**REQUEST FOR PRODUCTION NO. 205:**

All documents relating to any capped running royalty license agreement with Polaroid as the licensor.

**REQUEST FOR PRODUCTION NO. 206:**

All documents relating to Polaroid's methods or processes for calculating, evaluating, or determining lump sum royalties with Polaroid as either the licensor or licensee.

**REQUEST FOR PRODUCTION NO. 207:**

All documents relating to Polaroid's methods or processes for calculating, evaluating, or determining capped running royalties with Polaroid as either the licensor or licensee.

Dated: May 22, 2007                FISH & RICHARDSON P.C.

                                   By:    */s/ Matthew C. Bernstein*
                                          William J. Marsden, Jr. (#2247)
                                          919 N. Market Street, Suite 1100
                                          Wilmington, DE 19801
                                          Telephone: (302) 652-5070
                                          Facsimile: (302) 652-0607
                                          Email: marsden@fr.com

                                          John E. Giust *(pro hac vice)*
                                          Matthew C. Bernstein *(pro hac vice)*
                                          12390 El Camino Real
                                          San Diego, CA 92130
                                          Telephone: (858) 678-5070
                                          Facsimile: (858) 678-5099
                                          Email: giust@fr.com
                                          Email: bernstein@fr.com

                                   Attorneys for Defendant and Counterclaim-Plaintiff
                                   Hewlett-Packard Company

# Exhibit 13

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| POLAROID CORPORATION, | |
|     Plaintiff and Counterclaim-Defendant, | |
|     v. | C.A. No. 06-738 (SLR) |
| HEWLETT-PACKARD COMPANY, | |
|     Defendant and Counterclaim-Plaintiff. | |

## HEWLETT-PACKARD COMPANY'S FIRST SET OF INTERROGATORIES TO POLAROID CORPORATION

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant and Counterclaim-Plaintiff Hewlett-Packard Company ("HP") hereby requests that Plaintiff and Counterclaim-Defendant Polaroid Corporation ("Polaroid") answer in writing the following interrogatories within thirty (30) days after service of these interrogatories.

These requests are continuing and impose on the responding party the obligations set forth in Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

As used in these Interrogatories, the following terms have the meaning indicated:

A.    "HP" means Hewlett-Packard Company and its predecessors including its officers, directors, employees, agents and attorneys and subsidiaries and/or divisions.

B.    "Polaroid," "plaintiff," "you," or "your" refers to Polaroid Corporation, including its past and present members, principals, management, directors, employees, agents, consultants, attorneys and others acting or purporting to act on plaintiff's behalf, and including the predecessor(s) in interest to the patent-in-suit, its subsidiaries, parents,

1

and all witnesses, facts, information, documents, and things which support this contention.

INTERROGATORY NO. 5:

Identify how, when, and for what consideration you acquired the rights to the patent-in-suit and any related patents and/or applications.

INTERROGATORY NO. 6:

Identify each and every individual "associated with the filing and prosecution of" (as that phrase is used in 37 C.F.R. § 1.56) the patent-in-suit and any related patents and/or applications, and what that individual's role was with respect to filing and prosecution.

INTERROGATORY NO. 7:

From January 1, 1985 until the date their respective employments terminated at Polaroid, for each of the named inventors of the patent-in-suit, identify each of the specific projects and specific products that each inventor worked on by date worked, specific project and specific product name, model number, and internal Polaroid code-name, and all co-workers and managers on each project and product.

INTERROGATORY NO. 8:

Identify all prior art of which Polaroid is aware that concerns, discloses, describes, or claims any alleged invention, as well as the date when Polaroid became aware of each prior art reference.

INTERROGATORY NO. 9:

Identify any and all Polaroid Products that include or have included Image Enhancement, identifying the Image Enhancement process or product, whether the Image

9

Enhancement process or product embodies or embodied one or more of the claims of the patent-in-suit, and the specific claim or claims that are embodied by the product, if applicable.

INTERROGATORY NO. 10:

For each and every product identified in response to Interrogatory No. 9, identify the number of units sold, average selling price, gross profit, cost, and Polaroid's capacity or ability to produce the identified product(s) through April 18, 2008, and, if applicable, whether or not Polaroid marked the product with the patent-in-suit.

INTERROGATORY NO. 11:

If Polaroid or any other entity has asserted the patent-in-suit against any individual or entity other than HP, identify each of those entities and the status of the assertion, and for any assertions that have given rise to litigation, identify: the case number, title, and jurisdiction; Polaroid's counsel of record in the case; opposing counsel of record in the case; whether the case is ongoing; and, if the litigation has ended, the outcome of the litigation, including all jury verdicts, bench verdicts, settlement agreements, licenses, or other agreements.

INTERROGATORY NO. 12:

If Polaroid contends it is entitled to damages in this case, identify each theory or theories under which it contends it is entitled to damages (e.g., reasonably royalty, lost profits) and the amount of damages it contends it is entitled to under each theory, including all witnesses, facts, information, documents, and things which support each contention.

