IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POLAROID CORPORATION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HEWLETT-PACKARD COMPANY, )<br>)<br>Defendant. ) | C.A. No. 06-738 (SLR)<br><br>**REDACTED -<br>PUBLIC VERSION** |

**POLAROID CORPORATION'S BRIEF IN SUPPORT OF ITS MOTION TO PREVENT
HEWLETT-PACKARD COMPANY FROM USING PRIVILEGE
<u>AS BOTH A SWORD AND A SHIELD</u>**

<pre>
                                         MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                         Jack B. Blumenfeld (#1014)
                                         Julia Heaney (#3052)
                                         1201 N. Market Street
                                         Wilmington, Delaware  19801
                                         (302) 658-9200
                                         jheaney@mnat.com

OF COUNSEL:                              *Attorneys for Plaintiff*
                                         *Polaroid Corporation*
Russell E. Levine, P.C.
G. Courtney Holohan
Michelle W. Skinner
David W. Higer
Maria A. Meginnes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

Original Filing Date:  June 5, 2008

Redacted Filing Date:  June 12, 2008
</pre>

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

NATURE AND STAGE OF THE PROCEEDINGS ............................................................ 1

SUMMARY OF THE ARGUMENT .................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT ......................................................................................................................... 6

    I.    HP Has Waived Privilege As To ███████████████ . ........................ 6

    II.    The Court Should Compel Production of '381 and ███████████
        ███████████████████ ................................................................... 8

CONCLUSION ...................................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Berckeley Inv. Group, Ltd. v. Colkitt*,
  455 F.3d 195 (3d Cir. 2006) .................................................................................... 6

*EchoStar Communications Corp.*,
  448 F.3d 1294 (Fed. Cir. 2006) ............................................................................... 8

*Fort James Corp. v. Solo Cup. Co.*,
  412 F.3d 1340 (Fed. Cir. 2005) ........................................................................... 6, 8

*Friction Div. Products, Inc. v. E.I. Du Pont De Nemours & Co., Inc.*,
  117 F.R.D. 535 (D. Del. 1987) ................................................................................ 7

*Livingstone v. North Belle Vernon Borough*,
  91 F.3d 515 (3d Cir. 1996) .................................................................................. 6, 7

*Medtronic Inc. v. Guidant Corp.*,
  No. Civ. 03-848-SLR, 2004 WL 5501181 (D. Del. Oct. 6, 2004) ........................... 8

*Medtronic, Inc. v. Guidant Corp.*,
  378 F.Supp.2d 503 (D. Del. 2005) .......................................................................... 8

*Smith v. Alyeska Pipeline Service Co.*,
  538 F.Supp. 977 (D. Del. 1982) .............................................................................. 8

*Synalloy Corp. v. Gray*,
  142 F.R.D. 266 (D. Del. 1992) ................................................................................ 7

*United States v. Bilzerian*,
  926 F.2d 1285 (2d Cir.), *cert. denied*, 502 U.S. 813 (1991) ................................... 7

*V. Mane Files S.A. v. Int'l Flavors and Fragrances, Inc.*,
  No. CA 06-2303 FLW, 2008 WL 619207 (D. N.J. Mar. 4, 2008) .......................... 6

*Westinghouse Elec. Corp. v. Republic of Philippines*,
  951 F.2d 1414 (3d Cir. 1991) .................................................................................. 7

## NATURE AND STAGE OF THE PROCEEDINGS

On May 16, 2008, Defendant Hewlett-Packard Company ("HP") filed a motion for summary judgment on grounds of estoppel and, in the alternative or in addition, laches. In its memorandum in support of its motion, HP reveals and relies upon information that it previously had withheld as privileged. In its answering brief, Polaroid Corporation ("Polaroid"), pursuant to Federal Rule of Civil Procedure 56(f), seeks the production of 103 documents currently being withheld as privileged but within the scope of the waiver made by HP in its summary judgment brief. Commensurate with Polaroid's request for production of these 103 documents pursuant to Rule 56(f), Polaroid also filed a motion to prevent HP from using privilege as both a sword and a shield. This is Polaroid's opening brief in support of that motion.

