# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| POLAROID CORPORATION | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-738 (SLR) |
| | ) | |
| HEWLETT-PACKARD COMPANY, | ) | **REDACTED –** |
| | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## RULE 56(F) AFFIDAVIT OF COURTNEY HOLOHAN IN SUPPORT OF POLAROID CORPORATION'S ANSWERING BRIEF IN OPPOSITION TO HEWLETT-PACKARD COMPANY'S MOTION FOR SUMMARY JUDGMENT ON GROUNDS OF ESTOPPEL AND, IN THE ALTERNATIVE OR IN ADDITION, LACHES

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
Wilmington, Delaware  19801
(302) 658-9200
jheaney@mnat.com
jblumenfeld@mnat.com

*Attorneys for Plaintiff*
*Polaroid Corporation*

OF COUNSEL:

Russell E. Levine, P.C.
G. Courtney Holohan
Michelle W. Skinner
David W. Higer
Maria A. Meginnes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

Original Filing Date:  June 5, 2008

Redacted Filing Date:  June 12, 2008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POLAROID CORPORATION | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-738 (SLR) |
| | ) | |
| HEWLETT-PACKARD COMPANY, | ) | ███████████ |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## RULE 56(F) AFFIDAVIT OF COURTNEY HOLOHAN IN SUPPORT OF POLAROID CORPORATION'S ANSWERING BRIEF IN OPPOSITION TO HEWLETT-PACKARD COMPANY'S MOTION FOR SUMMARY JUDGMENT ON GROUNDS OF ESTOPPEL AND, IN THE ALTERNATIVE OR IN ADDITION, LACHES

I, Courtney Holohan, declare as follows:

1.      I am a partner with Kirkland & Ellis LLP, counsel of record for Plaintiff Polaroid Corporation ("Polaroid") in this action.  I have personal knowledge of the facts set forth in this declaration.  If called to testify as a witness, I could and would competently testify to the truth of each statement herein.

### OVERVIEW

2.      It is undisputed that before this litigation commenced, ███████████████ ███████████ Ex. A, 12/06/02 and 06/23/03 ████ These offers did not specify ███████████████ Thus, during discovery, Polaroid sought to determine whether, ███████████████████████████ ███████████████ Polaroid asked HP in an interrogatory,

███████████████████████

asked HP to produce documents, and asked HP's senior executive and negotiator, Mr. Moore, in his deposition.

3.    In response to each attempt, HP refused to answer, contending that whether or not ███████████████████████████████████ was protected by the attorney-client privilege.  HP also contended that its internal discussions regarding ████████████████ ███████ were privileged.  HP refused to produce, and instead even recalled documents, allegedly inadvertently produced, related to the '381 patent and ████████████████████████ and listed them on its privilege log.

4.    In support of its May 16, 2008 summary judgment motion, HP explicitly stated: ████████████████████████████████████████████████████████████ ████████████████████████████████████████ This is the very information Polaroid sought during discovery, but for which HP asserted privilege.  HP also argues that the information sought throughout discovery by Polaroid and withheld by HP is somehow "lost".  HP's privilege log suggests that relevant evidence is not lost, but has been withheld as privileged by HP.  These withheld documents are needed for Polaroid to fully respond to HP's summary judgment motion.

## FACTUAL BACKGROUND

5.    On December 5, 2006, Polaroid brought suit against HP for infringing Claims 1–3 and 7–9 of Polaroid's United States Patent No. 4,829,381 ("the '381 patent").  D.I. 1.

6.    On May 22, 2007, Polaroid served HP with its First Set of Interrogatories.  Ex. B, Polaroid's 1st Interrogs. at ¶ 14.  Interrogatory 14 asked:

████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

*Id.* (emphasis added).

7.    On June 21, 2007, HP responded to this interrogatory.  HP admitted that its

employee, Jim Lyons, sent Polaroid an email, but stated ████████████████████████████████

████████████████████████████████████████████████████████████

████████    Ex. C, HP's Resp. to Polaroid's 1st Set of Interrogs. at ¶ 14 (emphasis added).  ██████

████████████████████████████████████████████    *Id.* (emphasis added).

