IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POLAROID CORPORATION,

Plaintiff,

v.

HEWLETT-PACKARD COMPANY,

Defendant.

C. A. No. 06-738 (SLR)

# REDACTED

## HEWLETT-PACKARD'S BRIEF IN OPPOSITION TO POLAROID'S MOTION TO PRECLUDE HP FROM RELYING ON UNTIMELY PRODUCED DISCOVERY

**FISH & RICHARDSON P.C.**
William J. Marsden, Jr. (#2247)
Raymond N. Scott, Jr. (#4949)
919 N. Market Street, Suite 1100
Wilmington, DE 19801
Tel.: (302) 652-5070
Fax: (302) 652-0607
Emails: marsden@fr.com
        rscott@fr.com

John E. Giust (*pro hac vice*)
Matthew E. Bernstein (*pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, PC
5355 Mira Sorrento Place, Suite 600
San Diego, CA 92121-3039
Tel.: (858) 320-3000
Fax: (858) 320-3001
Emails: JGiust@mintz.com
        Mbernstein@mintz.com

Robert S. Frank, Jr. (*pro hac vice*)
Robert M. Buchanan, Jr. (*pro hac vice*)
Carlos Perez-Albuerne (*pro hac vice*)
Elizabeth A. Castellani (*pro hac vice*)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02109
Tel.: (617) 248-5000
Fax: (617) 248-4000
Emails: rfrank@choate.com
        cperez@choate.com

*Attorneys for Defendant and Counterclaim-Plaintiff*
*Hewlett-Packard Company*

Dated: June 12, 2008

# TABLE OF CONTENTS

Page

I.     NATURE AND STAGE OF THE PROCEEDING.................................................................1

II.    SUMMARY OF ARGUMENT ..........................................................................................2

III.   STATEMENT OF FACTS .................................................................................................3

      1.   Dr. Rangayyan's Supplemental Expert Report (Item 1) .........................................4

      2.   Noninfringing Alternatives (Items 12-16 and 24) ...................................................6

      3.   Sales And Financial Information Used In Damages Analysis (Items 17-21)..................................................................................................................10

      4.   License Agreements (Items 2-6) ............................................................................13

      5.   Lists Of Patents (Items 22 and 23)........................................................................16

      6.   Other Information Provided To HP's Damages Expert (Items 7-11, 25) .................17

IV.    ARGUMENT ...................................................................................................................20

      A.   POLAROID'S MOTION CONTRAVENES THE COURT'S SCHEDULING ORDER. ..............................................................................20

      B.   POLAROID MUST SHOW FLAGRANT DISREGARD AND INCURABLE PREJUDICE IN ORDER TO JUSTIFY THE EXTREME SANCTION OF PRECLUSION...............................................21

          1.   Polaroid Must Show Flagrant Disregard.....................................................22

          2.   Polaroid Must Show Incurable Prejudice .....................................................23

      C.   HP HAS COMPLIED WITH ITS DISCOVERY OBLIGATIONS IN GOOD FAITH.    POLAROID CANNOT SHOW INCURABLE PREJUDICE WITH RESPECT TO ANY OF THE TWENTY-FIVE ITEMS CHALLENGED.................................................................................24

          1.   Dr. Rangayyan's Supplemental Expert Report (Item 1)................................24

          2.   Damages-Related Items .............................................................................26

V.     CONCLUSION................................................................................................................28

i

## TABLE OF AUTHORITIES

CASES

*AptarGroup, Inc. v. Summit Packaging Sys., Inc.,*
  178 F.3d 1306, 1998 WL 791707 (Fed. Cir. 1998) ............................................................14

*Freeman v. Minnesota Min. and Mfg. Co.,*
  675 F. Supp. 877 (D. Del. 1987) ..................................................................................23, 25

*Great American Ins. Co. of New York v. Vegas Const. Co., Inc.,*
  2008 WL 818947 (D. Nev. March 24, 2008) ......................................................................7

*Harris v. New Jersey,*
  2007 WL 2416429 (D.N.J. Aug. 21, 2007) ........................................................................7

*In re Jacoby Airplane Crash,*
  2007 WL 559801 (D.N.J. Feb. 14, 2007) ..........................................................................23

*In re Mercedes-Benz Antitrust Litigation,*
  2006 WL 2129100 (D.N.J. 2006) ......................................................................................20

*In re Teligent, Inc.,*
  2006 WL 1030417 (Bkrtcy, S.D.N.Y. Apr. 13, 2006) ......................................................23

*Konstantopoulos v. Westvaco Corporation,*
  112 F.3d 710 (3d Cir. 1997) .........................................................................................1, 22

*LML Patent Corp. v. Telecheck Servs., Inc.,*
  2006 WL 5201385 (D. Del. 2006) ....................................................................................24

*Medtronic Inc. v. Guidant Corp.,*
  2004 WL 5501181 (D. Del. 2004) .............................................................................1, 23-24

*Meyers v. Pennypack Woods Home Ownership Association,*
  559 F.2d 894 (3rd Cir. 1977) ............................................................................................21

*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.,*
  575 F.2d 1152 (6th Cir. 1978) ..........................................................................................14

*Pfizer Inc. v. Teva Pharmaceuticals USA, Inc.,*
  2006 WL 2938723 (D.N.J. Oct. 13, 2006) ........................................................................23

*Praxair, Inc. v. ATMI, Inc.,*
  231 F.R.D. 457 (D. Del. 2005) ...........................................................................1, 21-22, 25

*Stambler v. RSA Security, Inc.,*
  212 F.R.D. 470 (D. Del. 2003) ..........................................................................................22

ii

## TABLE OF AUTHORITIES

Page

*Tracinda Corp. v. Daimler Chrysler AG,*
    362 F. Supp. 2d 487 (D. Del. 2005)...............................................................Passim

*Wang Labs., Inc. v. Mitsubishi Elecs. America, Inc.,*
    860 F. Supp. 1448 (C.D. Cal. 1993) ......................................................................14


**STATUTES**

35 U.S.C. § 287...............................................................................................6, 25


**RULES**

Fed. R. Civ. P. 26..................................................................................8-9, 19-20

Fed. R. Civ. P. 26(a) ......................................................................................22

Fed. R. Civ. P. 26(e) ..............................................................................22-23, 25

Fed. R. Civ. P. 30(b)(6) .................................................................................Passim

Fed. R. Civ. P. 37 ...................................................................................2, 20-22

Fed. R.Civ. P. 26(a)(1)(A) .................................................................................19

FRE Rule 1006...............................................................................................16

4335955v14

Defendant Hewlett-Packard Company ("HP") hereby opposes Polaroid Corporation's Motion To Preclude HP from Relying on Untimely Produced Discovery ("Motion"). (D.I. 171) Polaroid's Motion, which is not a Daubert motion, contravenes the Court's Scheduling Order and should be denied *in toto*. Moreover, the Motion is without merit: HP has provided timely disclosure in good faith, and Polaroid has suffered no prejudice.

