IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POLAROID CORPORATION, | |
| Plaintiff and Counterclaim Defendant, | C.A. No. 06-738-SLR |
| v. | |
| HEWLETT-PACKARD COMPANY, | **REDACTED** |
| Defendants and Counterclaim Plaintiff. | |

**DECLARATION OF RAYMOND N. SCOTT, JR. IN SUPPORT OF DEFENDANT HEWLETT-PACKARD'S OPPOSITION TO PLAINTIFF POLAROID'S MOTION TO PRECLUDE HP FROM RELYING ON UNTIMELY PRODUCED DISCOVERY**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
Raymond N. Scott, Jr. (#4949)
919 N. Market Street, Suite 1100
Wilmington, DE 19801
Tel.: (302) 652-5070
Fax: (302) 652-0607
Emails: marsden@fr.com
rscott@fr.com

John E. Giust (pro hac vice)
Matthew E. Bernstein (pro hac vice)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, PC
5355 Mira Sorrento Place, Suite 600
San Diego, CA 92121-3039
Tel.: (858) 320-3000
Fax: (858) 320-3001
Emails: JGiust@mintz.com
Mbernstein@mintz.com

Robert S. Frank, Jr. (pro hac vice)
Robert M. Buchanan, Jr. (pro hac vice)
Carlos Perez-Albuerne (pro hac vice)
Elizabeth A. Castellani (pro hac vice)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02109
Tel.: (617) 248-5000
Fax: (617) 248-4000
Emails: rfrank@choate.com;
cperez@choate.com

Dated: June 12, 2008

I, Raymond N. Scott, Jr., declare as follows:

1.      I am an attorney with Fish & Richardson P.C., counsel for Defendant Hewlett-Packard Company.  I am a member of the Bar of the State of Delaware and of this Court.  I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2.      Exhibit A is attached to the Opposition Brief as the list of documents Polaroid seeks to preclude in its Motion.  Exhibits to this Declaration begin at Exhibit B.

3.      Attached hereto as Exhibit B is a true and correct copy of Polaroid's "List of Fact Witnesses Expected To Be Called At Trial" served on June 9, 2008.

4.      Attached hereto as Exhibit C is a true and correct copy of Polaroid's First Amended Initial Disclosures Pursuant to Rule 26(a)(1).

5.      Attached hereto as Exhibit D are true and correct copies of excerpts from the initial Expert Report of Dr. Rangaraj Rangayyan.

6.      Attached hereto as Exhibit E are true and correct copies of excerpts from the Expert Report of Dr. Peggy Agouris Regarding U.S. Patent No. 4,829,381.

7.      Attached hereto as Exhibit F are true and correct copies of excerpts from the Supplemental Expert Report of Dr. Rangaraj Rangayyan.

8.      Attached hereto as Exhibit G are true and correct copies of excerpts from the deposition of Dr. Rangaraj Rangayyan.

9.      Attached hereto as Exhibit H is a true and correct copy of the Declaration of Dr. Peggy Agouris Regarding the Okada Reference.

10.     Attached hereto as Exhibit I is a true and correct copy of HP's Initial Disclosures.

11.     Attached hereto as <u>Exhibit J</u> is a true and correct copy of HP's Second Supplemental Initial Disclosures.

12.     Attached hereto as <u>Exhibit K</u> is a true and correct copy of HP's Third Supplemental Response to Polaroid's First Set of Interrogatories (No. 15) and Supplemental Response to Polaroid's Third Set of Interrogatories (No. 22).

13.     Attached hereto as <u>Exhibit L</u> is a true and correct copy of Polaroid's Third Request for Production of Documents and Things.

14.     Attached hereto as <u>Exhibit M</u> are true and correct copies of excerpts and Exhibit 316 from the deposition of Ranjit Bhaskar.

15.     Attached hereto as <u>Exhibit N</u> is a true and correct copy of the expert report of Paul Fredrickson.

16.     Attached hereto as <u>Exhibit O</u> is a true and correct copy of Polaroid's Second Request for Production of Documents and Things.

17.     Attached hereto as <u>Exhibit P</u> are true and correct copies of excerpts from the deposition of Teodoro Haasl-Martinez.

18.     Attached hereto as <u>Exhibit Q</u> is a true and correct copy of HP's Disclosure of Fact Witnesses served on June 9, 2008.

19.     Attached hereto as <u>Exhibit R</u> are true and correct copies of excerpts from the Expert Report of Robert H. Wallace and Exhibit 6 to his Report.

20.     Attached hereto as <u>Exhibit S</u> is a true and correct copy of a letter from John Guist to C. Graham Gerst on March 7, 2008.

21.     Attached hereto as <u>Exhibit T</u> are true and correct copies of excerpts from the Expert Report of Allyn D. Strickland and Exhibits G, G-2, H, I and J to the Report.

2

22.    Attached hereto as <u>Exhibit U</u> is a true and correct copy of HP's First Supplemental Response to Polaroid's First Set of Interrogatories (No. 15).

23.    Attached hereto as <u>Exhibit V</u> are true and correct copies of excerpts from the deposition of Robert H. Wallace.

24.    Attached hereto as <u>Exhibit W</u> is a true and correct copy of the Flashpoint Technology, Inc. Patent License Agreement, Bates Nos. HP_66069 – 66081 and Exhibit A to the Agreement, Bates Nos. HP_95345 – 95363.

25.    Attached hereto as <u>Exhibit X</u> is a true and correct copy of an email from Jennifer Pierce to Maria Meginnes and David Higer on March 12, 2008 regarding Exhibit A to the Flashpoint Technology, Inc. Patent License Agreement.

