IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POLAROID CORPORATION,

    Plaintiff and Counterclaim Defendant,

    v.

HEWLETT-PACKARD COMPANY,

    Defendant and Counterclaim Plaintiff.

C.A. No. 06-738-SLR

**REDACTED**

---

**DEFENDANT HEWLETT-PACKARD COMPANY'S REPLY BRIEF
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON GROUNDS
OF ESTOPPEL AND, IN THE ALTERNATIVE OR IN ADDITION, LACHES**

**FISH & RICHARDSON P.C.**
William J. Marsden, Jr. (#2247)
Raymond N. Scott, Jr. (#4949)
919 N. Market Street, Suite 1100
Wilmington, DE 19801
Tel.: (302) 652-5070
Fax: (302) 652-0607
Emails: *marsden@fr.com; rscott@fr.com*

Robert S. Frank, Jr. *(pro hac vice)*
Daniel C. Winston *(pro hac vice)*
Carlos Perez-Albuerne *(pro hac vice)*
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02109
Tel.: (617) 248-5000
Fax: (617) 248-4000
Emails: *rfrank@choate.com; cperez@choate.com;
        dwinston@choate.com*

John E. Giust *(pro hac vice)*
Matthew E. Bernstein *(pro hac vice)*
MINTZ, LEVIN, COHN, FERRIS,
    GLOVSKY AND POPEO PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel.: (858) 314-1500
Fax: (858) 314-1501
Emails: *jgiust@mintz.com; mbernstein@mintz.com*

*Attorneys for Defendant and Counterclaim-Plaintiff
Hewlett-Packard Company*

Dated: June 16, 2008

4341434v1

**TABLE OF CONTENTS**

Page

I.     SUMMARY OF ARGUMENT ...................................................................................1

II.    ARGUMENT .........................................................................................................2

       A.     Summary Judgment On Laches Or Estoppel May And Should Be
              Granted In Appropriate Cases...............................................................................2

       B.     HP Is Entitled To Summary Judgment On Laches. ................................................4

              1.     Polaroid's Cause of Action Indisputably Accrued in November,
                     2000, and Thus a Presumption of Laches Applies.........................................4

                     a.     In any event Polaroid's claim accrued in 2002. ................................9

              2.     Polaroid's Delay Was Unreasonable and Cannot Be Excused, as a
                     Matter of Law. ...........................................................................................10

              3.     HP Has Been Prejudiced, as a Matter of Law.............................................13

                     a.     There has been evidentiary prejudice to HP, as a matter of
                            law.................................................................................................13

                     b.     HP has suffered economic prejudice as a matter of law. ..................16

       C.     Summary Judgment That Polaroid's Claims Are Barred By Estoppel
              Should Be Granted.............................................................................................17

       D.     Polaroid May Not Avoid Summary Judgment Simply By Alleging
              Willful Infringement Or "Discovery Misconduct" ...............................................19

III.   CONCLUSION.....................................................................................................19

4341434v1

## <u>TABLE OF AUTHORITIES</u>

CASES

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.,*
   960 F.2d 1020 (Fed. Cir. 1992)...............................................................................8

*ABB Robotics, Inc. v. GMFanuc Robotics Corp.,*
   52 F.3d 1062 (Fed. Cir. 1995)...........................................................................2, 18

*Acushnet Co. v. Dunlop Maxfli Sports Corp.,*
   2000 WL 987979 (D. Del. June 29, 2000).............................................................3

*Adelberg Labs., Inc. v. Miles, Inc.,*
   921 F.2d 1267 (Fed. Cir. 1990).............................................................................5

*Baker Mfg. Co. v. Whitewater Mfg. Co.,*
   430 F.2d 1008 (7th Cir. 1970) ........................................................................11-12

*Bio-Tech Gen. Corp. v. Genetech,*
   80 F 3rd 1553 (Fed. Cir. 1996) .............................................................................5

*Cornell Research Foundation v. Hewlett-Packard Co.,*
   2007 WL 4349135 (N.D.N.Y. Jan. 31, 2007).......................................................8

*Ecolab, Inc. v. Envirochem, Inc.,*
   264 F.3d 1358 (Fed. Cir. 2001)...........................................................................17

*Gasser Chair Co. v. Infanti Chair Mfg. Corp.,*
   60 F.3d 770 (Fed. Cir. 1995)..........................................................................3, 17

*Genzyme Corp. v. Atrium Med. Corp.,*
   2003 U.S. Dist. LEXIS 12784 (D. Del. 2003) ........................................11-12, 17

*GFI, Inc. v. Franklin Corp.,*
   88 F. Supp.2d 619 (N.D. Miss. 2000)..................................................................16

*Gossen Corp. v. Marley Mouldings, Inc.,*
   977 F. Supp. 1346 (E.D. Wis. 1997)................................................................2, 12

*Hackman v. Valley Fair,*
   932 F.2d 239 (3d Cir. 1991)................................................................................10

*Hall v. Aqua Queen Mfg., Inc.,*
   93 F.3d 1548 (Fed. Cir. 1996)...............................................................................2

4341434v1

**TABLE OF AUTHORITIES**
**(cont.)**

Page

*Hemstreet v. Computer Entry Sys. Corp.*,
972 F.2d 1290 (Fed. Cir. 1992)....................................................................3, 17

*Heraeus Electro-Nite Co. v. Midwest Instrument Co.*,
2007 WL 2071905 (E.D. Pa., July 17, 2007)..........................................8, 11

*Illinois Tool Works, Inc. v. Grip-Pak, Inc.*,
725 F. Supp. 951 (N.D. Ill. 1989) .................................................................11

