IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POLAROID CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-738 (SLR) |
| | ) | |
| HEWLETT-PACKARD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**POLAROID'S OPENING BRIEF IN SUPPORT OF
ITS MOTION TO PRECLUDE HEWLETT-PACKARD FROM RELYING ON
UNTIMELY DISCLOSED OPINIONS AND WITNESSES**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com
Attorneys for Plaintiff, Polaroid Corporation

OF COUNSEL:

Russell E. Levine, P.C.
G. Courtney Holohan
Michelle W. Skinner
David W. Higer
Maria A. Meginnes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

June 25, 2008

## <u>TABLE OF CONTENTS</u>

NATURE AND STAGE OF THE PROCEEDING.........................................................................1

SUMMARY OF ARGUMENT ...............................................................................................1

STATEMENT OF FACTS ....................................................................................................1

      A.    HP's Untimely Disclosure Of The New Rangayyan Declaration...............1

      B.    HP's Untimely Disclosure Of Fact Witnesses. ...........................................2

ARGUMENT .....................................................................................................................3

    I.    THE LEGAL STANDARD FOR A MOTION TO PRECLUDE
        SUPPORTS EXCLUSION. ...................................................................................3

    II.   THE *PENNYPACK* FACTORS SUPPORT EXCLUSION OF THE
        RANGAYYAN DECLARATION AND WITNESSES.........................................4

      A.    Incurable Prejudice To Polaroid Favors Exclusion. ..................................5

      B.    HP's Conduct Evidencing Bad Faith And Willfulness Favors
          Exclusion...................................................................................................6

CONCLUSION...................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Amaya v. York Hospital*,
   Civil Action No. 1:04-CV-1081, 2005 WL 5988683 (M.D. Pa., Dec. 28, 2005).............. 5

*Anchor Wall Sys., Inc. v. Rockwood Retaining Walls, Inc.*,
   340 F.3d 1298 (Fed. Cir. 2003)........................................................................... 5

*Aventis Pharm. Inc. v. Barr Laboratories, Inc.*,
   C.A. No. 06-286-GMS (D. Del. May 16, 2008) .................................................. 4

*Bridgestone Sports Co., Ltd. v. Acushnet Co.*,
   No. Civ. A. 05-132 JJF, 2007 WL 521894 (D. Del. Feb. 15, 2007)......................... 3, 4, 5

*Chimie v. PPG Indus., Inc.*,
   402 F.3d 1371 (Fed. Cir. 2005)........................................................................... 5

*Finch v. Hercules, Inc.*,
   No. Civ. A 92-251 MMS, 1995 WL 785100 (D. Del. Dec. 22, 1995) .............................. 3

*In re TMI Litigation*,
   193 F.3d 613 (3d Cir. 1999).......................................................................... 1, 5

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
   No. Civ. A. 02-123-KAJ, 2004 WL 769371 (D. Del. Apr. 5, 2004) ......................... 1, 3

*Praxair, Inc. v. ATMI, Inc.*,
   445 F.Supp.2d 460 (D. Del. 2006)......................................................... 1, 5, 6

*Praxair, Inc. v. ATMI, Inc.*,
   231 F.R.D. 457 (D. Del. 2005) ............................................................... 3, 4, 5

*Quinn v. Consol. Freightways Corp. of Del.*,
   283 F.3d 572 (3d Cir. 2002)................................................................................ 4

*Stambler v. RSA Security, Inc.*,
   243 F. Supp.2d 70 (D. Del. 2003).................................................................... 5, 6

## NATURE AND STAGE OF THE PROCEEDING

Document production was to be completed by August 31, 2007. D.I. 51 ("Scheduling Order") at 3. Fact discovery closed on February 8, 2008. D.I. 173, Ex. 1, 1/31/08 email between Blumenfeld and Marsden. Expert discovery concluded on May 9, 2008, with initial expert reports due on March 14 and rebuttal reports due April 18. D.I. 124. Opening summary judgment briefs were due May 16, 2008. The disclosure of fact witnesses occurred on June 9, 2008. Trial is set to begin on December 8, 2008. Polaroid moves to exclude as untimely new expert opinions and witnesses.

## SUMMARY OF ARGUMENT

(1)     The Court should exclude as untimely two categories of evidence recently and untimely produced by HP: (a) the previously undisclosed expert opinions contained in a new declaration from HP's expert Dr. Rangaraj Rangayyan; and (b) witnesses not previously disclosed, including Chris Hayes, Jim Ruder, and Paul Ruiz.

(2)     HP's unjustified and inexcusable late disclosure of these new opinions and witnesses has resulted in prejudice to Polaroid in deposing fact and expert witnesses, in summary judgment briefing, and in its expert reports and analysis. *See*, *e.g.*, *In re TMI Litigation*, 193 F.3d 613, 722 (3d Cir. 1999); *Praxair, Inc. v. ATMI, Inc.*, 445 F.Supp.2d 460, 471 (D. Del. 2006); *Philips Elecs. N. Am. Corp. v. Contec Corp.*, No. Civ. A. 02-123-KAJ, 2004 WL 769371, at *1 (D. Del. Apr. 5, 2004).

## STATEMENT OF FACTS

### A.     HP's Untimely Disclosure Of The New Rangayyan Declaration.

Under the Scheduling Order, HP's expert report on invalidity was due on March 14, 2008. HP submitted a report from Dr. Rangayyan on that date. D.I. 173, Ex. 4. HP also

submitted a "supplemental" report on April 18, and an "errata" on May 9. *Id.*, Exs. 2, 6.[1]  On

June 5, in opposition to Polaroid's opening summary judgment briefing, HP submitted a new

Rangayyan Declaration that includes additional expert opinions never before disclosed. *See* D.I.

188, Opp'n; D.I. 190, Decl. at ¶¶ 6–21 (offering opinions regarding prior art).  With these new

opinions, HP attempts to correct deficiencies in Rangayyan's expert report related to the

motivation to combine references. *See id.*  HP improperly relies on these new opinions in its

opposition. *See* D.I. 188 at 16, 18–20, 22–29.

