IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POLAROID CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>Defendant. | C. A. No. 06-738 (SLR)<br><br>**REDACTED** |

DEFENDANT HEWLETT-PACKARD'S REPLY MEMORANDUM
IN SUPPORT OF MOTION TO PRECLUDE THE REPORT AND
TESTIMONY OF POLAROID'S SURVEY EXPERT WALTER MCCULLOUGH

**FISH & RICHARDSON P.C.**
William J. Marsden, Jr. (#2247)
Raymond N. Scott, Jr. (#4949)
919 N. Market Street, Suite 1100
Wilmington, DE 19801
Tel.: (302) 652-5070
Fax: (302) 652-0607
Email: *marsden@fr.com; rscott@fr.com*

Robert S. Frank, Jr. *(pro hac vice)*
Daniel C. Winston *(pro hac vice)*
Carlos Perez-Albuerne *(pro hac vice)*
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02109
Tel.: (617) 248-5000
Fax: (617) 248-4000
Emails: *rfrank@choate.com; dwinston@choate.com; cperez@choate.com*

John E. Giust *(pro hac vice)*
Matthew E. Bernstein *(pro hac vice)*
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel.: (858) 314-1500
Fax: (858) 314-1501
Emails: *jgiust@mintz.com; mbernstein@mintz.com*

*Attorneys for Defendant and Counterclaim-Plaintiff
Hewlett-Packard Company*

4342567v8

**REDACTED**

**TABLE OF CONTENTS**

        **Page**

NATURE AND STAGE OF THE PROCEEDINGS ..................................................................1

SUMMARY OF ARGUMENT .......................................................................................................2

STATEMENT OF FACTS ...............................................................................................................2

     A.    [REDACTED] ..................................................................................................2

     B.    LACE Is Used A Fraction Of The Time. .................................................................5

ARGUMENT.....................................................................................................................................6

I.    [REDACTED]
    IT LACKS PROBATIVE VALUE AND IS LIKELY TO CONFUSE THE JURY..............6

II.    THE McCULLOUGH SURVEY FAILS TO MEET GENERALLY ACCEPTED SURVEY PRINCIPLES. ...................................................................................................7

     A.    The Survey Design Is Inherently Biased And Misleading.........................................7

     B.    The Subject Addressed Is Not Relevant To Polaroid's Theory Of Damages.........................................................................................................................8

     C.    Mr. McCullough's Practical Expertise Is Not Sufficient To Vindicate The Design Of His Survey. .................................................................................................10

CONCLUSION...............................................................................................................................10

4342567v8

# TABLE OF AUTHORITIES

**CASES**   **PAGE**

*C.A. May Marine Supply Co. v. Brunswick Corp.*,
649 F.2d 1049 (5th Cir. 1981) ..........................................................................................6

*Citizens Financial Group, Inc. v. Citizens Nat. Bank of Evans City*,
383 F.3d 110 (3d Cir. 2004)......................................................................................6, 10

*Daubert v. Merrell Dow Pharmaceuticals*,
509 U.S. 579 (1993)........................................................................................................10

*General Electric v. Joiner*,
522 U.S. 136 (1997)........................................................................................................10

*Hill's Pet Nutrition, Inc. v. Nutro Products, Inc.*,
258 F. Supp.2d 1197 (D. Kan. 2003)............................................................................10

*In re Paoli Railroad Yard PCB Litigation*,
35 F.3d 717 (3d Cir. 1994)...............................................................................................8

*J&J Snack Foods v. The Earthgrains Co.*,
220 F. Supp.2d 358 (D. N.J. 2002)..................................................................................7

*Starter Corp. v. Converse, Inc.*,
170 F.3d 286 (2d Cir. 1999)..............................................................................................6

**OTHER AUTHORITIES**

Fed. R. Evid. 402, 403 .............................................................................................................6

Reference Manual on Scientific Evidence (2d ed. 2000) ..........................................................7

4342567v8

# REDACTED

Hewlett-Packard Company ("HP") files this reply memorandum in support of its motion to exclude the testimony of Walter McCullough and to preclude Polaroid Corporation ("Polaroid") from offering any evidence based on the McCullough Survey or on Mr. McCullough's related expert opinions ("Motion") (D.I. 164). Newly-produced materials, addressed for the first time in Polaroid's opposition papers, ████████████████████████████████████████████████████████████████████████████ the Survey does not have any probative value. Polaroid's Answering Brief In Opposition ("Opp.") (D.I. 218) acknowledges that a survey must comply with generally accepted survey principles, and confirms HP's statement of these principles. *See* Opp., D.I. 218, at 5. Polaroid's Opposition correctly identifies the central concerns with Mr. McCullough's Survey, but incorrectly asserts that these concerns have been resolved.

