IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POLAROID CORPORATION,

    Plaintiff and Counterclaim Defendant,

    v.

HEWLETT-PACKARD COMPANY,

    Defendant and Counterclaim Plaintiff.

C.A. No. 06-738-SLR

## REDACTED

**HEWLETT-PACKARD COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO
PRECLUDE CERTAIN TESTIMONY OF
POLAROID'S EXPERT DR. PEGGY AGOURIS**

**FISH & RICHARDSON P.C.**
William J. Marsden, Jr. (#2247)
Raymond N. Scott, Jr. (#4949)
919 N. Market Street, Suite 1100
Wilmington, DE 19801
Tel.: (302) 652-5070
Fax: (302) 652-0607
Emails: *marsden@fr.com; rscott@fr.com*

Robert S. Frank, Jr. *(pro hac vice)*
Daniel C. Winston *(pro hac vice)*
Carlos Perez-Albuerne *(pro hac vice)*
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02109
Tel.: (617) 248-5000
Fax: (617) 248-4000
Emails: *rfrank@choate.com; cperez@choate.com;
        dwinston@choate.com*

John E. Giust *(pro hac vice)*
Matthew E. Bernstein *(pro hac vice)*
MINTZ, LEVIN, COHN, FERRIS,
      GLOVSKY AND POPEO PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel.: (858) 314-1500
Fax: (858) 314-1501
Emails: *jgiust@mintz.com; mbernstein@mintz.com*

*Attorneys for Defendant and Counterclaim-Plaintiff
Hewlett-Packard Company*

Dated: June 23, 2008

4343914v2

## TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF THE PROCEEDINGS ..................................................1

SUMMARY OF ARGUMENT ..............................................................................1

STATEMENT OF THE FACTS .............................................................................2

ARGUMENT..........................................................................................................3

    I.     DR. AGOURIS IS NOT QUALIFIED TO OFFER EXPERT OPINIONS BASED ON ANALYSIS OF COMPUTER SOURCE CODE ..............................3

          A.     Dr. Agouris Should Not Be Alowed To Testify Regarding HP's Products.....................................................................................................3

          B.     Dr. Agouris Should Not Be Allowed to Testify Regarding Polaroid's Products ............................................................................8

    II.    DR. AGOURIS IS NOT QUALIFIED TO OFFER EXPERT OPINIONS REGARDING THE EQUIVALENCE OF HARDWARE AND SOFTWARE ........................................................................................9

    III.   POLAROID DID NOT TIMELY DISCLOSE MR. WROBLEWSKI'S EXPERT ROLE ...............................................................................11

CONCLUSION....................................................................................................12

## TABLE OF AUTHORITIES

CASES

*Buckner v. Sam's Club Inc.*
  75 F.3d 290 (7th Cir. 1996) ..................................................................................7

*Darnell v. Target Stores*
  16 F.3d 174 (7th Cir. 1994) ..................................................................................7

*Daubert v. Merrell Dow Pharma., Inc.*
  509 U.S. 579 (1993)....................................................................................5, 9-10

*Dura Automotive Sys. of Indiana v. CTS Corp.*
  285 F.3d 609 (7th Cir. 2002) .............................................................................9, 12

*Hackman v. Valley Fair*
  932 F.2d 239 (3d Cir. 1991).................................................................................6-7

*In re Baycol Prods. Lit.*
  532 F.Supp.2d 1029 (D.Minn. 2007) ...............................................................5, 7-8

*Jiminez v. All American Rathskeller, Inc.*
  503 F.3d 247 (3d Cir. 2007)................................................................................6-7

*Malletier v. Dooney & Bourke, Inc.*
  525 F.Supp.2d 558 (S.D.N.Y. 2007)......................................................................8

*Perma Research & Development Co. v. Singer Co.*
  410 F.2d 572 (2d Cir. 1969)..................................................................................7

*Russell v. Acme-Evans Co.*
  51 F.3d 64 (7th Cir. 1995) .................................................................................6-7

*Schneider v. Fried, D.O.*
  320 F.3d 396 (3d Cir. 2003)..................................................................................5


STATUTES

35 U.S.C. 287 ..........................................................................................................8


OTHER AUTHORITIES

Rule 26 ...............................................................................................................1, 4

