IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POLAROID CORPORATION,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>Defendant and Counterclaim Plaintiff. | C.A. No. 06-738-SLR<br><br>**REDACTED** |

### HEWLETT-PACKARD COMPANY'S OPPOSITION TO "POLAROID CORPORATION'S MOTION TO PREVENT HEWLETT-PACKARD COMPANY FROM USING PRIVILEGE AS BOTH A SWORD AND A SHIELD"

**FISH & RICHARDSON P.C.**
William J. Marsden, Jr. (#2247)
Raymond N. Scott, Jr. (#4949)
919 N. Market Street, Suite 1100
Wilmington, DE 19801
Tel.: (302) 652-5070
Fax: (302) 652-0607
Email: *marsden@fr.com; rscott@fr.com*

Robert S. Frank, Jr. *(pro hac vice)*
Daniel C. Winston *(pro hac vice)*
Carlos Perez-Albuerne *(pro hac vice)*
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02109
Tel.: (617) 248-5000
Fax: (617) 248-4000
Emails: *rfrank@choate.com; dwinston@choate.com;
         cperez@choate.com*

John E. Giust *(pro hac vice)*
Matthew E. Bernstein *(pro hac vice)*
MINTZ, LEVIN, COHN, FERRIS,
    GLOVSKY AND POPEO PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel.: (858) 314-1500
Emails: *jgiust@mintz.com; mbernstein@mintz.com*

*Attorneys for Defendant and Counterclaim-Plaintiff
Hewlett-Packard Company*

Dated: June 23, 2008

4342470v1

**TABLE OF CONTENTS**

**Page**

I. NATURE AND STAGE OF PROCEEDING ...................................................................1

II. SUMMARY OF ARGUMENT .......................................................................................1

III. STATEMENT OF FACTS ...............................................................................................1

IV. ARGUMENT ....................................................................................................................3

V. CONCLUSION .................................................................................................................8

4342470v1

# TABLE OF AUTHORITIES

**Cases**                                                                           **Page**

*Berckeley Inv. Group, Ltd. v. Colkitt*,
   455 F.3d 195 (3d Cir. 2006)...........................................................................................5

*Fort James Corp. v. Solo Cup Co.*,
   412 F.3d 1340 (Fed. Cir. 2005)................................................................................. 4-5

*Friction Div. Prods., Inc. v. E.I. Du Pont De Nemours & Co., Inc.*,
   117 F.R.D. 535 (D. Del. 1987) ....................................................................................5, 7

*In re AT&T Access Charge Litig.*,
   451 F. Supp.2d 651 (D.N.J. 2006) ..............................................................................4, 6

*In re EchoStar Commc'ns Corp.*,
   448 F.3d 1294 (Fed. Cir. 2006).................................................................................. 4-7

*In re Spalding Sports Worldwide, Inc.*,
   203 F.3d 800 (Fed. Cir. 2000).......................................................................................4

*Livingstone v. North Belle Vernon Borough*,
   91 F.3d 515 (3d Cir. 1996)..........................................................................................5, 7

*Medtronic, Inc. v. Guidant Corp.*,
   378 F. Supp.2d 503 (D. Del. 2005)...............................................................................5

*North River Ins. Co. v. Philadelphia Reins. Corp.*,
   797 F. Supp. 363 (D.N.J. 1992) ....................................................................................5

*Remington Arms Co. v. Liberty Mut. Ins. Co.*,
   142 F.R.D. 408 (D. Del. 1992) ................................................................................. 5-7

*Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*,
   32 F.3d 851 (3d Cir. 1994)......................................................................................... 4-6

*Smith v. Alyeska Pipeline Svc. Co.*,
   538 F. Supp. 977 (D.Del. 1982)....................................................................................5

*SmithKline Beecham Corp. v. Apotex Corp.*,
   2005 WL 2436662 (E.D. Pa. Sept. 28, 2005) ...............................................................4, 6

*Synalloy Corp. v. Gray*,
   142 F.R.D. 266 (D. Del. 1992) ....................................................................................5, 7

4342470v1

## **TABLE OF AUTHORITIES**

*U.S. Fire Ins. Co. v. Asbestospray*,
   182 F.3d 201 (3d Cir. 1999) ............................................................................................ 3-4

*U.S. v. Bilzerian*,
   926 F.2d 1285 (2d Cir. 1991) ............................................................................................ 5, 7

