IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POLAROID CORPORATION,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>    v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>    Defendant and Counterclaim-Plaintiff. | C.A. No. 06-738 (SLR)<br><br>NOTICE OF DEPOSITION OF THOMAS L. BEAUDOIN PURSUANT TO FED. R. CIV. P. 30(b)(1) |

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Hewlett-Packard Company, by its counsel, will take the deposition of Mr. Thomas Beaudoin at the offices of Choate, Hall & Stewart LLP, 2 International Place, Boston, Massachusetts 02110 commencing at 9:00 a.m. on July 29, 2008, or at such other place and time as may be agreed upon by counsel. Pursuant to Rule 45, a subpoena in the form attached hereto as Exhibit A has been served on the witness to compel his appearance. The deposition will continue from day to day until completed. Some or all of the deposition testimony may be recorded by stenographic, audio, audiovisual, video, and/or real-time computer means.

| | |
|---|---|
| Dated: July 7, 2008 | FISH & RICHARDSON P.C. |

By:    */s/ William J. Marsden, Jr.*
     William J. Marsden, Jr. (#2247)
     Raymond N. Scott, Jr. (#4949)
     919 N. Market Street, Suite 1100
     Wilmington, DE 19801
     Tel.: (302) 652-5070
     Fax: (302) 652-0607
     Email: rscott@fr.com

     Robert S. Frank, Jr. (pro hac vice)
     Daniel C. Winston (pro hac vice)
     Carlos Perez-Albuerne (pro hac vice)
     CHOATE, HALL & STEWART LLP
     Two International Place
     Boston, MA 02109
     Tel.: (617) 248-5000
     Fax: (617) 248-4000
     Emails:    rfrank@choate.com;
     dwinston@choate.com;
         cperez@choate.com

     John E. Giust (pro hac vice)
     Matthew E. Bernstein (pro hac vice)
     MINTZ, LEVIN, COHN, FERRIS,
        GLOVSKY AND POPEO PC
     5355 Mira Sorrento Place, Suite 600
     San Diego, CA 92121-3039
     Tel.: (858) 320-3000
     Fax: (858) 320-3001
     Emails: jgiust@mintz.com; mbernstein@mintz.com

*Attorneys for Defendant and Counterclaim-Plaintiff Hewlett-Packard Company*

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2008, I served a copy of the attached on the following individuals in the manner indicated: **NOTICE OF DEPOSITION OF THOMAS L. BEAUDOIN PURSUANT TO FED. R. CIV. P. 30(b)(1)**

| | |
|---|---|
| *Via Email*<br>Jack B. Blumenfeld (#1014)<br>Julie Heaney (#3052)<br>Morris, Nichols, Arsht & Tunnell, LLP<br>1201 North Market Street<br>Wilmington, DE 19899-1347<br>Phone:  302-658-9200<br>Fax:  302-658-3989<br>Emails: jblumenfeld@mnat.com; jheaney@mnat.com | Attorneys for Plaintiff and Counterclaim-Defendant Polaroid Corporation |
| *Via Email*<br>Russell E. Levine, P.C./C. Graham Gerst<br>Michelle W. Jordan/David W. Higer<br>Maria A. Meginnes/C. Beasley<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL  60601<br>Phone:  312-861-2000<br>Fax:  312-861-2200<br>Emails:  rlevine@kirkland.com; ggerst@kirkland.com; mjordan@kirland.com; dhiger@kirkland.com; mmeginnes@kirkland.com; cbeasley@kirkland.com | Attorneys for Plaintiff and Counterclaim-Defendant Polaroid Corporation |

*Courtesy Copy Via Overnight Mail*
Michelle W. Jordan
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601
Phone:  312-861-2000
Fax:  312-861-2200

                                                */s/  William J. Marsden, Jr.*
                                                William J. Marsden, Jr.

80063215.doc80063215.doc

# Exhibit A

⊗AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF      Massachusetts

| Polaroid Corporation | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| Hewlett-Packard Company | Case Number:[1] 06-738-SLR (District of Delaware) |

TO:   Thomas L. Beaudoin
       19 Northbriar Road
       Acton, MA 01720

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Choate, Hall & Stewart LLP<br>2 International Place, Boston, MA 02110 | 7/29/2008 9:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Defendant | 7/2/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jessica Gan Lee, Choate, Hall & Stewart LLP, 2 International Place, Boston, MA 02110, 617-248-4995

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | 7/2/2008 | Kirkland & Ellis LLP<br>200 E. Randolph Drive, Chicago, IL 60601 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| G. Courtney Holohan, Attorney for Plaintiff,<br>on behalf of Thomas L. Beaudoin (by consent) | | UPS Overnight Mail |
| SERVED BY (PRINT NAME) | | TITLE |
| Jessica Gan Lee | | Attorney for Defendant |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on      7/2/2008
                 DATE

SIGNATURE OF SERVER

Choate, Hall & Stewart LLP
ADDRESS OF SERVER

2 International Place, Boston, MA 02110

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.