IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POLAROID CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-738 (SLR) |
| | ) | |
| HEWLETT-PACKARD COMPANY, | ) | REDACTED |
| | ) | PUBLIC VERSION |
| Defendant. | ) | |

**POLAROID'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO PREVENT HEWLETT-PACKARD FROM
USING PRIVILEGE AS BOTH A SWORD AND A SHIELD**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
Wilmington, Delaware  19801
(302) 658-9200
jheaney@mnat.com
*Attorneys for Plaintiff Polaroid Corporation*

OF COUNSEL:

Russell E. Levine, P.C.
G. Courtney Holohan
Michelle W. Skinner
David W. Higer
Maria A. Meginnes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

Original Filing Date: June 3, 2008
Redacted Filing Date: June 7, 2008

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... ii

INTRODUCTION .................................................................................................................... 1

ARGUMENT ......................................................................................................................... 2

    I.     HP WITHHELD INFORMATION AS PRIVILEGED DURING
         DISCOVERY ............................................................................................... 2

    II.    HP'S ATTEMPT TO RE-CHARACTERIZE THE STATEMENT-AT-
         ISSUE DOES NOT AVOID WAIVER .............................................................. 3

    III.   STATE OF MIND IS NOT THE ISSUE. .......................................................... 4

    IV.   THIS COURT MAY CONSIDER FAIRNESS DURING ITS WAIVER
         ANALYSIS. ................................................................................................. 6

    V.    THE ASSERTION OF EVIDENTIARY PREJUDICE IS NOT THE
         BASIS FOR WAIVER. ................................................................................... 7

CONCLUSION ...................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Fort James Corp. v. Solo Cup Co.*,
 412 F.3d 1340 (Fed. Cir. 2005) ...................................................................... 4

*Glenmede Trust Co. v. Thompson*,
 56 F.3d 476 (3d. Cir. 1995)............................................................................. 5

*In re AT&T Access Charge Litig.*,
 451 F. Supp. 2d 651 (D. N.J. 2006) ................................................................ 6

*In re Echostar Commc'ns Corp.*,
 448 F.3d 1294 (Fed. Cir. 2006) ...................................................................... 7

*Remington Arms Co. v. Liberty Mutual Ins. Co.*,
 142 F.R.D. 408 (D. Del. 1992) ................................................................ 5, 6, 8

*Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*,
 32 F.3d 851 (3d. Cir. 1994)..................................................................... 5, 6, 7

*Smith v. Alyeska Pipeline Svc. Co.*,
 538 F. Supp. 977 (D. Del. 1982)) .................................................................... 4

*Smithkline Beecham Corp. v. Apotex Corp.*,
 No. 99-CV-4304, 2005 WL 2436662
 (E.D. Pa. Sept. 28, 2005)................................................................................. 6

*U.S. v. LeCroy*,
 348 F. Supp. 2d 375 (E.D. Pa. 2005) .............................................................. 7

*V. Mane Fils S.A. v. Int'l Flavors and Fragrances, Inc.*,
 249 F.R.D. 152 (D. N.J. 2008) ........................................................................ 4

*Westinghouse Elec. Corp. v. Republic of Philippines*,
 951 F.2d 1414 (3d. Cir. 1991) ..................................................................... 4, 7

# INTRODUCTION

HP acknowledges that during discovery it withheld from Polaroid information regarding

whether ████████████████████████████████████████████████████

████████████████    The fact that HP shielded this information from Polaroid during discovery

— *only to wield this same information as a sword on summary judgment*[1] — is the conduct

that forms the basis for Polaroid's motion.  Each of the reasons in HP's Opposition Brief[2] for its

contention that HP has not "actually disclosed or relied on privileged information" is incorrect:

- That HP only cited non-privileged materials to support the statement-at-issue, or that the statement is factual, does not change the fact that *the statement disclosed information that HP previously claimed to be privileged*.

- HP's "state of mind" argument is a red-herring.  Polaroid does not contend that HP waived privilege by putting its "state of mind" at issue.

- Contrary to HP's contentions, the law has not changed — fairness is still a proper inquiry.