10

Dated:  May 22, 2007                 FISH & RICHARDSON P.C.

                                      By:    /s/ Matthew C. Bernstein
                                             _____
                                             William J. Marsden, Jr. (#2247)
                                             919 N. Market Street, Suite 1100
                                             Wilmington, DE  19801
                                             Telephone:  (302) 652-5070
                                             Facsimile:  (302) 652-0607
                                             Email:  marsden@fr.com

                                             John E. Giust (pro hac vice)
                                             Matthew C. Bernstein (pro hac vice)
                                             12390 El Camino Real
                                             San Diego, CA  92130
                                             Telephone:  (858) 678-5070
                                             Facsimile:  (858) 678-5099
                                             Email:  giust@fr.com
                                             Email:  bernstein@fr.com

                                      Attorneys for Defendant and Counterclaim-Plaintiff
                                      Hewlett-Packard Company

# Exhibit 14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POLAROID CORPORATION, | |
| Plaintiff and Counterclaim-Defendant, | |
| v. | C.A. No. 06-738 (SLR) |
| HEWLETT-PACKARD COMPANY, | |
| Defendant and Counterclaim-Plaintiff. | |

## HEWLETT-PACKARD COMPANY'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO POLAROID CORPORATION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant and Counterclaim-Plaintiff Hewlett-Packard Company ("HP") hereby requests that Plaintiff and Counterclaim-Defendant Polaroid Corporation ("Polaroid") respond to these requests by producing for inspection and copying the documents described below at the offices of Fish & Richardson P.C., 12390 El Camino Real, San Diego, CA 92130 within thirty (30) days of service of this request or at such other times and places as counsel for the parties may agree.

## DEFINITIONS

1.      "HP" means Hewlett-Packard Company and its predecessors including its officers, directors, employees, agents and attorneys and subsidiaries and/or divisions.

2.      "Polaroid," "plaintiff," "you," or "your" refers to Polaroid Corporation, including its past and present members, principals, management, directors, employees, agents, consultants, attorneys and others acting or purporting to act on plaintiff's behalf, and including the predecessor(s) in interest to the patent-in-suit, its subsidiaries, parents,

1

## DOCUMENTS AND THINGS TO BE PRODUCED

### REQUEST FOR PRODUCTION NO. 208:

All documents relating to, referring to, and comprising the asset purchase agreement between Polaroid Corporation and OEP Imaging Operating Corporation (or OEP Imaging Corporation), as referenced in Polaroid's response dated June 21, 2007 to HP's Interrogatory Number 5 to Polaroid.

### REQUEST FOR PRODUCTION NO. 209:

All documents relating to and reflecting the organizational structure, from 2000 to the present, of OEP Imaging Operating Corporation OEP Imaging Operating Corporation (or OEP Imaging Corporation), as referenced in Polaroid's response dated June 21, 2007 to HP's Interrogatory Number 5 to Polaroid.

### REQUEST FOR PRODUCTION NO. 210:

All documents relating to, referring to, and comprising any quitclaim relating to the Quitclaim Entities, as referenced in Polaroid's response dated June 21, 2007 to HP's Interrogatory Number 5 to Polaroid.

### REQUEST FOR PRODUCTION NO. 211:

All documents relating, referring to, and reflecting the "good and valuable consideration" referenced in Polaroid's response dated June 21, 2007 to HP's Interrogatory Number 5 to Polaroid.

### REQUEST FOR PRODUCTION NO. 212:

All documents relating to, referring to, or reflecting any and/or all of the Quitclaim Entities' acquisition of interest in the '381 patent.

### REQUEST FOR PRODUCTION NO. 213:

All documents related to Polaroid Products designed, manufactured, sold, or offered for sale that embody any invention claimed, disclosed, or described by the '381 patent.

**REQUEST FOR PRODUCTION NO. 214:**

All documents related to any Polaroid Products designed, manufactured, sold, or offered for sale by Polaroid that contain, enable, or allow any contrast enhancement feature.

**REQUEST FOR PRODUCTION NO. 215:**

One working representative unit of each Polaroid Product designed, manufactured, sold, or offered for sale by Polaroid that contain, enable, or allow any contrast enhancement feature.

**REQUEST FOR PRODUCTION NO. 216:**

One working representative unit of each Polaroid Product designed, manufactured, sold, or offered for sale by Polaroid that contain, enable, or allow any image enhancement feature.

**REQUEST FOR PRODUCTION NO. 217:**

Source code for all Polaroid Cameras designed, manufactured, sold, or offered for sale from April 18, 1987 to the present, including the source code for each camera driver and for any software product sold with or shipped with each camera.

**REQUEST FOR PRODUCTION NO. 218:**

Source code for all Polaroid Printers designed, manufactured, sold, or offered for sale from April 18, 1987 to the present, including the source code for each printer driver and for any software product sold with or shipped with each printer.