## SUMMARY OF THE ARGUMENT

Throughout discovery, Polaroid sought to determine whether, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇ Polaroid asked HP in an interrogatory, asked HP to produce documents, and asked HP's senior executive and negotiator Mr. Moore in his deposition. In response to each attempt, HP refused to answer, contending that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇ was protected by the attorney-client privilege. HP also contended that its internal discussions regarding ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ were privileged. HP refused to produce, and recalled documents allegedly inadvertently produced, related to the '381 patent and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ HP listed such withheld and recalled documents on its privilege log.

Then, long after the close of discovery, on May 16, 2008, in HP's brief in support of its motion for summary judgment on grounds of estoppel and, in the alternative or in addition, laches, HP relied on the very information it had contended during discovery was privileged.

1

Specifically, HP revealed and argued prejudice based on the assertion ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ D.I. 140 at 21 (emphasis added).

Thus, even though it used privilege as a shield throughout discovery, HP now wants it as a sword in its summary judgment motion. HP's reliance on privileged information constitutes a waiver of such privilege. HP must now produce all of the 103 documents listed on its privilege log that relate to the '381 patent and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ These documents not only are relevant to the issues in HP's summary judgment motion, but also are relevant to other issues in this case, such as damages and willfulness. Most importantly, however, they are within the scope of HP's waiver and thus can no longer be withheld from Polaroid.

## STATEMENT OF FACTS

During discovery, Polaroid sought to determine whether, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ For example, on May 22, 2007, Polaroid served an interrogatory requesting that HP "explain in detail ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Rule 56(f) Affidavit of Courtney Holohan in Support of Polaroid Corporation's Answering Brief in Opposition to Hewlett-Packard Company's Motion for Summary Judgment on Grounds of Estoppel and, in the Alternative or in Addition, Laches ("56(f) Affidavit") at ¶ 6 (filed concurrently). HP objected to this interrogatory to the extent it called for privileged information, but HP did provide certain information in response. HP, however, did not ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ nor did

HP disclose whether or not ███████████████████ HP thus must have considered that information to be privileged. *Id.* at ¶ 7.

That HP considered such information to be privileged was confirmed by HP's document production and privilege log. Polaroid also has served at least 14 document requests seeking documents related to ████████████████████████████ ███████████ including:

- ████████████████████████████████████████
████████
- ████████████████████████████████████████
████████████████████████████████████
████████████
- ████████████████████████████████████████
████████████████████████████
████████████

*Id.* at ¶¶ 8-10 (quoting requests, emphasis added). Polaroid also sought all documents that support, contradict, or otherwise refer or relate to HP's contention that the doctrines of laches or equitable estoppel bars Polaroid's claims. *Id.*

HP did not produce a single document identifying ████████████████████ ██████████████████████████ Instead, HP objected to the extent that each request "seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity, or protection." *Id.* at ¶ 11.

HP withheld many documents as privileged and provided a privilege log to Polaroid. *Id.* HP subsequently recalled many allegedly inadvertently produced documents, demanded that such documents ***be destroyed*** as privileged, and added such documents to its privilege log. *Id.* at ¶ 12.

HP subsequently confirmed that many of the recalled documents were directly related to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and/or the '381 patent. *Id.* Polaroid has included those entries as part of an exhibit to its 56(f) affidavit. *Id.* at Ex. N. In sum, **HP continues to withhold one hundred and three (103) documents directly related to** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ **including at least twelve (12) documents directly related to the '381 patent.** *Id.* at ¶ 16.

In an effort to obtain factual information about ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ including whether ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Polaroid took the deposition of Charles Moore. Mr. Moore had been identified by HP as knowledgeable about ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ HP asserted privilege and instructed Mr. Moore not to answer the question ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*Id.* at ¶ 14, *citing* Moore Dep. Tr. at 158:4-13. HP consistently asserted privilege with regard to the subject matter of the '381 patent ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

4

▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▮▮▮▮▮▮▮▮▮▮

MR. BERNSTEIN: Objection. The document speaks for itself.
THE WITNESS: I believe *any response beyond this document would require me to reveal attorney-client privileged information.*

*Id.* at 172:15-173:5;

Q Excuse me. Let me rephrase that question. ▮▮▮▮▮▮▮▮▮▮

MR. BERNSTEIN: Objection. The document speaks for itself.
THE WITNESS: *Any answer to that I would have I believe would reveal attorney-client privileged communication.*

*Id.* at 145:11-18;

▮▮▮▮▮▮▮▮▮▮

MR. BERNSTEIN: Mr. Moore, *I instruct you not to answer* that question on the basis of attorney-client privilege.