As part of its response, HP also objected to Polaroid's interrogatory "to the extent that it seeks

information that is subject to the attorney-client privilege, the work-product immunity or any

other applicable privilege or immunity." *Id.*  HP did not identify ████████████████████████

███████████████████████

8.    On May 22, 2007, Polaroid served HP with its First Request for Production of

Documents and Things.  Ex. D, Polaroid's 1st RFP.  Polaroid's First Request for Production

specifically requests documents related to ████████████████████████████ including:

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████    *Id.* at ¶ 22.

████████████████████████████████████████████████
████████████████    *Id.* at ¶ 45.

HP objected to each of these requests to the extent they sought "information protected from

disclosure by the attorney-client privilege, work-product doctrine, or any other applicable

privilege, immunity, or protection," but promised to produce responsive, non-privileged

documents.  Ex. E, HP's Resp. to Polaroid's 1st RFP at ¶¶ 18, 22, 45.

████████████████████████████████████████

9.    On June 5, 2007, Polaroid served HP with a Second Request for Production seeking documents related to HP's interest in licensing the '381 patent and to HP's equitable defenses. Ex. F, Polaroid's 2d RFP. Specifically, Polaroid requested:



*Id.* at ¶ 55.

*Id.* at ¶ 56.

*Id.* at ¶ 64.

*Id.* at ¶ 174.

*Id.* at ¶ 175.

*Id.* at ¶ 176.

*Id.* at ¶ 177.

*Id.* at ¶ 178.

Again, HP objected to each of these requests on the grounds of privilege, but promised to produce responsive, non-privileged documents. Ex. G, HP's Resp. to Polaroid's 2d RFP at ¶¶ 55, 56, 64, 174-178.

10.     On August 1, 2007, Polaroid served HP with a Fifth Request for Production that sought "[a]ll documents referring or relating to ██████████████████████████ ████████ Ex. H, Polaroid's 5th RFP at ¶ 530, *see id.* at ¶ 529.  Polaroid also asked for "[a]ll documents referring or relating to Polaroid's alleged delay in filing the current lawsuit."  *Id.* at ¶ 528.  HP objected to each of these requests on the grounds of privilege, but promised to produce responsive, non-privileged documents.  Ex. I, HP's Resp. to Polaroid's 5th RFP at ¶ ¶ 528-530.

11.     In response to all of these document requests, HP produced some documents, withheld some documents, and provided Polaroid with a privilege log.

12.     HP subsequently recalled many allegedly inadvertently produced documents, demanded that such documents *be destroyed* as privileged, and added such documents to its privilege log.  For example, on November 2, 2007 — just one week before the deposition of Charles Moore — HP demanded the immediate destruction of documents on the grounds of privilege.  Ex. J, Letter fr. Bustamante to Meginnes.  Polaroid complied with HP's request.  After claiming privilege for these documents before Mr. Moore's deposition, HP updated its privilege log to add the documents that HP recalled and HP described the recalled and now withheld documents as ████████████████████████████████████████████████ ████████████████████████████████████ or ████████████████████████████ ████████ Ex. K, HP's 5th Privilege Log at ¶¶ 3028-3030; 3032; 3035; 3037-3038; 3043-3045; 3047; 3215; 3218-3220; 3223-3225; 3566; 3568-3569; 3571-3575; 3577-3579 (5th privilege log).

13.    In response to letters from Polaroid, HP confirmed that many of these entries specifically relate to the '381 patent or to ████████████████████████ *See supra* ¶ 16; Ex. L, January Letters.

14.    Polaroid deposed Charles Moore, who HP had identified as knowledgeable about ██████████████████████████ HP asserted privilege and instructed the witness not to answer the question of whether ████████████████████████████████

██████  For example, during the November 9, 2007 deposition of Charles Moore:

- Mr. Moore refused to answer questions regarding ███████████████████ ██████████████████████ *See, e.g.,* Ex. M, Moore Dep. Tr at 158:4-159:10; 172:15-174:3; 145:11-24.  For example:

  Q ████████████████████████████████████

  A I believe *any answer to that would require me to reveal attorney-client privileged information.*
  Q It was a yes or no question. ███████████████

  MR. BERNSTEIN: Instruct you not to answer the question, Mr. Moore, on the basis of attorney-client privilege.