Preclusion can only be justified where the proponent of the evidence exhibits "flagrant disregard of a court order" or else "willful deception." *Konstantopoulos v. Westvaco Corporation,* 112 F.3d 710, 719 (3d Cir. 1997). Moreover, such an order is "a harsh measure and should be avoided where possible." *Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 463 (D. Del. 2005) (Robinson, J.). Accordingly, the party seeking preclusion must show that it would otherwise suffer extreme and incurable prejudice. Where the supposed prejudice can be readily cured, such as by taking a deposition before trial, the evidence should not be precluded. *See Medtronic Inc. v. Guidant Corp.*, 2004 WL 5501181 (D. Del. 2004).

## I.    NATURE AND STAGE OF THE PROCEEDING

Polaroid's Motion seeks to preclude the admission of 25 items of evidence that it asserts might be offered by HP. In an effort to avoid confusion, we address the topics below in the same order in which they were presented by Polaroid. *See* Polaroid's Opening Brief In Support Of Its Motion To Preclude ("Pol. Br."), pages 2-13. (D.I. 172) In addition, we have numbered each of the challenged items for ease of reference. Polaroid attaches a list to its Brief as Tab A; we have reproduced this list in the attached Exhibit A to this Brief and have inserted Item numbers 1 through 25.[1] The first item is a supplemental report by HP's expert on invalidity. Items 2-25 are various documents, witnesses and interrogatory responses related to damages.

---

[1] For convenience, we have also summarized on Exhibit A the principal ground why each particular item should not be precluded.

1

# REDACTED

## II.   SUMMARY OF ARGUMENT

A.    The Amended Scheduling Order in this action provides that motions under Rule 37 are barred absent permission of the Court. (D.I. 51). Polaroid has not sought permission to file the instant Motion. Motions in limine are also barred at this stage of the action, and the instant Motion is, in effect, a motion in limine. For both of these reasons HP believes the instant Motion is not properly filed. However, in an abundance of caution, HP also responds on the merits.

B.    Preclusion is an extreme sanction. In order to justify preclusion, Polaroid must show (1) that HP has engaged in flagrant disregard of its obligations, and (2) that Polaroid has suffered extreme and incurable prejudice.

C.    Polaroid does not meet this standard with respect to any of the items that it seeks to preclude.

1.    Dr. Rangayyan, HP's expert on invalidity, provided an initial report and a supplemental report. The supplemental report was provided in advance of any expert deposition and three weeks in advance of Dr. Rangayyan's deposition. This report was necessitated by new claim constructions and related allegations regarding the scope of the asserted claims, which were disclosed by Polaroid for the first time in Polaroid's expert report on infringement. Polaroid had ample opportunity to ask about the subject matter of Dr. Rangayyan's supplemental report when Polaroid took Dr. Rangayyan's deposition. There is no prejudice. (Item 1)

2.    Polaroid has sought and received extensive discovery on noninfringing alternatives. Polaroid has already taken the deposition of Ranjit Bhaskar and Paul Fredrickson on this subject. Polaroid has no basis to claim that it has been prejudiced by HP's disclosure that these witnesses (and several others) have knowledge on the subject. (Items 12-16 and 24)

3.    

HP investigated these assertions and provided updated information regarding unit sales. The information was properly disclosed in the report of HP's expert, and the underlying documents were produced to Polaroid -- all in advance of expert depositions. This disclosure was proper and timely. (Items 17-21)

-2-

4.    Polaroid's Motion seeks to preclude documents relating to five license agreements. Two of them involved litigation settlements, upon which HP's expert expressly did not rely in forming his opinion as to a reasonable royalty. The other three documents were produced in good faith when HP found them, and Polaroid had the opportunity to ask about them when it took the deposition of HP's damages expert. (Items 2-6)

5.    HP properly provided, as part of expert disclosure, a demonstrative exhibit and a summary of evidence that list HP patents. HP's disclosure was timely. (Items 22 and 23)

6.    Polaroid complains that HP's damages expert interviewed several HP employees. This information was properly disclosed in the expert's report. The disclosure was proper and timely. (Items 7-11 and 25)

## III.    STATEMENT OF FACTS

HP has provided extensive, timely responses to Polaroid's discovery requests. HP has produced more than 2.1 million pages of documents, 298 pages of interrogatory responses, and 28 deposition witnesses. *See* Scott Decl., ¶ 31. Polaroid's Motion complains about a small fraction of this evidence. Polaroid complains that after the cut-off for fact discovery HP disclosed eleven documents,[2] two interrogatory responses, and the identification of subject matter knowledge of ten HP employees.[3] By comparison, Polaroid itself produced more than 4500 pages of documents after this cutoff date.[4] Moreover, Polaroid's witness list identifies 37

---

[2] HP's damages expert expressly does not rely on Items 2, 3, 5, 6 and 24. *See* pages 10, 13-16 below. Only Items 4 and 19-23 are actually at issue among the eleven documents challenged.

[3] The people listed in Items 8-9, 11, 14 and 16 are not on HP's list of witnesses for trial. *See* pages 6, 17-19 below. The only witnesses actually at issue are those identified in Items 7, 10, 12, 13 and 15. Polaroid has already taken the deposition of Mr. Bhaskar and Mr. Fredrickson. Pursuant to Paragraph 3(f) of the Scheduling Order, if it so chooses, Polaroid may go on to take the deposition of Mr. Hayes, Mr. Ruiz and Ms. Lee.

[4] After the discovery cutoff on February 8, 2008, by our count Polaroid produced more than 4500 pages of materials, as follows:    POL 7538264 – POL 7542686 (produced 3/20/08); PA 000001 – PA 010756 (produced 3/20/08); POL 7542687 – POL 7542698 (produced 3/25/08); POL 7542699 – POL 7542720 (produced 3/28/08); POL 7542721 – POL 7542802 (produced 4/2/08); POL 7542687 – 7542698 (produced 4/2/08); PA 010757 – PA 010758 (produced 4/9/08); and POL 7542803 – PA 7542805 (produced 4/23/08). *See* Scott Decl., ¶ 32.