26.    Attached hereto as <u>Exhibit Y</u> is a true and correct copy of Polaroid's First Supplemental Response to HP's First Set of Interrogatories.

27.    Attached hereto as <u>Exhibit Z</u> is a true and correct copy of HP's verified written response in lieu of a Rule 30(b)(6) deposition.

28.    Attached hereto as <u>Exhibit AA</u> are true and correct copy of excerpts from the deposition of Dr. Peggy Agouris.

29.    Attached hereto as <u>Exhibit BB</u> are true and correct copies of excerpts from the deposition of Allyn D. Strickland.

30.    Attached hereto as <u>Exhibit CC</u> is a true and correct copy of Polaroid's Response to HP's First Set of Interrogatories.

31.    Based on review of HP's discovery responses, HP has produced more than 2.1 million pages of documents, 298 pages of interrogatory responses, and 28 deposition witnesses.

32.     Based on review of the correspondence from Polaroid's counsel, after the discovery cutoff on February 8, 2008, Polaroid produced over 4500 pages of documents, as follows:  POL 7538264 – POL 7542686 (produced 3/20/08); PA 000001 – PA 010756 (produced 3/20/08); POL 7542687 – POL 7542698 (produced 3/25/08); POL 7542699 – POL 7542720 (produced 3/28/08); POL 7542721 – POL 7542802 (produced 4/2/08); POL 7542687 – 7542698 (produced 4/2/08); PA 010757 – PA 010758 (produced 4/9/08); and POL 7542803 – PA 7542805 (produced 4/23/08).

33.     Based on review of Polaroid's written discovery requests, Polaroid did not seek documents concerning whether HP planned to include a LACE feature in a product that was being released for the first time.

34.     Based on review of Polaroid's written discovery requests, Polaroid did not ask HP to produce or otherwise provide information on the HP patents or patented inventions relating to HP's printing systems.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th of June, 2008 at Wilmington, Delaware.

_/s/ Raymond N. Scott, Jr._____
Raymond N. Scott, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2008, I electronically filed with the Clerk of Court the foregoing document using CM/ECF which will send electronic notification of such filing(s) to the following counsel:

| | |
|---|---|
| ***Via Email***<br>Jack B. Blumenfeld (#1014)<br>Julia Heaney (#3052)<br>Morris, Nichols, Arsht & Tunnell, LLP<br>1201 North Market Street<br>Wilmington, DE 19899-1347<br>Phone: 302-658-9200<br>Fax: 302-658-3989<br>Emails: jblumenfeld@mnat.com; jheaney@mnat.com | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |
| ***Via Email***<br>Russell E. Levine, P.C.<br>Michelle W. Skinner/David W. Higer<br>Maria A. Meginnes/Courtney Holohan/C. Beasley<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL  60601<br>Phone:  312-861-2000<br>Fax:  312-861-2200<br>Emails:  rlevine@kirkland.com; ggerst@kirkland.com;<br>mskinner@kirkland.com; dhiger@kirkland.com;<br>mmeginnes@kirkland.com; mmeginnes@kirkland.com;<br>cbeasley@kirkland.com | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |
| ***Courtesy Copy Via Federal Express***<br>Michelle W. Skinner<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL  60601<br>Phone:  312-861-2000<br>Fax:  312-861-2200 | |

/s/ *Raymond N. Scott, Jr.*
Raymond N. Scott, Jr.

4340052v2

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POLAROID CORPORATION | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  C.A. No. 06-738 (SLR) |
| | ) |
| HEWLETT-PACKARD COMPANY, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S LIST OF FACT WITNESSES EXPECTED TO BE CALLED AT TRIAL

Pursuant to paragraph 3(f) of the Court's September 6, 2007 Amended Scheduling Order, Polaroid hereby identifies fact witnesses (including any expert witness who is expected to give fact testimony apart from his or her expert testimony) that it expects to call at trial in person or by deposition:

Agouris, Peggy

Beaudoin, Thomas L.

Berge, Thomas

Bhaskar, Rhanjit

Bullitt, Julian

Cazier, Robert

Dansky, Michael

Dogan, Eleanore

Goldman, Robert

Greer, Steven

Haasl-Martinez, Teodoro

Heminger, Susan

Jacoby, Jacob

Jordan, Ronald

Kullberg, Bradford

Lettang, Eric

Levinstone, Donald S.

Lorenz, Lori

Lyons, Jim

Maccarone, Gaetano

McCullough, Walter

McGee, Michael

Moore, Charles

Moroney, Nathan

Reiling, Ron

Rennie, James

Roman, Edward

Schioldager, Richard

Schneider, Mark

Sechrist, Troy

Spragg, Royal

Srinivasan, Anand

Staelin, Carl

Strickland, Allyn

Tabar, Anton

Thornton, Jay

Yennadhiou, Peter

* * *

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Julie Heaney
Jack B. Blumenfeld (#1014)
Julie Heaney (#3052)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, Delaware  19801
jblumenfeld@mnat.com
jheaney@mnat.com
(302) 658-9200

*Attorneys for Plaintiff Polaroid Corporation*

OF COUNSEL:

Russell E. Levine, P.C.
G. Courtney Holohan
Michelle W. Skinner
David W. Higer
Maria A. Meginnes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

June 9, 2008

## CERTIFICATE OF SERVICE

I, David W. Higer, hereby certify that on June 9, 2008, I served **PLAINTIFF'S LIST OF FACT WITNESSES EXPECTED TO BE CALLED AT TRIAL** upon the following in the manner indicated:

### VIA E-MAIL and OVERNIGHT DELIVERY:
Matthew Bernstein
Mintz, Levin, Cohn, Ferris Glovsky and Popeo PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
mbernstein@mintz.com

Daniel Winston
Choate Hall & Stewart, LLP
Two International Place
Boston, MA 02110
dwintston@choate.com

### VIA E-MAIL:
William J. Marsden, Jr. (marsden@fr.com)
John E. Giust (jgiust@mintz.com)
Bradley Coburn (coburn@fr.com)
Joanne Owens (owens@fr.com)
Carol Jo Cameron (cameron@fr.com)
Jennifer Pierce (jlp@fr.com)
Robert Frank (rfrank@choate.com)
Carlos Perez (cperez@choate.com)
John Lanza (jlanza@choate.com)
Leigh Martinson (lmartinson@choate.com)
Margaret Ives (mives@choate.com)
Michelle Thibodeau (mthibodeau@choate.com)
Susan Rines (srines@choate.com)
Tricia Troup (ttroup@choate.com)

*/s/David W. Higer* _____

5

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POLAROID CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 06-738 (SLR) |
| | ) | |
| HEWLETT-PACKARD COMPANY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## POLAROID CORPORATION'S FIRST AMENDED INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)

Plaintiff Polaroid Corporation ("Polaroid") hereby amends its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and 26(e).  Polaroid reserves the right to supplement these initial disclosures in accordance with Rule 26(e) of the Federal Rules of Civil Procedure and/or in one or more discovery responses or expert reports.

## I.    IDENTIFICATION OF INDIVIDUALS

**Rule 26(a)(1)(A):**
**The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, Polaroid identifies the following individuals likely to have discoverable information relevant to the facts alleged concerning infringement, validity, willfulness and/or damages.

| No. | Individual | Subject(s) |
|---|---|---|
| 1. | Bradford Kullberg<br>Vice President, Corporate Business Development<br>Polaroid Corporation<br>300 Baker Avenue Suite 330<br>Concord, MA 01742 | Polaroid's licensing practices and financial history |
| 2. | Donald S. Levinstone<br>Danger, Inc.<br>3101 Park Blvd.<br>Palo Alto CA 94306 | Conception and reduction to practice of U.S. Patent No. 4,829,381 |
| 3. | Jim Lyons | Licensing negotiations between HP and Polaroid |
| 4. | Nathan Moroney | Development of accused products and notification to HP of U.S. Patent No. 4,829,381 |
| 5. | Ron Reiling<br>22 Ridge Hill Road<br>Sudbury, MA 01776 | Licensing negotiations between HP and Polaroid |
| 6. | Edward Roman<br>30 Parsonage Lane<br>Topsfield, MA 01983 | Prosecution of U.S. Patent No. 4,829,381 |
| 7. | Woo-Jin Song<br>Pohang University of Science and Technology<br>San 31 Hyojadong Namgu<br>Pohang, Republic of Korea | Conception and reduction to practice of U.S. Patent No. 4,829,381 |
| 8. | Anand Srinivasan | Development of accused products |
| 9. | Jay Thornton<br>56 Lincoln St.<br>Watertown, MA 02472 | Notification to HP of U.S. Patent No. 4,829,381 |
| 10. | Vlad Cardei | Notification to HP of U.S. Patent No. 4,829,381 |

| No. | Individual | Subject(s) |
|---|---|---|
| 11. | Julian Bullitt<br>ZINK Imaging, LLC<br>1265 Main Street - W4<br>Waltham, MA 02451 | Polaroid products and corporate history |
| 12. | Thomas L. Beaudoin<br>President/Chief Operations Officer/Chief Financial Officer<br>Polaroid Corporation<br>300 Baker Avenue Suite 330<br>Concord, MA 01742 | Polaroid corporate history and ownership of U.S. Patent No. 4,829,381 |
| 13. | Guo Li | Development of accused products |
| 14. | Rhanjit Bhaskar | Development of accused products |
| 15. | Mark Niemann | Development of accused products |
| 16. | Any party that HP subpoenas, deposes, or calls at trial. | Infringement, validity, willfulness and/or damages |

Messrs. Kullberg, Levinstone, Reiling, Roman, Thornton, Bullitt, and Beaudoin can be contacted through counsel for Polaroid.

In addition, the individuals identified above may have additional relevant information beyond what is indicated. Other individuals will be identified in documents produced in this action. Polaroid reserves the right to remove any person listed above if they determine that such person lacks discoverable information or possesses only cumulative knowledge to other persons listed. Polaroid expressly reserves the right to call as witnesses additional persons, if, during the course of discovery and investigation relating to this case, they learn that such additional persons have relevant information.

3

## II.    PRODUCTION OF DOCUMENTS

**Rule 26(a)(1)(B):**
**A copy of, or a description by category and location of, all documents,**
**electronically stored information, and tangible things that are in the**
**possession, custody, or control of the party and that the disclosing party may**
**use to support its claims or defenses, unless solely for impeachment**

Categories of documents that Polaroid may use to support its claims include the following documents that are located at Polaroid's offices in Waltham, Massachusetts:

1. Polaroid's financial and marketing documents.

2. Polaroid's internal documents relating to the inventions disclosed in U.S. Patent No. 4,829,381.

3. Copies of the patents-in-suit and their prosecution histories.

4. Polaroid's licenses.

5. Polaroid's corporate history documents.

    Information regarding Polaroid can be found at www.polaroid.com.