*Imagexpo, LLC v. Microsoft Corp.*,
281 F. Supp.2d 846 (E.D. Va. 2003) .............................................................16

*Intertech Licensing Corp. v. Brown & Sharpe Mfg*,
708 F. Supp 1423 (D. Del. 1989).................................................................5-7

*Izumi Prods. Co. v. Koninklijke Philips Elecs. N.V.*,
315 F. Supp.2d 589 (D. Del. 2004)................................................................3

*Lexington Ins. Co. v. W. Pa. Hosp.*,
423 F.3d 318 (3d Cir. 2005)........................................................................10

*McKesson Info. Solutions LLC v. Trizetto Group, Inc.*,
426 F. Supp.2d 203 (D. Del. 2006)...........................................................3, 17

*Mead Digital Sys., Inc. v. A.B. Dick Co.*,
521 F. Supp. 164 (D.C. Ohio 1981) ..............................................................11

*MLMC, Ltd. v. AirTouch Commc'ns, Inc.*,
2001 WL 1414269 (D. Del. Nov. 1, 2001) .....................................................3

*Oakwood Labs. v. Tap Pharm. Prods., Inc.*,
2003 WL 22400759 (N.D. Ill. Oct. 21, 2003)...............................................16

*Odetics, Inc. v. Storage Tech. Corp.*,
919 F. Supp. 911 (E.D. Va. 1996), *aff'd in part, rev'd in part on other grounds*, 185
F.3d 1259 (Fed. Cir. 1999).......................................................................2, 15

*Rosemount, Inc. v. Beckman Instruments, Inc.*,
727 F.2d 1540 (Fed. Cir. 1984).....................................................................2

*Symantec Corp. v. Computer Associates Int'l*,
522 F.3d 1279 (Fed. Cir. 2008).....................................................................8

4341434v1

# TABLE OF AUTHORITIES
## (cont.)

Page

*Symbol Techs., Inc. v. Proxim, Inc.,*
  2004 WL 1770290 (July 28, 2004) ........................................................................ 10, 16-17

*Tenneco Auto. Operating Co. v. Visteon Corp.,*
  375 F. Supp.2d 375 (D. Del. 2005) ..................................................................................3

*Teradyne, Inc. v. Hewlett-Packard Co.,*
  1994 WL 327213 (N.D. Cal. June 24, 1994) ....................................................................12

*Thomas v. Echostar Satellite, LLC,*
  2006 WL 3751319 (W.D.N.C. Dec. 19, 2006) ...................................................................7

*Tripp v. U.S.,*
  406 F.2d 1066 (Ct. Cl. 1969) .........................................................................................11

*Wafer Shave, Inc. v. Gillette Co.,*
  857 F. Supp. 119-27 (D. Mass. 1993) ...........................................................................2, 12

*Wanlass v. Fedders Corp.,*
  145 F.3d (Fed. Cir. 1998) ................................................................................................6

*Wanlass v. Gen. Electric Co.,*
  148 F.3d 1334 (Fed. Cir. 1998) .....................................................................................2, 15

STATUTES

35 U.S.C. § 271(e)(1) ........................................................................................................6

# REDACTED

Defendant Hewlett-Packard Company ("HP") submits this Reply Brief in further support of its Motion for Summary Judgment on Grounds of Estoppel and, in the Alternative or in Addition, Laches (D.I. 139) ("Motion"), and to address the arguments raised by plaintiff Polaroid Corporation ("Polaroid") in its Answering Brief in Opposition to Hewlett-Packard Company's Motion (D.I. 194) ("Polaroid Opposition" or "Opposition").

## I.    SUMMARY OF ARGUMENT

Polaroid's Opposition contains a lengthy "Statement of Facts," but these facts are essentially undisputed and merely reiterate the undisputed facts stated in HP's Memorandum in Support of its Motion ("HP Brief") (D.I. 140).  In the few instances in which Polaroid attempts to fashion a dispute of fact, that alleged disputed fact either is not truly disputed or is immaterial. In order to avoid summary judgment, Polaroid must raise a *genuine* issue of *material* fact.  This case is therefore one in which it is appropriate to grant summary judgment on grounds of laches and estoppel.  The following undisputed facts in this case are notable, and differentiate this case from the cases cited by Polaroid in its Opposition:

- Polaroid admits that it had *actual knowledge* that HP was using an allegedly infringing algorithm more than 6 years before Polaroid commenced this action;

- Polaroid admits it initially informed HP that an HP algorithm was covered by the '381 patent;

- Thereafter, ███████████████████████████████████████████
███████████████████████████████████████████████████████

- Polaroid admits it never again – for more than six years – accused HP of infringing the '381 patent, or stated it intended to assert the patent against HP;

- Polaroid admits ███████████████████████████████████████
███████████████████████████████████████████████████████

# REDACTED

- Polaroid remained silent for years while HP publicly increased the distribution, and advertised use, of its now-accused technology, incorporating that technology into multiple products and platforms and ███████████████████████████ ████████████████

- Polaroid admits it lost or destroyed, during its delay, numerous documents – including emails, ████████████████ files and other documents – which *Polaroid itself contends are central to multiple issues in this case.*

None of the cases cited by Polaroid addressed undisputed facts of this nature. On these undisputed facts, summary judgment should be granted.