### B.     HP's Untimely Disclosure Of Fact Witnesses.

HP's May 22, 2007 initial disclosures did not include Chris Hayes, Jim Ruder or Paul

Ruiz. *See* Ex. A, HP's Initial Disclosures at 2–3.  HP supplemented its initial disclosures during

the last week of fact discovery on February 1, 2008, and after the close of fact discovery on

March 18, 2008.  At no time, however, did HP identify Hayes, Ruder, or Ruiz as individuals

likely to have discoverable information.  Ex. B, HP's First Supplemental Initial Disclosures at 2–

4; Ex. C, HP's Second Supplemental Initial Disclosures at 2–4.

On June 9, 2008 —after the close of fact discovery, after opening expert reports, and after

the parties had exchanged summary judgment briefs — HP disclosed Hayes, Ruder and Ruiz as

fact witnesses to be called at trial, without any indication of the subject matter of their expected

trial testimony.  Ex. D, Defendant Hewlett-Packard Co.'s Disclosure of Fact Witnesses

---

[1]    Because of HP's disregard of the Court's Scheduling Order, Polaroid filed a motion to
preclude HP's use of, or reliance on, late-disclosed materials and opinions.  D.I. 171 Motion;
D.I. 172 Opening Br. ("First Motion").  Dr. Rangayyan's late-disclosed "supplement" and
"errata" are among the materials that are the subject of Polaroid's First Motion.  A significant
number of other untimely HP materials are not addressed in Polaroid's First Motion or
herein.  To the extent that HP seeks to rely on these additional materials in motions, on its
exhibit list, or in any other capacity, Polaroid reserves the right to seek to preclude those
additional late materials at that time.

("Witness List").  In response to Polaroid's objection to these late witnesses, HP has confirmed

that it intends to call these witnesses at trial and states that it may even add more new witnesses

to its list.  Ex. E, 6/17/2008 Higer Ltr. to Bernstein; Ex. F, 6/19/08 Bernstein Email to Higer.

## ARGUMENT

### I.    THE LEGAL STANDARD FOR A MOTION TO PRECLUDE SUPPORTS EXCLUSION.

"If a party fails to provide information or identify a witness as required by [the rules of

discovery], the party is not allowed to use that information or witness to supply evidence on a

motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Fed. R. Civ. P. 37(c)(1).  Rule 37(c) "'was added to the Rules to serve as an 'automatic sanction'

intended to provide 'a strong inducement for disclosure of material that the disclosing party

would expect to use as evidence[.]'"  *Philips* 2004 WL 769371, at *1 (citing Advisory

Committee Note to 1993 Amendments).  The party seeking to submit and rely on late material is

not simply excused for using its "best efforts" to provide the material on time, and instead, has

the burden of providing a reasonable justification for its delay.  *Id.* ("An 'A' for effort does not

excuse CMT's failure to abide by its disclosure obligations.").

Because "'fidelity to the constraints of Scheduling Orders and deadlines is critical to the

Court's management responsibilities,'" this Court has frequently excluded late produced

material.  *See, e.g., Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 463 (D. Del. 2005) (quoting

*Finch v. Hercules, Inc.*, No. Civ. A 92-251 MMS, 1995 WL 785100 at *9 (D. Del. Dec. 22,

1995) (The "flouting of discovery deadlines causes substantial harm to the judicial system"));

*Bridgestone Sports Co., Ltd. v. Acushnet Co.*, No. Civ. A. 05-132 JJF, 2007 WL 521894, at *4

(D. Del. Feb. 15, 2007) (holding that the exclusion of critical evidence should not normally occur

"absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence").

Factors courts consider in deciding whether exclusion is appropriate include the party's ability to have discovered the materials earlier, the validity of the excuse offered, the willfulness of the failure to comply with the court's order, the party's intent to mislead or confuse his adversary, and the importance of the excluded materials. *Praxair*, 231 F.R.D. at 463 (discussing *Pennypack* factors). Based on these considerations, the court weighs: (1) the prejudice or surprise to the non-disclosing party; (2) the ability to cure the prejudice; (3) the extent to which allowing the belatedly produced material would disrupt trial; and (4) bad faith or willfulness in failing to comply with the court's order. *Id.*; *Aventis Pharm. Inc. v. Barr Laboratories, Inc.*, C.A. No. 06-286-GMS (D. Del. May 16, 2008). As is the case here, "[c]ourts applying the *Pennypack* factors in the case of sophisticated, complex litigation involving the parties represented by competent counsel have been less indulgent in their application and more willing to exclude evidence without a strict showing that each of the *Pennypack* factors has been satisfied." *Bridgestone Sports Co.*, 2007 WL 521894, at *4; *Aventis*, C.A. No. 06-286-GMS (D. Del. May 16, 2008) (granting motion to preclude plaintiff from asserting an invention date that differed from the date disclosed during discovery).

## II. THE *PENNYPACK* FACTORS SUPPORT EXCLUSION OF THE RANGAYYAN DECLARATION AND WITNESSES.

The Rangayyan Declaration was submitted almost three months after the due date for expert reports and HP has provided no justification for the delay. The portion of Rangayyan's Declaration containing new invalidity opinions (¶¶ 6–21) should be stricken and HP should be precluded from making the arguments raised for the first time in that declaration at trial or in summary judgment. *See Chimie v. PPG Industries, Inc.*, 402 F.3d 1371, 1374–75 (Fed. Cir.

4

2005) (excluding untimely evidence proffered to rebut summary judgment); *Anchor Wall Sys., Inc. v. Rockwood Retaining Walls, Inc.*, 340 F.3d 1298, 1313–14 (Fed. Cir. 2003) (finding no genuine issue of material fact for trial after striking expert declaration as untimely); *Praxair*, 231 F.R.D. at 463 (excluding an expert's supplemental report because it was filed a month after the close of discovery); *In re TMI Litigation*, 193 F.3d at 721-22; *Amaya v. York Hospital*, Civil Action No. 1:04-CV-1081, 2005 WL 5988683, at *1-2 (M.D. Pa., Dec. 28, 2005).

HP also should not be permitted to introduce any evidence or testimony through Hayes, Ruder, or Ruiz, who were disclosed after the close of discovery. *See Praxair*, 445 F.Supp.2d at 471; *Stambler v. RSA Security, Inc.*, 243 F. Supp.2d 70, 73 (D. Del. 2003) (excluding testimony because defendants failed to identify the individual as a potential trial witness in a timely manner).