## NATURE AND STAGE OF THE PROCEEDINGS

This is an action for patent infringement. Polaroid retained Walter McCullough to conduct a survey allegedly in support of Polaroid's theory of damages.

Polaroid initially withheld from production approximately one-third of all Survey responses. Mr. McCullough did not disclose this aspect of the Survey in his expert report. These materials have now been produced, but not until May 23, 2008, the same day that HP's Motion was due. *See* Letter from Kirkland & Ellis to Robert Buchanan (Ex. H).[1] HP could not address these materials in HP's Memorandum. Accordingly, HP requested an opportunity to supplement its Motion as appropriate. *See* HP Memorandum, D.I. 165, at 5, n. 3. Polaroid has now

---

[1] HP's Exhibits A through G were provided along with HP's Motion in the Declaration of William J. Marsden, Jr. ("Decl.") (D.I. 166). Polaroid's Exhibits are referred to by their numbers 1 through 8. HP's additional Exhibits H through N are attached to the Reply Declaration of William J. Marsden, Jr. ("Reply Decl.") filed herewith. The abbreviations used herein are the same as used in HP's Memorandum in Support of Motion to Preclude the Report and Testimony of Polaroid's Survey Expert Walter McCullough ("HP Memorandum") (D.I. 165).

# REDACTED

addressed the newly-produced materials in its Opposition and exhibits. We address them below. They provide further support for HP's Motion.

## SUMMARY OF ARGUMENT

I. In preparing the language for his survey, Mr. McCullough wanted to provide a description of the "Adaptive Lighting" feature. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

II. The McCullough Survey fails to comply with generally accepted survey principles.

A. The McCullough Survey drew attention to one selected feature of the HP products, and interviewers read out loud laudatory language describing this one feature only. As a result, the design of the Survey is inherently biased.

B. Polaroid has not offered any evidence to establish a "fit" between the McCullough Survey and Polaroid's theory of damages.

## STATEMENT OF FACTS

A. 

Polaroid retained Mr. McCullough to ask consumers about the "Adaptive Lighting" feature in HP cameras and printing devices. McCullough Dep. (D.I. 166, Ex. E) at 14-16. Mr. McCullough obtained survey responses on both cameras and All-In-One printing devices. *Id.* In his Report, however, Mr. McCullough only disclosed the questions and responses concerning All-In-One devices. *See* McCullough Report (D.I. 166, Ex. A) at 3-8. An All-In-One is a non-portable, desktop device that is a printer, fax machine, scanner and copier. It is not a camera.

**REDACTED**

Mr. McCullough's Report did not disclose that he had been retained to survey cameras as well, and did not disclose the camera questions and responses. *Id.* Polaroid initially withheld from production all of the camera materials. HP learned about these materials when HP took Mr. McCullough's deposition. *See* McCullough Dep. (D.I. 166, Ex. E) at 14-16. HP then demanded that Polaroid produce the camera materials. *See* Letter from Robert Buchanan to Colby Anne Kingsbury (Ex. I). After some skirmishing, Polaroid agreed to produce them. The newly-produced materials arrived on the last day for Daubert motions, May 23, 2008. HP did not have an opportunity to address them in HP's Motion and supporting Memorandum. *See* HP Memorandum, D.I. 165, at 5, n. 3. The initially-withheld materials reveal a fundamental confusion in Mr. McCullough's survey approach.

Mr. McCullough wanted to include in his survey instrument a paragraph describing the "Adaptive Lighting" feature in HP's cameras and All-In-Ones.  Mr. McCullough went to HP's website for language about "Adaptive Lighting" and he reproduced this language with adjustments of his own. Opp., D.I. 218, at 11.

---

[2] *See* Exhibit C within the Report of McCullough, which is Ex. A to the Declaration of William J. Marsden, Jr. (D.I. 166).

**REDACTED**

Polaroid's Exhibit 7 discloses that Mr. McCullough obtained laudatory language from a description of the HP Photosmart 945 digital camera. Polaroid's Ex. 7 ███████████

███████████████████████████████████████
███████████████████████████████████████
████████  ███████████████████  ████████
███████████████████████████████████████
███████████████████████████████████████
█████████████████████

Mr. McCullough first conducted an initial survey round relating to one HP camera model and one HP All-In-One model. McCullough Dep. (Ex. N) at 19. After Mr. McCullough received responses to these survey questions, Polaroid's counsel called to tell him that "cameras were out." *Id.* at 14. In his Report Mr. McCullough withheld any mention of his camera survey. Mr. McCullough then conducted an additional survey round asking about a second All-In-One model, ███████████████████████████

███████████████████ ███████████████████

---

3 ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

4  When he asked respondents about cameras, Mr. McCullough's interviewers read them the following script:

    1.    This particular digital camera contains a feature called "Adaptive Lighting Technology". Adaptive Lighting Technology is a breakthrough technology that enables cameras to produce photos that look more like what people see with their own eyes. It accomplishes this by balancing relationships between bright and dark areas in a photo, preserving gentle contrasts by smoothing out harsh contrasts.