4343914v2

# REDACTED

## NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement action.  Defendant Hewlett-Packard Company ("HP") has filed a Motion to Preclude Certain Testimony of Polaroid's Expert Dr. Peggy Agouris ("HP's Motion" or the "Motion to Preclude Agouris Testimony").  (D.I. 167-169)  Plaintiff Polaroid Corporation ("Polaroid") has filed an Answering Brief in Opposition to that Motion ("Polaroid Opposition").  This reply memorandum is submitted in further support of HP's Motion.  (D.I. 219)

## SUMMARY OF ARGUMENT

The deadline for expert discovery has passed.  Polaroid's technical expert, Dr. Peggy Agouris, ███████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
████████████

Polaroid did not disclose a source code expert as part of its Rule 26 disclosures and did not provide a report from a source code expert.  Polaroid has not disclosed and has not provided any report from a computer hardware expert.

Polaroid has now submitted declarations by Dr. Agouris and by Polaroid's actual source code expert, both of which contain assertions that are directly contrary to Dr. Agouris' prior sworn testimony ████████████████████████████████████████████████

# REDACTED

The Court should reject the statements made in Polaroid's self-serving declarations because they are directly contrary to sworn deposition testimony from Dr. Agouris. Rather, the Court should credit Dr. Agouris' description of the scope of her own expertise (or lack thereof), given at her deposition. In light of that description, the Court should preclude Dr. Agouris from testifying with respect to topics that require expertise in software or computer hardware, including: (1) whether certain HP code (not alleged to infringe) is a viable non-infringing alternative to the allegedly infringing HP code; (2) whether certain portions of the HP code are the equivalent of various elements of the asserted claims; (3) whether algorithms used in the HP source code are the equivalent of structures disclosed in the patent; and (4) whether certain Polaroid products embody the asserted claims.

## STATEMENT OF THE FACTS

Relevant facts are stated in HP's opening brief in support of its Motion. (*See* D.I. 168). Additional facts now relevant are:

1.      On June 12, 2008, Polaroid submitted a declaration from Dr. Peggy Agouris in conjunction with Polaroid's Opposition to HP's Motion to Preclude Agouris Testimony.

2.      In that declaration Dr. Agouris makes several statements which directly contradict sworn testimony she gave at her deposition. Such statements include:



4343914v2

# REDACTED

## ARGUMENT

The instant motion is addressed to the scope of the expertise of Polaroid's expert, Dr. Peggy Agouris. Dr. Agouris is an expert in image enhancement, but she is not an expert in the field of software, including computer source code, nor in computer hardware. As discussed in HP's opening brief, Dr. Agouris testified at her deposition that: ████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████  The Court should credit that testimony, reject the self-serving and directly contrary statements in Dr. Agouris' recent declaration, and preclude Dr. Agouris from testifying on topics beyond the scope of her expertise.

## I.    DR. AGOURIS IS NOT QUALIFIED TO OFFER EXPERT OPINIONS BASED ON ANALYSIS OF COMPUTER SOURCE CODE

### A.    Dr. Agouris Should Not Be Allowed To Testify Regarding HP's Products

At her deposition, Dr. Agouris testified ████████████████████████

███████████████████

■  ████████████████████████████

■  ███████████

■  ██

■  █████████████████

# REDACTED



Deposition of Dr. Peggy Agouris ("Agouris Dep."), Exhibit B to the Declaration of William J. Marsden, Jr. ("Marsden Decl.") (D.I. 169), pp. 51-52.



*Id.* at pp. 56-57.



*Id.* at pp. 58-59.

As a result, someone else analyzed source code.  Dr. Agouris testified:



-4-

# REDACTED



*Id.* at pp. 57-58.

*Id.* at p. 54.

"[T]he district court acts as a gatekeeper, preventing opinion testimony that does not meet the requirements of qualification, reliability and fit from reaching the jury." *Schneider v. Fried, D.O.*, 320 F.3d 396, 404 (3d Cir. 2003) (*citing Daubert v. Merrell Dow Pharma., Inc.*, 509 U.S. 579, 592 (1993)) (emphasis added). "If an expert is not qualified to opine on a particular area . . . such testimony is excluded under *Daubert*." *In re Baycol Prods. Lit.*, 532 F.Supp.2d 1029, 1047 (D.Minn. 2007). Specifically, expert testimony should be rejected if that expert testifies at deposition that he or she is not qualified to render an opinion on the subject matter at hand. *See id.* (finding expert could not testify regarding comparative dangerousness of two drugs where expert admitted at deposition that he was not qualified to give opinions about a drug's comparative safety and that he was relying on other experts as the basis for these opinions).