*V. Mane Files S.A. v. Int'l Flavors and Fragrances, Inc.*,
   2008 WL 619207 (D.N.J. Mar. 4, 2008) ................................................................................ 5

*Westinghouse Elec. Corp. v. Republic of the Philippines*,
   951 F.2d 1414 (3d Cir. 1991) ......................................................................................... 3, 5, 7

4342470v1

**I.     NATURE AND STAGE OF PROCEEDING**

Polaroid Corporation ("Polaroid") alleges that Hewlett-Packard Company ("HP") infringed U.S. Patent No. 4,829,381 (the "'381 patent"). The parties have engaged in extensive fact discovery, exchanged expert reports, and completed the depositions of all experts. The claim construction and summary judgment hearing is scheduled for August 1, 2008. Trial is set to commence on December 8, 2008. This Opposition is filed by HP (1) in opposition to "Polaroid Corporation's Motion to Prevent Hewlett-Packard Company from Using Privilege as Both a Sword and a Shield" (D.I. 191), and (2) in response to the "Rule 56(f) Affidavit of Courtney Holohan in Support of Polaroid Corporation's Answering Brief in Opposition to Hewlett-Packard Company's Motion for Summary Judgment on Grounds of Estoppel and, in the Alternative or in Addition, Laches" (D.I. 196).

**II.    SUMMARY OF ARGUMENT**

Polaroid's Motion should be denied. Polaroid's entire argument rests upon the faulty premise that Hewlett-Packard has actually disclosed or relied on privileged information. HP has not done so. Therefore, Polaroid's Motion is baseless.

**III.   STATEMENT OF FACTS**[1]

This is a patent infringement action. During written discovery, Polaroid sought information about ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ As Polaroid states, HP responded to *all* of these requests by

---

[1] HP responds to Polaroid's factual renditions only as necessary to address Polaroid's Motion. HP submits exhibits 1-5 herewith attached to the Declaration of William J. Marsden, Jr. in Support of Defendant Hewlett-Packard Company's Opposition to "Polaroid Corporation's Motion to Prevent Hewlett-Packard Company from Using Privilege as Both a Sword and a Shield."

providing only discoverable, non-privileged information.  D.I. 196, Rule 56(f) Aff. ¶¶ 6-11 & Exs. A-I.[2]

Polaroid also deposed HP witnesses regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮  Polaroid deposed HP attorney Charles Moore on November 9, 2007.  Mr. Moore answered questions based on his non-privileged communications, ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮)  He did not answer questions that would have required him to reveal attorney-client privileged information.  Rule 56(f) Aff. ¶ 14 & Ex. M, Moore Dep. at 53, 72-73, 74, 103-07, 145-46, 157-59, 172, 175; see also Ex. 2, Moore Dep. at 8, 101-103, 109-110, 114-15, 140-41, 148-50, 177.  Polaroid also deposed non-attorney HP employees, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮)  These HP witnesses also answered the questions based solely upon non-privileged information.  Ex. 3, Lyons Dep. at 16-21, 43, 47-55, 61-71, 83-87, 100-02, 112-20, 125-27, 133-34, 139-48; Ex. 4, Greer Dep. at 5-8, 13-15, 18, 22-23, 32-36, 40-54.

On May 15, 2008, HP moved for summary judgment on grounds of equitable estoppel and laches.  In its "Statement of Undisputed Facts" supporting its motion, HP stated that:



\*\*\*

---

[2]  As Polaroid notes, HP inadvertently produced some privileged documents but obtained their return in early November 2007.  HP updated its privilege log to reflect these documents, and subsequently provided further non-privileged information about these documents as requested by Polaroid.  See Rule 56(f) Aff. ¶¶ 12-13, Exs. J-L; see also Ex. 1, HP/Polaroid Correspondence Concerning HP Privilege Log.

HP cited as support for these statements only *non-privileged* written communications ▮

 and deposition testimony of *Polaroid* employees.   D.I. 140, HP Estoppel/Laches Brief at 5, 6-7 & D.I. 141, Exs. 14, 22, 23, 24, 32, 33 and 34 thereto.  Polaroid does not assert that these statements constituted waiver.

In the "Argument" section of HP's Brief, HP stated that:



HP Estoppel/Laches Brief at 21.  HP cited as support for this sentence the same evidence cited in its Statement of Facts: only *non-privileged* communications ▮ and *Polaroid* deposition testimony.  HP Estoppel/Laches Brief at 21 & Exs. 22, 23, 32, 33 and 34 thereto.  It is this sentence that provides the sole basis for Polaroid's present motion.