- Polaroid's waiver argument is premised on *HP's use of privileged information* to support HP's evidentiary prejudice argument in its Estoppel/Laches Brief, not on the assertion of evidentiary prejudice in and of itself.

Because HP withheld throughout discovery under a claim of "privilege" information it

later disclosed and relied upon in HP's Estoppel/Laches Brief, HP has waived any alleged

privilege over that information and should produce those documents that fall within the scope of

its waiver.[3]

---

[1]    *See* D.I. 140, HP's Brief in Support of its Mot. for Summ. J. on Grounds of Estoppel and, in the Alternative or in Addition, Laches ("HP's Estoppel/Laches Brief") at 21.

[2]    HP's Opposition to Polaroid's Motion to Prevent HP From Using Privilege as Both a Sword and a Shield (D.I. 242) is referenced herein as "HP's Opposition Brief".

[3]    HP does not contest either the scope of the waiver or the fact that documents falling within that scope should be produced if waiver is found.  If waiver is found, the Court should order production of the 103 documents on HP's privilege log relating to the '381 patent ████████████████████
(Continued…)

<u>**ARGUMENT**</u>

**I.    HP WITHHELD INFORMATION AS PRIVILEGED DURING DISCOVERY.**

As it now admits, HP throughout fact discovery asserted that ███████████ ████████████████████████████████████████████████████████████ ██████████████ Accordingly, HP refused to disclose this information in response to Polaroid's interrogatories, document requests, and deposition questions. D.I. 242 at 1–2.

HP acknowledges that Polaroid sought ████████████████████████ ██████████████████████████████████████████ but that it ***did not produce privileged information to Polaroid*** on these topics in responding to these requests. *Id.* HP expressly refused to produce privileged information in response to Polaroid document requests. *Id.*; D.I. 192, Polaroid's Brief in Support of its Mot. to Prevent HP From Using Privilege as Both a Sword and a Shield ("Polaroid's Opening Brief") at 2–3. HP further concedes that its witness, Charles Moore, "did not answer questions that required him to reveal attorney-client privileged information," citing the very deposition questions cited in Polaroid's motion regarding███████████████████ D.I. 242 at 2; D.I. 192 at 4–5. There is no question that, during fact discovery, HP withheld on grounds of privilege information regarding ████████████████████████████

Although HP is silent regarding Polaroid's interrogatory seeking information██████████ ████████████████████ HP withheld information here as well by: (1) objecting on the basis of privilege; (2) refusing to identify ████████████████████████ ███████████████████ and (3) refusing to disclose ██████████████████

_____

████████    *See* Rule 56(f) Aff. of Courtney Holohan in Supp. of Polaroid's Answering Br. in Opp'n to HP's Mot. for Summ. J. on Grounds of Estoppel, and, in the Alternative or in Addition, Laches ("56(f) Aff.") at Ex. N.

████████    *See* Rule 56(f) Aff. at ¶¶ 6–7.  These privilege-based objections also kept the sought-after information from Polaroid.

After withholding this information throughout discovery, HP stated in its Estoppel/Laches Brief that, ████████████████████████████████████████████████ ████████████████████████████  D.I. 140 at 21 (emphasis added).  HP relied on this previously-maintained-as-privileged-information to support its evidentiary prejudice arguments. Revealing and relying on this information at a time when it benefited HP is a classic example of the type of privilege abuse forbidden under the law.

## II.    HP'S ATTEMPT TO RE-CHARACTERIZE THE STATEMENT-AT-ISSUE DOES NOT AVOID WAIVER.

HP's citation of non-privileged communications *between the parties* and deposition testimony from *Polaroid* employees does not change the fact that HP revealed *HP* information that it had previously withheld as privileged.  D.I. 242 at 2–3, 5.  The waiver comes from the content of HP's Estoppel/Laches Brief, not from the documents cited as alleged support for that sentence.  Regardless of what HP cited after it wrote the sentence, by asserting that ████████ ████████████████████████████  HP revealed information that it earlier had claimed as privileged and thus waived the privilege it had claimed.