**REQUEST FOR PRODUCTION NO. 219:**

Source code for all Polaroid Scanners designed, manufactured, sold, or offered for sale from April 18, 1987 to the present, including the source code for each scanner driver and for any software product sold with or shipped with each scanner.

**REQUEST FOR PRODUCTION NO. 220:**

Source code for all Polaroid Software designed, written, manufactured, sold , offered for sale, sold with, or used in connection with any Polaroid Camera, Scanner or Printer from April 18, 1987 to the present.

**REQUEST FOR PRODUCTION NO. 221:**

To the extent not covered by the preceding request, source code for all Polaroid Software designed, written, manufactured, sold , or offered for sale from April 18, 1987 to the present that relates in any way to image enhancement or contrast enhancement.

**REQUEST FOR PRODUCTION NO. 222:**

All documents relating to, referring to, maintained by or for, created by or for, drafted by or for, or reviewed by the Inventors that also relate to any invention claimed, disclosed, or described by the '381 patent.

**REQUEST FOR PRODUCTION NO. 223:**

All documents relating to, referring to, maintained by or for, created by or for, drafted by or for, or reviewed by the Inventors that also relate to the '381 patent.

**REQUEST FOR PRODUCTION NO. 224:**

All documents relating to, referring to, maintained by or for, created by or for, drafted by or for, or reviewed by the Inventors that also relate to Image Enhancement.

**REQUEST FOR PRODUCTION NO. 225:**

All documents relating to, referring to, maintained by or for, created by or for, drafted by or for, or reviewed by the Inventors that also relate to Contrast Enhancement.

**REQUEST FOR PRODUCTION NO. 226:**

All documents relating to, referring to, maintained by or for, created by or for, drafted by or for, or reviewed by the Inventors that also relate to any Polaroid Product embodying any invention claimed, disclosed, or described by the '381 patent.

15

Dated:  July 6, 2007

FISH & RICHARDSON P.C.

By: _____
     William J. Marsden, Jr. (#2247)
     919 N. Market Street, Suite 1100
     Wilmington, DE  19801
     Telephone:  (302) 652-5070
     Facsimile:  (302) 652-0607
     Email:  marsden@fr.com

     John E. Giust (*pro hac vice*)
     Matthew C. Bernstein (*pro hac vice*)
     12390 El Camino Real
     San Diego, CA  92130
     Telephone:  (858) 678-5070
     Facsimile:  (858) 678-5099
     Email:  giust@fr.com
     Email:  bernstein@fr.com

     Bradley D. Coburn (*pro hac vice*)
     111 Congress Avenue, Suite 810
     Austin, TX 78701
     Telephone:  (512) 472-5070
     Facsimile:  (512) 320-8935
     Email:  coburn@fr.com

Attorneys for Defendant and Counterclaim-Plaintiff
Hewlett-Packard Company

24

# Exhibit 15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POLAROID CORPORATION, | |
|     Plaintiff and Counterclaim-Defendant, | |
|     v. | C.A. No. 06-738 (SLR) |
| HEWLETT-PACKARD COMPANY, | |
|     Defendant and Counterclaim-Plaintiff. | |

## HEWLETT-PACKARD COMPANY'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO POLAROID CORPORATION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant and Counterclaim-Plaintiff Hewlett-Packard Company ("HP") hereby requests that Plaintiff and Counterclaim-Defendant Polaroid Corporation ("Polaroid") respond to these requests by producing for inspection and copying the documents described below at the offices of Fish & Richardson P.C., 12390 El Camino Real, San Diego, CA 92130 within thirty (30) days of service of this request or at such other times and places as counsel for the parties may agree.

## DEFINITIONS

1.      "HP" means Hewlett-Packard Company and its predecessors including its officers, directors, employees, agents and attorneys and subsidiaries and/or divisions.

2.      "Polaroid," "plaintiff," "you," or "your" refers to Polaroid Corporation, including its past and present members, principals, management, directors, employees, agents, consultants, attorneys and others acting or purporting to act on plaintiff's behalf, and including the predecessor(s) in interest to the patent-in-suit, its subsidiaries, parents,

1

**REQUEST FOR PRODUCTION NO. 383:**

All documents relating to, reflecting, or referring to "Dodge & Burn" (a/k/a, "dodge and burn," "dodging and burning" and other variations) as a tool, feature, or function of any Polaroid Product.

**REQUEST FOR PRODUCTION NO. 384:**

All documents sufficient to identify all Polaroid Products that utilize, contain, or enable "Dodge & Burn" (a/k/a, "dodge and burn," "dodging and burning" and other variations) as a tool, feature, or function.

**REQUEST FOR PRODUCTION NO. 385:**

Source Code for all Polaroid Products that utilize, contain, or enable "Dodge & Burn" (a/k/a, "dodge and burn," "dodging and burning" and other variations) as a tool, feature, or function.