*Id.* at 51:20-24;

▮▮▮▮▮▮▮▮▮▮

A *To answer that question I'd have to reveal attorney-client privileged information*.

*Id.* at 52:2-5;

▮▮▮▮▮▮▮▮▮▮

MR. BERNSTEIN: Mr. Moore, *I instruct you not to answer* that question on the basis of attorney-client privilege.
* * *
Q Mr. Moore, will you follow your counsel's advice?
A Yes.

*Id.* at 54:5-20; *see also id.* at 53:2-55:16; 51:4-24; 218:16-24.

On May 15, 2008, HP moved for summary judgment of equitable estoppel and laches.

D.I. 140. To support its arguments for delay and prejudice, HP stated ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ *Id*. at 21 (emphasis added). HP also argues

5

that ███ ████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████ *Id.* at 22 (emphasis added).

## ARGUMENT

**I.     HP Has Waived Privilege As To ██████████████████████**

It is black letter law that the "attorney-client privilege cannot be used as both a 'shield' and a 'sword.'" *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 222 (3d Cir. 2006); *see V. Mane Files S.A. v. Int'l Flavors and Fragrances, Inc.,* No. CA 06-2303 FLW, 2008 WL 619207 at *2-3 (D. N.J. Mar. 4, 2008) (same, ordering production of opinion of counsel in connection with allegations of willful infringement). A party is prevented "from disclosing communications that support its position while simultaneously concealing communications that do not." *Fort James Corp. v. Solo Cup. Co.*, 412 F.3d 1340, 1349 (Fed. Cir. 2005) (finding waiver).

In arguing in support of its laches and equitable estoppel summary judgment motion, HP has committed a textbook abuse of privilege. HP used privilege as a shield throughout discovery, refusing to disclose whether █████████████████████████████ ██████████████████████ Now, however, in support of its summary judgment motion, HP uses privilege as sword relying on the fact that █████████████████████ █████████████████████ As a result, HP has waived privilege. Thus, the documents listed on HP's privilege log as related to the '381 patent and █████████████████ be produced. *Livingstone v. North Belle Vernon Borough*, 91 F.3d 515, 537 (3d Cir. 1996) (finding waiver and ordering production).

By making the claim that █████████████████████████████████ ████████████████████████████████████████████████ ████████████████ which can only be investigated by reference to documents and personal

6

████████████████████████████

knowledge for which HP has asserted attorney-client privilege — HP waived any such privilege. *See, e.g., Westinghouse Elec. Corp. v. Republic of Philippines,* 951 F.2d 1414, 1423 (3d Cir. 1991) (recognizing fairness doctrine to find waiver upon selective disclosure); *Livingstone*, 91 F.3d at 537 (stating that it would be "unfair to allow [plaintiff] to make this claim without permitting [defendant] to investigate [the attorney's] version of the relevant events."); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir.), *cert. denied,* 502 U.S. 813 (1991) (a party who asserts a claim that "in fairness requires examination of protected communications" waives the attorney-client privilege as to those communications); *Synalloy Corp. v. Gray*, 142 F.R.D. 266, 269-270 (D. Del. 1992) (finding defendant created waiver by offering information in support of counterclaim); *Friction Div. Products, Inc. v. E.I. Du Pont De Nemours & Co., Inc.*, 117 F.R.D. 535, 538 (D. Del. 1987) ("it would be manifestly unfair to allow FDP to make factual assertions…and then deny DuPont an opportunity to uncover the foundation for those assertions in order to contradict them.").