  *Id.* at 158:4-13;

  Q █████████████████████████████████████

  MR. BERNSTEIN: Objection. The document speaks for itself.
  THE WITNESS: The document says, ██████████████
  ██████████████████ etcetera.
  Q Apart from the wording of this document do you know ███

  MR. BERNSTEIN: Objection. The document speaks for itself.
  THE WITNESS: I believe *any response beyond this document would require me to reveal attorney-client privileged information.*

  *Id.* at 172:15-173:5;

  Q Excuse me. Let me rephrase that question. ████████████
  ████████████████████████

  MR. BERNSTEIN: Objection. The document speaks for itself.

6

████████████████████████

THE WITNESS: *Any answer to that I would have I believe would reveal attorney-client privileged communication.*

*Id.* at 145:11-18.

- Mr. Moore refused to answer any questions about ██████████ ████████ including even the fact that ███████ ████████ For example:

  Q ███████████████████████████████████
  ███████████████████
  MR. BERNSTEIN: Mr. Moore, *I instruct you not to answer* that question on the basis of attorney-client privilege.

  Ex. ___ at 51:20-24;

  ██████████████████████████████████████

  MR. BERNSTEIN: Mr. Moore, *I instruct you not to answer that question on the basis of attorney-client privilege.*
  Q Will you follow your counsel's instructions?
  A Yes.

  *Id.* at 218:16-24;

  Q ███████████████████████████████████
  █████████████

  *A To answer that question I'd have to reveal attorney-client privileged information.*

  *Id.* at 52:2-5;

  MR. BERNSTEIN: So Mr. Moore, *I instruct you not to answer that question to the extent answering that question would require you to reveal an attorney-client privileged communication.*
  THE WITNESS: *There are no non-privileged communications responsive to that question.*
  Q And to be clear, I'm asking ████████████████████
  ████████████████████████████████████████████████
  A *No.*
  Q And again, ███████████████████████████████████
  ████████████████████████████████████
  MR. BERNSTEIN: Same instruction as before, Mr. Moore. *I instruct you not to answer* that on the basis of attorney-client privilege.

  *Id.* at 53:2-19;

████████████████████████████████████████

Q ████████████████████████████████████
████████████████████

MR. BERNSTEIN: Mr. Moore, *I instruct you not to answer* that question on the basis of attorney-client privilege.

\* \* \*

Q Mr. Moore, will you follow your counsel's advice?
A Yes.

*Id.* at 54:5-20; *see also id.* at 53:2-55:16; 51:4-24; 218:16-24.

- Mr. Moore claimed privilege and/or lack of recollection when questioned about ████████████████████████████████
████████████████████████████████████

- Mr. Moore claimed privilege and refused to confirm the fact that ██████████████
████████████████████ *Id.* at 73:14-23.

15.    On May 16, 2008, HP moved for summary judgment on grounds of estoppel, and, in the alternative or in addition, laches. D.I. 140. HP contends in support of that motion that HP suffered evidentiary prejudice by Polaroid's delay in filing suit. *Id.* at 20. To support its arguments for delay and prejudice, HP stated that ████████████████████████████
█████████████████████████████████████████████████
███████████████████████████████████ *Id.* at 22 (emphasis added). Yet, the evidence HP asserts is "lost" may be in the very documents HP has withheld from Polaroid.

## DOCUMENTS REQUESTED TO ALLOW POLAROID TO FULLY RESPOND TO HP'S MOTION FOR SUMMARY JUDGMENT

16.    Polaroid compiled a Log of Documents Related to the '381 Patent and/or Polaroid Negotiations Withheld by HP Under Claim of Privilege. Ex. N. These documents relate to the same subject matter as HP's claim that ██████████████████████████████
████████████████████████████████████████ (D.I. 140 at 21) based on descriptions such as ████████████████████████████████
████████████████████████████

██████████████████████████████ or ████████████████████ *See*
Ex. O, Greer Dep. Tr. at 18:14-17 ("Presto" refers to Polaroid).  The documents involve authors
and/or recipients whom HP identified as knowledgeable about ████████████████████
███████  *See supra* ¶ 14.  Twelve of the documents have been identified by HP as related to the
'381 patent.  Ex. L.  Polaroid requests production of the one hundred and three (103) documents
directly related to ██████████████████ including at least twelve (12) documents
directly related to the '381 patent.  These documents are necessary for Polaroid to fully respond
to HP's motion for summary judgment.