-3-

# REDACTED

witnesses for trial, *see* Polaroid's List of Fact Witnesses (Ex. B),[5] whereas Polaroid's Amended

Initial Disclosures identified only 15 witnesses likely to have discoverable information. *See*

Ex. C. As this illustrates, HP's efforts have been more than reasonable in the circumstances of

these case. HP invested substantial resources to gather, in good faith, the information requested

by Polaroid. *See, e.g.,* Declaration of Teodoro Haasl-Martinez (filed herewith).

### 1.    Dr. Rangayyan's Supplemental Expert Report (Item 1)

Polaroid seeks to exclude all opinions stated in the Supplemental Report of

Dr. Rangayyan, HP's expert on invalidity. *See* Pol. Br. at 2-4, 17. Dr. Rangayyan addressed in

his initial Report, served on March 14, 2008, the matters that he could reasonably anticipate at

that time.

In particular, this report addressed invalidity based on the claim construction arguments that had

been advanced by the parties up to then. On that same date Polaroid's expert, Dr. Agouris,

served a report in which she expressed brand new infringement theories and opinions, and new

applications of the parties' proposed claim constructions, which had not been set forth in

Polaroid's interrogatory answers or in any other disclosure before then.

---

[5] All citations in the brief to "Ex. " refer to the accompanying Declaration of Raymond N. Scott, Jr. unless otherwise noted.

**REDACTED**

These new positions made relevant additional prior art that Dr. Rangayyan had not discussed in his first Report, and also warranted further analysis of the previously identified prior art in light of Polaroid's brand new contentions regarding the scope of the asserted claims.  On April 18, 2008, the day when responsive expert reports were due, Dr. Rangayyan provided a supplemental report stating in detail the opinions that he will express at trial in view of Dr. Agouris' opinions.                                                     This was provided <u>three weeks</u> before Polaroid took his deposition, on May 9.  Polaroid did not request any more time to prepare for that deposition.  Polaroid was free to ask, and did ask about opinions stated in the Supplemental Report when it took Dr. Rangayyan's deposition.

HP took the deposition of Dr. Agouris on May 6, 2008.  Likewise, Polaroid took the deposition of Dr. Rangayyan on May 9, 2008, which was 21 days after his Supplemental Report.  Given these very closely parallel dates, Polaroid cannot claim it has been prejudiced by HP's submission of the Supplemental Rangayyan Report.  After expert discovery had closed, in connection with summary judgment briefing, Polaroid submitted a Declaration of Dr. Peggy Dr. Agouris Regarding Okada Reference (dated June 5, 2008).

# REDACTED

In other respects, too, Polaroid did not disclose in expert reports all of the opinions of its expert.[6] Thus Polaroid is very poorly situated to criticize HP's conduct in providing the extensive and timely disclosure by Dr. Rangayyan.

## 2.     Noninfringing Alternatives (Items 12-16 and 24)

Polaroid seeks to preclude testimony by Ranjit Bhaskar, Paul Fredrickson and three other HP employees on the subject of non-infringing alternatives to LACE.  *See* Pol. Br. at 4-6, 17. Polaroid cannot possibly claim prejudice, however, because Polaroid has already taken the depositions of Mr. Bhaskar and Mr. Fredrickson on the very same topic.  Polaroid has ample information about Ms. Juli Lee (Item 15) and has the opportunity to take her deposition now if it so chooses pursuant to Paragraph 3(f) of the Amended Scheduling Order. (D.I. 51).  As for Ms. Choon Hee Lee (Item 14) and Daniel Berfanger (Item 16), they are not on HP's list of witnesses for trial, and so Polaroid's motion to preclude is moot with respect to them.

Polaroid asserts that it "was not given an opportunity to explore the knowledge of these witnesses in their individual capacities concerning noninfringing alternatives." *See* Pol. Br. at 6. This assertion is unsupported by the facts.  HP designated Mr. Bhaskar as its 30(b)(6) witness on this subject precisely, and Polaroid took the deposition on January 30, 2008.  The knowledge that Mr. Bhaskar was charged with possessing pursuant to Rule 30(b)(6) necessarily included the knowledge that he had as an individual.  *See, e.g., Harris v. New Jersey,* 2007 WL 2416429 at *2

---

[6] Polaroid seeks to rely upon expert opinions that it did not disclose in *any*  Polaroid expert report.

These opinions were not disclosed *at all* in any of Polaroid's expert reports.

# REDACTED

(D.N.J. Aug. 21, 2007); *Great American Ins. Co. of New York v. Vegas Const. Co., Inc.,* 2008
WL 818947 (D. Nev. March 24, 2008).  Further, Mr. Bhaskar is included on *Polaroid's* list of
witnesses for trial,          , and thus Polaroid should not be heard seeking to preclude his
testimony.

At the outset of this case, before the issues were fully developed, HP's initial disclosures
noted that

Polaroid took the deposition of the first
two, and chose not to take the deposition of Juli Lee.

HP supplemented its initial disclosures on March 18, 2008,

By then the issues in the case were more
fully developed than they had been at the outset.

Polaroid has not been
prejudiced by HP's supplemental disclosure

4335955v14

# REDACTED

As noted, in January 2008, Polaroid took a Rule 30(b)(6) deposition on the subject of noninfringing alternatives, with Mr. Bhaskar as the designated witness.

Thus when this case began he could not have been identified in HP's Rule 26 initial disclosures as having knowledge on this subject. Mr. Fredrickson undertook an investigation in response to the opinion of Polaroid's expert, Dr. Agouris.

Polaroid has not filed any Daubert motion to challenge it. Polaroid took Mr. Fredrickson's deposition on May 9, 2008. Polaroid's Brief does not (and cannot) identify any respect in which Polaroid has been prejudiced with respect to Mr. Fredrickson.

4335955v14

# REDACTED

Polaroid took the deposition of HP's Rule 30(b)(6) witness on the subject of products that include LACE, but Polaroid did not ask him about HP's plans for future products.

Thus Polaroid could have sought this information in depositions, but did not.

Juli Lee (item 15) has knowledge about this business decision.

Ms. Lee was identified in HP's initial disclosures as a person likely to have discoverable information.     Polaroid sought documents for her concerning

When Polaroid took the deposition of Mr. Haasl-Martinez on February 1, 2008, he noted that Juli Lee is his manager,

Mr. Bhaskar also testified about Juli Lee on page 133 of the Rule 30(b)(6) deposition, and her name is listed on Bhaskar Deposition Ex. 316.     Ms. Lee has now been identified by HP as a potential trial witness. *See* HP's Disclosure of Fact Witnesses

------

# REDACTED

Pursuant to paragraph 3(f) of the Court's Scheduling Order, Polaroid is free to depose her if it wishes.  *See* D.I. 51.