    The following documents are publicly available:

6. HP press releases and web materials describing the accused products.

7. Articles by third parties describing the features and operation of the accused products.

The following electronically stored information is located at W-300, 300 5th Avenue, Waltham, MA 02451:

8.  Legal, research and development, engineering, company management documents, and user-archived electronic mail located on MERLOT and USHQFS01 Servers.

9.  Engineering drawings, documents related to Polaroid's intellectual property development, and personal files located on ZEUS Server.

10. Electronic mail located on USHQVS Server.

The following is Polaroid's pre-discovery disclosure of e-discovery information pursuant to the paragraph 2 of the Scheduling Order:

- Likely Custodians of Electronic Materials:

| Name | Title | Responsibilities |
|---|---|---|
| Bradford J. Kullberg | Vice President<br>Corporate Business Development<br>Polaroid Corporation | Manage Polaroid's business development activities. |
| William P. Dumont | IT Director<br>Polaroid Corporation | Manage Polaroid's IT and computer systems. |

- Relevant Electronic Systems:

  To the extent that relevant electronically stored information exists, Polaroid states that the likely relevant electronic systems that have been in place since work began on the '381 patent include: custodian hard drives, offline media, online email, private network shares, public network shares, and Polaroid's intranet servers. Electronically stored information created on media that has been decommissioned is not readily accessible. There are also backup tapes that are not readily accessible due to undue burden and/or substantial cost, given the likelihood of relevant information stored on the tapes.

- The person responsible for the retention of Polaroid's electronically stored information is William Dumont.

- Polaroid's e-discovery liaison is David W. Higer, and he can be contacted as follows:

  David W. Higer
  Kirkland & Ellis LLP
  200 East Randolph Drive, Chicago, IL 60601
  (312) 469-7029 (o)
  (312) 660-9730 (f)
  dhiger@kirkland.com

III.    **COMPUTATION OF DAMAGES**

**Rule 26(a)(1)(C):**
**A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

Polaroid is seeking an amount adequate to compensate Polaroid for Hewlett-Packard Company's ("HP") infringement that is no less than a reasonable royalty, including pre-judgment and post-judgment interest. Polaroid is also seeking recovery of its costs and attorney's fees incurred in bringing this action. In addition, Polaroid is seeking an increase in damages found or assessed due to HP's willful infringement. At this time, however, calculating these elements of damages is premature. In addition, Polaroid has not yet determined what additional remedies it is entitled to. As discovery proceeds in this action, Polaroid will supplement its disclosures in accordance with Rule 26(e) of the Federal Rules of Civil Procedure and/or in one or more discovery responses or expert reports.

IV.    **INSURANCE AGREEMENTS**

**Rule 26(a)(1)(D):**
**For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

There are no applicable agreements.

Polaroid's Initial Disclosures are made without waiving (1) the right to object to discovery on the grounds of attorney client or work-product privileges, competency, undue burden, relevancy and materiality, or any other proper grounds; (2) the right to object to the use of any such information, for any purpose, in whole or in part, in any later proceeding in this or

7

any other action; and (3) the right to object on any grounds, at any time, to any discovery request

or proceeding relating to or involving the subject matter of this disclosure.


Dated: November 29, 2007         Respectfully submitted,

POLAROID CORPORATION


*/s/ David W. Higer*
_____
Jack B. Blumenfeld (#1014)
Julie Heaney (#3052)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, Delaware  19801
(302) 658-9200

Russell E. Levine, P.C.
C. Graham Gerst
G. Courtney Holohan
Michelle W. Jordan
David W. Higer
Maria A. Meginnes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

## CERTIFICATE OF SERVICE

I, David W. Higer, hereby certify that on November 29, 2007, I served **POLAROID'S FIRST AMENDED INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)** upon the following in the manner indicated:

### VIA E-MAIL and OVERNIGHT DELIVERY:

Matthew Bernstein
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA  92130
bernstein@fr.com

### VIA E-MAIL:

William J. Marsden, Jr. (marsden@fr.com)

John E. Giust (giust@fr.com)

Bradley Coburn (coburn@fr.com)

Joanne Owens (owens@fr.com)

Carol Jo Cameron (cameron@fr.com)

Ben Harjo (harjo@fr.com)

Jean Manis (manis@fr.com)

*/s/David W. Higer*

9

# Exhibit D

# REDACTED
# IN ITS ENTIRETY

# Exhibit E

# REDACTED
# IN ITS ENTIRETY

# Exhibit F

# REDACTED
# IN ITS ENTIRETY

# Exhibit G

# REDACTED
# IN ITS ENTIRETY

# Exhibit H

# REDACTED
# IN ITS ENTIRETY

# Exhibit I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

POLAROID CORPORATION,

    Plaintiff and Counterclaim-Defendant,

    v.

HEWLETT-PACKARD COMPANY,

    Defendant and Counterclaim-Plaintiff.

C.A. No. 06-738 (SLR)

## HEWLETT-PACKARD COMPANY'S
## INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and the Court's April 24, 2007 Scheduling Order, Defendant Hewlett-Packard Company ("HP") hereby provides its Initial Disclosures. These Initial Disclosures are based on information reasonably available to HP at this time and reasonably believed to be relevant to the claims or defenses in this lawsuit.

HP reserves the right to supplement and/or amend these disclosures, either through supplemental disclosures or through discovery responses that include additional individuals likely to have discoverable information as well as additional sources of documents in support of its claims or defenses. By making these disclosures, HP in no way concedes the relevance or admissibility of any of the foregoing information, nor does HP waive the assertion of any applicable privileges and/or other proper bases upon which such information and/or documents may be withheld as discovery continues.