## II.    ARGUMENT

### A.    Summary Judgment On Laches Or Estoppel May And Should Be Granted In Appropriate Cases.

As set forth in HP's original Brief, numerous courts have granted summary judgment on grounds of laches or estoppel based on undisputed facts similar to, or not as compelling as, those presented in this case. *See* HP Brief at 14, 19, 26, 31-32; *e.g., Wanless v. Gen. Elec. Co.*, 148 F.3d 1334, 1339-41 (Fed. Cir. 1998) (laches); *Hall v. Aqua Queen Mfg., Inc.*, 93 F.3d 1548, 1552-55 (Fed. Cir. 1996) (laches); *ABB Robotics, Inc. v. GMFanuc Robotics Corp.*, 52 F.3d 1062, 1063-65 (Fed. Cir. 1995) (estoppel); *Rosemount, Inc. v. Beckman Instruments, Inc.*, 727 F.2d 1540, 1550 (Fed. Cir. 1984) (laches); *Gossen Corp. v. Marley Mouldings, Inc.*, 977 F. Supp. 1346, 1351-56 (E.D. Wis. 1997) (estoppel and laches); *Odetics, Inc. v. Storage Tech. Corp.*, 919 F. Supp. 911, 920-27 (E.D. Va. 1996) (laches), *aff'd in part, rev'd in part on other grounds*, 185 F.3d 1259 (Fed. Cir. 1999); *Wafer Shave, Inc. v. Gillette Co.*, 857 F. Supp. 119-27 (D. Mass. 1993) (estoppel and laches).

Polaroid cites a number of cases – including some decided by this Court – in which courts have denied summary judgment of laches or estoppel. *See* Opposition at 20, 25, 34. However, these cases presented clearly disputed facts or very different fact patterns, and in virtually all of these cases it was unclear whether the patentee even knew of the alleged

2

# REDACTED

infringement. Thus, no presumption of laches applied. *See, e.g., Gasser Chair Co. v. Infanti Chair Mfg. Corp.*, 60 F.3d 770, 774 (Fed. Cir. 1995) (no presumption applied based on 2-5 year delay, and defendant had signed an agreement not to sell the infringing products); *Hemstreet v. Computer Entry Sys. Corp.*, 972 F.2d 1290, 1293-94 (Fed. Cir. 1992) (individual inventor's delay was attributed to years of sequential litigation against other infringers, and he gave specific warning to the defendant of his intent to sue); *McKesson Info. Solutions LLC v. Trizetto Group, Inc.*, 426 F. Supp.2d 203, 209-10 (D. Del. 2006) (many material facts were actually disputed, including whether the patentee knew or reasonably should have known about the infringing activity prior to suit, and thus no presumption of laches applied); *Tenneco Auto. Operating Co. v. Visteon Corp.*, 375 F. Supp.2d 375, 381-82 (D. Del. 2005) (same; in addition, defendant took steps to conceal its infringing activity); *Izumi Prods. Co. v. Koninklijke Philips Elecs. N.V.*, 315 F. Supp.2d 589, 612 (D. Del. 2004) (same; in addition defendant did not advertise its infringing activity); *MLMC, Ltd. v. AirTouch Commc'ns, Inc.*, 2001 WL 1414269, at *6 (D. Del. Nov. 1, 2001) (same; plus plaintiff had no reason to suspect that defendant was infringing as compared to other competitors); *Acushnet Co. v. Dunlop Maxfli Sports Corp.*, 2000 WL 987979, at *11-12 (D. Del. June 29, 2000) (same; and plaintiff had no notice that the defendant was a potential infringer).

Based on the undisputed material facts here – Polaroid's admitted knowledge of the infringement more than six years prior to suit; Polaroid's initial notice of infringement to HP followed by its silence for more than six years; the admitted existence of ████████████ ████████████████ HP's publicized and increased distribution of its allegedly infringing products during Polaroid's years of silence and delay; and Polaroid's admitted loss of centrally

4341434v1

# REDACTED

relevant evidence during its delay – this case is very different from the case law cited by Polaroid.  The undisputed facts in this case support granting summary judgment.

B.   **HP Is Entitled To Summary Judgment On Laches.**

1.   *Polaroid's Cause of Action Indisputably Accrued in November, 2000, and Thus a Presumption of Laches Applies.*

It is undisputed that Polaroid reviewed an HP article and attended a conference presentation in November 2000 – more than six years prior to suit – which disclosed HP's use of an algorithm (the "Moroney Algorithm") which ███████████████████████████████

██████████████   *See* HP Brief at 3-4, 15-16.  Further, it is undisputed that Polaroid contends that ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████   *Id.*  Polaroid's witnesses, its internal documents, and its interrogatory answers all consistently state and admit this fact, and there is *no* contrary evidence.  *See id.*  For example:



- ████████████████████████████████████████████████████
  ████████████████████████  (HP Ex. 12, Thornton Dep., 146 and 148-49)[1]

- ████████████████████████████████████████████████
  ██████████  (HP Ex. 15, Thornton 1/02 Status Report at POL 000702)

- ████████████████████████████████████████████████
  ████████████████████  (HP Ex. 13, Polaroid 1/06 IP Monetization Project, at CRA 007452)

---

[1] HP cites herein to exhibits attached to the Declaration of William J. Marsden, Jr. in Support of Defendant Hewlett-Packard's Opening Summary Judgment Brief on Estoppel and Laches (D.I. 141) as "HP Ex. __," and to exhibits in Polaroid's Appendix to its Answering Brief in Opposition to Hewlett-Packard Company's Motion for Summary Judgment on Grounds of Estoppel and, in the Alternative or in Addition, Laches (D.I. 195) as "Pol. Ex. __."