### A. Incurable Prejudice To Polaroid Favors Exclusion.

HP's late-disclosed expert opinions and witnesses have prejudiced Polaroid. *See, e.g.*, *Bridgestone*, 2007 WL 521894, at *5 (finding prejudice and declining to modify the scheduling order where plaintiff would be required to conduct additional fact and expert discovery to formulate a proper response to late-disclosed materials); *Praxair*, 445 F.Supp.2d at 471 (excluding a witness disclosed months after the close of fact discovery because the witness had never been disclosed as having knowledge, Praxair did not have the opportunity to take a proper deposition or follow-up with discovery, and ATMI had no justification for delay).

Not only was Polaroid denied the opportunity to depose Rangayyan on his new opinions or to use such material in its summary judgment briefing, but HP has improperly relied on these untimely opinions in a summary judgment opposition. *See, e.g.*, *In re TMI Litigation*, 193 F.3d at 721-22.

Similarly, Polaroid has been prejudiced by HP's identification of Hayes, Ruder, and Ruiz as fact witnesses. *See, e.g., Praxair*, 445 F.Supp.2d at 471; *Stambler*, 243 F. Supp.2d at 73 (excluding the testimony of one of defendants' witnesses because defendants failed to identify the witness as a potential trial witness in a timely manner). Polaroid has been deprived of an opportunity to take a proper deposition of these witnesses, to propound follow-up discovery, or to use any of the admissions or discovery materials it could have sought in expert reports or in support of, or defense against, summary judgment motions.

Allowing the new Rangayyan Declaration and witnesses would require the reopening of fact discovery (including depositions), a re-do of expert reports, expert rebuttal reports and associated expert discovery, and rewriting and resubmission of summary judgment motions. This expensive and time consuming process would be an unreasonable accommodation for HP particularly where HP has no reasonable justification for its failure to provide this information during discovery. *Praxair*, 445 F.Supp.2d at 471.

Even if all of these events and "re-do's" caused by HP's delay were allowed, Polaroid would still be prejudiced by the additional costs necessitated by reopening discovery and any change to the current trial date. *See id.* at 470 ("The only way to have cured this untimely disclosure was to extend discovery and reschedule trial, a resolution patently unfair to plaintiff."). As a result, the prejudice to Polaroid cannot be cured.

**B.    HP's Conduct Evidencing Bad Faith And Willfulness Favors Exclusion.**

HP's conduct evidences bad faith and a continuing willful disregard for the Scheduling Order. HP's conduct in repeatedly serving late-disclosed expert opinions and failing to disclose fact witnesses evidences HP's bad faith.

## **CONCLUSION**

For the foregoing reasons, Polaroid respectfully requests that this Court grant its motion to preclude.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
Wilmington, Delaware  19801
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com
    Attorneys for Plaintiff, Polaroid Corporation

OF COUNSEL:

Russell E. Levine, P.C.
G. Courtney Holohan
Michelle W. Skinner
David W. Higer
Maria A. Meginnes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

June 25, 2008
2383896

7

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on June 25, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> William J. Marsden, Jr.
> FISH & RICHARDSON P.C.

I also certify that copies were caused to be served on June 25, 2008 upon the following in the manner indicated:

## BY E-MAIL

William J. Marsden, Jr.
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19801

Bradley Coburn
FISH & RICHARDSON P.C.
One Congress Plaza, Suite 810
111 Congress Avenue
Austin, TX 78701

Matthew Bernstein
John E. Giust
MINTZ LEVIN COHN FERRIS GLOVSKY AND
POPEO PC
5355 Mira Sorrento Place
Suite 600
San Diego, CA 92121-3039

Daniel Winston
CHOATE HALL & STEWARD, LLP
Two International Place
Boston, MA 02110

_/s/ Julia Heaney_
Julia Heaney (#3052)

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

POLAROID CORPORATION,

    Plaintiff and Counterclaim-Defendant,

    v.

HEWLETT-PACKARD COMPANY,

    Defendant and Counterclaim-Plaintiff.

C.A. No. 06-738 (SLR)

## HEWLETT-PACKARD COMPANY'S
## INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and the Court's April 24, 2007 Scheduling Order, Defendant Hewlett-Packard Company ("HP") hereby provides its Initial Disclosures. These Initial Disclosures are based on information reasonably available to HP at this time and reasonably believed to be relevant to the claims or defenses in this lawsuit.

HP reserves the right to supplement and/or amend these disclosures, either through supplemental disclosures or through discovery responses that include additional individuals likely to have discoverable information as well as additional sources of documents in support of its claims or defenses. By making these disclosures, HP in no way concedes the relevance or admissibility of any of the foregoing information, nor does HP waive the assertion of any applicable privileges and/or other proper bases upon which such information and/or documents may be withheld as discovery continues.

**1.     Fed. R. Civ. P. 26(a)(1)(A) Disclosure**

a.     The following individuals are likely to have discoverable information that HP may use to support its claims or defenses in this action (excluding impeachment).  HP's initial disclosures are based on the assumption that the accused technology is limited to those products using the LACE algorithm; i.e., not Retinex.

Any individual identified with an "HP" notation is a present or former HP employee.  With respect to the current and former HP employees listed below, each should be contacted solely through counsel of record for HP.

By indicating the general subject matter of information that witnesses possess, HP is not representing that this is the only relevant information that these witnesses possess; rather, these descriptions represent HP's good faith efforts to identify the relevant information possessed by each witness at this time.

| Individual (party affiliation and title if any) | Subjects of Information |
| --- | --- |
| Rhanjit Bhaskar (HP software engineer) | development and implementation of accused technology |
| Paul Frederickson (HP software engineer) | development and implementation of accused technology |
| Ted Haasl-Martinez (HP software developer) | development and implementation of accused technology |
| Choon Hee Lee (HP software engineer) | development and implementation of accused technology |
| Juli Lee (HP software project manager) | development and implementation of accused technology |
| Erik Lettang (HP ASIC designer) | development and implementation of accused technology |
| Donald Levinstone (current affiliation unknown) | named inventor of the patent-in-suit |
| Lori Lorenz (HP marketing manager) | marketing of accused technology |

| Jim Lyons (HP) | communications between HP and Polaroid |
| Nathan Moroney (HP researcher) | development of LACE algorithms |
| Mark Niemann (HP firmware specialist) | development and implementation of accused technology |
| Edward Roman (current affiliation unknown) | prosecuting attorney for the patent-in-suit |
| Woo-Jin Song (current affiliation unknown) | named inventor of the patent-in-suit |
| Anand Srinivisan (HP software design engineer) | development and implementation of accused technology |

   b. Pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, HP states that the above HP employees are likely custodians of electronically stored information relevant to this case.