**REDACTED**



> If there were a digital camera model that contained all of the features of the camera whose description I just showed you, but it did **not** have the Adaptive Lighting Technology feature, do you think that model would cost less than the model with the Adaptive Lighting Technology feature, or would the price be the same as the model with the Adaptive Lighting Technology feature?

Ex. L at POL 7542828. When Mr. McCullough asked respondents about printing devices, his interviewers read them the same script with the term "digital camera" replaced by the term "ink jet printer" in lines 1, 3, 8 and 9. *See* McCullough Report (D.I. 166, Ex. A) at p. 6.

**REDACTED**

█████████████████████████████████████ ██ ██
█████████████████████████████████████████
████████████████████████)

## ARGUMENT

I.  ████████████████████████████████████
**LACKS PROBATIVE VALUE AND IS LIKELY TO CONFUSE THE JURY.**

Mr. McCullough conducted a survey and offers expert opinions about All-In-Ones, not cameras. *See* McCullough Report (D.I. 166, Ex. A) at 3-8. ████████████████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

████████████) The resulting responses are utterly irrelevant to this case. They can serve no purpose except to confuse and mislead a jury and prejudice HP. They should be excluded. Fed. R. Evid. 402, 403; *Citizens Financial Group, Inc. v. Citizens Nat. Bank of Evans City*, 383 F.3d 110, 121 (3d Cir. 2004) (upholding district court's decision to exclude survey); *Starter Corp. v. Converse, Inc.*, 170 F.3d 286 (2d Cir. 1999) (same); *C.A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049 (5th Cir. 1981) (same). *See also J&J Snack Foods v. The Earthgrains Co.*, 220 F. Supp.2d 358, 370-71 (D. N.J. 2002) ("flawed definition permeated the entire survey to make its findings completely untrustworthy and unreliable").

## II. THE McCULLOUGH SURVEY FAILS TO MEET GENERALLY ACCEPTED SURVEY PRINCIPLES.

### A. The Survey Design Is Inherently Biased And Misleading.

"Surveys must be objective." Opp., D.I. 218, at 8; Reference Manual On Scientific Evidence at 229 (2d ed. 2000). Polaroid asserts that Mr. McCullough adhered to this precept because "the survey questions . . . did not suggest a particular answer." Opp., D.I. 218, at 8. This limited defense ignores the overall design of the McCullough Survey.

Mr. McCullough developed a laudatory description of a single feature of a multi-featured device. His interviewers read this description to survey participants. They did not read to survey participants any description (of any kind) of any other feature of an All-In-One. This procedure inherently biased the survey responses in favor of placing greater value on the particular feature that was called to their attention as the subject of a laudatory description (deemphasizing other features of the relevant device).

Mr. McCullough acknowledges that the HP All-In-Ones have a large number of capabilities. McCullough Dep. (Ex. N) at 106-08. They send and receive faxes. They scan digital documents. They are printers and copiers. McCullough Report (D.I. 166, Ex. A) at Exhibit C within the Report. These features have value to consumers. McCullough Dep. (Ex. N) at 106-08; Jacoby Rebuttal Report (D.I. 166, Ex. B) at 5-7. However, Mr. McCullough's Survey did not ask about any of them. As a result, his questions induced survey participants to respond without considering the context in which they were responding – i.e. what is the value of Adaptive Lighting in the context of all of the other capabilities of the device in which it is used. *Cf.* Opp., D.I. 218, at 15.

The continued effect of the bias built into the Survey is demonstrated by the Survey responses themselves. Mr. McCullough acknowledges that he obtained outlandish responses.

**REDACTED**

He asserts that he excluded them. McCullough Declaration at ¶14; Opp., D.I. 218, at 17. Here is what he actually left in among the Survey responses, however. Where he asked about a $99.99 All-In-One printing/scanning/copying device, Mr. McCullough included responses that the Adaptive Lighting feature alone is worth $80, or $75, or $50. McCullough Report (D.I. 166, <u>Ex. A</u>) at Exhibit E within the Report. These responses represent 80%, or 75%, or 50% of the total price of the device. Where he asked about a $299.99 All-In-One printing/scanning/copying device, Mr. McCullough included responses that the Adaptive Lighting feature alone is worth $200, or $175 or $150. *Id.* These responses represent 67%, or 58%, or 50% of the total price of the device. These responses are not credible. They tend to demonstrate the bias that Mr. McCullough infected into the Survey by reading a laudatory description of only one feature of a multi-featured device -- and then asking respondents only about that one feature.