In the declaration filed by Polaroid in response to HP's Motion, Polaroid attempts to "fix" the problem created for Polaroid when ███████████████████████ ███████████████████ Dr. Agouris now states, contrary to her deposition testimony, ███████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████ Declaration of Dr. Peggy Agouris in Support of Polaroid Corporation's Response to Defendant Hewlett-Packard Company's Motion to Preclude

4343914v2

# REDACTED

Certain Testimony of Polaroid's Expert Dr. Peggy Agouris ("Agouris Decl."), Ex. 2 to Polaroid

Opposition (D.I. 219), ¶ 10.  She declares ███████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

█████████████████████████████████  *Id.* at ¶¶ 8, 10, 14.  These statements are

directly contradictory to those made by Dr. Agouris at her deposition.  *Compare* Agouris Dep.

(D.I. 169 at Ex. B) at pp. 53-54, 57-58 *with* Agouris Decl. (D.I. 219 at Ex. 2) at ¶¶ 8, 10.

In circumstances in which a party testifies to one thing at his or her deposition, is later

confronted with a motion that relies on that testimony, and then (in response to that motion) files

a declaration that contradicts the declarant's previous deposition testimony, courts routinely

reject the contradictory statements in the later-filed declaration.  *See, e.g., Hackman v. Valley

Fair*, 932 F.2d 239, 241 (3d Cir. 1991) ("[w]hen without a satisfactory explanation, a

nonmovant's affidavit contradicts earlier deposition testimony, the district court may disregard

the affidavit in determining whether a genuine issue of material fact exists.").  This principle is

often referred to as the "sham affidavit doctrine."  Courts dealing with such conflicting testimony

have held that prior deposition testimony should be credited and later contradictory self-serving

statements in a declaration filed by the non-movant rejected.  *See Jiminez v. All American

Rathskeller, Inc.*, 503 F.3d 247, 253-54 (3d Cir. 2007) (*citing Perma Research & Development

Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969) ("[t]he deposition of a witness will usually

be more reliable than his affidavit, since the deponent was either cross-examined by opposing

counsel, or at least available to opposing counsel for cross-examination."); *see also Russell v.

Acme-Evans Co.*, 51 F.3d 64, 67-68 (7th Cir. 1995) ("We have been highly critical of efforts to

patch up a party's deposition with his own subsequent affidavit.  Almost all affidavits submitted

-6-

# REDACTED

in litigation are drafted by lawyers rather than by the affiants") (internal citations omitted); *Darnell v. Target Stores*, 16 F.3d 174, 176 (7th Cir. 1994) ("Inherently depositions carry an increased level of reliability. Depositions are adversarial in nature and provide the opportunity for direct and cross-examination."). Although many of these cases arise in the context of summary judgment, they are equally applicable here, where Dr. Agouris' opinions are the only thing that stand between Polaroid and adverse summary judgment rulings on each of several issues.

Polaroid, like the non-movant in the above cited cases, is attempting to reverse express, unequivocal statements made by its expert concerning her own qualifications. The Court should ignore the later-filed contradictory declaration and decide the question of the scope of Dr. Agouris' expertise based on her statements under oath at her deposition. *Jiminez*, 503 F.3d at 253; *Buckner v. Sam's Club Inc.*, 75 F.3d 290, 292-93 (7th Cir. 1996); *Hackman*, 932 F.2d at 241. Even if the Court is not inclined to completely ignore Dr. Agouris' declaration, her statements at deposition should be given greater weight, because they are inherently more reliable evidence as to the scope of her expertise. *See Perma Research & Dev. Co.*, 410 F.2d at 578; *Russell*, 51 F.3d at 67-68; *Buckner*, 75 F.3d at 292-93.