Polaroid's entire Motion rests on HP's argument, in this single sentence, that ▮ ▮ ) *See* D.I. 192, Polaroid Brief at 1-2, 5, 6-7, 8-9.  Polaroid ignores the fact that this sentence references ▮ and is supported only by citation to evidence of ▮ ▮ HP Estoppel/Laches Brief at 21 & Exs. 22, 23, 32, 33 and 34 thereto.  There was no reference to, and no reliance upon, any privileged communication.

**IV.   ARGUMENT**

The premise for the "sword and shield" doctrine asserted by Polaroid is that a party may not *selectively* waive the privilege, by revealing and relying upon *some* privileged communications while at the same time withholding *other* privileged information.  Thus, for a party to waive the attorney-client privilege, it must either disclose privileged communications, *see Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1425 (3d Cir. 1991), or "take[] the affirmative step in the litigation to place the advice of the attorney in issue." *U.S.*

3

*Fire Ins. Co. v. Asbestospray*, 182 F.3d 201, 212 (3d Cir. 1999) (quoting *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994)).[3] The Federal Circuit applies the same standard. *In re EchoStar Commc'ns Corp.*, 448 F.3d at 1301 (privilege is waived as to willfulness only if the defendant expressly relies on advice of counsel).

The mere fact that an attorney-client privileged communication relates to a disputed issue does not result in a waiver of the privilege:

> [Privileged information] is not in issue merely because it is relevant, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a relevant manner. The advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense *by disclosing or describing an attorney-client communication*. …
>
> Thus, in a patent suit, where an infringer is alleged to have acted willfully, the advice of the infringer's lawyer may be relevant to the question of whether the infringer acted with a willful state of mind. However, the advice of the infringer's counsel is not placed in issue, and *the privilege is not waived, unless the infringer seeks to limit its liability by describing that advice and by asserting that he relied on that advice.*

*Rhone-Poulenc*, 32 F.3d at 863 (emphasis added). Thus, a waiver of the attorney-client privilege only occurs where a party has disclosed privileged attorney-client communications, has expressly asserted an advice of counsel defense, or has otherwise affirmatively placed the content of its attorney's advice directly at issue in the litigation. *See U.S. Fire Ins. Co.*, 182 F.3d at 212; *Rhone-Poulenc,* 32 F.3d at 863-64; *In re AT&T Access Charge Litig.*, 451 F. Supp.2d 651, 655-57 (D.N.J. 2006); *SmithKline Beecham Corp. v. Apotex Corp.*, 2005 WL 2436662, at *2-3 (E.D.

---

[3] The law of the regional circuit usually applies to questions of attorney-client privilege and waiver of attorney-client privilege. *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1346 (Fed. Cir. 2005). Exceptions in the patent context relate to assertions of the advice of counsel defense to willful patent infringement (*see In re EchoStar Commc'ns Corp.*, 448 F.3d 1294, 1298-99 (Fed. Cir. 2006)) and communications between inventors and patent attorneys (*see In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 803-04 (Fed. Cir. 2000)).

Pa. Sept. 28, 2005); *North River Ins. Co. v. Philadelphia Reins. Corp.*, 797 F. Supp. 363, 370-71 (D.N.J. 1992); *Remington Arms Co. v. Liberty Mut. Ins. Co.*, 142 F.R.D. 408, 415-16 (D. Del. 1992).[4]

HP has neither disclosed nor relied upon any privileged communication. Rather, in a single sentence, HP made a factual argument about ▮▮▮▮▮ HP cited only ▮▮▮▮▮ These communications were not privileged. HP's reference to these non-privileged communications cannot result in a waiver of privilege.