HP's contention that it has not waived privilege because it only made a *factual* argument about ████████████████████  misses the point.  D.I. 242 at 5.  The issue is not whether HP has made a factual argument, but that HP's argument is based on information that it previously withheld as privileged — ████████████████████████████████████████  HP's statement in its Estoppel/Laches Brief — ████████████████████████████████████████ ████████████████████████████████  — *is* a waiver, because HP had previously refused, on privilege grounds, to disclose ████████████████████████████

████████████████████████████████████

A party waives privilege when it discloses information it previously claimed was privileged. D.I. 242 at 3 (citations omitted). Here, HP revealed the very information that it had earlier withheld as privileged. By doing so, HP has waived privilege. Thus, the cases that HP tries to distinguish in its brief — each of which involve a party that disclosed privileged information to a third party and waived privilege — are directly on point. D.I. 242 at 5, n.4; *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1350 (Fed. Cir. 2005); *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1417–18 (3d Cir. 1991); *V. Mane Fils S.A. v. Int'l Flavors & Fragrances, Inc.*, 249 F.R.D. 152, 154–55 (D.N.J. 2008); *Smith v. Alyeska Pipeline Svc. Co.*, 538 F. Supp. 977, 979–80 (D. Del. 1982).[4]

As a result of HP's use of information previously withheld as privileged, HP should be ordered to produce the documents on its privilege log that relate to the '381 patent █████ ███████████████████████ as they fall within the scope of HP's waiver.

## III.    STATE OF MIND IS NOT THE ISSUE.

Rather than squarely address the issues raised in Polaroid's Opening Brief, HP creates a straw man argument regarding HP's "state of mind." Polaroid has not asserted that HP waived privilege because its statement — ████████████████████████████████ ████████████████████████ — put HP's state of mind at issue. HP's waiver does not depend on HP's state of mind. *Compare* D.I. 242 at 5–7 *with* D.I. 192. HP has waived privilege because it used privilege as a shield throughout discovery (refusing to reveal, █

---

[4]    The remaining cases in HP's footnote 4 stand for the general proposition that a party cannot inject privilege into a lawsuit in a selective manner, for example, by asserting an advice of counsel defense but denying discovery as to that advice. *See* D.I. 242 at 5, n.4. That is exactly what HP is attempting to do here.

████████████████████████████████████████████████████████ and now uses it as a

sword on summary judgment ████████████████████████████

The "state of mind" cases on which HP relies have nothing to do with this issue. *See, e.g., Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 864 (3d Cir. 1994) (finding privilege not waived where insured sued insurer and put at issue the insured's state of mind regarding knowledge of claims prior to coverage, but did not otherwise insert privilege into the case)[5]; *Remington Arms Co. v. Liberty Mutual Ins. Co.*, 142 F.R.D. 408, 415–16 (D. Del. 1992) (same); *Smithkline Beecham Corp. v. Apotex Corp.*, No. 99-CV-4304, 2005 WL 2436662, at *3 (E.D. Pa. Sept. 28, 2005) (finding no waiver where party did not disclose information over which it had previously claimed privilege); *In re AT&T Access Charge Litig.*, 451 F. Supp. 2d 651, 655 (D.N.J. 2006) (same).

In fact, the cases HP cites regarding "state of mind" support Polaroid. The Third Circuit in *Rhone-Poulenc* stated that a party could waive privilege by attempting to prove a claim or defense by disclosing privileged information. D.I. 242 at 4; *Rhone-Poulenc*, 32 F.3d at 863. The *Remington Arms* court similarly recognized that a party could waive privilege by disclosing privileged information during the litigation. *Remington Arms*, 142 F.R.D. at 414 ("Since the party is injecting part of the confidential communication into the litigation, the attorney-client privilege should not protect examination of the privileged communication."); *see also, Smithkline Beecham*, 2005 WL 2436662 at *4 (It is "unfair and contrary to the purpose of the underlying discovery rules to allow defendant to assert a privilege in refusing to comply with

---

[5]    *See also Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 486 (3d Cir. 1995) (distinguishing *Rhone-Poulenc* and finding that its holding was "premised upon the unique facts of that case").