**REQUEST FOR PRODUCTION NO. 386:**

One working representative unit of each Polaroid Product that utilizes, contains, or enables "Dodge & Burn" (a/k/a, "dodge and burn," "dodging and burning" and other variations) as a tool, feature, or function.

**REQUEST FOR PRODUCTION NO. 387:**

All documents referring or relating to "tone curves" (or singularly, a "tone curve") as a method, feature, or tool used to adjust image highlights, midtones, or shadows.

**REQUEST FOR PRODUCTION NO. 388:**

Source code for all Polaroid Products that utilize, contain, or enable "tone curves" (or singularly, a "tone curve").

**REQUEST FOR PRODUCTION NO. 389:**

One working representative unit of each Polaroid Product that utilizes, contains, or enables "tone curves" (or singularly, a "tone curve").

**REQUEST FOR PRODUCTION NO. 390:**

All documents relating to the conception, development, programming, testing, or manufacture of "Dodge & Burn" (a/k/a, "dodge and burn," "dodging and burning" and other variations) as a tool, feature, or function.

**REQUEST FOR PRODUCTION NO. 391:**

All documents created, developed, or generated in the conception, development, programming, testing, or manufacture of "Dodge & Burn" (a/k/a, "dodge and burn," "dodging and burning" and other variations) as a tool, feature, or function.

**REQUEST FOR PRODUCTION NO. 392:**

All documents sufficient to show the quarterly and annual sales (in terms of unit quantity, revenue, cost and profit metrics) of all Polaroid Products that utilize, contain, or enable "Dodge & Burn" (a/k/a, "dodge and burn," "dodging and burning" and other variations) as a tool, feature, or function.

**REQUEST FOR PRODUCTION NO. 393:**

All documents relating to the marketing and sale of all Polaroid Products that utilize, contain, or enable "Dodge & Burn" (a/k/a, "dodge and burn," "dodging and burning" and other variations) as a tool, feature, or function, including without limitation all press releases, product announcements, and product advertisements.

**REQUEST FOR PRODUCTION NO. 394:**

All documents relating to the conception, development, programming, testing, or manufacture of all Polaroid Products that utilize, contain, or enable "Dodge & Burn"

28

(a/k/a, "dodge and burn," "dodging and burning" and other variations) as a tool, feature, or function.

**REQUEST FOR PRODUCTION NO. 395:**

All documents created, developed, or generated in the conception, development, programming, testing, or manufacture of all Polaroid Products that utilize, contain, or enable "Dodge & Burn" (a/k/a, "dodge and burn," "dodging and burning" and other variations) as a tool, feature, or function.

**REQUEST FOR PRODUCTION NO. 396:**

All documents relating to the conception, development, programming, testing, or manufacture of "tone curves" (or singularly, a "tone curve") as a method, feature, or tool used to adjust image highlights, midtones, or shadows.

**REQUEST FOR PRODUCTION NO. 397:**

All documents created, developed, or generated in the conception, development, programming, testing, or manufacture of "tone curves" (or singularly, a "tone curve") as a method, feature, or tool used to adjust image highlights, midtones, or shadows.

**REQUEST FOR PRODUCTION NO. 398:**

All documents relating to the conception, development, programming, testing, or manufacture of all Polaroid Products that utilize, contain, or enable "tone curves" (or singularly, a "tone curve").

**REQUEST FOR PRODUCTION NO. 399:**

All documents created, developed, or generated in the conception, development, programming, testing, or manufacture of all Polaroid Products that utilize, contain, or enable "tone curves" (or singularly, a "tone curve").

**REQUEST FOR PRODUCTION NO. 400:**

All documents sufficient to show the quarterly and annual sales (in terms of unit quantity, revenue, cost and profit metrics) of all Polaroid Products that utilize, contain, or enable "tone curves" (or singularly, a "tone curve").

**REQUEST FOR PRODUCTION NO. 401:**

All documents relating to the marketing and sale of all Polaroid Products that utilize, contain, or enable "tone curves" (or singularly, a "tone curve"), including without limitation all press releases, product announcements, and product advertisements.

**REQUEST FOR PRODUCTION NO. 402:**

All documents relating to the conception, development, programming, testing, or manufacture of Polaroid Cameras.

**REQUEST FOR PRODUCTION NO. 403:**

All documents created, developed, or generated in the conception, development, programming, testing, or manufacture of Polaroid Cameras.

**REQUEST FOR PRODUCTION NO. 404:**

All documents sufficient to show the quarterly and annual sales (in terms of unit quantity, revenue, cost and profit metrics) of Polaroid Cameras.

**REQUEST FOR PRODUCTION NO. 405:**

All documents relating to the marketing and sale of Polaroid Cameras, including without limitation all press releases, product announcements, and product advertisements.

**REQUEST FOR PRODUCTION NO. 406:**

All documents relating to any contrast enhancement feature or functionality of any Polaroid Cameras.

**REQUEST FOR PRODUCTION NO. 407:**

All documents relating to the conception, development, programming, testing, or manufacture of Polaroid Printers.