HP asserted privilege over documents relating to the '381 patent and ▬▬▬ ▬▬▬▬▬▬▬▬▬▬ yet injects the same issue, and relies on the same subject matter, as alleged proof supporting HP's laches and equitable estoppel theories. HP contends in its summary judgment motion that HP suffered evidentiary prejudice by Polaroid's delay in filing suit. D.I. 140 at 20. As evidence of such prejudice HP states ▬▬ ▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.* at 22 (emphasis added). Yet the evidence HP claims is "lost" and should be the basis for its defenses may be in the very documents HP is withholding from Polaroid.

7

**II.     The Court Should Compel Production of '381 and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮**

When a party is "using the attorney-client privilege as both a sword and a shield," sanction is appropriate, including "by ordering production of such documents." *Medtronic Inc. v. Guidant Corp.*, No. Civ. 03-848-SLR, 2004 WL 5501181, *1 (D. Del. Oct. 6, 2004) (partially granting *in limine* motion to prevent use of privilege as both a sword and a shield); *Medtronic, Inc. v. Guidant Corp.*, 378 F.Supp.2d 503, 504-505 (D. Del. 2005) (noting that defendant was subsequently ordered to produce the documents post-waiver).

HP has waived privilege claims to all documents concerning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ "The widely applied standard for determining the scope of a waiver of attorney-client privilege is that the waiver applies to all other communications relating to the same subject matter." *Fort James Corp. v. Solo Cup. Co.*, 412 F.3d 1340, 1349 (Fed. Cir. 2005) (finding waiver); *In re EchoStar Communications Corp.*, 448 F.3d 1294, 1299 (Fed. Cir. 2006) (same). A subject matter waiver will apply to "all documents relating to the same subject matter," even if created after the waiver. *Smith v. Alyeska Pipeline Service Co.*, 538 F.Supp. 977, 982 (D. Del. 1982).

Here, the prejudice to Polaroid created by HP's use of privilege as both a sword and a shield can only be corrected by production to Polaroid of the documents HP listed on its privilege log as related ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Polaroid has compiled a Log of Documents Related to the '381 Patent ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ by HP Under Claim of Privilege. Rule 56(f) Affidavit at Ex. N. There can be no dispute that these documents relate to the same subject matter as HP's claim that ▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (D.I. 140 at 21) based on descriptions such as ▮▮▮▮▮▮

8

███████████████████████████████████████████████████████████████████ or ███████████████████████████████████ Rule 56(f) Affidavit at Ex. N.  Further, HP itself identified to Polaroid many documents listed as related to the '381 patent.  *Id.* at ¶ 16. The documents also involve authors and/or recipients whom HP identified as knowledgeable ████████████ █████████████████████ *Compare id.* with Rule 56(f) Affidavit at ¶ 14.  Accordingly, these documents fall within the scope of HP's waiver and should be produced to Polaroid.

## CONCLUSION

For these reasons, Polaroid's motion should be granted and HP should be ordered to produce the documents that fall within the scope of HP's waiver of privilege, namely those documents related to the '381 patent ██████████████████████████████.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
Wilmington, Delaware  19801
(302) 658-9200
jheaney@mnat.com
jblumenfeld@mnat.com

*Attorneys for Plaintiff*
*Polaroid Corporation*

OF COUNSEL:

Russell E. Levine, P.C.
G. Courtney Holohan
Michelle W. Skinner
David W. Higer
Maria A. Meginnes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

Dated: June 5, 2008
2355429

9

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on June 12, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>William J. Marsden, Jr.
>FISH & RICHARDSON P.C.

I also certify that copies were caused to be served on June 12, 2008 upon the following in the manner indicated:

### BY E-MAIL

| | |
|---|---|
| William J. Marsden, Jr.<br>FISH & RICHARDSON P.C.<br>919 N. Market Street, Suite 1100<br>Wilmington, DE  19801 | Bradley Coburn<br>FISH & RICHARDSON P.C.<br>One Congress Plaza, Suite 810<br>111 Congress Avenue<br>Austin, TX 78701 |
| Matthew Bernstein<br>John E. Giust<br>MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC<br>3580 Carmel Mountain Road, Suite 300<br>San Diego, CA  92130 | Daniel Winston<br>CHOATE HALL & STEWART, LLP<br>Two International Place<br>Boston, MA  02110 |

*/s/ Julia Heaney*

Julie Heaney (#3052)