I declare under penalty of perjury that the foregoing is true and correct.

June 5, 2008

G. Courtney Holohan

Sworn to before me this 5th day of

June, 2008

Notary Public



9

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on June 12, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> William J. Marsden, Jr.
> FISH & RICHARDSON P.C.

I also certify that copies were caused to be served on June 12, 2008 upon the following in the manner indicated:

## BY E-MAIL

William J. Marsden, Jr.
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19801

Matthew Bernstein
John E. Giust
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130

Bradley Coburn
FISH & RICHARDSON P.C.
One Congress Plaza, Suite 810
111 Congress Avenue
Austin, TX 78701

Daniel Winston
CHOATE HALL & STEWART, LLP
Two International Place
Boston, MA 02110

*/s/ Julia Heaney*

_____
Julie Heaney (#3052)

**INDEX**

| Ex. A | 12/06/02 Offer and 06/23/03 Email and Offer |
|---|---|
| Ex. B | Polaroid's 1st Interrogatories |
| Ex. C | HP's Response to Polaroid's Interrogatories |
| Ex. D | Polaroid's 1st Request for Production |
| Ex. E | HP's Response to Polaroid's 1st Request for Production |
| Ex. F | Polaroid's 2d Request for Production |
| Ex. G | HP's Response to Polaroid's 2d Request for Production |
| Ex. H | Polaroid's 5th Request for Production |
| Ex. I | HP's Response to Polaroid's 5th Request for Production |
| Ex. J | 10/02/07 Letter fr. Bustamante to Meginnes |
| Ex. K | HP's 5th Privilege Log (Excerpts) |
| Ex. L | 1/15/08 and 1/29/08 Letters fr. Bustamante with attachments |
| Ex. M | Deposition Transcript of Charles Moore |
| Ex. N | Log of Documents Related to the '381 Patent and/or Polaroid Negotiations Withheld by HP Under Claim of Privilege |
| Ex. O | Deposition Transcript of Steven Greer |

# Exhibit A

REDACTED

# Exhibit B

# REDACTED

# Exhibit C

REDACTED

# Exhibit D

# REDACTED

# Exhibit E

REDACTED

# Exhibit F

REDACTED

# Exhibit G

REDACTED

REDACTED

# Exhibit H

# Exhibit I

REDACTED

# Exhibit J

# Fish & Richardson p.c.

One Congress Plaza
Suite 810
111 Congress Avenue
Austin, TX 78701

Telephone
512 472-5070

Facsimile
512 320-8935

Web Site
www.fr.com

John Bustamante
512 226-8107

Email
bustamante@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

VIA EMAIL

November 2, 2007

Maria A. Meginnes
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL  60601

Re:     *Polaroid Corporation v. Hewlett-Packard Company*
        USDC-D. Del. - C.A. No. 06-738 (SLR)

Dear Ms. Meginnes:

I write to request the immediate destruction of the documents listed below. We have discovered that the documents listed below are attorney-client privileged or subject to the work product immunity and have been inadvertently produced. In accordance with the Default Standard for Discovery of Electronically Stored Information ¶ 8 and FRCP 26(b)(5)(B), we request that you (1) sequester, retrieve, an destroy any copies made of these documents and (2) do not use these documents in any way.  The specific documents are as follows:

HPPOL 64489-64491; HPPOL 345171; HPPOL 350538-350546 HPPOL 1717348; HPPOL 1717416; HPPOL 1717486; HPPOL 1741234-1741237; HPPOL 1741417; HPPOL 1741447; HPPOL 1741477; HPPOL 1741516-1741550; HPPOL 1741552; HPPOL 1741554-1741556.

Please confirm in writing that you have completed the steps outlined above in compliance with our request no later than Friday, November 9, 2007.

Very truly yours,

/s/

John Bustamante

JYB/ctl

11030967.doc

atlanta
austin
boston
dallas
delaware
munich
new york
san diego
silicon valley
twin cities
washington, dc

# Exhibit K

REDACTED

# Exhibit L

# REDACTED

# Exhibit M

REDACTED

# Exhibit N

# REDACTED

# Exhibit O

# REDACTED