This aspect of Polaroid's Motion is therefore moot.[8]

**3.**   **Sales And Financial Information Used In Damages Analysis (Items 17-21)**

Polaroid complains about "late supplementation" by HP of detailed information identifying specific products.  *See* Pol. Br. at 7-8.  Pol. Br. at 6-7, 17.

HP produced detailed data and documents cited by both parties' experts.

Polaroid now seeks to preclude data and documents that HP provided in order to

-10-

# REDACTED

supplement its earlier responses (Items 17-21).   In fact, however, HP's disclosures and supplemental disclosures were made in good faith as the result of substantial effort.

all of this information well in advance of its deposition of HP's damages expert.

Thus Polaroid had ample ability to ask him about the accused sales in units and dollars

-11-

**REDACTED**

expert report reflected the corrected information and responded to the erroneous assertions in

Polaroid's expert's report.

this supplemental information in good faith.                                    HP also

_____

-12-

# REDACTED

Polaroid now challenges

this chart at Item 21 of its Motion.[10]

Polaroid has no legitimate reason for requesting preclusion of the corrected sales information. In the absence of these data, Polaroid would have no basis for seeking damages based on the sales they reflect. Polaroid should not gain a windfall by having its expert speculate about the volume of sales of products that include the infringing software -- and then objecting when HP demonstrates that the speculation is erroneous. *See Tracinda Corp.*, 362 F.Supp.2d 487 (D.Del. 2005) (no Rule 37 sanctions where an expert responded to claims made by the opposing party's expert).

Polaroid's Motion asserts that "Polaroid never had an opportunity to conduct discovery related to these additional and/or different products." Pol. Br. at 8. This assertion rings hollow. Where Polaroid's expert was able to speculate about potential missing products, Polaroid could have conducted discovery relating to those products during the fact discovery period, but it did not. Polaroid has taken the deposition of HP's damages expert and had ample opportunity to ask him about these issues. In any event, Polaroid has not identified any specific information that it needs to pursue. *See* Pol. Br. at 7-8, 16. Further, if Polaroid wishes to take a supplemental deposition of Mr. Martinez on this subject, Mr. Martinez is willing to appear.

Trial is six months in the future.

## 4.   License Agreements (Items 2-6)

All told, HP produced 38 different license agreements in discovery.

On pages 10-11 and 17 of its Brief, Polaroid complains that HP was late in producing selected documents relating to five of these agreements (Items 2-6).

------------------------------------------------------------

-13-

# REDACTED

Polaroid had all of them four weeks or longer before it took the deposition of HP's damages expert. Polaroid had four of these five documents before it completed its 30(b)(6) deposition on HP licensing.[11]

Two of the five documents (Items 2 and 5) challenged by Polaroid's Motion are litigation settlement agreements. *See* Pol. Br. at 9-10. A settlement of litigation is not relevant to the determination of reasonable royalties under *Georgia Pacific,* because it does not represent an arms-length negotiation conducted in a commercial arena. *See AptarGroup, Inc. v. Summit Packaging Sys., Inc.,* 178 F.3d 1306, 1998 WL 791707 (Fed. Cir. 1998); *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.,* 575 F.2d 1152 (6th Cir. 1978); *Wang Labs., Inc. v. Mitsubishi Elecs. America, Inc.,* 860 F. Supp. 1448 (C.D. Cal. 1993). Accordingly, HP's damages expert does not rely on these agreements. They were produced simply because they were requested by Polaroid, not because HP deems them relevant. Two more documents (Items 3 and 6) are of so little relevance that HP's expert does not intend to rely on them. With respect to these items, Polaroid's Motion to preclude is moot. The only item at issue, Item 4, is merely an attachment to a document previously provided. However, for the sake of clarity, each item is individually discussed below.

Item 2 challenged by Polaroid is a litigation settlement agreement. *See* Pol. Br. at 9, 17.

---

[11] Polaroid took a first 30(b)(6) deposition on February 8, 2008. Polaroid took a second 30(b)(6) deposition on March 13, 2008. The documents at issue were produced on October 2, 2007; March 10, 2008; March 11, 2008; March 12, 2008; and April 2, 2008.

# REDACTED

HP does not intend to offer it. This is a non-issue.

Item 3 challenged by Polaroid is an amendment to an agreement HP had previously produced. HP produced the original Agreement on September 3, 2007. When it later learned there existed an amendment to that agreement, HP produced it.

Item 4 challenged by Polaroid is an attachment to an agreement HP had previously produced. HP produced the relevant Agreement in the ordinary course on October 1, 2007. The produced Agreement referenced an attachment as Exhibit A to the Agreement.

When HP realized the attachment was missing, it searched for and produced the attachment on March 12, 2008.                                    Polaroid had the attachment well in advance of the deposition of HP's reasonable royalties expert on May 6, 2008, and Polaroid asked him

There is no evidence of bad faith and no conceivable prejudice to Polaroid.

Item 5 challenged by Polaroid is another litigation settlement agreement.

---

# REDACTED

This is another non-issue. Polaroid asked Mr. Wallace about this agreement at his deposition.

Item 6 challenged by Polaroid is an agreement between HP               , which was executed in 2008. It has little or no relevance.

This is a third non-dispute. Once again, Polaroid asked Mr. Wallace about this agreement at his deposition.

### 5.    Lists Of Patents (Items 22 and 23)

Polaroid seeks to preclude two lists that are summaries of public record data on HP's patents (Item 22 and Item 23). Pol. Br. at 11-13, 17.

Polaroid did not seek this information in fact discovery.

Because Mr. Wallace considered these materials in forming his opinions, and because he may use a similar summary of evidence during his trial testimony, HP produced a sample of the demonstrative. This disclosure was timely.

Moreover, Items 22 and 23 are summaries of voluminous data. FRE Rule 1006 permits offering a chart in place of voluminous originals, so long as the originals are available for review at a "reasonable time." The underlying patents are public records that are always available for Polaroid's review. Polaroid cannot possibly be prejudiced by charts listing public record

-16-

# REDACTED

information, where the charts are provided six months in advance of trial.  *See Tracinda Corp.,*

362 F. Supp. 2d at 507.

### 6.    Other Information Provided To HP's Damages Expert (Items 7-11, 25)

On pages 13 and 18 of its Brief, Polaroid notes that HP's damages expert, Mr. Wallace,

obtained information from interviews with several HP employees.    Mr. Wallace's report

identified the people he interviewed, and disclosed the substance of the information that he

obtained and his resulting opinions, if any.