1.  **Fed. R. Civ. P. 26(a)(1)(A) Disclosure**

a.   The following individuals are likely to have discoverable information that HP may use to support its claims or defenses in this action (excluding impeachment).  HP's initial disclosures are based on the assumption that the accused technology is limited to those products using the LACE algorithm; i.e., not Retinex.

Any individual identified with an "HP" notation is a present or former HP employee.  With respect to the current and former HP employees listed below, each should be contacted solely through counsel of record for HP.

By indicating the general subject matter of information that witnesses possess, HP is not representing that this is the only relevant information that these witnesses possess; rather, these descriptions represent HP's good faith efforts to identify the relevant information possessed by each witness at this time.

| Individual (party affiliation and title if any) | Subjects of Information |
| --- | --- |
| Rhanjit Bhaskar (HP software engineer) | development and implementation of accused technology |
| Paul Frederickson (HP software engineer) | development and implementation of accused technology |
| Ted Haasl-Martinez (HP software developer) | development and implementation of accused technology |
| Choon Hee Lee (HP software engineer) | development and implementation of accused technology |
| Juli Lee (HP software project manager) | development and implementation of accused technology |
| Erik Lettang (HP ASIC designer) | development and implementation of accused technology |
| Donald Levinstone (current affiliation unknown) | named inventor of the patent-in-suit |
| Lori Lorenz (HP marketing manager) | marketing of accused technology |

| Jim Lyons (HP) | communications between HP and Polaroid |
|---|---|
| Nathan Moroney (HP researcher) | development of LACE algorithms |
| Mark Niemann (HP firmware specialist) | development and implementation of accused technology |
| Edward Roman (current affiliation unknown) | prosecuting attorney for the patent-in-suit |
| Woo-Jin Song (current affiliation unknown) | named inventor of the patent-in-suit |
| Anand Srinivisan (HP software design engineer) | development and implementation of accused technology |

b.      Pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, HP states that the above HP employees are likely custodians of electronically stored information relevant to this case.

Expert witnesses will be identified at a later date, consistent with the Scheduling Order in this case.

## 2.      Fed. R. Civ. P. 26(a)(1)(B) Disclosure

In support of its claims or defenses to Plaintiff's claims (excluding impeachment), HP may use certain documents in its possession or control, including documents and information that fall within the following categories:

1.      Documents concerning United States Patent No. 4,829,381 (the '381 patent), and documents pertaining to prosecution of the '381 patent.

2.      Documents and things concerning and constituting prior art to the '381 patent.

3.      Documents and things concerning the development of LACE algorithms.

4.      Documents and things concerning the design, development and implementation of the accused products.

5.    Documents and things concerning the structure, function, operation, and use of the accused products.

6.    Relevant marketing documents.

7.    Relevant sales documents.

8.    Documents concerning Polaroid's allegation of willful infringement.

9.    Documents concerning Polaroid's awareness of the accused products.

10.   Documents rebutting any Polaroid contention of any secondary consideration of nonobviousness.

11.   Relevant licensing documents.

Pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, to the extent that relevant electronically stored information exists, HP states that the likely relevant electronic systems that have been in place from December 5, 2000 include: custodian hard drives, offline media, online email, private network shares, public network shares, HP's internet servers and HP's intranet servers. HP's back-up tapes and other back-up media are not easily accessible.

Also pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, Don Duffy of HP is the individual responsible for retention of HP's electronically stored information.

Also pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, HP designates Matthew Bernstein of Fish & Richardson P.C. as HP's liaison for e-discovery in this case.

**3.    Fed. R. Civ. P. 26(a)(1)(C) Disclosure**

Not currently applicable.

4

4.      **Fed. R. Civ. P. 26(a)(1)(D) Disclosure**

HP is unaware at this time of the existence of any relevant insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated:  May 22, 2007                    FISH & RICHARDSON P.C.

                                        By:    */s/ Matthew C. Bernstein*
                                              William J. Marsden, Jr. (#2247)
                                              919 N. Market Street, Suite 1100
                                              Wilmington, DE  19801
                                              Telephone:  (302) 652-5070
                                              Facsimile:   (302) 652-0607
                                              Email: marsden@fr.com

                                              John E. Giust *(pro hac vice)*
                                              Matthew E. Bernstein *(pro hac vice)*
                                              12390 El Camino Real
                                              San Diego, CA  92130
                                              Telephone:  (858) 678-5070
                                              Facsimile:  (858) 678-5099
                                              Email: giust@fr.com
                                              Email: bernstein@fr.com

                                        Attorneys for Defendant and Counterclaim-Plaintiff
                                        Hewlett-Packard Company

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 22, 2007, I served a copy of the attached

**HEWLETT-PACKARD COMPANY'S INITIAL DISCLOSURES** on the following

individuals in the manner indicated:

<u>*Via Email*</u>                                                      Attorneys for Plaintiff and
Jack B. Blumenfeld (#1014)                             Counterclaim-Defendant
Morris, Nichols, Arsht & Tunnell, LLP          Polaroid Corporation
1201 North Market Street
Wilmington, DE 19899-1347
Phone:  302-658-9200
Fax:  302-658-3989
Email:  jblumenfeld@mnat.com

<u>*Via Email*</u>                                                      Attorneys for Plaintiff and
Russell E. Levine, P.C./C. Graham Gerst       Counterclaim-Defendant
Michelle W. Jordan/David W. Higer               Polaroid Corporation
Maria A. Meginnes/C. Beasley
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
Phone:  312-861-2000
Fax:  312-861-2200
Emails:  rlevine@kirkland.com;
ggerst@kirkland.com; mjordan@kirland.com;
dhiger@kirkland.com; mmeginnes@kirkland.com;
cbeasley@kirkland.com

<u>*Courtesy Copy Via Overnight Mail*</u>
Michelle W. Jordan
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
Phone:  312-861-2000
Fax:  312-861-2200

　　　　　　　　　　　　　　　　 */s/ Matthew C. Bernstein*　　　　　　
　　　　　　　　　　　　　　　　 Matthew C. Bernstein

Initial Disclosures.doc

# Exhibit J

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POLAROID CORPORATION,

      Plaintiff and Counterclaim-Defendant,

      v.