4341434v1

# REDACTED

- ████████████████████████████████████████ (HP Ex. 7, Polaroid Int. Response No. 15, p. 90)

- Polaroid asserts that ████████████████████████ ████████████████████████████████ (HP Ex. 7, Polaroid Int. Response No. 18, pp. 95-96) (emphasis added)

Despite these consistent admissions, Polaroid argues that HP has not established that "the Moroney Algorithm actually infringes the '381 patent," or that "Polaroid had actual knowledge of that infringement." Opposition at 21. These arguments are without basis. The presumption of laches applies, as a matter of law.

First, Polaroid argues "[t]here is a question of fact as to whether the Moroney Algorithm infringes the '381 patent. ████████████████████ Opposition at 22. Polaroid simply ignores all of the evidence cited above. Polaroid cites only a Polaroid interrogatory answer, in which ████████████████████████████████████ ████████████████ *Id.*, Pol. Ex. 12 at p. 5. However, it is well established that a patentee cannot avoid laches simply by omitting from its formal infringement contentions earlier infringement by the defendant. *Adelberg Labs., Inc. v. Miles, Inc.*, 921 F.2d 1267, 1272 (Fed. Cir. 1990) ("the time period during which [the patentee] seeks damages is not decisive to the defense of laches. What [is] crucial [is] the date when [the patentee] knew or should have known of [the defendant's] alleged infringement"); *Intertech Licensing Corp. v. Brown & Sharpe Mfg. Co.*, 708 F. Supp 1423, 1435 n.27 (D. Del. 1989) ("a plaintiff otherwise guilty of laches cannot avoid the consequences of the defense simply by narrowing its charge so as to complain only of infringement occurring within the 6 years immediately preceding commencement of the lawsuit"). The cases cited by Polaroid on this subject are clearly distinguishable. *See Bio-Technology Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1564-65 (Fed. Cir. 1996) (earlier use

5

# REDACTED

was non-infringing as a matter of law under 35 U.S.C. § 271(e)(1)); *Wanlass v. Fedders Corp.*, 145 F.3d, 1461, 1465 (Fed. Cir. 1998) (patentee did not know of earlier infringement prior to filing suit, and had no reasonable way of detecting infringing activity).[2] Thus, Polaroid cannot avoid the presumption of laches merely by excluding the Moroney Algorithm from its formal infringement claim.

Polaroid next asserts that an issue of fact exists because ███████████████████ ███████████████████████████████████████████████████████████████████████ Opposition at 22. Polaroid's argument is specious for at least three reasons: (i) as stated above, Polaroid *admits* ███████████████████████████████████████████████ ████████ (and does *not* deny that fact in its Opposition); (ii) it is well established that an actual finding of infringement is not necessary to support laches; and (iii) it is not the defendant's burden to prove it infringed before it can prevail on laches. As stated by Judge Latchum in *Intertech*:

> Plaintiff represents that the laches defense cannot succeed unless defendant proves that it did in fact infringe the [patent] in the early 1970s. ... Plaintiff's assertions are simply incorrect. Proof of actual infringement is not a necessary element of the laches defense. If it were, a "mini-trial" on the issue of laches would hardly enhance the efficient administration of justice. ... In upholding defendant's laches defense, the Court need not and does not decide whether [defendant] ever infringed. The court simply concludes that *if* [defendant] did infringe, such infringement: (a) occurred in the early 1970s, (b) was known to or should have been known by [patentee] and (c) any [later] infringement was of the same nature as [the earlier] infringement.

708 F. Supp. at 1437.

---

[2] Polaroid's footnoted argument that "Polaroid's position [as to the Moroney Algorithm] has been consistent through the case" (Opposition at 22 n.12) is quite ironic. Polaroid's position has indeed been consistent: From 2000 through the present, Polaroid has consistently stated that the ███████████████████████████████████████████████████████████ ██████████████████████████████████████████████ ) *See* above.

6

# REDACTED

Here, Polaroid contends ████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████ HP Ex. 7, Polaroid Int. Answer No. 18, at 95-96. *See also* HP Ex. 20, Stevenson

Rep. at ¶¶ 146-147 ████████████████████████████████████
████████████████████████████████████████████████████████

██████ Polaroid's Opposition does not assert otherwise.[3]

Polaroid next argues that ████████████████████████████████
██████████████████████████████████████████████ However, it is the

patentee's – not the defendant's – infringement contentions that matter for laches purposes

because it is the patentee's grounds for suit that determine the time when the patentee should

have sued. *Thomas v. Echostar Satellite, LLC*, 2006 WL 3751319, at *7 (W.D.N.C. Dec. 19,

2006); *Intertech Licensing Corp.*, 708 F. Supp at 1436-38, & n.28. Polaroid cannot prevail on its

claim of infringement unless Polaroid's infringement contentions have been deemed correct. *See*

*Intertech Licensing Corp.*, 708 F. Supp. at 1436-37 (to find laches the court need "simply

conclude[] that *if* [defendant] did infringe, … any [later] infringement was of the same nature as

---

[3] In fact, Polaroid's central infringement theory – as exemplified in the parties' cross-motions for
summary judgment on infringement – is that ██████████████████████████████████████
█████████████████████████████████████████ *See* HP Ex. 21, Agouris Rep. at 27; HP Ex. 20,
Stevenson Rep. at ¶¶146-47. Indeed, Polaroid can only prevail in this case if it succeeds in
establishing ████████████████████
█████████████ Similarly, Polaroid has ██████████████████████████
████████████████████████████████████ *Compare* HP Ex. 7, Polaroid
Int. Answer No. 2 at 9-10 ███████████████████████████ *with* HP Ex.
10, Moroney Article, at 109 ██████████████████████
████████████████████████████████████████████████

# REDACTED

[the earlier] infringement"); *Heraeus Electro-Nite Co. v. Midwest Instrument Co.*, 2007 WL 2071905, at *5 (E.D. Pa., July 17, 2007).