  Expert witnesses will be identified at a later date, consistent with the Scheduling Order in this case.

  **2. Fed. R. Civ. P. 26(a)(1)(B) Disclosure**

  In support of its claims or defenses to Plaintiff's claims (excluding impeachment), HP may use certain documents in its possession or control, including documents and information that fall within the following categories:

   1. Documents concerning United States Patent No. 4,829,381 (the '381 patent), and documents pertaining to prosecution of the '381 patent.

   2. Documents and things concerning and constituting prior art to the '381 patent.

   3. Documents and things concerning the development of LACE algorithms.

   4. Documents and things concerning the design, development and implementation of the accused products.

5.      Documents and things concerning the structure, function, operation, and
use of the accused products.

6.      Relevant marketing documents.

7.      Relevant sales documents.

8.      Documents concerning Polaroid's allegation of willful infringement.

9.      Documents concerning Polaroid's awareness of the accused products.

10.     Documents rebutting any Polaroid contention of any secondary
consideration of nonobviousness.

11.     Relevant licensing documents.

Pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, to the extent that
relevant electronically stored information exists, HP states that the likely relevant
electronic systems that have been in place from December 5, 2000 include:  custodian
hard drives, offline media, online email, private network shares, public network shares,
HP's internet servers and HP's intranet servers.  HP's back-up tapes and other back-up
media are not easily accessible.

Also pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, Don Duffy
of HP is the individual responsible for retention of HP's electronically stored
information.

Also pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, HP
designates Matthew Bernstein of Fish & Richardson P.C. as HP's liaison for e-discovery
in this case.

**3.      Fed. R. Civ. P. 26(a)(1)(C) Disclosure**

Not currently applicable.

**4.    Fed. R. Civ. P. 26(a)(1)(D) Disclosure**

HP is unaware at this time of the existence of any relevant insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: May 22, 2007                         FISH & RICHARDSON P.C.

By:    _/s/ Matthew C. Bernstein_
           William J. Marsden, Jr. (#2247)
           919 N. Market Street, Suite 1100
           Wilmington, DE 19801
           Telephone: (302) 652-5070
           Facsimile: (302) 652-0607
           Email: marsden@fr.com

           John E. Giust *(pro hac vice)*
           Matthew E. Bernstein *(pro hac vice)*
           12390 El Camino Real
           San Diego, CA 92130
           Telephone: (858) 678-5070
           Facsimile: (858) 678-5099
           Email: giust@fr.com
           Email: bernstein@fr.com

           Attorneys for Defendant and Counterclaim-Plaintiff
           Hewlett-Packard Company

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2007, I served a copy of the attached

**HEWLETT-PACKARD COMPANY'S INITIAL DISCLOSURES** on the following

individuals in the manner indicated:

*Via Email*
Jack B. Blumenfeld (#1014)
Morris, Nichols, Arsht & Tunnell, LLP
1201 North Market Street
Wilmington, DE 19899-1347
Phone:  302-658-9200
Fax:  302-658-3989
Email:  jblumenfeld@mnat.com

Attorneys for Plaintiff and
Counterclaim-Defendant
Polaroid Corporation

*Via Email*
Russell E. Levine, P.C./C. Graham Gerst
Michelle W. Jordan/David W. Higer
Maria A. Meginnes/C. Beasley
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Phone:  312-861-2000
Fax:  312-861-2200
Emails:  rlevine@kirkland.com;
ggerst@kirkland.com; mjordan@kirland.com;
dhiger@kirkland.com; mmeginnes@kirkland.com;
cbeasley@kirkland.com

Attorneys for Plaintiff and
Counterclaim-Defendant
Polaroid Corporation

*Courtesy Copy Via Overnight Mail*
Michelle W. Jordan
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Phone:  312-861-2000
Fax:  312-861-2200

_/s/ Matthew C. Bernstein_
Matthew C. Bernstein

11019939.doc

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POLAROID CORPORATION,

    Plaintiff and Counterclaim-Defendant,

    v.

HEWLETT-PACKARD COMPANY,

    Defendant and Counterclaim-Plaintiff.

C.A. No. 06-738 (SLR)

## HEWLETT-PACKARD COMPANY'S
## FIRST SUPPLEMENTAL INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Rule 26(e) and the Court's April 24, 2007 Scheduling Order, Defendant Hewlett-Packard Company ("HP") hereby provides its First Supplemental Initial Disclosures. These Disclosures are based on information reasonably available to HP at this time and reasonably believed to be relevant to the claims or defenses in this lawsuit.

HP reserves the right to supplement and/or amend these disclosures, either through supplemental disclosures or through discovery responses that include additional individuals likely to have discoverable information as well as additional sources of documents in support of its claims or defenses. By making these disclosures, HP in no way concedes the relevance or admissibility of any of the foregoing information, nor does HP waive the assertion of any applicable privileges and/or other proper bases upon which such information and/or documents may be withheld as discovery continues.

1.    **Fed. R. Civ. P. 26(a)(1)(A)(i) Disclosure**

    a.    The following individuals are likely to have discoverable information that Hewlett-Packard may use to support its claims or defenses in this action (excluding impeachment). Hewlett-Packard's initial disclosures are based on the assumption that the accused technology is limited to

1

those products using the LACE algorithm; i.e., not Retinex.

Any individual identified with an "Hewlett-Packard" notation is a present or former Hewlett-Packard employee. With respect to the current and former Hewlett-Packard employees listed below, each should be contacted solely through counsel of record for Hewlett-Packard.