    B.    <u>The Subject Addressed Is Not Relevant To Polaroid's Theory Of Damages.</u>

"The same [Daubert] standard of reliability extends to the step in the expert's analysis that 'fits' his or her conclusions to the case at hand.... [T]he standard is higher than bare relevance." *In re Paoli Railroad Yard PCB Litigation,* 35 F.3d 717, 745 (3d Cir. 1994) (cited in Polaroid's Opp., D.I. 218, at 5). In this case, no evidence, and no expert opinion, establishes the relevance of Mr. McCullough's study.

First, Mr. McCullough had interviewers read to survey respondents ▮▮▮▮▮▮



Second, Dr. Strickland, Polaroid's damages expert, stated Polaroid's theory and calculation of damages. ▮▮▮▮▮▮

# REDACTED



Dr. Strickland did not rely on the McCullough Survey results in his analysis. ▮▮▮ Nothing in Dr. Strickland's Report links his analysis to the McCullough Survey.

Mr. McCullough himself has disavowed any link between his Survey and Polaroid's damage theory. HP cited this testimony in its opening Memorandum at page 10. Polaroid did not respond.

C.  <u>Mr. McCullough's Practical Expertise Is Not Sufficient To Vindicate The Design Of His Survey</u>.

At page 2 of its Opposition, Polaroid asserts that Mr. McCullough has never been disqualified as an expert. In *Hill's Pet Nutrition, Inc. v. Nutro Products, Inc.,* 258 F. Supp. 2d 1197 (D. Kan. 2003), which addressed a preliminary injunction motion, the court rejected one of



Mr. McCullough's surveys because the court found that Mr. McCullough's conclusions lack "scientific validity." *Id.* at 1210. In a jury trial like this one, where expert testimony lacks scientific validity, the testimony should be excluded. *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 597 (1993); *General Electric v. Joiner*, 522 U.S. 136, 146 (1997); *Citizens Financial Group, Inc.*, 383 F.3d at 121 (upholding district court's decision to exclude expert's consumer survey).

## CONCLUSION

For all of the reasons set forth above and in HP's Memorandum, Mr. McCullough's survey does not conform to generally accepted survey standards. HP respectfully requests that the Court exclude any evidence pertaining to Mr. McCullough's consumer survey and preclude Mr. McCullough from testifying at trial.

Dated: June 23, 2008              FISH & RICHARDSON P.C.

             By: /s/ William J. Marsden, Jr.
                William J. Marsden, Jr. (#2247)
                Raymond N. Scott, Jr. (#4949)
                919 N. Market Street, Suite 1100
                Wilmington, DE 19801
                Telephone: (302) 652-5070
                Facsimile: (302) 652-0607
                Email: marsden@fr.com
                     rscott@fr.com

                MINTZ COHN FERRIS GLOVSKY & POPEO, P.C.
                John E. Giust
                Matthew C. Bernstein
                5355 Mira Sorrento Place, Suite 600
                San Diego, CA 92121-3039
                Telephone: (858) 320-3000
                Facsimile: (858) 320-3001
                Email: JGiust@mintz.com
                     MBernstein@mintz.com

                CHOATE HALL & STEWART, LLP
                Robert S. Frank, Jr.
                Robert M. Buchanan, Jr.
                Carlos Perez-Albuerne
                Elizabeth A. Castellani
                Two International Place
                Boston, MA 02110
                Telephone: (617) 248-5000
                Facsimile: (617) 248-4000
                Email: rfrank@choate.com
                     rbuchanan@choate.com
                     cperez@choate.com
                     ecastellani@choate.com


                *Attorneys for Defendant and Counterclaim-Plaintiff Hewlett-Packard Company*

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2008, I electronically filed with the Clerk of Court the foregoing document using CM/ECF which will send electronic notification of such filing(s) to the following counsel:

| | |
|---|---|
| *Via Email*<br>Jack B. Blumenfeld (#1014)<br>Julia Heaney (#3052)<br>Morris, Nichols, Arsht & Tunnell, LLP<br>1201 North Market Street<br>Wilmington, DE 19899-1347<br>Phone: 302-658-9200<br>Fax: 302-658-3989<br>Emails: jblumenfeld@mnat.com; jheaney@mnat.com | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |
| *Via Email*<br>Russell E. Levine, P.C.<br>Michelle W. Skinner/David W. Higer<br>Maria A. Meginnes/Courtney Holohan/C. Beasley<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL 60601<br>Phone: 312-861-2000<br>Fax: 312-861-2200<br>Emails: rlevine@kirkland.com; ggerst@kirkland.com; mskinner@kirkland.com; dhiger@kirkland.com; mmeginnes@kirkland.com; mmeginnes@kirkland.com; cbeasley@kirkland.com | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |

*Courtesy Copy Via Federal Express*
Michelle W. Skinner
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Phone: 312-861-2000
Fax: 312-861-2200

/s/ *William J. Marsden, Jr.*
William J. Marsden, Jr.