In either case, Dr. Agouris' descriptions of the scope and extent of her own expertise compel the conclusion that she is not qualified to review or analyze source code and was, therefore, not qualified to supervise any work done by Mr. Wroblewski. *See In Re Baycol*, 532 F. Supp. 2d at 1047 (expert testimony excluded where expert admitted at deposition that he was not qualified on particular topic and was relying on other experts as the basis for his opinions); *Malletier v. Dooney & Bourke, Inc.*, 525 F.Supp.2d 558, 664 (S.D.N.Y. 2007). Consequently, Dr. Agouris should be precluded from testifying that ███████████████████████

4343914v2

# REDACTED

█████████████████████████████████████████████████████████

█████████████ Without being able to analyze ██████████████████████ and *actually* analyzing the code for each product, Dr. Agouris is simply not competent to express opinions on this issue.  Notably, Polaroid does not assert otherwise.

Similarly, Dr. Agouris expresses █████████████████████████████████ ████████████████████████████████ Without being able to understand how the LACE code operates, Dr. Agouris is not capable of applying the function, way, result test for equivalence.  *See In Re Baycol*, 532 F.Supp.2d at 1047; *Malletier*, 525 F.Supp.2d at 664.

**B.     Dr. Agouris Should Not Be Allowed to Testify Regarding Polaroid's Products**

HP has asserted that Polaroid failed to mark certain Polaroid products that embody the claims of the '381 patent as interpreted by Polaroid.  *See generally* Defendant Hewlett-Packard Company's Opposition to Polaroid's Motion for Summary Judgment Under 35 U.S.C. 287 (D.I. 186).  The Polaroid products in question are called "Adaptive Sharpening" and "Dodge and Burn."  In response, Dr. Agouris rendered opinions████████████████████████ ████████████████ *See* Expert Report of Dr. Peggy Agouris Regarding U.S. Patent No. 4,829,381 ("Agouris Report"), Ex. A to Marsden Decl. (D.I. 169), pp. 90-97.  In order to understand how the relevant Polaroid products work, it is necessary to read and understand the source code for those products.

At her deposition, Dr. Agouris testified████████████████████████



4343914v2

# REDACTED



Agouris Dep. (D.I. 169 at Ex. B), p. 217.

Polaroid has offered no evidence – even in the form of the self-serving declaration – that Dr. Agouris herself analyzed Polaroid's own products to determine if they embodied the asserted claims as interpreted by Polaroid. Moreover, as she is not an expert in source code – an expertise that is necessary to determine whether the Polaroid products embody the claims – she is not qualified to render opinions on that topic. Dr. Agouris is only acting as a "mouthpiece" for another, non-testifying, expert's opinion. Dr. Agouris should be precluded from testifying as to these issues. *See Dura Automotive Sys. of Indiana v. CTS Corp.*, 285 F.3d 609, 614 (7th Cir. 2002) ("The *Daubert* test must be applied with due regard for the specialization of modern science. A scientist, however well credentialed he may be, is not permitted to be the mouthpiece of a scientist in a different specialty.").

## II. DR. AGOURIS IS NOT QUALIFIED TO OFFER EXPERT OPINIONS REGARDING THE EQUIVALENCE OF HARDWARE AND SOFTWARE

Claims 1-3 of the '381 patent are stated in means-plus-function form. The patent discloses a combination of hardware devices that implement the algorithm disclosed in the patent. It is undisputed that HP does not use the same or similar hardware. Instead, Dr. Agouris opines

However, at her deposition, Dr. Agouris testified as follows:



4343914v2

# REDACTED



Agouris Dep. (D.I. 169 at Ex. B), p. 172.



*Id.* at p. 206.

Polaroid now attempts to expand the scope of Dr. Agouris' expertise with yet more contradictory and self-serving pronouncements in Dr. Agouris' declaration. She *now* makes the conclusory statement that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Agouris Decl. (D.I. 219 at Ex. 2), ¶ 3.

As discussed more fully above – the Court should reject Polaroid's obvious attempt to "fix" Dr. Agouris' deposition testimony by way of self-serving declaration. *See* discussion above in Section I(A). Rather, the Court should take Dr. Agouris at her word regarding the scope of her expertise – as she described it live in her deposition – and preclude her from testifying regarding the equivalence of HP's accused software means and the hardware devise(s) (about which she has no expertise) disclosed in the '381 patent.