Polaroid asserts that the quoted sentence places HP's "state of mind" at issue. It does not, but, even if it did, there would be no waiver of privilege. As stated by the Third Circuit:

> A party does not lose the privilege to protect attorney client communications from disclosure in discovery when his or her state of mind is put in issue in the action. While the attorney's advice may be relevant to the matters at issue, the privilege applies as the interests it is intended to protect are still served by confidentiality.
> …

*Rhone-Poulenc*, 32 F.3d at 864. Thus, in *Rhone-Poulenc,* the court ruled:

> As [the parties] have not interjected the advice of counsel as an essential element of a claim in this case, the district court erred …

---

[4] *Cf.* cases cited in Polaroid's Brief: *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 221 n.24 (3d Cir. 2006) (advice of counsel defense); *In re EchoStar Commc'ns Corp.*, 448 F.3d at 1298-99 (advice of counsel defense); *Fort James Corp.*, 412 F.3d at 1350 (disclosure of privileged information to a third party); *Livingstone v. North Belle Vernon Borough*, 91 F.3d 515, 537 (3d Cir. 1996) (assertion of defense directly implicating advice of counsel as an element of the defense); *Westinghouse Elec. Corp.*, 951 F.2d at 1417-18 (disclosure of privileged information to a third party); *U.S. v. Bilzerian*, 926 F.2d 1285, 1293-94 (2d Cir. 1991) (assertion of defense based on legality of conduct); *V. Mane Files S.A. v. Int'l Flavors and Fragrances, Inc.*, 2008 WL 619207, at *3-4 (D.N.J. Mar. 4, 2008) (disclosure of privileged information to a third party); *Medtronic, Inc. v. Guidant Corp.*, 378 F. Supp.2d 503, 505 n.2 (D. Del. 2005) (attorney error defense); *Synalloy Corp. v. Gray*, 142 F.R.D. 266, 167-70 (D. Del. 1992) (assertion of defense based on legal understanding of an agreement negotiated by counsel); *Friction Div. Prods., Inc. v. E.I. Du Pont De Nemours & Co., Inc.*, 117 F.R.D. 535, 536-38 (D. Del. 1987) (amendment of discovery response based in part on attorney review of documents); *Smith v. Alyeska Pipeline Svc. Co.*, 538 F. Supp. 977, 979-80 (D. Del. 1982) (disclosure of privileged information to a third party).

5

> in finding they must disclose documents … that would otherwise
> be protected from disclosure by the attorney client privilege.

*Id. See also Remington Arms Co.*, 142 F.R.D. at 415-16; *SmithKline Beecham Corp.*, 2005 WL 2436662, at *3; *In re AT&T Access Charge Litig.*, 451 F. Supp.2d at 655.[5]

Polaroid's next argument is that "fairness requires examination of protected communications." Polaroid Brief at 6-7. This assertion is based on reasoning (in pre-1994 cases) that has been rejected by the Third (and Federal) Circuits. As stated by the Third Circuit:

> [D]ecisions [that] have extended the finding of a waiver of the privilege to cases in which the client's state of mind may be in issue in the litigation[, and] have allowed the opposing party discovery of confidential attorney client communications in order to test the client's contentions[, are] of dubious validity. … Relevance is not the standard for determining whether or not evidence should be protected from disclosure as privileged, and that remains the case even if one might conclude the facts to be disclosed are vital, highly probative, directly relevant or even go to the heart of an issue.

*Rhone-Poulenc*, 32 F.3d at 864; *see also In re Echostar Commc'ns Corp.*, 448 F.3d at 1299 (a dispute as to a defendant's willful infringement, which inherently involves state of mind, does

---

[5] Indeed, if Polaroid's broad waiver approach were to apply as asserted – contrary to the law in the Third and Federal Circuits – Polaroid has placed its intent at issue and waived privilege on multiple occasions. For example, Polaroid contends ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ D.I. 194, Polaroid Estoppel/Laches Opp. at 1, 18. Yet Polaroid has withheld multiple documents ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 5, Polaroid Privilege Log, Entries 2, 3, 88, 89, 92, 116-18, 145-49, 190, 223, 256. Similarly, Polaroid asserts that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Polaroid Estoppel/Laches Opp. at 13, 24. Yet Polaroid has withheld many documents ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 5, Polaroid Privilege Log, Entries 2, 88, 89, 92, 116-18, 126-28, 137, 139, 140, 142-44, 188, 190, 194, 203, 208-13, 217-23, 225, 227, 231, etc.

not waive privilege unless the defendant expressly relies on advice of counsel). As stated by Judge Latchum in *Remington Arms*:

> It is always possible that the client's motive or conduct was influenced by something his attorney told him, but compelling the production cannot be justified solely as a means to check the [party's] statements. … It is not enough to contend that a general principle of fairness requires waiver in order to determine the truth of the [party's] statements. [Otherwise] this principle would apply to any litigant offering evidence on a relevant issue.