████████████████████████████████████████

discovery requests for information and then to rely on this same information at trial, preventing any effective preparation by opposing counsel."); *In re AT&T Access Charge Litig.*, 451 F. Supp. 2d at 656 ("A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purpose.").

## IV.    THIS COURT MAY CONSIDER FAIRNESS DURING ITS WAIVER ANALYSIS.

HP contends that this Court need not consider fairness in its analysis of Polaroid's motion.  D.I. 242 at 6–7, n.6.  Contrary to HP's contention, the cases cited by Polaroid have not been superseded or rejected by the Third Circuit's *Rhone-Poulenc* decision, or by the Federal Circuit.  *Id.*; D.I. 192 at 6–7.  In *Rhone-Poulenc*, the Third Circuit rejected a line of cases that found waiver where the party's **state of mind** was at issue, but where the party had not — as here — disclosed materials over which privilege was previously claimed.  *Rhone-Poulenc*, 32 F.3d at 864.  The *Rhone-Poulenc* decision made no mention of any of Polaroid's cases, including the Third Circuit's own decision from three years earlier in *Westinghouse*, 951 F.2d at 1414.[6]

The Federal Circuit in *Echostar* is similarly silent as to Polaroid's cases.  *In re Echostar Commc'ns Corp.*, 448 F.3d 1294 (Fed. Cir. 2006).  In contrast to HP's contentions, *Echostar* underscores the rationale underlying Polaroid's motion: by choosing to rely on privileged material, a party waives privilege not only as to that material, but also as to any materials relating to the same subject matter.  *Id.* at 1301.  Similarly, in *Remington Arms* the court distinguished the circumstances at issue here in which a party discloses materials over which it formerly claimed privilege, thereby waiving privilege.  *Remington Arms*, 142 F.R.D. at 414.

---

[6]    HP recognizes that *Westinghouse* is still good law — it is the first case cited in its Opposition Brief.  Indeed, *Westinghouse* has been referred to as the "leading case in the Third Circuit on waiver of privilege," even after *Rhone-Poulenc*.  *U.S. v. LeCroy*, 348 F. Supp. 2d 375, 382 (E.D. Pa. 2005).

## V.    THE ASSERTION OF EVIDENTIARY PREJUDICE IS NOT THE BASIS FOR WAIVER.

As explained above, the basis for Polaroid's motion is HP's disclosure of previously-withheld-as-privileged information.  Polaroid is not arguing — as HP contends — that the mere assertion of HP's evidentiary prejudice automatically results in the waiver of privilege.  *Compare* D.I. 242 at 7 *with* D.I. 192.  It was HP's disclosure of previously-withheld-as-privileged information *as support for its evidentiary prejudice argument* that caused the waiver.  HP cannot have it both ways.  It waived any privilege it had over the documents on its privilege log regarding the '381 patent ██████████████████████████  Accordingly, the Court should order HP to produce them to Polaroid.

### CONCLUSION

For the reasons set forth in Polaroid's Opening Brief and herein, Polaroid's Motion to Preclude HP From Using Privilege As Both A Sword And A Shield should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney (#3052)*

OF COUNSEL:

Russell E. Levine, P.C.
G. Courtney Holohan
Michelle W. Skinner
David W. Higer
Maria A. Meginnes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

July 3, 2008
2395350

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
Wilmington, Delaware  19801
(302) 658-9200
jheaney@mnat.com
*Attorneys for Plaintiff Polaroid Corporation*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on July 7, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

William J. Marsden, Jr.
FISH & RICHARDSON P.C.

I also certify that copies were caused to be served on July 7, 2008 upon the following in the manner indicated:

## BY E-MAIL

William J. Marsden, Jr.
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19801

Matthew Bernstein
John E. Giust
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130

Bradley Coburn
FISH & RICHARDSON P.C.
One Congress Plaza, Suite 810
111 Congress Avenue
Austin, TX 78701

Daniel Winston
CHOATE HALL & STEWART, LLP
Two International Place
Boston, MA 02110

*/s/ Julia Heaney*
_____
Julia Heaney (#3052)