**REQUEST FOR PRODUCTION NO. 408:**

All documents created, developed, or generated in the conception, development, programming, testing, or manufacture of Polaroid Printers.

**REQUEST FOR PRODUCTION NO. 409:**

All documents sufficient to show the quarterly and annual sales (in terms of unit quantity, revenue, cost and profit metrics) of Polaroid Printers.

**REQUEST FOR PRODUCTION NO. 410:**

All documents relating to the marketing and sale of Polaroid Printers, including without limitation all press releases, product announcements, and product advertisements.

**REQUEST FOR PRODUCTION NO. 411:**

All documents relating to any contrast enhancement feature or functionality of any Polaroid Printers.

**REQUEST FOR PRODUCTION NO. 412:**

All documents relating to the conception, development, programming, testing, or manufacture of Polaroid Scanners.

**REQUEST FOR PRODUCTION NO. 413:**

All documents created, developed, or generated in the conception, development, programming, testing, or manufacture of Polaroid Scanners.

**REQUEST FOR PRODUCTION NO. 414:**

All documents sufficient to show the quarterly and annual sales (in terms of unit quantity, revenue, cost and profit metrics) of Polaroid Scanners.

31

**REQUEST FOR PRODUCTION NO. 415:**

All documents relating to the marketing and sale of Polaroid Scanners, including

without limitation all press releases, product announcements, and product advertisements.

**REQUEST FOR PRODUCTION NO. 416:**

All documents relating to any contrast enhancement feature or functionality of

any Polaroid Scanners.

**REQUEST FOR PRODUCTION NO. 417:**

All documents relating to the conception, development, programming, testing, or

manufacture of Polaroid Software.

**REQUEST FOR PRODUCTION NO. 418:**

All documents created, developed, or generated in the conception, development,

programming, testing, or manufacture of Polaroid Software.

**REQUEST FOR PRODUCTION NO. 419:**

All documents sufficient to show the quarterly and annual sales (in terms of unit

quantity, revenue, cost and profit metrics) of Polaroid Software.

**REQUEST FOR PRODUCTION NO. 420:**

All documents relating to the marketing and sale of Polaroid Software, including

without limitation all press releases, product announcements, and product advertisements.

**REQUEST FOR PRODUCTION NO. 421:**

All documents relating to any contrast enhancement feature or functionality of

any Polaroid Software.

**REQUEST FOR PRODUCTION NO. 422:**

All documents that constitute or refer or relate to manuals and other documents,

including but not limited to videos and presentations, that explain to an end user the

functionality, features, or usage of "Dodge & Burn" (a/k/a, "dodge and burn," "dodging

32

and burning" and other variations) as a tool, feature, or function of any Polaroid Product or by itself.

**REQUEST FOR PRODUCTION NO. 423:**

     All documents that constitute or refer or relate to manuals and other documents, including but not limited to videos and presentations, that explain to an end user the functionality, features, or usage of "tone curves" (or singularly, a "tone curve") as a tool, feature, or function of any Polaroid Product or by itself.

**REQUEST FOR PRODUCTION NO. 424:**

     All documents that constitute or refer or relate to manuals and other documents, including but not limited to videos and presentations, that explain to an end user the functionality, features, or usage of Polaroid Cameras.

**REQUEST FOR PRODUCTION NO. 425:**

     All documents that constitute or refer or relate to manuals and other documents, including but not limited to videos and presentations, that explain to an end user the functionality, features, or usage of Polaroid Printers.

**REQUEST FOR PRODUCTION NO. 426:**

     All documents that constitute or refer or relate to manuals and other documents, including but not limited to videos and presentations, that explain to an end user the functionality, features, or usage of Polaroid Scanners.

**REQUEST FOR PRODUCTION NO. 427:**

     All documents that constitute or refer or relate to manuals and other documents, including but not limited to videos and presentations, that explain to an end user the functionality, features, or usage of Polaroid Software.

Dated:  July 31, 2007                    FISH & RICHARDSON P.C.


                                          By:    /s/ Bradley D. Coburn
                                                 William J. Marsden, Jr. (#2247)
                                                 919 N. Market Street, Suite 1100
                                                 Wilmington, DE  19801
                                                 Telephone:  (302) 652-5070
                                                 Facsimile:  (302) 652-0607
                                                 Email:  marsden@fr.com


                                                 John E. Giust (pro hac vice)
                                                 Matthew C. Bernstein (pro hac vice)
                                                 12390 El Camino Real
                                                 San Diego, CA  92130
                                                 Telephone:  (858) 678-5070
                                                 Facsimile:  (858) 678-5099
                                                 Email:  giust@fr.com
                                                 Email:  bernstein@fr.com


                                                 Bradley D. Coburn (pro hac vice)
                                                 111 Congress Avenue, Suite 810
                                                 Austin, TX 78701
                                                 Telephone:  (512) 472-5070
                                                 Facsimile: (512) 320-8935
                                                 Email:  coburn@fr.com