Polaroid then examined Mr. Wallace about these conversations at his deposition.

HP's

disclosure was entirely proper and timely, and in any event Polaroid has not been prejudiced.

Polaroid seeks to preclude testimony by five witnesses (Items 7-11), and only two of

them are on HP's list of witnesses for trial.  The first witness is Chris Hayes (Item 7), who was

given a particular assignment in response to Polaroid's expert report on damages.

Mr. Hayes

provided the accurate information to HP's expert, who disclosed the information in his Report.

Polaroid had the opportunity to examine Mr. Wallace about

this at his deposition.  At the time HP prepared its initial disclosures, HP could not have known

that this information would be relevant.  Mr. Hayes is now included on HP's list of witnesses for

trial, Ex. Q, and Polaroid can take his deposition, if it so chooses, pursuant to paragraph 3(f) of

the Court's Amended Scheduling Order.  *See D.I. 51.*

-17-

# REDACTED

The second witness, Paul Ruiz (Item 10), also was given a particular assignment in response to an assertion of Polaroid's expert.

HP's expert checked Dr. Strickland's assertion by asking Mr. Ruiz,

Mr. Ruiz explained that Dr. Strickland's assertion was not correct, and Mr. Wallace summarized the information in his expert report.

HP also provided this information in a verified written response given in lieu of a Rule 30(b)(6) deposition. Polaroid did ask about it at Mr. Wallace's deposition. Once again, HP could not have known that this information would be relevant at the outset of the case, when HP prepared its initial disclosures. Mr. Ruiz is now included on HP's list of witnesses for trial, Ex. Q, and Polaroid may take the deposition of this witness if it so chooses. There is no conceivable prejudice.

An HP employee named Carol Zampell (Item 11) informed Mr. Wallace of

# REDACTED

an estimated figure.  Polaroid complains that it did not receive this figure in the course of fact discovery (Pol. Br. at 12), but actually Polaroid discovery requests did not call for this information.[16]  Ms. Zampell is not included on HP's list of witnesses for trial.  *See* <u>Ex. Q</u>.

Ariel Reich (Item 9) explained to Mr. Wallace the background of a license agreement entered in 2008                                                        ⅼ.  Mr. Wallace expressly states that he did not rely on                              in determining his opinion on a reasonable royalty for the Patent in suit.                             .  Mr. Reich is not included on HP's list of witnesses for trial.  *See* <u>Ex. Q</u>.

Finally, Mr. Wallace spoke with Bloor Redding (Item 8), a former HP employee, about the commercial background regarding two particular license agreements.                      .  Mr. Redding likewise is not on HP's list of witnesses for trial.  *See* <u>Ex. Q</u>.

Polaroid's complaints about these witnesses are very strained.  When HP submitted its initial disclosures at the outset of the case, HP was required to identify potential witnesses, who were "likely to have" information "to support its claims or defenses," to the extent they could reasonably be identified.  F.R.C.P. 26(a)(1)(A).  An initial disclosure list must "based on the investigation conducted thus far," *i.e.* at the outset of the case.  Advisory Committee Notes to Rule 26 (1993).  The subject matter at issue here is damages, and of course the parties' theories of damages must reflect the facts discovered in the case, which could not have been fully anticipated when the initial disclosures were prepared pursuant to Rule 26.  Further, the conversations in question were caused by contentions made for the first time by Polaroid's

-19-

# REDACTED

damages expert's report. Polaroid did not disclose the relevant damages theories during the course of fact discovery even though HP requested this

Strickland Report (Ex. T) at ¶¶ 41-44 (asserting theory that use of LACE would have increased printing and thus the sales of HP printing supplies) *with* Polaroid's First Supplemental Response

HP simply responded to these brand new theories by Polaroid. Rule 26 does not require HP to anticipate at the outset every single theory that might be proffered by Polaroid, and thus every single witness who might have knowledge later sought by an HP expert (so that he can respond to a brand new allegation made late in the case). *In re Mercedes-Benz Antitrust Litigation*, 2006 WL 2129100 at *10 (D.N.J. 2006). It would not have been possible to do this at the time of the initial disclosures.[17]

## IV.    ARGUMENT

### A.    POLAROID'S MOTION CONTRAVENES THE COURT'S SCHEDULING ORDER.

Polaroid's Motion is not properly filed at this stage of the proceedings, for two reasons.

First, the Court's Amended Scheduling Order provides that: "Absen[t] express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed." D.I. 51. The first sentence of Polaroid's Motion reads:

---

[17] Finally, on page 13 of its Brief, Polaroid complains about four more documents relating to damages.

The four documents mentioned on page 13 of Polaroid's Brief were produced by HP in March and April 2008 as a result of this effort and as part of HP's duty to supplement. Material that is produced to carry out this duty -- in good faith -- should not be precluded. Polaroid had an opportunity to ask about these documents when it took the deposition of HP's damages expert of May 6, 2008.

_    HP's damages expert, Mr. Wallace, expressly stated that he is not relying on this agreement in making his determination of reasonable royalties.

4335955v14

> Pursuant to Fed. R. Civ. P. 37(c), Plaintiff Polaroid Corporation ("Polaroid") hereby moves to preclude Hewlett-Packard Company ("HP") from relying on documents, opinions and evidence not produced during fact discovery, and to strike the portions of HP's expert reports and summary judgment briefs that rely on untimely produced materials." [Emphasis added.]

Polaroid's Motion is filed under Rule 37. Thus Polaroid's Motion contravenes the Court's Scheduling Order.

Second, motions in limine are also prohibited at this time under Paragraph 11 of the Court's Amended Scheduling Order which provides: "No motions in limine shall be filed . . ." D.I. 51. The instant Motion seeks to preclude the admission of evidence at trial and therefore is in substance a motion in limine. There is good reason not to address motions in limine at this time. As we have shown above, in many instances Polaroid is seeking to preclude the introduction of damages-related materials or witnesses even though HP does not rely upon them (Items 2, 3, 5, 6, 8, 9, 11, 14, 16 and 24). The issues raised by Polaroid's Motion will not be ripe until after the parties have exchanged exhibit lists, as well as witness lists, and have met to confer about them.

For both of these reasons, HP believes the instant Motion should be denied in its entirety. However, in an abundance of caution, HP also responds on the merits.