HEWLETT-PACKARD COMPANY,

      Defendant and Counterclaim-Plaintiff.

C.A. No. 06-738 (SLR)

## HEWLETT-PACKARD COMPANY'S
## SECOND SUPPLEMENTAL INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Rule 26(e) and the Court's April 24, 2007 Scheduling Order, Defendant Hewlett-Packard Company ("HP") hereby provides its Second Supplemental Initial Disclosures. These Disclosures are based on information reasonably available to HP at this time and reasonably believed to be relevant to the claims or defenses in this lawsuit.

HP reserves the right to supplement and/or amend these disclosures, either through supplemental disclosures or through discovery responses that include additional individuals likely to have discoverable information as well as additional sources of documents in support of its claims or defenses. By making these disclosures, HP in no way concedes the relevance or admissibility of any of the foregoing information, nor does HP waive the assertion of any applicable privileges and/or other proper bases upon which such information and/or documents may be withheld as discovery continues.

1.    **Fed. R. Civ. P. 26(a)(1)(A)(i) Disclosure**

    a.    The following individuals are likely to have discoverable information that Hewlett-Packard may use to support its claims or defenses in this action (excluding impeachment). Hewlett-

Packard's initial disclosures are based on the assumption that the accused technology is limited to those products using the LACE algorithm; i.e., not Retinex.

Any individual identified with an "Hewlett-Packard" notation is a present or former Hewlett-Packard employee. With respect to the current and former Hewlett-Packard employees listed below, each should be contacted solely through counsel of record for Hewlett-Packard.

By indicating the general subject matter of information that witnesses possess, Hewlett-Packard is not representing that this is the only relevant information that these witnesses possess; rather, these descriptions represent Hewlett-Packard's good faith efforts to identify the relevant information possessed by each witness at this time.

| Individual (party affiliation and title if any) | Subjects of Information |
|---|---|
| David Berfanger (Hewlett-Packard software engineer) | non-infringing alternatives |
| Rhanjit Bhaskar (Hewlett-Packard software engineer) | development and implementation of accused technology; non-infringing alternatives |
| Julian Bullitt (Zink Imaging, Inc.) | implementation of the accused technology at Polaroid |
| Rob Cazier (HP camera engineer) | development and implementation of accused and alternative technologies |
| Michael Dansky (current affiliation unknown) | valuation of the accused technology |
| Eleanore Dogan (HP) | marketing of the accused technology |
| Deborah Finck (HP) | marketing of the accused technology |
| Paul Frederickson (HP software engineer) | development and implementation of accused technology; non-infringing alternatives |
| Robert Goldman (CRA International, Inc.) | valuation of the accused technology |

| Individual (party affiliation and title if any) | Subjects of Information |
|---|---|
| Steve Greer (HP business development) | negotiations between Polaroid and Hewlett-Packard regarding Opal and Onyx technologies |
| Ted Haasl-Martinez (HP software developer) | development and implementation of accused technology |
| Tamir Hativa (HP) | marketing of the accused technology |
| Susan Heminger (HP patent agent) | patent prosecution at Hewlett-Packard |
| Bradford Kullberg (Polaroid) | Polaroid bankruptcy, title to the patent-in-suit, Polaroid licensing practices |
| Choon Hee Lee (HP software engineer) | development and implementation of accused technology; non-infringing alternatives |
| Juli Lee (HP software project manager) | development and implementation of accused technology; non-infringing alternatives |
| Erik Lettang (HP ASIC designer) | development and implementation of accused technology |
| Donald Levinstone (current affiliation unknown) | named inventor of the patent-in-suit |
| Lori Lorenz (HP marketing manager) | marketing of accused technology |
| Jim Lyons (HP) | communications between HP and Polaroid |
| Gaetano Maccarone (current affiliation unknown) | Title to the patent-in-suit |
| Michael McGee (Hewlett-Packard finance) | sales of the accused technology |
| Charles Moore (HP attorney) | Communications between Hewlett-Packard and Polaroid |
| Nathan Moroney (Hewlett-Packard researcher) | development of LACE algorithms |
| Mark Niemann (Hewlett-Packard firmware specialist) | development and implementation of accused technology |
| Ronald Reiling (current affiliation unknown) | Polaroid licensing |
| Edward Roman (current affiliation unknown) | prosecuting attorney for the patent-in-suit |

3

| Individual (party affiliation and title if any) | Subjects of Information |
|---|---|
| Richard Schioldager (current affiliation unknown) | valuation of the accused technology |
| Mark Schneider (HP) | Hewlett-Packard's licensing practices |
| Troy Sechrist (Phanfare, Inc.) | marketing of the accused technology |
| Woo-Jin Song (current affiliation unknown) | named inventor of the patent-in-suit |
| Royal Spragg (HP) | marketing of the accused technology |
| Anand Srinivisan (Hewlett-Packard software design engineer) | development and implementation of accused technology |
| Carl Staelin (HP) | implementation of accused technology |
| Anton Tabar (Hewlett-Packard) | implementation of accused technology |
| Jay Thornton (Mitsubish Electric Research Labs) | implementation of the accused technology at Polaroid |

b.     Pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, HP states that the above HP employees are likely custodians of electronically stored information relevant to this case.