Finally, Polaroid argues that the laches period could not start in November 2000 because HP's article of that date did not disclose an HP "product." That is not a legal requirement for infringement, nor for laches to begin. The '381 patent includes, and Polaroid asserts, method claims against HP. Thus HP's use of the Moroney Algorithm (as shown by the article), was, █

███████████████████████████████████████████████████████████ HP Ex. 10, Moroney Article at 109; HP Ex. 7, Polaroid Int. Response No. 2, at 6, 10.[4]

The cases cited by Polaroid are clearly distinguishable. In *Symantec Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279 (Fed. Cir. 2008), the court simply held that an expert's general assertion that a product used the same "antivirus engine technology" – without more – did not necessarily mean that the product used the same *claimed features* as the accused product. *See id.* at 1295 n.9. The *Symantec* court did not address the situation here, where the patentee itself contends the two technologies infringe by using the same claimed features. Similarly, *Cornell Research Found. v. Hewlett-Packard Co.*, 2007 WL 4349135 (N.D.N.Y. Jan. 31, 2007), simply is inapplicable. In *Cornell*, there was no early act of infringement at all since the relevant article only revealed *potential future* infringing conduct, based on a planned product that had never been made or used. *Id.* at *36-38. Thus, it was not until the defendant actually made and sold its anticipated product that infringement conceivably could have occurred, been known to the patentee, and been the subject of a claim for infringement. *Id.* at *38. By contrast, in this case

---

[4] Polaroid argues alternatively that this initial infringement was *de minimis* to try to excuse its delay in commencing suit. Opposition at 26. That does not prevent the laches period from starting, however. The laches period starts when the patentee knew or should have known of the defendant's allegedly infringing activities; the extent of the infringement is just a possible justification for delay after that point in actually bringing suit. *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1032-33 (Fed. Cir. 1992); *see also* Section II.B.2.

# REDACTED

Polaroid admits it saw an article in November 2000 which established HP's use of an allegedly infringing algorithm. *See* HP Brief at 16 n.6.

Polaroid's entire case is based on its theory that ████████████████████████ ███████████████████████████████████████████████████████████████████ ████████████████████████████████ Therefore, as a matter of law, Polaroid's claim accrued in November 2000, and the presumption of laches applies.

a.      *In any event Polaroid's claim accrued in 2002.*

Polaroid argues that ████████████████████████ Opposition at 24. As a preliminary matter, Polaroid's entire argument is erroneous since, as stated above, Polaroid's claim of infringement against HP accrued in November 2000. Moreover, and in any event, it is undisputed that (i) HP started advertising and selling its allegedly infringing products in volume in mid-2002, and (ii) █████████████████████████████████ *See* Opposition at 24. Polaroid cites no information it allegedly learned, or test that it allegedly developed, between mid-2002 and when it sued in 2006, that it did not have in 2002. Polaroid also cannot avoid the undisputed fact that it believed, and still asserts, that ████████████ ████████████████████████████████ For example:

- ████████████████████████████████████████ (HP Ex. 15, Thornton 1/02 Status Report, at POL 000702)

- ████████████████████████████████████████ (HP Ex. 12, Thornton Dep., 149-50).[5]

---

[5] Polaroid cannot create a genuine dispute of fact by ████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ *See* Opposition at 17 (citing HP Ex. 12, Thornton Dep. at 170-173); *compare* HP Exs. 7, 12, 13, 15 cited above. ████████████████████████

4341434v1

# REDACTED

*See also* HP Ex. 13, Polaroid 1/06 Monetization Project, at CRA 007452; HP Ex. 7, Polaroid Int. Answer No. 15, at 87-88; Polaroid Int. Answer No. 2, at 12, 15-16.

Polaroid contends that in mid-2002 HP began selling and heavily advertising the accused HP printers containing LACE as part of its "Big Bang" product launch, and that HP's product literature publicized the accused digital imaging and contrast enhancement feature of its accused printers. *See* HP Brief at 6 (citing exhibits). As a matter of law, Polaroid cannot put its head in the sand and avoid a finding that it knew or *had reason to know* of HP's allegedly infringing conduct. HP Brief at 18. Polaroid's case law on this point is clearly distinguishable. *See Symbol Techs., Inc. v. Proxim, Inc.*, 2004 WL 1770290, at \*4 (July 28, 2004) (finding no constructive knowledge because there was no evidence the patentee suspected the accused defendant of infringement or that the accused products used the patented technology, and the patentee had no readily available access or test to determine infringement); *see also* Section II.A above (addressing additional Polaroid cases). Thus, as a matter of law, even if Polaroid had not had actual knowledge of the alleged infringement in November 2000, Polaroid would have had actual or constructive knowledge of HP's infringing products as of mid-2002.

### 2. *Polaroid's Delay Was Unreasonable and Cannot Be Excused, as a Matter of Law.*

None of the material facts concerning Polaroid's excuses for delay are in dispute. What remains is simply the effect of those undisputed facts. None of Polaroid's excuses for delay are sufficient to avoid summary judgment.

---

█████████████████████████████████████████████████████████████ HP Ex. 12, Thornton Dep. at 149-50, 172-73. It is well established that a witness may not create a dispute of fact to avoid summary judgment merely by speculative and uncertain testimony, or testimony which contradicts prior admissions and testimony. *Lexington Ins. Co. v. W. Pa. Hosp.*, 423 F.3d 318, 332-33 (3d Cir. 2005); *Hackman v. Valley Fair*, 932 F.2d 239, 241 (3d Cir. 1991).