By indicating the general subject matter of information that witnesses possess, Hewlett-Packard is not representing that this is the only relevant information that these witnesses possess; rather, these descriptions represent Hewlett-Packard's good faith efforts to identify the relevant information possessed by each witness at this time.

| Individual (party affiliation and title if any) | Subjects of Information |
| --- | --- |
| Rhanjit Bhaskar (Hewlett-Packard software engineer) | development and implementation of accused technology |
| Julian Bullitt (Zink Imaging, Inc.) | implementation of the accused technology at Polaroid |
| Rob Cazier (HP camera engineer) | development and implementation of accused and alternative technologies |
| Michael Dansky (current affiliation unkown) | valuation of the accused technology |
| Eleanore Dogan (HP) | marketing of the accused technology |
| Deborah Finck (HP) | marketing of the accused technology |
| Paul Frederickson (HP software engineer) | development and implementation of accused technology |
| Robert Goldman (CRA International, Inc.) | valuation of the accused technology |
| Steve Greer (HP business development) | negotiations between Polaroid and Hewlett-Packard regarding Opal and Onyx technologies |
| Ted Haasl-Martinez (HP software developer) | development and implementation of accused technology |

| Individual (party affiliation and title if any) | Subjects of Information |
|---|---|
| Tamir Hativa (HP) | marketing of the accused technology |
| Susan Heminger (HP patent agent) | patent prosecution at Hewlett-Packard |
| Bradford Kullberg (Polaroid) | Polaroid bankruptcy, title to the patent-in-suit, Polaroid licensing practices |
| Choon Hee Lee (HP software engineer) | development and implementation of accused technology |
| Juli Lee (HP software project manager) | development and implementation of accused technology |
| Erik Lettang (HP ASIC designer) | development and implementation of accused technology |
| Donald Levinstone (current affiliation unknown) | named inventor of the patent-in-suit |
| Lori Lorenz (HP marketing manager) | marketing of accused technology |
| Jim Lyons (HP) | communications between HP and Polaroid |
| Gaetano Maccarone (current affiliation unknown) | Title to the patent-in-suit |
| Michael McGee (Hewlett-Packard finance) | sales of the accused technology |
| Charles Moore (HP attorney) | Communications between Hewlett-Packard and Polaroid |
| Nathan Moroney (Hewlett-Packard researcher) | development of LACE algorithms |
| Mark Niemann (Hewlett-Packard firmware specialist) | development and implementation of accused technology |
| Ronald Reiling (current affiliation unknown) | Polaroid licensing |
| Edward Roman (current affiliation unknown) | prosecuting attorney for the patent-in-suit |
| Richard Schioldager (current affiliation unknown) | valuation of the accused technology |
| Mark Schneider (HP) | Hewlett-Packard's licensing practices |

3

| Individual (party affiliation and title if any) | Subjects of Information |
| --- | --- |
| Troy Sechrist (Phanfare, Inc.) | marketing of the accused technology |
| Woo-Jin Song (current affiliation unknown) | named inventor of the patent-in-suit |
| Royal Spragg (HP) | marketing of the accused technology |
| Anand Srinivisan (Hewlett-Packard software design engineer) | development and implementation of accused technology |
| Carl Staelin (HP) | implementation of accused technology |
| Anton Tabar (Hewlett-Packard) | implementation of accused technology |
| Jay Thornton (Mitsubish Electric Research Labs) | implementation of the accused technology at Polaroid |

b.      Pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, HP states that the above HP employees are likely custodians of electronically stored information relevant to this case.

Expert witnesses will be identified at a later date, consistent with the Scheduling Order in this case.

**2.      Fed. R. Civ. P. 26(a)(1)(A)(ii) Disclosure**

In support of its claims or defenses to Plaintiff's claims (excluding impeachment), HP may use certain documents in its possession or control, including documents and information that fall within the following categories:

1.      Documents concerning United States Patent No. 4,829,381 (the '381 patent), and documents pertaining to prosecution of the '381 patent.

2.      Documents and things concerning and constituting prior art to the '381 patent.

3.      Documents and things concerning the development of LACE algorithms.

4.    Documents and things concerning the design, development and

implementation of the accused products.

5.    Documents and things concerning the structure, function, operation, and use of the

accused products.

6.    Relevant marketing documents.

7.    Relevant sales documents.

8.    Documents concerning Polaroid's allegation of willful infringement.

9.    Documents concerning Polaroid's awareness of the accused products.

10.    Documents rebutting any Polaroid contention of any secondary consideration of

nonobviousness.

11.    Relevant licensing documents.

Pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, to the extent that relevant

electronically stored information exists, HP states that the likely relevant electronic systems that have

been in place from December 5, 2000 include: custodian hard drives, offline media, online email,

private network shares, public network shares, HP's internet servers and HP's intranet servers. HP's

back-up tapes and other back-up media are not easily accessible.

Also pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, Don Duffy of HP is the

individual responsible for retention of HP's electronically stored information.

Also pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, HP designates Matthew

Bernstein of Fish & Richardson P.C. as HP's liaison for e-discovery in this case.

**3.    Fed. R. Civ. P. 26(a)(1)(A)(iii) Disclosure**

Not currently applicable.

4.    **Fed. R. Civ. P. 26(a)(1)(A)(iv) Disclosure**

HP is unaware at this time of the existence of any relevant insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated:  February 1, 2008                FISH & RICHARDSON P.C.

By:    /s/ Bradley D. Coburn
William J. Marsden, Jr. (#2247)
919 N. Market Street, Suite 1100
Wilmington, DE  19801
Telephone:  (302) 652-5070
Facsimile:  (302) 652-0607
Email:  marsden@fr.com

John E. Giust (*pro hac vice*)
Matthew C. Bernstein (*pro hac vice*)
12390 El Camino Real
San Diego, CA  92130
Telephone: 858-678-5070
Facsimile: 858-678-5099
Emails:  giust@fr.com; bernstein@fr.com

Bradley D. Coburn (*pro hac vice*)
111 Congress Avenue, Suite 810
Austin, TX 78701
Telephone:  (512) 472-5070
Facsimile:  (512) 320-8935
Email:  coburn@fr.com

Robert S. Frank, Jr. (pro hac vice)
Daniel C. Winston (*pro hac vice*)
Choate Hall & Stewart, LLP
Two International Place
Boston, MA 02110
Telephone:  (617) 248-5000
Facsimile:  (617) 248-4000
Emails:  dwinston@choate.com;
rfrank@choate.com