4343914v2

# REDACTED

### III.   POLAROID DID NOT TIMELY DISCLOSE MR. WROBLEWSKI'S EXPERT ROLE

Contrary to Polaroid's assertions, it did not timely disclose Mr. Wroblewski's existence or the nature of Mr. Wroblewski's analysis and – more importantly – did not timely disclose the extent to which it was relied upon by Dr. Agouris.  Thus, Polaroid's contention that there is no prejudice to HP due to its inability to depose Mr. Wroblewski is groundless.

Polaroid asserts that either: (1) its disclosure of Mr. Wroblewski as a person receiving confidential information under the protective order; and/or (2) Dr. Agouris' footnote mention of discussion with Mr. Wroblewski were sufficient to put HP on notice that it should have deposed Mr. Wroblewski.  *See* Polaroid Opposition, p. 13.  In neither instance did Polaroid disclose Mr. Wroblewski's opinions or that Dr. Agouris was not capable of analyzing HP's source code or that she ███████████████████████████████████████████████████████████

███████  ████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

Further, Polaroid's assertion that it need not have disclosed Mr. Wroblewski as an expert because he simply collected data for Dr. Agouris is factually baseless.  As described above by Dr. Agouris herself, ████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████ Thus, he should have been disclosed as an expert.  *See Dura Automotive,* 285 F.3d at 615-16.

Polaroid's failure to properly disclose Mr. Wroblewski's role as an expert is further, independent, grounds for precluding Dr. Agouris' testimony.  *See id.*

4343914v2

**CONCLUSION**

The Court should determine, based on Dr. Agouris' deposition testimony, that she is neither an expert in software or computer hardware. It should preclude her from testifying as an expert with respect to subjects that require expertise in those fields.

Dated: June 23, 2008

**FISH & RICHARDSON P.C.**

By:   */s/ William J. Marsden, Jr.*
William J. Marsden, Jr. (#2247)
Raymond N. Scott, Jr. (#4949)
919 N. Market Street, Suite 1100
Wilmington, DE 19801
Tel.: (302) 652-5070
Fax: (302) 652-0607
Email*: marsden@fr.com; rscott@fr.com*

Robert S. Frank, Jr. *(pro hac vice)*
Carlos Perez-Albuerne *(pro hac vice)*
Daniel C. Winston *(pro hac vice)*
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02109
Tel.: (617) 248-5000
Fax: (617) 248-4000
Emails: *rfrank@choate.com; cperez@choate.com;
dwinston@choate.com*

John E. Giust *(pro hac vice)*
Matthew E. Bernstein *(pro hac vice)*
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel.: (858) 314-1500
Fax: (858) 314-1501
Emails: *jgiust@mintz.com; mbernstein@mintz.com*

*Attorneys for Defendant and Counterclaim-Plaintiff
Hewlett-Packard Company*

-12-

4343914v2

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2008, I electronically filed with the Clerk of Court the foregoing document using CM/ECF which will send electronic notification of such filing(s) to the following counsel:

*Via Email*

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
MORRIS, NICHOLS, ARSHT & TUNNELL, LLP
1201 North Market Street
Wilmington, DE 19899-1347
Phone: 302-658-9200
Fax: 302-658-3989
Emails: *jblumenfeld@mnat.com; jheaney@mnat.com*

Attorneys for Plaintiff and Counterclaim-Defendant Polaroid Corporation

*Via Email*

Russell E. Levine, P.C.
Michelle W. Skinner/David W. Higer
Maria A. Meginnes/Courtney Holohan/C. Beasley
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
Phone: 312-861-2000
Fax: 312-861-2200
Emails: *rlevine@kirkland.com; ggerst@kirkland.com; mskinner@kirkland.com; dhiger@kirkland.com; mmeginnes@kirkland.com; mmeginnes@kirkland.com; cbeasley@kirkland.com*

Attorneys for Plaintiff and Counterclaim-Defendant Polaroid Corporation

*Courtesy Copy Via Federal Express*

Michelle W. Skinner
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
Phone: 312-861-2000
Fax: 312-861-2200

*/s/ William J. Marsden, Jr.*
William J. Marsden, Jr.

4343914v2