142 F.R.D. at 416.[6]

Finally, Polaroid references HP's contention of evidentiary prejudice, arising from Polaroid's years of delay in bringing suit. Polaroid Brief at 7 (citing HP Estoppel/Laches Brief at 22). Polaroid cites no case stating that a defendant's assertion of evidentiary prejudice results in a waiver of the attorney-client privilege concerning issues on which evidence has been lost. Polaroid's argument is baseless. Evidentiary prejudice arises from the loss of otherwise discoverable and admissible evidence, not from the question whether privileged communications have or have not been lost.

---

[6] In any event, even the cases applying Polaroid's now-rejected "fairness" theory are distinguishable from this case. *See Westinghouse Elec. Corp.*, 951 F.2d at 1417-18 (selective disclosure of privileged information to a third-party); *Livingstone*, 91 F.3d at 537 (assertion of defense in which counsel's advice was an express, legal element of the defense); *Bilzerian*, 926 F.2d at 1293-94 (assertion of defense based on belief in legality of conduct); *Synalloy Corp.*, 142 F.R.D. at 267-70 (assertion of defense based upon legal interpretation of agreement negotiated by counsel); *Friction Div. Prods.*, 117 F.R.D. at 536-38 (amendment of discovery response based in part upon attorney review of documents).

4342470v1

## V.   CONCLUSION

For the reasons stated, HP respectfully requests that Polaroid's Motion to Prevent Hewlett-Packard Company from Using Privilege as Both a Sword and a Shield be DENIED.

Dated:  June 23, 2008            **FISH & RICHARDSON P.C.**

By:   /s/ William J. Marsden, Jr.
William J. Marsden, Jr. (#2247)
Raymond N. Scott, Jr. (#4949)
919 N. Market Street, Suite 1100
Wilmington, DE 19801
Tel.:  (302) 652-5070
Fax:  (302) 652-0607
Email:  *marsden@fr. com; rscott@fr.com*

Robert S. Frank, Jr. *(pro hac vice)*
Daniel C. Winston *(pro hac vice)*
Carlos Perez-Albuerne *(pro hac vice)*
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02109
Tel.:  (617) 248-5000
Fax:  (617) 248-4000
Emails:  *rfrank@choate.com; dwinston@choate.com; cperez@choate.com*

John E. Giust *(pro hac vice)*
Matthew E. Bernstein *(pro hac vice)*
MINTZ, LEVIN, COHN, FERRIS,
    GLOVSKY AND POPEO PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel.:  (858) 314-1500
Fax:  (858) 314-1501
Emails:  *jgiust@mintz.com*; *mbernstein@mintz.com*

*Attorneys for Defendant and Counterclaim-Plaintiff Hewlett-Packard Company*

4342470v1

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2008, I electronically filed with the Clerk of Court the foregoing document using CM/ECF which will send electronic notification of such filing(s) to the following counsel:

| | |
|---|---|
| ***Via Email*** <br> Jack B. Blumenfeld (#1014) <br> Julia Heaney (#3052) <br> Morris, Nichols, Arsht & Tunnell, LLP <br> 1201 North Market Street <br> Wilmington, DE 19899-1347 <br> Phone: 302-658-9200 <br> Fax: 302-658-3989 <br> Emails: jblumenfeld@mnat.com; jheaney@mnat.com | Attorneys for Plaintiff and Counterclaim-Defendant Polaroid Corporation |
| ***Via Email*** <br> Russell E. Levine, P.C. <br> Michelle W. Skinner/David W. Higer <br> Maria A. Meginnes/Courtney Holohan/C. Beasley <br> Kirkland & Ellis LLP <br> 200 East Randolph Drive <br> Chicago, IL 60601 <br> Phone: 312-861-2000 <br> Fax: 312-861-2200 <br> Emails: rlevine@kirkland.com; ggerst@kirkland.com; mskinner@kirkland.com; dhiger@kirkland.com; mmeginnes@kirkland.com; mmeginnes@kirkland.com; cbeasley@kirkland.com | Attorneys for Plaintiff and Counterclaim-Defendant Polaroid Corporation |

***Courtesy Copy Via Federal Express***
Michelle W. Skinner
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Phone: 312-861-2000
Fax: 312-861-2200

                                       */s/ William J. Marsden, Jr.*
                                           William J. Marsden, Jr.

4342470v1