                                          Attorneys for Defendant and Counterclaim-Plaintiff
                                          Hewlett-Packard Company

36

# Exhibit 16

# REDACTED
# IN ITS ENTIRETY

# Exhibit 17

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| POLAROID CORPORATION, | |
| Plaintiff and Counterclaim-Defendant, | |
| v. | C.A. No. 06-738 (SLR) |
| HEWLETT-PACKARD COMPANY, | |
| Defendant and Counterclaim-Plaintiff. | |

**NOTICE OF DEPOSITION OF POLAROID CORPORATION**
**PURSUANT TO FED. R. CIV. PROC. 30(b)(6)**
**REGARDING POLAROID PRODUCTS**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, Hewlett-Packard Company, by its counsel, will take the deposition of

Polaroid Corporation at the offices of Fish & Richardson P.C. at 225 Franklin Street,

Boston, MA 02110-2804, commencing at 9:30 a.m. on September 28, 2007, or at such

other place and time as may be agreed upon by counsel. The deposition will continue

from day to day until completed. Some or all of the deposition testimony may be

recorded by stenographic, audio, audiovisual, video, and/or real-time computer means.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Polaroid is

obligated to designate one or more officers, directors, or managing agents or other

persons who consent to testify on its behalf concerning the matters set forth in this notice.

By at least one week prior to the date noticed for deposition, Polaroid is requested to set

forth, for each person designated, the matters on which the person will testify.

1

Dated:  August 20, 2007

FISH & RICHARDSON P.C.

By:    /s/ Matthew C. Bernstein

William J. Marsden, Jr. (#2247)
919 N. Market Street, Suite 1100
Wilmington, DE  19801
Telephone:  (302) 652-5070
Facsimile:  (302) 652-0607
Email:  marsden@fr.com

John E. Giust (pro hac vice)
Matthew E. Bernstein (pro hac vice)
12390 El Camino Real
San Diego, CA  92130
Telephone:  (858) 678-5070
Facsimile: (858) 678-5099
Emails:  giust@fr.com; bernstein@fr.com

Bradley D. Coburn (pro hac vice)
111 Congress Avenue, Suite 810
Austin, TX  78701
Telephone:  (512) 472-5070
Facsimile: (512) 320-8935
Email:  coburn@fr.com

Attorneys for Defendant and Counterclaim-Plaintiff
Hewlett-Packard Company

2

## DEFINITIONS

1.      "Polaroid," "plaintiff," "you," or "your" refers to Polaroid Corporation, including its past and present members, principals, management, directors, employees, agents, consultants, attorneys and others acting or purporting to act on plaintiff's behalf, and including the predecessor(s) in interest to the patent-in-suit, its subsidiaries, parents, and affiliates. "Polaroid" includes any individual or entity that controls Polaroid, whether the control is total or just part, and includes, but is not limited to the Petters Group Worldwide.

2.      The term "date" means the exact day, month, and year, to the extent known or, if unknown, Polaroid's best approximation thereof.

3.      The term "communication" means any transmission of information.

4.      "Relates to," "relating to" and "related to" mean describing, discussing, evidencing, concerning, reflecting, comprising, illustrating, containing, embodying, constituting, analyzing, stating, identifying, referring to, dealing with, demonstrating, or in any way pertaining to.

## TOPICS OF DEPOSITION

1.      The identification of any Polaroid products made, used, offered for sale, or sold, or any product sold with or in the box of a Polaroid product, that contain image processing functions which perform any of the following:  averaging operations on any pixel or luminance data; low pass filtering of any pixel or luminance data; block averaging on any pixel or luminance data; blurring or sharpening where averaging of any kind is used; and/or contrast enhancement where averaging of any kind is used.

3

2.    For each product identified in response to topic number 1, the dates when each such product was made, used, offered for sale, sold, and shipped.

3.    The operation of each product identified in response to topic number 1, including an explanation of how each image processing function works or worked.

4.    For each product identified in response to topic number 1, the location of the source code, if any, for such product.

5.    For each product identified in response to topic number 1, the author(s) or source(s) of the source code, if any, for such product.

6.    For each of the following products, technologies, or features, the identification of any image processing functions contained therein which alter or enhance contrast, which perform averaging of any kind, which blur or sharpen, which implement "dodge and burn," "adaptive gamma" or any equivalent technology, or which allow a user to adjust the highlight or shadow regions of an image.

Products/Technologies/Features:  IQA, eIQA, Adaptive Gamma, Local Gamma, Before and After, SprintScan 35, SprintScan 35 LE, SprintScan 35 ES, SprintScan 35 Plus, SprintScan 45, SprintScan 45i, SprintScan 120, SprintScan 4000, Adobe Photoshop plugins for SprintScan 35, SprintScan TWAIN Driver Software, PolaColor Insight Version 3.0, PolaColor Insight Version 4.5, PolarColor Insight Pro Version 5.0, SilverFast Ai, Binuscan Photoperfect Master & PhotoPerfect Advanced for Scanners, ArcSoft PhotoStudio (including but not limited to version 5.5), ArcSoft PhotoPrinter, ArcSoft PhotoImpressions, and/or SimplePCIp.