### B.    POLAROID MUST SHOW FLAGRANT DISREGARD AND INCURABLE PREJUDICE IN ORDER TO JUSTIFY THE EXTREME SANCTION OF PRECLUSION.

An order to preclude evidence is an "extreme sanction" and should not be readily granted. *Meyers v. Pennypack Woods Home Ownership Association,* 559 F.2d 894, 905 (3rd Cir. 1977 (reversing after trial because District Court should not have precluded testimony). Polaroid acknowledges that it is seeking an "extreme sanction." Pol. Br. at 14. A preclusion order is "a harsh measure and should be avoided where possible," this Court has explained. *Praxair, Inc. v.*

-21-

*ATMI, Inc.*, 231 F.R.D. 457, 463 (D. Del. 2005). *Accord Tracinda Corp. v. Daimler Chrysler AG*, 362 F. Supp. 2d 487, 506 (D. Del. 2005). As this Court has noted, factors relevant to a preclusion analysis include "(1) the prejudice or surprise to the party against whom the excluded witnesses would have testified; (2) the party's ability to cure the prejudice; (3) the extent to which calling an undisclosed witness would disrupt the trial process; and (4) bad faith or willfulness in failing to comply with the court's order." *Id.*; *see also Stambler v. RSA Security, Inc.*, 212 F.R.D. 470 (D. Del. 2003). Consideration of these factors does not support preclusion in this case.[18]

### 1.    Polaroid Must Show Flagrant Disregard.

Preclusion is only justified where the proponent of the evidence exhibits "flagrant disregard of a court order" or else "willful deception." *Konstantopoulos v. Westvaco Corporation,* 112 F.3d 710, 719 (3d Cir. 1997). Polaroid cannot show any such misconduct by HP.

Rule 26(a) and (e) requires each party to disclose and to supplement. Rule 26(e) expressly contemplates that parties will provide supplemental production of documents and written supplements to interrogatory responses and expert reports. "[I]f a party learns that in

---

[18] The two primary cases cited by Polaroid represent examples where Courts found willful misconduct and incurable prejudice. Pol. Br. at 14-15, 17-18. In *Praxair*, a supplemental expert report was filed only 10 days before summary judgment motions were due, and additional expert discovery could not cure the late disclosure because trial was "set to begin in less than a month." *Praxair* at 463-64. In *Stambler*, the defendant failed to disclose nine new witnesses until less than six weeks before trial. The court precluded the testimony of those witnesses because (1) discovery had been closed for four months; (2) the late disclosure was unexcused; (3) the plaintiff would be prejudiced; and (4) re-opening the factual record for summary judgment purposes would impede the court's ability to manage its docket. *See id.* at 471-72. The facts in this case are a striking contrast. (1) Polaroid's filed its motion six months before trial; (2) HP has provided extensive disclosure in good faith; (3) Polaroid does not suffer any conceivable prejudice; and (4) summary judgment motions have not yet been addressed. Moreover, many of the issues here were caused by Polaroid's new theories, presented only very late in the case.

-22-

some material respect the disclosure is incomplete," the deadline for supplemental expert disclosures is the date when "pretrial disclosures under Rule 26(a)(3) are due." *See* Rule 26(e). The sanction cited by Polaroid under Rule 37(c) would only apply where the party fails to meet its obligations to supplement. *E.g. Tracinda Corp.*, 362 F. Supp. 2d at 506. In the instant Motion, Polaroid is complaining that HP has already made supplemental disclosures -- well in advance of expert depositions. Polaroid cannot obtain a preclusion order merely because HP has produced a small amount of materials after a cut-off date in a good faith attempt to meet its obligation of supplementing discovery. *Tracinda Corp.*, 362 F. Supp. 2d at 506. Courts have not held that supplemental material should be precluded where a party supplements in good faith. *In re Jacoby Airplane Crash*, 2007 WL 559801 at *11 (D.N.J. Feb. 14, 2007). Preclusion would defeat the purpose of Rule 26(e).

### 2.    Polaroid Must Show Incurable Prejudice

An order of preclusion is not justified unless the party seeking it would otherwise suffer ongoing, incurable prejudice. *See Pfizer Inc. v. Teva Pharmaceuticals USA, Inc.*, 2006 WL 2938723 at *4 (D.N.J. Oct. 13, 2006). Where the supposed prejudice can be readily cured by taking a deposition before trial, the evidence should not be precluded. *See Medtronic Inc. v. Guidant Corp.*, 2004 WL 5501181 (D. Del. 2004) (admitting late-disclosed documents and testimony if cured through additional depositions prior to trial). *See In re Teligent, Inc.*, 2006 WL 1030417 at *7 (Bkrtcy, S.D.N.Y. Apr. 13, 2006) (declining to preclude testimony where party seeking preclusion "ignored the opportunity" to conduct further discovery).

Polaroid has already taken depositions on most of the challenged subjects (Items 1, 4-6, 12-13, 17-21, 25), and Polaroid has had the opportunity to ask HP's experts about all of the subjects that it now seeks to preclude. Thus Polaroid cannot show any prejudice. *See Freeman v. Minnesota Min. and Mfg. Co.,* 675 F. Supp. 877, 888-89 (D. Del. 1987).

-23-

# REDACTED

Moreover, the Amended Scheduling Order expressly provides that HP will list trial witnesses by a given date (by agreement of the parties, June 9, 2008) and thereafter, Polaroid will have the opportunity to take a number of depositions of witnesses not previously deposed. D.I. 51 at Paragraph 3(f). Thus Polaroid has a further opportunity to cure any prejudice it may claim still remains. A preclusion order is not justified where a cure is readily available. *See Medtronic Inc. v. Guidant Corp.*, 2004 WL 5501181 (D. Del. 2004).

### C. HP HAS COMPLIED WITH ITS DISCOVERY OBLIGATIONS IN GOOD FAITH. POLAROID CANNOT SHOW INCURABLE PREJUDICE WITH RESPECT TO ANY OF THE TWENTY-FIVE ITEMS CHALLENGED.

HP has addressed above (in the same sequence as addressed in pages 2-14 of Polaroid's Brief) each of the 25 items that Polaroid is seeking to preclude. In many instances, the item at issue was timely disclosed. In all of the other instances, prejudice is either nonexistent or readily curable. Polaroid's Brief does not advance any facts to support its rhetorical assertion of prejudice. *See* Pol. Br. at 16.