Expert witnesses will be identified at a later date, consistent with the Scheduling Order in this case.

## 2.     Fed. R. Civ. P. 26(a)(1)(A)(ii) Disclosure

In support of its claims or defenses to Plaintiff's claims (excluding impeachment), HP may use certain documents in its possession or control, including documents and information that fall within the following categories:

1.     Documents concerning United States Patent No. 4,829,381 (the '381 patent), and documents pertaining to prosecution of the '381 patent.

2.     Documents and things concerning and constituting prior art to the '381

4

patent.

3.     Documents and things concerning the development of LACE algorithms.

4.     Documents and things concerning the design, development and implementation of the accused products.

5.     Documents and things concerning the structure, function, operation, and use of the accused products.

6.     Relevant marketing documents.

7.     Relevant sales documents.

8.     Documents concerning Polaroid's allegation of willful infringement.

9.     Documents concerning Polaroid's awareness of the accused products.

10.    Documents rebutting any Polaroid contention of any secondary consideration of nonobviousness.

11.    Relevant licensing documents.

Pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, to the extent that relevant electronically stored information exists, HP states that the likely relevant electronic systems that have been in place from December 5, 2000 include: custodian hard drives, offline media, online email, private network shares, public network shares, HP's internet servers and HP's intranet servers. HP's back-up tapes and other back-up media are not easily accessible.

Also pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, Don Duffy of HP is the individual responsible for retention of HP's electronically stored information.

Also pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, HP designates Matthew Bernstein of Fish & Richardson P.C. as HP's liaison for e-discovery in this case.

**3.     Fed. R. Civ. P. 26(a)(1)(A)(iii) Disclosure**

Not currently applicable.

4.    Fed. R. Civ. P. 26(a)(1)(A)(iv) Disclosure

HP is unaware at this time of the existence of any relevant insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated:  March 18, 2008                FISH & RICHARDSON P.C.

                                     By:   _/s/ Bradley D. Coburn_    _ _ _ _ _
                                        William J. Marsden, Jr. (#2247)
                                        919 N. Market Street, Suite 1100
                                        Wilmington, DE 19801
                                        Telephone:  (302) 652-5070
                                        Facsimile:  (302) 652-0607
                                        Email:  marsden@fr.com

                                        John E. Giust (pro hac vice)
                                        Matthew C. Bernstein (pro hac vice)
                                        12390 El Camino Real
                                        San Diego, CA 92130
                                        Telephone: 858-678-5070
                                        Facsimile: 858-678-5099
                                        Emails:  giust@fr.com; bernstein@fr.com

                                        Bradley D. Coburn (pro hac vice)
                                        111 Congress Avenue, Suite 810
                                        Austin, TX 78701
                                        Telephone:  (512) 472-5070
                                        Facsimile:  (512) 320-8935
                                        Email:  coburn@fr.com

                                        Robert S. Frank, Jr. (pro hac vice)
                                        Daniel C. Winston (pro hac vice)
                                        Choate Hall & Stewart, LLP
                                        Two International Place
                                        Boston, MA 02110
                                        Telephone:  (617) 248-5000
                                        Facsimile:  (617) 248-4000
                                        Emails:  dwinston@choate.com;
                                        rfrank@choate.com

                                     Attorneys for Defendant and Counterclaim-Plaintiff
                                     Hewlett-Packard Company

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 18, 2008, I served a copy of the attached **HEWLETT-PACKARD COMPANY'S SECOND SUPPLEMENTAL INITIAL DISCLOSURES** on the following individuals in the manner indicated:

| | |
|---|---|
| ***Via Email***<br>Jack B. Blumenfeld (#1014)<br>Julia Heaney (#3052)<br>Morris, Nichols, Arsht & Tunnell, LLP<br>1201 North Market Street<br>Wilmington, DE 19899-1347<br>Phone: 302-658-9200<br>Fax: 302-658-3989<br>Emails: jblumenfeld@mnat.com;<br>jheaney@mnat.com | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |
| ***Via Email***<br>Russell E. Levine, P.C./<br>Michelle W. Skinner/David W. Higer<br>Maria A. Meginnes/Courtney Holohan/C. Beasley<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL 60601<br>Phone: 312-861-2000<br>Fax: 312-861-2200<br>Emails: rlevine@kirkland.com;<br>skinnerm@kirkland.com; dhiger@kirkland.com;<br>mmeginnes@kirkland.com;<br>cholohan@kirkland.com; cbeasley@kirkland.com | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |

***Courtesy Copy Via Overnight Mail***
Michelle W. Skinner
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Phone: 312-861-2000
Fax: 312-861-2200

*/s/ Bradley D. Coburn*
Bradley D. Coburn

11039505.doc

1

# Exhibit K

# REDACTED
# IN ITS ENTIRETY

# Exhibit L

# REDACTED
# IN ITS ENTIRETY

# Exhibit M

# REDACTED
# IN ITS ENTIRETY

# Exhibit N

# REDACTED
# IN ITS ENTIRETY

# Exhibit O

# REDACTED
# IN ITS ENTIRETY

# Exhibit P

# REDACTED
# IN ITS ENTIRETY

# Exhibit Q

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POLAROID CORPORATION, | |
| Plaintiff and Counterclaim Defendant, | |
| v. | C.A. No. 06-738-SLR |
| HEWLETT-PACKARD COMPANY, | |
| Defendant and Counterclaim Plaintiff. | |