4341434v1

First, Polaroid claims that "any alleged delay prior to June 2002 is excused due to the *de minimis* nature of HP's initial infringement." Opposition at 26. As a preliminary matter, this excuse, if viable, would address only the first 1.5 years of Polaroid's delay and would not excuse the remaining 4.5 years. HP's major product launches and sales began in mid-2002. *See* HP Brief at 6. In addition, as shown by the cases cited by Polaroid, the "*de minimis*" excuse is generally only available when the patentee gave the defendant notice of its intent to enforce its patent during the period of delay, *see Tripp v. U.S.*, 406 F.2d 1066, 1071 (Ct. Cl. 1969) (the patentee, an individual, "consistently expressed" its demand for compensation); *Baker Mfg. Co. v. Whitewater Mfg. Co.*, 430 F.2d 1008, 1014 (7th Cir. 1970) (denying the *de minimis* infringement excuse where the patentee "at no time demanded compensation during the period … after it had given notice of infringement"), or when the overall delay was less than six years and the patentee promptly took steps to enforce its patent shortly after the defendant's sales became commercially significant. *See Heraeus Electro-Nite Co.*, 2007 WL 2071905, at *8 (July 22); *Genzyme Corp. v. Atrium Med. Corp.*, 2003 U.S. Dist. LEXIS 12784, at *16-18 (D. Del. 2003); *Illinois Tool Works, Inc. v. Grip-Pak, Inc.*, 725 F. Supp. 951, 953 (N.D. Ill. 1989); *Mead Digital Sys., Inc. v. A.B. Dick Co.*, 521 F. Supp. 164, 180 (D.C. Ohio 1981) (delay slightly over six years but commercial viability of the infringing activity was always in question).

Here, Polaroid knew HP was an alleged actual infringer in 2000, and knew HP was advertising and selling its allegedly infringing products and advertising their accused features starting in mid-2002. Yet Polaroid still sat silently for 4.5 more years after HP began to commercialize its accused products, and to advertise the accused features of those products, starting in mid-2002. The contention that Polaroid's delay is excused due to an initial period of limited infringement is therefore specious.

11

# REDACTED

Second, Polaroid attempts to excuse its delay from July 2002 through April 2005 based upon management changes. *See* Opposition at 27-28. These conditions are not legally sufficient to avoid summary judgment. Polaroid's Rule 30(b)(6) witness admitted that, ███████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

HP Ex. 4, Kullberg 30(b)(6) Dep., at 4-5, 7-8. ████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████ HP

Brief at 5, 6-7. Under these circumstances, Polaroid's excuses for delay are legally insufficient. *Baker Mfg. Co.*, 430 F.2d at 1014 (business and litigation distractions were an insufficient excuse without notice to the infringer); *Gossen Corp.*, 977 F. Supp. at 1351 (business dealings are not an excuse); *Wafer Shave, Inc.,* 857 F. Supp. at 128-29 (business impediments were insufficient without any notice to the alleged infringer); HP Brief at 23-25.

The cases cited by Polaroid are distinguishable. None of those cases addressed the undisputed facts present here – in which the patentee ███████████████████████████

███████████████████████████████████████████ yet took no action in the face of the defendant's widespread distribution of the allegedly infringing product. *See Genzyme Corp.*, 2003 U.S. Dist. LEXIS 12784, at *17 (no presumption of laches applied and commercial viability of suit was always in question); *Teradyne, Inc. v. Hewlett-Packard Co.*, 1994 WL 327213, at *9 (N.D. Cal. June 24, 1994).

Finally, Polaroid's excuse based on ████████████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████████████████████████████ *See* HP Brief at

12

# REDACTED

24-25. Moreover, and in any event, ██████████████████████████

██████████████████████████████████████

     In sum, Polaroid's excuses are insufficient. Moreover, two of Polaroid's excuses – *de minimis* infringement and ████████████████████████████████████

████████████████████████████████████████████████████████

████████ – just when HP was most dramatically and publicly expanding its distribution of LACE and the allegedly infringing HP products. *See* HP Brief at 7-9.

### 3.   *HP Has Been Prejudiced, as a Matter of Law.*

     As set forth in HP's Brief, HP has suffered both economic and evidentiary prejudice. *See* HP Brief at 19-23. To survive summary judgment, Polaroid must offer sufficient evidence to create a genuine issue of material fact as to *both* types of prejudice. It has not done so.

        *a.*   ***There has been evidentiary prejudice to HP, as a matter of law.***

     It is undisputed Polaroid has lost or destroyed numerous specific pieces of evidence, which Polaroid itself asserts are centrally relevant to disputed issues in this case. For example:

- ████████████████████████████████████████
  ████████████████████████████████████████
  ████████████████████ (HP Brief at 10).

- ████████████████████████████████████████
  ████████████████████████████████████████
  ████████████████████████ (HP Brief at 10-11).

- Polaroid expressly relies on ██████████████████████
  ████████████████████████████████████████
  ████████████████████████████████████████
  ████████████████████ *see* Opposition at 12, ████

13



(HP Brief at 11).

- <span style="background:black;color:white">REDACTED</span> *See* Opposition at 18. *See* HP Brief at 11.[6] *See* HP Brief at 11; Pol. Ex. 6, Kullberg Dep. Pol. Ex. 8, Lyons Dep. Pol. Ex. 24, Greer Dep. Pol. Ex. 37, Berge Dep.