Attorneys for Defendant and Counterclaim-Plaintiff
Hewlett-Packard Company

6

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2008, I served a copy of the attached **HEWLETT-PACKARD COMPANY'S FIRST SUPPLEMENTAL INITIAL DISCLOSURES** on the following individuals in the manner indicated:

| | |
|---|---|
| ***Via Email*** <br> Jack B. Blumenfeld (#1014) <br> Julia Heaney (#3052) <br> Morris, Nichols, Arsht & Tunnell, LLP <br> 1201 North Market Street <br> Wilmington, DE 19899-1347 <br> Phone: 302-658-9200 <br> Fax: 302-658-3989 <br> Emails: jblumenfeld@mnat.com; <br> jheaney@mnat.com | Attorneys for Plaintiff and <br> Counterclaim-Defendant <br> Polaroid Corporation |
| ***Via Email*** <br> Russell E. Levine, P.C./C. Graham Gerst <br> Michelle W. Skinner/David W. Higer <br> Maria A. Meginnes/Courtney Holohan/C. Beasley <br> Kirkland & Ellis LLP <br> 200 East Randolph Drive <br> Chicago, IL 60601 <br> Phone: 312-861-2000 <br> Fax: 312-861-2200 <br> Emails: rlevine@kirkland.com; <br> ggerst@kirkland.com; skinnerm@kirkland.com; <br> dhiger@kirkland.com; mmeginnes@kirkland.com; <br> cholohan@kirkland.com; cbeasley@kirkland.com | Attorneys for Plaintiff and <br> Counterclaim-Defendant <br> Polaroid Corporation |

***Courtesy Copy Via Overnight Mail***
Michelle W. Skinner
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Phone: 312-861-2000
Fax: 312-861-2200

> /s/ Bradley D. Coburn
> Bradley D. Coburn

11036616.doc

1

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POLAROID CORPORATION,

    Plaintiff and Counterclaim-Defendant,

    v.

HEWLETT-PACKARD COMPANY,

    Defendant and Counterclaim-Plaintiff.

C.A. No. 06-738 (SLR)

## HEWLETT-PACKARD COMPANY'S
## SECOND SUPPLEMENTAL INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Rule 26(e) and the Court's April 24, 2007 Scheduling Order, Defendant Hewlett-Packard Company ("HP") hereby provides its Second Supplemental Initial Disclosures. These Disclosures are based on information reasonably available to HP at this time and reasonably believed to be relevant to the claims or defenses in this lawsuit.

HP reserves the right to supplement and/or amend these disclosures, either through supplemental disclosures or through discovery responses that include additional individuals likely to have discoverable information as well as additional sources of documents in support of its claims or defenses. By making these disclosures, HP in no way concedes the relevance or admissibility of any of the foregoing information, nor does HP waive the assertion of any applicable privileges and/or other proper bases upon which such information and/or documents may be withheld as discovery continues.

1.     **Fed. R. Civ. P. 26(a)(1)(A)(i) Disclosure**

    a.     The following individuals are likely to have discoverable information that Hewlett-Packard may use to support its claims or defenses in this action (excluding impeachment). Hewlett-

1

Packard's initial disclosures are based on the assumption that the accused technology is limited to those products using the LACE algorithm; i.e., not Retinex.

Any individual identified with an "Hewlett-Packard" notation is a present or former Hewlett-Packard employee. With respect to the current and former Hewlett-Packard employees listed below, each should be contacted solely through counsel of record for Hewlett-Packard.

By indicating the general subject matter of information that witnesses possess, Hewlett-Packard is not representing that this is the only relevant information that these witnesses possess; rather, these descriptions represent Hewlett-Packard's good faith efforts to identify the relevant information possessed by each witness at this time.

| Individual (party affiliation and title if any) | Subjects of Information |
|---|---|
| David Berfanger (Hewlett-Packard software engineer) | non-infringing alternatives |
| Rhanjit Bhaskar (Hewlett-Packard software engineer) | development and implementation of accused technology; non-infringing alternatives |
| Julian Bullitt (Zink Imaging, Inc.) | implementation of the accused technology at Polaroid |
| Rob Cazier (HP camera engineer) | development and implementation of accused and alternative technologies |
| Michael Dansky (current affiliation unkown) | valuation of the accused technology |
| Eleanore Dogan (HP) | marketing of the accused technology |
| Deborah Finck (HP) | marketing of the accused technology |
| Paul Frederickson (HP software engineer) | development and implementation of accused technology; non-infringing alternatives |
| Robert Goldman (CRA International, Inc.) | valuation of the accused technology |

| Individual (party affiliation and title if any) | Subjects of Information |
|---|---|
| Steve Greer (HP business development) | negotiations between Polaroid and Hewlett-Packard regarding Opal and Onyx technologies |
| Ted Haasl-Martinez (HP software developer) | development and implementation of accused technology |
| Tamir Hativa (HP) | marketing of the accused technology |
| Susan Heminger (HP patent agent) | patent prosecution at Hewlett-Packard |
| Bradford Kullberg (Polaroid) | Polaroid bankruptcy, title to the patent-in-suit, Polaroid licensing practices |
| Choon Hee Lee (HP software engineer) | development and implementation of accused technology; non-infringing alternatives |
| Juli Lee (HP software project manager) | development and implementation of accused technology; non-infringing alternatives |
| Erik Lettang (HP ASIC designer) | development and implementation of accused technology |
| Donald Levinstone (current affiliation unknown) | named inventor of the patent-in-suit |
| Lori Lorenz (HP marketing manager) | marketing of accused technology |
| Jim Lyons (HP) | communications between HP and Polaroid |
| Gaetano Maccarone (current affiliation unknown) | Title to the patent-in-suit |
| Michael McGee (Hewlett-Packard finance) | sales of the accused technology |
| Charles Moore (HP attorney) | Communications between Hewlett-Packard and Polaroid |
| Nathan Moroney (Hewlett-Packard researcher) | development of LACE algorithms |
| Mark Niemann (Hewlett-Packard firmware specialist) | development and implementation of accused technology |
| Ronald Reiling (current affiliation unknown) | Polaroid licensing |
| Edward Roman (current affiliation unknown) | prosecuting attorney for the patent-in-suit |

| Individual (party affiliation and title if any) | Subjects of Information |
|---|---|
| Richard Schioldager (current affiliation unknown) | valuation of the accused technology |
| Mark Schneider (HP) | Hewlett-Packard's licensing practices |
| Troy Sechrist (Phanfare, Inc.) | marketing of the accused technology |
| Woo-Jin Song (current affiliation unknown) | named inventor of the patent-in-suit |
| Royal Spragg (HP) | marketing of the accused technology |
| Anand Srinivisan (Hewlett-Packard software design engineer) | development and implementation of accused technology |
| Carl Staelin (HP) | implementation of accused technology |
| Anton Tabar (Hewlett-Packard) | implementation of accused technology |
| Jay Thornton (Mitsubish Electric Research Labs) | implementation of the accused technology at Polaroid |

      b.     Pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, HP states that the above HP employees are likely custodians of electronically stored information relevant to this case.