7.    For each product identified in response to topic number 6, the dates when each such product was made, used, offered for sale, sold, and shipped.

4

8.    The operation of each product identified in response to topic number 6, including an explanation of how each image processing function works or worked.

9.    For each product identified in response to topic number 6, the location of the source code, if any, for such product.

10.    For each product identified in response to topic number 6, the author(s) or source(s) of the source code, if any, for such product.

11.    The "clear test for this algorithm" (hereinafter "clear test") described in POL00702 in the section entitled "Adaptive Gamma".

12.    The identification of all products to which this "clear test" was applied.

13.    The identification and location of all documents, results, evaluations, analyses based on the clear test.

14.    The identification of all individuals who performed or conducted the "clear test."

15.    The identification of all documents related to each topic contained in this notice.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 20, 2007, I served a copy of the attached **NOTICE**

**OF DEPOSITION OF POLAROID CORPORATION PURSUANT TO FED. R.**

**CIV. PROC. 30(b)(6) REGARDING POLAROID PRODUCTS** on the following

individuals in the manner indicated:

| | |
|---|---|
| *Via Email*<br>Jack B. Blumenfeld (#1014)<br>Julia Heaney (#3052)<br>Morris, Nichols, Arsht & Tunnell, LLP<br>1201 North Market Street<br>Wilmington, DE 19899-1347<br>Phone: 302-658-9200<br>Fax: 302-658-3989<br>Emails: jblumenfeld@mnat.com; jheaney@mnat.com | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |
| *Via Email*<br>Russell E. Levine, P.C./C. Graham Gerst<br>Michelle W. Jordan/David W. Higer<br>Maria A. Meginnes/C. Beasley<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL 60601<br>Phone: 312-861-2000<br>Fax: 312-861-2200<br>Emails: rlevine@kirkland.com; ggerst@kirkland.com;<br>mjordan@kirland.com; dhiger@kirkland.com;<br>mmeginnes@kirkland.com; cbeasley@kirkland.com | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |

*Courtesy Copy Via Overnight Mail*
Michelle W. Jordan
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Phone: 312-861-2000
Fax: 312-861-2200

/s/  Matthew C. Bernstein

1076742.doc

6

# Exhibit 18

# FISH & RICHARDSON P.C.

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

November 19, 2007



ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

MUNICH

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

***VIA ECF***
The Honorable Sue L. Robinson
United States District Court
for the District of Delaware
844 King Street
Wilmington, DE  19801

Re:    *Hewlett Packard v. Polaroid Corporation*
        USDC-D. Del. - C.A. No. 06-738 (SLR)

Dear Judge Robinson:

We are in receipt of Mr. Blumenfeld's letter of this date reporting on issues that Polaroid would like to address at this afternoon's status conference (D.I. 73). We understood that the primary purpose for setting today's hearing was to insure that all relevant source code has been produced. Mr. Blumenfeld's letter does not mention source code, but Hewlett Packard ("HP") does have an issue that it wishes to raise with respect to source code for Polaroid products that may practice the invention. This issue is relevant to the commercial success of the '381 patent (i.e., obviousness), as well as to the appropriate damages period in this case given Polaroid's failure to mark any of its products. Polaroid, however, has not produced the source code necessary for HP to determine whether certain Polaroid products practiced the '381 invention, and in most cases, Polaroid has not produced any source code for its products whatsoever. The immediate production of this source code is necessary because HP is scheduled to take the 30(b)(6) deposition of Polaroid on the operation of Polaroid's products next week, on November 27th.

With respect to Polaroid's request for additional damages information - including revenue, unit, price, and profit information - we believe we have provided this for nearly all of the accused LACE products that are ***sold***. To the extent relevant documents or information for any of these products have not been produced, we will work to provide it by December 7.  To the extent Polaroid is still seeking revenue, unit, price and profit information for all products that may include LACE, even when the LACE software is given away and ***not sold***, we object for the reasons set forth in

FISH & RICHARDSON P.C.

The Honorable Sue L. Robinson
November 19, 2007
Page 2

our motion to bifurcate and stay damages (D.I. 68-69). We have already provided estimates of the number of units of LACE software that are given away. To provide detailed financial information on the products that are sold with the free LACE software would be unduly burdensome and would require several months to compile and produce.

Respectfully,

/s/ *William J. Marsden, Jr.*

William J. Marsden, Jr.