#### 1. Dr. Rangayyan's Supplemental Expert Report (Item 1)

Dr. Rangayyan's initial Report, served on March 14, 2008, explained his opinions regarding the validity of the '381 patent in light of the issues then identified by the parties, such as the parties' competing claim constructions. On the same date Polaroid's expert, Dr. Agouris, provided a report in which she stated claim construction positions and allegations regarding the scope of the asserted claims (all in an attempt to show that HP infringes) that had never before been asserted by Polaroid in any interrogatory response or otherwise. Dr. Rangayyan's Supplemental Report addressed additional material made relevant by Polaroid's novel assertions, and explained his opinions with respect to the implications of those allegations for his analysis of the previously-identified prior art.                                                                 It is quite common for one expert to reply to another expert. *See, e.g., Tracinda Corp.*, 362 F. Supp.

-24-

# REDACTED

2d at 509; *LML Patent Corp. v. Telecheck Servs., Inc.*, 2006 WL 5201385 (D. Del. 2006) (denying plaintiff's motion to strike third supplemental expert report as it relates to any claim construction offered by plaintiff after expert report deadline). Dr. Rangayyan's Supplemental Report complied with Rule 26(e). *See* pages 4-6 above. Thus HP has offered "substantial justification" for the timing of Dr. Rangayyan's supplemental report. *Praxair* at 464.

Moreover, Polaroid has not suffered any conceivable prejudice. Dr. Rangayyan served his supplemental report on April 18, 2008. This was <u>three weeks before</u> Dr. Rangayyan's deposition was taken on May 9, and seven and one-half months in advance of trial. Polaroid examined Dr. Rangayyan on the subject of his supplemental report. *See* page 5 above. Polaroid does not, and cannot, identify any disadvantage resulting from the filing on the day that reply expert reports were due. Preclusion cannot be justified in these circumstances. *See Freeman,* 675 F. Supp. at 888.

Polaroid's own experts have not been nearly so forthcoming, creating new theories late in the case, and not even disclosed in their expert reports. Dr. Agouris testified to new opinions at her deposition, which she had never disclosed before.

In addition, Dr. Agouris claimed that she expects to form further opinions before trial.

Likewise, there is ample indication Polaroid's damages expert, Dr. Strickland, intentionally avoided reading certain materials, evidently in order to avoid answering deposition questions about them.

It is Polaroid, not HP, that has failed to follow proper procedure, causing new issues, and thus new facts, to potentially become relevant late in this litigation.

---

[19] As previously stated, HP may move at the appropriate time to exclude these new opinions. *See* HP's Opposition To Polaroid's Motion For Summary Judgment Under 35 U.S.C. § 287 at 20, n. 11. (D.I. 186).

4335955v14

# REDACTED

### 2.    Damages-Related Items

Items 2-25 challenged by Polaroid's Motion are damages-related documents and witnesses. Many of these (Items 2, 3, 5, 6, 8, 9, 11, 14, 16 and 24) are not being offered by HP -- as HP's damages expert does not rely on these documents

and HP's witness list does not advance these witnesses (*see* Ex. Q). Polaroid's Motion is moot with respect to these items.

Polaroid's Motion fails on the merits with respect to all of the items that are at issue. Most of the items challenged by Polaroid (Items 7, 10, 12-13, 15, 22-23, 25) were produced on a timely basis as part of expert disclosure. The others (Items 4, 17-21) were supplemental disclosures made in good faith. For the Court's convenience, we have listed in Exhibit A each of the 25 items challenged by Polaroid, and the principal reason why each should not be precluded.

### a.    Good Faith/No Willful Disregard.

Polaroid cannot show that HP has exhibited willful disregard of its discovery obligations. HP made timely production in conjunction with expert disclosures, disclosing information that Polaroid had not sought in the course of fact discovery.

- Items 7 and 10: HP's damages expert properly disclosed his interviews with HP witnesses. *See* pages 17-20 above.

- Items 12, 13, and 15: HP has provided a Rule 30(b)(6) deposition, an expert deposition, and supplemental interrogatory responses on the subject of noninfringing alternatives. *See* pages 6-10 above.

- Items 22 and 23: HP provided data summaries as a proper adjunct to expert disclosure. *See* page 16 above.

- Item 25: HP's damages expert properly disclosed other information provided to him. *See* page 17 above.

Polaroid itself has produced a large quantity of documents after the fact discovery cut-off date. *See* note 4 above. We make no criticism of that conduct. It merely illustrates that, given

-26-

# REDACTED

the volume of discovery production in this case, the timing of such production is not evidence of bad faith. HP worked in good faith to carry out its obligation of supplementing discovery responses.

- With respect to Item 4 (attachment to previously produced license agreement), *see* page 15 above.

- With respect to Items 19-21 (sales data), *see* pages 10-13 above. *And see* Declaration of Haasl-Martinez; Declaration of Hayes.

- Likewise, HP supplemented its answers to interrogatories (Items 17-18) in good faith before expert depositions were taken. *See* pages 10-13 above. By contrast, even now Polaroid has not supplemented its own comparable answers to interrogatories.[20]

     b.    No Prejudice.

In addition, Polaroid cannot show incurable prejudice.

With respect to the challenged documents and written discovery responses (Items 4, 17-19, 19-23 and 25), Polaroid had ample opportunity to ask about them when Polaroid took the deposition of HP's damages expert. *See* pages 10-13, 15-16 above.

With respect to the challenged witnesses, Polaroid has *already* taken the deposition of Ranjit Bhaskar (Item 12) and Paul Fredrickson (Item 13), *see* page 8 above -- and, if it so chooses, Polaroid now has the opportunity to take the deposition of Chris Hayes (Item 7), Paul Ruiz (Item 10) and Juli Lee (Item 15), pursuant to paragraph 3(f) of the Amended Scheduling Order. *See* pages 10, 17-18 above.

-27-

## V.    **CONCLUSION**

For all of the reasons stated above, HP respectfully submits that Polaroid's Motion To

Preclude should be denied.


Dated:  June 12, 2008                  FISH & RICHARDSON P.C.