## DEFENDANT HEWLETT-PACKARD COMPANY'S DISCLOSURE OF FACT WITNESSES

Defendant Hewlett-Packard Company ("HP") hereby submits the following disclosure of fact witnesses and expert witnesses who may give fact testimony, pursuant to Paragraph 3(f) of the Court's Scheduling Order filed April 24, 2007.  HP specifically reserves the right to supplement or amend this list by adding by adding or removing fact witnesses as appropriate.  To the extent anything in the reports or deposition testimony of HP's experts could be construed to be fact testimony, HP reserves the right to call the experts to testify regarding the substance of what was disclosed in their expert reports and in their depositions. In addition to the witnesses identified by name below, HP also reserves the right to call at trial any individuals identified in Polaroid Corporation's disclosure of fact witnesses.  Subject to these representations, HP identifies the following individuals as potential fact witnesses:

- Bailey, Rusty
- Berge, Tom
- Bhaskar, Ranjit
- Bullitt, Julian
- Cazier, Robb
- Dansky, Michael
- Dogan, Eleanore

- Fredrickson, Paul
- Goldman, William
- Greer, Steve
- Haasl-Martinez, Ted
- Hayes, Chris
- Kullberg, Brad
- Lee, Juli
- Levinstone, Donald
- Lorenz, Lori
- Lyons, Jim
- Moore, Charles
- Moroney, Nathan
- Reiling, Ron
- Roman, Ed
- Ruder, Jim
- Ruiz, Paul
- Schioldager, Richard
- Srinivisan, Anand
- Tabar, Anton
- Thornton, Jay
- Yennadhiou, Peter

Dated:  June 9, 2008                    FISH & RICHARDSON P.C.


                                        By:  */s/ William J. Marsden, Jr.*
                                             William J. Marsden, Jr. (#2247)
                                             Raymond N. Scott, Jr. (#4949)
                                             919 N. Market Street, Suite 1100
                                             P.O. Box 1114
                                             Wilmington, DE 19899-1114
                                             Tel:  (302) 652-5070
                                             Fax:  (302) 652-0607

                                             Robert S. Frank, Jr.
                                             Daniel C. Winston
                                             CHOATE, HALL & STEWART LLP
                                             Two International Place
                                             Boston, MA 02109
                                             Tel.:  (617) 248-5000
                                             Fax:  (617) 248-4000

                                             John E. Giust
                                             Matthew E. Bernstein
                                             MINTZ, LEVIN, COHN, FERRIS,
                                                  GLOVSKY AND POPEO PC
                                             3580 Carmel Mountain Road, Suite 300
                                             San Diego, CA 92130
                                             858-314-1500 - telephone
                                             858-314-1501 – facsimile

                                             *Attorneys for Plaintiff*
                                             *HEWLETT-PACKARD COMPANY*


80061650 (2).doc

3

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 9, 2008, I served **DEFENDANT HEWLETT-**

**PACKARD COMPANY'S DISCLOSURE OF FACT WITNESSES** to the following

counsel:

<u>*Via Email*</u>
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
Morris, Nichols, Arsht & Tunnell, LLP
1201 North Market Street
Wilmington, DE 19899-1347
Phone:  302-658-9200
Fax:  302-658-3989
Emails:  jblumenfeld@mnat.com; jheaney@mnat.com

Attorneys for Plaintiff and
Counterclaim-Defendant
Polaroid Corporation


In addition, service will be made on the following counsel of record as indicated:

<u>*Via Email*</u>
Russell E. Levine, P.C.
Michelle W. Skinner/David W. Higer
Maria A. Meginnes/Courtney Holohan/C. Beasley
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
Phone:  312-861-2000
Fax:  312-861-2200
Emails:  rlevine@kirkland.com; ggerst@kirkland.com;
mskinner@kirkland.com; dhiger@kirkland.com;
mmeginnes@kirkland.com; mmeginnes@kirkland.com;
cbeasley@kirkland.com

Attorneys for Plaintiff and
Counterclaim-Defendant
Polaroid Corporation

<u>*Courtesy Copy Via Federal Express*</u>
Michelle W. Skinner
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
Phone:  312-861-2000
Fax:  312-861-2200


<u>*/s/ William J. Marsden, Jr.*</u>
William J. Marsden, Jr.

1

# Exhibit R

# REDACTED
# IN ITS ENTIRETY

# Exhibit S

# REDACTED
# IN ITS ENTIRETY

# Exhibit T

# REDACTED
# IN ITS ENTIRETY

# Exhibit U

# REDACTED
# IN ITS ENTIRETY

# Exhibit V

# REDACTED
# IN ITS ENTIRETY

# Exhibit W

# REDACTED
# IN ITS ENTIRETY

# Exhibit X

# REDACTED
# IN ITS ENTIRETY

# Exhibit Y

# REDACTED
# IN ITS ENTIRETY

# Exhibit Z

# REDACTED
# IN ITS ENTIRETY

# Exhibit AA

# REDACTED
# IN ITS ENTIRETY

# Exhibit BB

# REDACTED
# IN ITS ENTIRETY

# Exhibit CC

# REDACTED
# IN ITS ENTIRETY