- (HP Brief at 12-13).

- (HP Brief at 8 & n.4).

- (HP Brief at 8 & n.4).

This undisputed loss of evidence is more than sufficient to establish evidentiary prejudice as a matter of law. HP Brief at 21-23.

_____

[6] Polaroid also mentions that HP has withheld privileged information concerning ▆▆▆▆▆ *See* Opposition at 33. HP will address this claim more fully in opposition to Polaroid's Motion to Preclude Use of Privilege as Both a Sword and a Shield, but it suffices to say for now that requiring HP to waive its privilege in order to find and replace the non-privileged information that has been lost is surely prejudicial to HP.

14

# REDACTED

Polaroid's attempts to establish the absence of evidentiary prejudice are without merit. For example, Polaroid's citation of documents generally related to the missing evidence – such as a "formal meeting roster" for the November 2000 conference, ███████████████████ ████████████████████████████████████████████████████████ ████████████████████████ – does not replace the evidence that is missing. The ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████ and there is little to no memory of any of these events. *See* above. Similarly, Polaroid's production of ████████████████ does not make up for its admitted loss of ████████████████████████████████████ ██████████████████████████ *See* HP Brief at 12-13. All of this lost evidence was created during, and then lost during, the period of delay. *Id.*

It is well established that loss of evidence central to disputed issues in a case constitutes evidentiary prejudice (despite the inherent unknowability of what the missing evidence might say). *See* HP Brief at 21-23; *Wanlass*, 148 F.3d at 1340 (defendant was prejudiced by destruction of product models that were relevant, but not necessarily favorable, to defendant's non-infringement contentions); *Odetics, Inc.*, 919 F. Supp. at 922 ("[i]t is impossible for [the defendant] to know precisely what facts these witnesses have forgotten due to the passage of time. . . . [A] party need not identify with precision what evidence it is now unable to offer in his defense in order to show evidentiary prejudice. Instead, the party need only show that it has been denied the opportunity to present 'a full and fair defense'") (citing *Aukerman*, 960 F.2d at 1033).

15

# REDACTED

The cases Polaroid cites rest on facts that are readily distinguishable. For example, in *Symbol Technologies,* the assertions of lost evidence were merely conclusory, did not relate to issues that were truly in dispute, and there was no reason to believe that the missing evidence (one document and some deposition testimony) would contain relevant evidence. 2004 WL 1770290, at *5. Polaroid's remaining cases are similarly inapplicable. *See Imagexpo, LLC v. Microsoft Corp.*, 281 F. Supp.2d 846, 850-851 (E.D. Va. 2003) ("significant" material disputes existed as to whether there was any lost evidence during the period of delay); *Oakwood Labs. v. Tap Pharm. Prods., Inc.*, 2003 WL 22400759, at *29 (N.D. Ill. Oct. 21, 2003) (the alleged lost evidence was actually "readily available" and was not necessary for a "full defense" on any issue); *GFI, Inc. v. Franklin Corp.*, 88 F. Supp.2d 619, 637-38 (N.D. Miss. 2000) (lost evidence cited by the defendant was of "dubious relevance" and may not actually have been lost at all, much less as a result of patentee's delay).

Here, Polaroid has not rebutted the presumption of evidentiary prejudice, and cannot deny the actual loss of numerous documents and memories concerning events that are, by Polaroid's own admission, centrally relevant to disputed issues in this case.

        *b.*    **_HP has suffered economic prejudice as a matter of law_.**

Polaroid cannot deny that ████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████ *See* HP Brief at 7-9, 20. Polaroid also does not deny that the
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

# REDACTED

████████████████████████████████████████████████████████████████

██████████████████████

Nevertheless, Polaroid argues that HP has not shown its economic loss was incurred "as a direct result of" Polaroid's delay. Opposition at 30. HP has cited case law establishing that the necessary nexus between the delay and harm may be inferred as a matter of law where, as here, the patentee had knowledge of the infringement yet remained silent in the face of the defendant's investments. *See* HP Brief at 19-21 and cited cases; *see also Symbol Techs., Inc.,* 2004 WL 1770290, at *6 ("[t]here is abundant authority to deny [an infringement claim on grounds of laches] when the patentee has let the infringer slowly build up a large business without protest") (citation omitted). The cases cited by Polaroid do not address the situation where, as here, the patentee had notice of the defendant's activities and, through its silence and delay, allowed the defendant unwittingly to invest in the allegedly infringing technology, and denied the defendant the opportunity to take a license or to consider alternative technologies. *See Ecolab, Inc. v. Envirochem, Inc.,* 264 F.3d 1358, 1371-72 (Fed. Cir. 2001); *Gasser Chair Co.,* 60 F.3d at 775; *Hemstreet,* 972 F.2d at 1293-94; *McKesson Info. Solutions LLC,* 426 F. Supp.2d at 209; *Symbol Techs., Inc.,* 2004 WL 1770290, at *6; *Genzyme Corp.,* 2003 U.S. Dist. LEXIS 12784, at *19-21.

## C.    Summary Judgment That Polaroid's Claims Are Barred By Estoppel Should Be Granted.

Polaroid argues there are genuine issues of material fact relevant to HP's equitable estoppel defense. Polaroid asserts that (i) Polaroid's initial allegations of infringement were not

---

[7] It is undisputed that, by the time Polaroid sued HP for infringement in December 2006, the patent had only 16 months remaining on its term. For this reason, ████████████████████████
████████████████████████████████████████████████████████

# REDACTED

sufficiently threatening, and (ii) HP did not rely on Polaroid's conduct. Polaroid submits little

argument or authority to support these positions. Opposition at 34-36.