      Expert witnesses will be identified at a later date, consistent with the Scheduling Order in this case.

**2.     Fed. R. Civ. P. 26(a)(1)(A)(ii) Disclosure**

      In support of its claims or defenses to Plaintiff's claims (excluding impeachment), HP may use certain documents in its possession or control, including documents and information that fall within the following categories:

      1.     Documents concerning United States Patent No. 4,829,381 (the '381 patent), and documents pertaining to prosecution of the '381 patent.

      2.     Documents and things concerning and constituting prior art to the '381

patent.

3.    Documents and things concerning the development of LACE algorithms.

4.    Documents and things concerning the design, development and

implementation of the accused products.

5.    Documents and things concerning the structure, function, operation, and use of the

accused products.

6.    Relevant marketing documents.

7.    Relevant sales documents.

8.    Documents concerning Polaroid's allegation of willful infringement.

9.    Documents concerning Polaroid's awareness of the accused products.

10.    Documents rebutting any Polaroid contention of any secondary consideration of

nonobviousness.

11.    Relevant licensing documents.

Pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, to the extent that relevant

electronically stored information exists, HP states that the likely relevant electronic systems that have

been in place from December 5, 2000 include: custodian hard drives, offline media, online email,

private network shares, public network shares, HP's internet servers and HP's intranet servers. HP's

back-up tapes and other back-up media are not easily accessible.

Also pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, Don Duffy of HP is the

individual responsible for retention of HP's electronically stored information.

Also pursuant to Paragraph 2 of the April 24, 2007 Scheduling Order, HP designates Matthew

Bernstein of Fish & Richardson P.C. as HP's liaison for e-discovery in this case.

**3.    Fed. R. Civ. P. 26(a)(1)(A)(iii) Disclosure**

Not currently applicable.

4.    **Fed. R. Civ. P. 26(a)(1)(A)(iv) Disclosure**

HP is unaware at this time of the existence of any relevant insurance agreement under which

any person carrying on an insurance business may be liable to satisfy part or all of a judgment

which may be entered in this action or to indemnify or reimburse for payments made to satisfy the

judgment.

Dated: March 18, 2008                    FISH & RICHARDSON P.C.

                                         By:   /s/ Bradley D. Coburn
                                               William J. Marsden, Jr. (#2247)
                                               919 N. Market Street, Suite 1100
                                               Wilmington, DE 19801
                                               Telephone: (302) 652-5070
                                               Facsimile: (302) 652-0607
                                               Email: marsden@fr.com

                                               John E. Giust (*pro hac vice*)
                                               Matthew C. Bernstein (*pro hac vice*)
                                               12390 El Camino Real
                                               San Diego, CA 92130
                                               Telephone: 858-678-5070
                                               Facsimile: 858-678-5099
                                               Emails: giust@fr.com; bernstein@fr.com

                                               Bradley D. Coburn (*pro hac vice*)
                                               111 Congress Avenue, Suite 810
                                               Austin, TX 78701
                                               Telephone: (512) 472-5070
                                               Facsimile: (512) 320-8935
                                               Email: coburn@fr.com

                                               Robert S. Frank, Jr. (pro hac vice)
                                               Daniel C. Winston (*pro hac vice*)
                                               Choate Hall & Stewart, LLP
                                               Two International Place
                                               Boston, MA 02110
                                               Telephone: (617) 248-5000
                                               Facsimile: (617) 248-4000
                                               Emails: dwinston@choate.com;
                                               rfrank@choate.com

                                         Attorneys for Defendant and Counterclaim-Plaintiff
                                         Hewlett-Packard Company

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2008, I served a copy of the attached **HEWLETT-PACKARD COMPANY'S SECOND SUPPLEMENTAL INITIAL DISCLOSURES** on the following individuals in the manner indicated:

| | |
|---|---|
| ***Via Email***<br>Jack B. Blumenfeld (#1014)<br>Julia Heaney (#3052)<br>Morris, Nichols, Arsht & Tunnell, LLP<br>1201 North Market Street<br>Wilmington, DE 19899-1347<br>Phone: 302-658-9200<br>Fax:  302-658-3989<br>Emails:  jblumenfeld@mnat.com;<br>jheaney@mnat.com | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |
| ***Via Email***<br>Russell E. Levine, P.C./<br>Michelle W. Skinner/David W. Higer<br>Maria A. Meginnes/Courtney Holohan/C. Beasley<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL  60601<br>Phone:  312-861-2000<br>Fax:  312-861-2200<br>Emails:  rlevine@kirkland.com;<br>skinnerm@kirkland.com; dhiger@kirkland.com;<br>mmeginnes@kirkland.com;<br>cholohan@kirkland.com; cbeasley@kirkland.com | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |

***Courtesy Copy Via Overnight Mail***
Michelle W. Skinner
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
Phone:  312-861-2000
Fax:  312-861-2200

/s/ Bradley D. Coburn
Bradley D. Coburn

11039505.doc

# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POLAROID CORPORATION, | |
| Plaintiff and Counterclaim Defendant, | |
| v. | C.A. No. 06-738-SLR |
| HEWLETT-PACKARD COMPANY, | |
| Defendant and Counterclaim Plaintiff. | |

## DEFENDANT HEWLETT-PACKARD COMPANY'S
## DISCLOSURE OF FACT WITNESSES

Defendant Hewlett-Packard Company ("HP") hereby submits the following disclosure of fact witnesses and expert witnesses who may give fact testimony, pursuant to Paragraph 3(f) of the Court's Scheduling Order filed April 24, 2007.  HP specifically reserves the right to supplement or amend this list by adding by adding or removing fact witnesses as appropriate.  To the extent anything in the reports or deposition testimony of HP's experts could be construed to be fact testimony, HP reserves the right to call the experts to testify regarding the substance of what was disclosed in their expert reports and in their depositions. In addition to the witnesses identified by name below, HP also reserves the right to call at trial any individuals identified in Polaroid Corporation's disclosure of fact witnesses.  Subject to these representations, HP identifies the following individuals as potential fact witnesses:

- Bailey, Rusty
- Berge, Tom
- Bhaskar, Ranjit
- Bullitt, Julian
- Cazier, Robb
- Dansky, Michael
- Dogan, Eleanore

- Fredrickson, Paul

- Goldman, William

- Greer, Steve

- Haasl-Martinez, Ted

- Hayes, Chris

- Kullberg, Brad

- Lee, Juli

- Levinstone, Donald

- Lorenz, Lori

- Lyons, Jim

- Moore, Charles

- Moroney, Nathan

- Reiling, Ron

- Roman, Ed

- Ruder, Jim

- Ruiz, Paul

- Schioldager, Richard

- Srinivisan, Anand

- Tabar, Anton

- Thornton, Jay

- Yennadhiou, Peter

Dated:  June 9, 2008                    FISH & RICHARDSON P.C.