WJM:sb

80051836.doc

cc:     Jack B. Blumenfeld, Esq. (via email)
        Russell E. Levine, Esq. (via email)
        Julia Heaney, Esq. (via email)
        C. Graham Gerst, Esq. (via emal)

# Exhibit 19

# REDACTED
# IN ITS ENTIRETY

# Exhibit 20

# FISH & RICHARDSON P.C.

12390 El Camino Real
San Diego, California
92130

Telephone
858 678-5070

Facsimile
858 678-5099

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA ELECTRONIC MAIL**

January 3, 2008

David W. Higer
Kirkland & Ellis LLP
200 E. Randolph Dr.
Chicago, IL  60601

Re:    *Polaroid Corporation v. Hewlett-Packard Company*
       USDC-D. Del. - C.A. No. 06-738 (SLR)

Dear David:

This is a follow-up to my letter of December 18, 2007.  We have not received a reply, and would appreciate a response.  If we don't receive the courtesy of a reply by the close of business this week we may seek appropriate relief from the Court.

Sincerely,

John E. Giust

JEG:jmo
10799631.doc

**FR**

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
MUNICH
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

# Exhibit 21

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

POLAROID CORPORATION,

     Plaintiff and Counterclaim-Defendant,

     v.

HEWLETT-PACKARD COMPANY,

     Defendant and Counterclaim-Plaintiff.

C.A. No. 06-738 (SLR)

**HEWLETT-PACKARD COMPANY'S SECOND SET OF**
**INTERROGATORIES TO POLAROID CORPORATION**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant and Counterclaim-Plaintiff Hewlett-Packard Company ("HP") hereby requests that Plaintiff and Counterclaim-Defendant Polaroid Corporation ("Polaroid") answer in writing the following interrogatories within thirty (30) days after service of these interrogatories.

These requests are continuing and impose on the responding party the obligations set forth in Rule 26(e) of the Federal Rules of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

As used in these Interrogatories, the following terms have the meaning indicated:

A.    "HP" means Hewlett-Packard Company and its predecessors including its officers, directors, employees, agents and attorneys and subsidiaries and/or divisions.

B.    "Polaroid," "plaintiff," "you," or "your" refers to Polaroid Corporation, including its past and present members, principals, management, directors, employees, agents, consultants, attorneys and others acting or purporting to act on plaintiff's behalf, and including the predecessor(s) in interest to the patent-in-suit, its subsidiaries, parents, and affiliates. "Polaroid"

1

INTERROGATORY NO. 22:

For each product identified in the table contained in HP's 12/18/07 letter to Polaroid (a copy of the letter is attached as Attachment A) for which Polaroid has not produced accompanying source code related to digital imaging, provide a full and complete explanation why Polaroid has not produced the source code, including but not limited to all reasons and explanations regarding the destruction of the source code, the transfer of source code to third parties, or any other disposition of source code, as well as how the source code was kept in the ordinary course of business at any time it was available to Polaroid.

INTERROGATORY NO. 23:

For each product identified in the table contained in HP's 12/18/07 letter to Polaroid (a copy of the letter is attached as Attachment A), provide a full, complete and detailed description of how the identified contrast enhancement features and contrast enhancement algorithms of those products operate or operated.

INTERROGATORY NO. 24:

Identify the first date of public use or public disclosure of any invention claimed in the '381 patent.

INTERROGATORY NO. 25:

Identify the name of every individual involved in any decision by Polaroid to include or not to include any invention claimed in the '381 patent in any Polaroid product.

7

Dated:  January 2, 2008                    FISH & RICHARDSON P.C.

                                           By:   /s/ Matthew C. Bernstein
                                                 William J. Marsden, Jr. (#2247)
                                                 919 N. Market Street, Suite 1100
                                                 Wilmington, DE  19801
                                                 Telephone: (302) 652-5070;
                                                 Facsimile: (302) 652-0607
                                                 Email:  marsden@fr.com

                                                 John E. Giust (pro hac vice)
                                                 Matthew C. Bernstein (pro hac vice)
                                                 12390 El Camino Real
                                                 San Diego, CA  92130
                                                 Telephone:  (858) 678-5070
                                                 Facsimile:  (858) 678-5099
                                                 Emails:  giust@fr.com; bernstein@fr.com

                                                 Bradley D. Coburn (pro hac vice)
                                                 111 Congress Avenue, Suite 810
                                                 Austin, TX  78701
                                                 Telephone:  (512) 472-5070
                                                 Facsimile:  (512) 320-8935
                                                 Email:  coburn@fr.com

                                                 Daniel C. Winston (pro hac vice)
                                                 Choate Hall & Stewart, LLP
                                                 Two International Place
                                                 Boston, MA 02110
                                                 Telephone:  (617) 248-5000
                                                 Facsimile:  (617) 248-4000
                                                 Email:  dwinston@choate.com

                                           Attorneys for Defendant and Counterclaim-Plaintiff
                                           Hewlett-Packard Company

8

# Exhibit 22

# REDACTED
# IN ITS ENTIRETY

# Exhibit 23

# REDACTED
# IN ITS ENTIRETY

# Exhibit 24

# REDACTED
# IN ITS ENTIRETY