                                       By:   */s/ Raymond N. Scott, Jr.*
                                              William J. Marsden, Jr. (#2247)
                                              Raymond N. Scott, Jr. (#4949)
                                              919 N. Market Street, Suite 1100
                                              Wilmington, DE  19801
                                              Telephone:  (302) 652-5070
                                              Facsimile:  (302) 652-0607
                                              Emails:  marsden@fr.com
                                                        rscott@fr.com

                                              MINTZ COHN FERRIS GLOVSKY & POPEO, P.C.
                                              John E. Giust
                                              Matthew C. Bernstein
                                              5355 Mira Sorrento Place, Suite 600
                                              San Diego, CA 92121-3039
                                              Telephone:  858-320-3000
                                              Facsimile:  858-320-3001
                                              Emails:  JGiust@mintz.com
                                                        MBernstein@mintz.com

                                              CHOATE HALL & STEWART, LLP
                                              Robert S. Frank, Jr.
                                              Robert M. Buchanan, Jr.
                                              Carlos Perez-Albuerne
                                              Elizabeth A. Castellani
                                              Two International Place
                                              Boston, MA 02110
                                              Telephone:  (617) 248-5000
                                              Facsimile:  (617) 248-4000
                                              Emails:  rfrank@choate.com
                                                        bbuchanan@choate.com
                                                        cperez@choate.com
                                                        ecastellani@choate.com


                                       *Attorneys for Defendant and Counterclaim-Plaintiff
                                       Hewlett-Packard Company*

4335955v14

CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2008, I electronically filed with the Clerk of Court the

foregoing document using CM/ECF which will send electronic notification of such filing(s) to

the following counsel:

| | |
|---|---|
| *Via Email*<br>Jack B. Blumenfeld (#1014)<br>Julia Heaney (#3052)<br>Morris, Nichols, Arsht & Tunnell, LLP<br>1201 North Market Street<br>Wilmington, DE 19899-1347<br>Phone: 302-658-9200<br>Fax: 302-658-3989<br>Emails: jblumenfeld@mnat.com; jheaney@mnat.com | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |
| *Via Email*<br>Russell E. Levine, P.C.<br>Michelle W. Skinner/David W. Higer<br>Maria A. Meginnes/Courtney Holohan/C. Beasley<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL  60601<br>Phone: 312-861-2000<br>Fax: 312-861-2200<br>Emails: rlevine@kirkland.com; ggerst@kirkland.com;<br>mskinner@kirkland.com; dhiger@kirkland.com;<br>mmeginnes@kirkland.com; mmeginnes@kirkland.com;<br>cbeasley@kirkland.com | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |

*Courtesy Copy Via Federal Express*
Michelle W. Skinner
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
Phone: 312-861-2000
Fax:  312-861-2200

/s/ Raymond N. Scott, Jr.
Raymond N. Scott, Jr.

1

# REDACTED

## EXHIBIT A TO HP'S BRIEF IN OPPOSITION

Tab A attached to Polaroid's Brief lists 25 items that Polaroid is seeking to preclude. Below HP has numbered these items through 25. For each item HP states the principal reason the item should not be precluded.

1.   Dr. Rangayyan's Supplemental Report and Errata. Principal Reason: Dr. Rangayyan responded on a timely basis to theories of Polaroid's expert, which rested on claims constructions that had not been disclosed by Polaroid earlier. *See* HP's Opp. at pages 4-6, 24-25.

2.   Agreement                    . Principal Reason: HP's damages expert does not rely on this document. *See* HP's Opp. at pages 14-15, 26.

3.   Amendment to the license agreement                    . Principal Reason: HP's damages expert does not rely on this agreement. *See* HP's Opp. at pages 15, 26.

4.   Attachment to the                    License Agreement                    . Principal Reason: HP produced this attachment in good faith supplementation. *See* HP's Opp. at pages 15, 26.

5.   Settlement Agreement                    Principal Reason: HP's expert does not rely on this document. *See* HP's Opp. at pages 15-16, 26.

6.   License Agreement                    Principal Reason: HP's damages expert does not rely on this agreement. *See* HP's Opp. at pages 16, 26.

7.   Chris Hayes. Principal Reason: HP's damages expert properly disclosed his reliance on information from this person. *See* HP's Opp. at pages 12, 17, 26.

8.   Bloor Redding. Principal Reason: This person is not on HP's list of witnesses for trial. *See* HP's Opp. at pages 19, 26.

9.   Ariel Reich. Principal Reason: This person is not on HP's list of witnesses for trial. *See* HP's Opp. at pages 19, 26.

10.  Paul Ruiz. Principal Reason: HP's damages expert properly disclosed his reliance on information from this person. *See* HP's Opp. at pages 19, 26.

11.  Carol Zampell. This person is not on HP's list of witnesses for trial. *See* HP's Opp. at pages 18-19, 26.

1

# REDACTED

12. Ranjit Bhaskar. Principal Reason: Polaroid has already taken the deposition of this witness -- since he was designated by HP pursuant to Rule 30(b)(6) to testify about non-infringing alternatives. *See* HP's Opp. at pages 6-8, 26.

13. Paul Fredrickson. Principal Reason: Polaroid has already taken his deposition -- since he submitted an expert report on a noninfringing alternative. *See* HP's Opp. at pages 8, 26.

14. Choon Hee Lee. Principal Reason: This person is not on HP's list of witnesses for trial. *See* HP's Opp. at pages 6, 26.

15. Juli Lee. Principal Reason: Polaroid had knowledge of this witness during the course of fact discovery, and now has the opportunity to take her deposition pursuant to Paragraph 3(f) of the Scheduling Order. *See* HP's Opp. at pages 9-10, 26.

16. David Berfanger. Principal Reason: This person is not on HP's list of witnesses for trial. *See* HP's Opp. at pages 6, 26.

17. HP's Third Supplemental Response to Polaroid's First Set of Interrogatories      . Principal Reason: HP provided supplemental information in good faith. *See* HP's Opp. at pages 10-13, 26.

18. HP's Supplemental Responses to Polaroid's Third Set of Interrogatories         Principal Reason: HP provided supplemental information in good faith. *See* HP's Opp. at pages 10-13, 26.

19.                     Principal Reason: HP provided supplemental information in good faith. *See* HP's Opp. at pages 10-13, 26.

20.                    , Principal Reason: HP provided supplemental information in good faith. *See* HP's Opp. at pages 10-13, 26.

21.                              Principal Reason: HP provided supplemental information in good faith. *See* HP's Opp. at pages 10-13, 26.

22. List of Patents (1998)       Principal Reason: This material was disclosed in a timely fashion as part of expert disclosure. *See* HP's Opp. at pages 16, 26.

23. List of Patents (2008)       Principal Reason: This material was disclosed in a timely fashion as part of expert disclosure. *See* HP's Opp. at pages 16, 26.

# REDACTED

24.                                     Principal Reason:  HP's damages expert does not rely on this material.  *See* HP's Opp. at pages 10, 26.

25.      Factual information requested during discovery concerning HP's financials.  HP's damages expert made proper and timely disclosure in his report.  *See* HP's Opp. at pages 17-20, 26.

-3-