HP Ex. 12; Thornton Dep. at 148-49.

*See* Opposition at 10-11. This evidence is an unambiguous allegation of

infringement. It was followed by six years of silence without a threat of infringement

and inaction, during which HP expanded its use of LACE.

Polaroid is simply incorrect to the extent it contends an actual threat of *immediate*

*litigation* is required for estoppel. *See ABB Robotics, Inc.*, 52 F.3d at 1064. As stated by the

Federal Circuit:

> [The patentee] contend[s] that there was no misleading conduct because
> there was no legally required threat of immediate and vigorous
> enforcement of the ... patent ... that must have preceded its period of
> silence. However, such an enforcement threat followed by silence,
> contrary to [patentee's] assertion, is not the only way that silence can be
> misleading inaction. Rather, ... inaction, combined with other facts
> respecting the relationship or contacts between the parties may give rise to
> the necessary inference that the claim against the defendant is abandoned.

*Id.* (internal quotations omitted) (citing *Aukerman*, 960 F.2d at 1042). As exemplified by *ABB*

*Robotics* and the other cases cited by HP in its Brief, estoppel may be found based upon the

undisputed facts here: (i) Polaroid's allegation of infringement, (ii) followed by its resounding

silence, (iii) in the face of ongoing relations between the parties, and (iv) Hewlett-Packard's

18

aggressive expansion of its use of the accused technology during this time period. *See* HP Brief at 26-32.

### D. Polaroid May Not Avoid Summary Judgment Simply By Alleging Willful Infringement Or "Discovery Misconduct"

Finally, Polaroid asserts that summary judgment should be denied because of "HP's willful infringement." Opposition at 36-37. Polaroid cites not a single fact to support its argument. Polaroid cites cases (already cited by HP in its Brief) stating that arguments of this type require (i) actual proof rather than mere allegations, of (ii) particularly egregious willful infringement such as calculated plagiarism. HP Brief at 25 n.9 and cited cases. Therefore, for reasons already stated by HP in its Brief, Polaroid's argument fails. *See id.* Similarly, Polaroid's claim of "discovery misconduct" is specious. Its allegations of discovery misconduct are factually baseless and unsupported by any case law. *See* Defendant Hewlett-Packard's Opposition to Polaroid's Motion to Prevent Hewlett-Packard From Relying On Untimely Discovery (D.I. 212); and Defendant Hewlett-Packard Company's Opposition to Polaroid's Motion to Preclude Use of Privilege as Both a Sword and a Shield (to be filed 6/23/2008).

## III. CONCLUSION

For the reasons stated above, HP respectfully requests entry of Summary Judgment that:

- Polaroid's claims are barred in their entirety on grounds of equitable estoppel; and

- In the alternative or in addition, Polaroid is barred from pre-suit damages on grounds of laches.

4341434v1

Dated:  June 16, 2008          **FISH & RICHARDSON P.C.**

By:  */s/ William J. Marsden, Jr.*
William J. Marsden, Jr. (#2247)
Raymond N. Scott, Jr. (#4949)
919 N. Market Street, Suite 1100
Wilmington, DE 19801
Tel.:  (302) 652-5070
Fax:  (302) 652-0607
Email:  *marsden@fr.com; rscott@fr.com*

Robert S. Frank, Jr. *(pro hac vice)*
Daniel C. Winston *(pro hac vice)*
Carlos Perez-Albuerne *(pro hac vice)*
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02109
Tel.:  (617) 248-5000
Fax:  (617) 248-4000
Emails:  *rfrank@choate.com; dwinston@choate.com;*
            *cperez@choate.com*

John E. Giust *(pro hac vice)*
Matthew E. Bernstein *(pro hac vice)*
MINTZ, LEVIN, COHN, FERRIS,
    GLOVSKY AND POPEO PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel.:  (858) 314-1500
Fax:  (858) 314-1501
Emails:  *jgiust@mintz.com; mbernstein@mintz.com*

*Attorneys for Defendant and Counterclaim-Plaintiff*
*Hewlett-Packard Company*

20

4341434v1

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2008, I electronically filed with the Clerk of Court the

foregoing document using CM/ECF which will send electronic notification of such filing(s) to

the following counsel:

| | |
|---|---|
| *Via Email*<br><br>Jack B. Blumenfeld (#1014)<br>Julia Heaney (#3052)<br>MORRIS, NICHOLS, ARSHT & TUNNELL, LLP<br>1201 North Market Street<br>Wilmington, DE 19899-1347<br>Phone:  302-658-9200<br>Fax:  302-658-3989<br>Emails: *jblumenfeld@mnat.com; jheaney@mnat.com* | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |
| *Via Email*<br><br>Russell E. Levine, P.C.<br>Michelle W. Skinner/David W. Higer<br>Maria A. Meginnes/Courtney Holohan/C. Beasley<br>KIRKLAND & ELLIS LLP<br>200 East Randolph Drive<br>Chicago, IL  60601<br>Phone:  312-861-2000<br>Fax:  312-861-2200<br>Emails: *rlevine@kirkland.com; ggerst@kirkland.com;*<br>*mskinner@kirkland.com; dhiger@kirkland.com;*<br>*mmeginnes@kirkland.com; mmeginnes@kirkland.com;*<br>*cbeasley@kirkland.com* | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |

*Courtesy Copy Via Federal Express*

Michelle W. Skinner
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601
Phone:  312-861-2000
Fax:  312-861-2200

/s/ William J. Marsden, Jr.
William J. Marsden, Jr.

21

4341434v1