By:  */s/ William J. Marsden, Jr.*
      William J. Marsden, Jr. (#2247)
      Raymond N. Scott, Jr. (#4949)
      919 N. Market Street, Suite 1100
      P.O. Box 1114
      Wilmington, DE 19899-1114
      Tel:  (302) 652-5070
      Fax:  (302) 652-0607

      Robert S. Frank, Jr.
      Daniel C. Winston
      CHOATE, HALL & STEWART LLP
      Two International Place
      Boston, MA 02109
      Tel.:  (617) 248-5000
      Fax:  (617) 248-4000

      John E. Giust
      Matthew E. Bernstein
      MINTZ, LEVIN, COHN, FERRIS,
          GLOVSKY AND POPEO PC
      3580 Carmel Mountain Road, Suite 300
      San Diego, CA 92130
      858-314-1500 - telephone
      858-314-1501 – facsimile

      *Attorneys for Plaintiff*
      *HEWLETT-PACKARD COMPANY*


80061650 (2).doc

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 9, 2008, I served **DEFENDANT HEWLETT-PACKARD COMPANY'S DISCLOSURE OF FACT WITNESSES** to the following counsel:

*<u>Via Email</u>*
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
Morris, Nichols, Arsht & Tunnell, LLP
1201 North Market Street
Wilmington, DE 19899-1347
Phone:  302-658-9200
Fax:  302-658-3989
Emails:  jblumenfeld@mnat.com; jheaney@mnat.com

Attorneys for Plaintiff and Counterclaim-Defendant Polaroid Corporation

In addition, service will be made on the following counsel of record as indicated:

*<u>Via Email</u>*
Russell E. Levine, P.C.
Michelle W. Skinner/David W. Higer
Maria A. Meginnes/Courtney Holohan/C. Beasley
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
Phone:  312-861-2000
Fax:  312-861-2200
Emails:  rlevine@kirkland.com; ggerst@kirkland.com;
mskinner@kirkland.com; dhiger@kirkland.com;
mmeginnes@kirkland.com; mmeginnes@kirkland.com;
cbeasley@kirkland.com

Attorneys for Plaintiff and Counterclaim-Defendant Polaroid Corporation

*<u>Courtesy Copy Via Federal Express</u>*
Michelle W. Skinner
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
Phone:  312-861-2000
Fax:  312-861-2200

/s/ *William J. Marsden, Jr.*
William J. Marsden, Jr.

1

# Exhibit E

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

David W. Higer
To Call Writer Directly:
312 469-7029
dhiger@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200
Dir. Fax: 312 861-2200

June 17, 2008

**VIA EMAIL**

Matthew C. Bernstein, Esq.
Mintz Levin Cohn Ferris Glovsky and Popeo PC
5355 Mira Sorrento Place, Suite 600
San Diego, CA 92121-3039

     Re:  *Polaroid Corporation v. Hewlett Packard Company*
        USDC-D. Del.-C.A. No. 06-738 (SLR)

Dear Mr. Bernstein:

    I write regarding HP's fact witness disclosure. HP's fact witness list contains four witnesses who previously had not been disclosed in HP's initial disclosures:

- Rusty Bailey;
- Chris Hayes;
- Jim Ruder; and
- Paul Ruiz.

Accordingly, Polaroid objects to HP's attempt to inject these witnesses into the case at this stage of the litigation.

    By Friday June 20, 2008, please identify whether HP, in fact, intends to call these witnesses. In addition, please identify whether Mr. Bailey will be testifying on any issues beyond the marketing, advertisement, and promotion of HP camera products identified in HP's response to Polaroid's Interrogatory No. 15 and the process by which HP determined what features to include in HP camera products identified in HP's response to Polaroid's Interrogatory No. 15.

            Very truly yours,

            David W. Higer

DWH

cc:  Jack B. Blumenfeld, Esq.

# Exhibit F



**"Bernstein, Matthew"**
**<MBernstein@mintz.com>**
06/19/2008 05:09 PM

To   "David Higer" <dhiger@kirkland.com>

cc   "Courtney Holohan" <cholohan@kirkland.com>, "Winston, Daniel C." <dwinston@choate.com>

bcc

Subject   RE: Polaroid v. HP - Correspondence

History:   🔄 This message has been forwarded.

David,

In response to your letter from June 17th (attached), as indicated on HP's disclosure of fact witnesses, HP may call Rusty Bailey, Chris Hayes, Paul Ruiz, and Jim Ruder to trial to provide fact testimony.  HP reserves the right to supplement and/or amend its list of witnesses who may testify in the future.

Regarding Mr. Bailey, based on its current disclosure of fact witnesses, HP currently does not intend to offer any testimony from him beyond the topics set forth in the last paragraph of your June 17th letter.  HP reserves the right to revisit this issue in the future should events warrant such revisiting.

On a related witness list note, does Polaroid have a response to Dan Winston's email (to Courtney) from yesterday regarding witness list issues?  If not, do you know whether Polaroid will be able to provide a response by the end of the week?

Please feel free to give me a call if you have any questions or would like to discuss the above.

Regards,
Matt

**From:** David Higer [mailto:dhiger@kirkland.com]
**Sent:** Tuesday, June 17, 2008 2:27 PM
**To:** Bernstein, Matthew
**Subject:** Polaroid v. HP - Correspondence


Please see the attached.

David W. Higer
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601
direct: 312-469-7029
fax: 312-660-9730

```
**********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
```

```
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
**********************************************************
```

---

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

---

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be

reimbursed for reasonable costs incurred in notifying us. 6-17-08 Higer Ltr to Bernstein re Disclosures.PDF