IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POLAROID CORPORATION, | |
| Plaintiff and Counterclaim Defendant, | C.A. No. 06-738-SLR |
| v. | **REDACTED** |
| HEWLETT-PACKARD COMPANY, | |
| Defendant and Counterclaim Plaintiff. | |

## DEFENDANT'S MOTION TO STRIKE NEW MATTER IN PLAINTIFF'S REPLY BRIEF OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY

Defendant Hewlett-Packard Company ("HP") hereby requests that this Court strike arguments raised for the first time in Polaroid Corporation's ("Polaroid") Reply Brief in Support of its Motion for Summary Judgment under 35 U.S.C. § 287 (Polaroid's "Reply") (D.I. 221). In the alternative, HP requests leave to file a brief surreply. A copy of HP's proposed short surreply and its supporting declaration are attached hereto as Exhibits A and B.

In its Reply, Polaroid makes new arguments in support of its assertion that its Dodge and Burn and Adaptive Sharpening technologies do not embody Claim 7 of the patent-in-suit, U.S. Patent No. 4,829,381 (the "'381 patent"), and need not have been marked. Polaroid argues for the first time in its Reply Brief that its Dodge and Burn technology uses more than one intermediate value to select a transfer function, and therefore does not embody *Element 3* of Claim 7. *See* Reply at 7; Surreply at 1-2, attached hereto. Polaroid did not include this argument either in its Opening Brief or in its Expert Report on Marking. *See* Opening Brief (D.I. 146), at 21-22 (addressing intermediate values only as to *Element 1*); *see* J.A. (D.I. 151), Ex. B, Agouris Rep., at 90-98 (not addressing Claim 7 at all); Surreply at 1-2.

Second, Polaroid argues for the first time in its Reply that both Dodge and Burn and

# REDACTED

Adaptive Sharpening do not select a transfer function using the ratio required by Element 3 of

Claim 7 because ███████████████████████████████████████████████████████████

████ Reply at 11, 15.  Polaroid cites and submits new deposition testimony in support of this

argument.  *See id.*, Ex. 1.  These arguments and evidence were entirely omitted from Polaroid's

Opening Brief and from its Expert Report on Marking.  *See* Opening Brief at 21-23; J.A., (D.I.

151), Ex. B, Agouris Rep. at 90-98.   Again, HP's proposed surreply responds to these new

arguments.

Polaroid's new arguments ignore this Court's local rules, which state that a party may not

reserve for its Reply new arguments and evidence which should have been submitted in a full

and fair Opening Brief.  D. Del. L.R. 7.1.3(c)(2).  Therefore, HP respectfully requests that this

Court strike the new arguments in Polaroid's Reply Brief, or grant leave for HP to file the

attached "Surreply of Defendant Hewlett-Packard Company in Opposition to Polaroid

Corporation's Motion for Summary Judgment under 35 U.S.C. § 287."

Dated:  July 2, 2008                    **FISH & RICHARDSON P.C.**

                                    By:    */s/ William J. Marsden, Jr.*
                                           William J. Marsden, Jr. (#2247)
                                           Raymond N. Scott, Jr. (#4949)
                                           919 N. Market Street, Suite 1100
                                           Wilmington, DE 19801
                                           Tel.:  (302) 652-5070
                                           Fax:  (302) 652-0607
                                           Email:  *rscott@fr.com*

                                           Robert S. Frank, Jr. *(pro hac vice)*
                                           Daniel C. Winston *(pro hac vice)*
                                           Carlos Perez-Albuerne *(pro hac vice)*
                                           CHOATE, HALL & STEWART LLP
                                           Two International Place
                                           Boston, MA 02109
                                           Tel.:  (617) 248-5000
                                           Fax:  (617) 248-4000
                                           Emails:  *rfrank@choate.com; dwinston@choate.com;*
                                                    *cperez@choate.com*

                                           John E. Giust *(pro hac vice)*
                                           Matthew E. Bernstein *(pro hac vice)*
                                           MINTZ, LEVIN, COHN, FERRIS,
                                                GLOVSKY AND POPEO PC
                                           5355 Mira Sorrento Place, Suite 600
                                           San Diego, CA 92121-3039
                                           Tel.:  (858) 320-3000
                                           Fax:  (858) 320-3001
                                           Emails:  *jgiust@mintz.com; mbernstein@mintz.com*

                                    *Attorneys for Defendant and Counterclaim-Plaintiff*
                                    *Hewlett-Packard Company*

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2008, I electronically filed with the Clerk of Court

Defendant's Motion to Strike New Matters in Plaintiff's Reply Brief or in the Alternative for

Leave to File A Surreply using CM/ECF, which will send electronic notification of such filing(s)

to the following Delaware counsel. In addition, the filing will also be sent via hand delivery:

| | |
|---|---|
| ***Via Email*** | Attorneys for Plaintiff and Counterclaim-Defendant Polaroid Corporation |
| Jack B. Blumenfeld (#1014)<br>Julia Heaney (#3052)<br>MORRIS, NICHOLS, ARSHT & TUNNELL, LLP<br>1201 North Market Street<br>Wilmington, DE 19899-1347<br>Phone: 302-658-9200<br>Fax: 302-658-3989<br>Emails: *jblumenfeld@mnat.com; jheaney@mnat.com* | |
| ***Via Email*** | Attorneys for Plaintiff and Counterclaim-Defendant Polaroid Corporation |
| Russell E. Levine, P.C.<br>Michelle W. Skinner/David W. Higer<br>Maria A. Meginnes/Courtney Holohan/C. Beasley<br>KIRKLAND & ELLIS LLP<br>200 East Randolph Drive<br>Chicago, IL 60601<br>Phone: 312-861-2000<br>Fax: 312-861-2200<br>Emails: *rlevine@kirkland.com; ggerst@kirkland.com;<br>mskinner@kirkland.com; dhiger@kirkland.com;<br>mmeginnes@kirkland.com; mmeginnes@kirkland.com;<br>cbeasley@kirkland.com* | |

***Courtesy Copy Via Federal Express***

Michelle W. Skinner
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601
Phone:  312-861-2000
Fax:  312-861-2200

                                       */s/ William J. Marsden, Jr.*
                                         William J. Marsden, Jr.

## **LOCAL RULE 7.1.1 CERTIFICATION**

The undersigned certifies that counsel for movants have made reasonable efforts to reach

agreement with opposing counsel regarding Hewlett-Packard Company's Motion to Strike New

Matter in Plaintiff's Reply Brief Or, In the Alternative, For Leave to File a Surreply.


_/s/ William J. Marsden, Jr._
William J. Marsden, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POLAROID CORPORATION, | |
| Plaintiff and Counterclaim Defendant, | C.A. No. 06-738-SLR |
| v. | |
| HEWLETT-PACKARD COMPANY, | **REDACTED** |
| Defendant and Counterclaim Plaintiff. | |

**DEFENDANT HEWLETT-PACKARD COMPANY'S
SURREPLY IN OPPOSITION TO POLAROID CORPORATION'S
MOTION FOR SUMMARY JUDGMENT UNDER 35 U.S.C. § 287**

**FISH & RICHARDSON P.C.**
William J. Marsden, Jr. (#2247)
Raymond N. Scott, Jr. (#4949)
919 N. Market Street, Suite 1100
Wilmington, DE 19801
Tel.: (302) 652-5070
Fax: (302) 652-0607
Email: *marsden@fr.com; rscott@fr.com*

Robert S. Frank, Jr. *(pro hac vice)*
Daniel C. Winston *(pro hac vice)*
Carlos Perez-Albuerne *(pro hac vice)*
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02109
Tel.: (617) 248-5000
Fax: (617) 248-4000
Emails: *rfrank@choate.com; dwinston@choate.com;
        cperez@choate.com*

John E. Giust *(pro hac vice)*
Matthew E. Bernstein *(pro hac vice)*
MINTZ, LEVIN, COHN, FERRIS,
        GLOVSKY AND POPEO PC
5355 Mira Sorrento Place, Suite 600
San Diego, CA 92121-3039
Tel.: (858) 320-3000
Fax: (858) 320-3001
Emails: *jgiust@mintz.com; mbernstein@mintz.com*

*Attorneys for Defendant and Counterclaim-Plaintiff
Hewlett-Packard Company*

Dated: July 2, 2008

## TABLE OF CONTENTS

<u>Page</u>

ARGUMENT ................................................................................................................1

      A.     Dodge and Burn's Use of Intermediate Values
            Embodies Claim 7, Element 3 ...............................................................1

      B.     Dodge and Burn's and Adaptive Sharpening's "Ratio" Equation
            Embodies Claim 7, Element 3 ...............................................................4

CONCLUSION ............................................................................................................6

i

# REDACTED

Hewlett-Packard Company ("HP") submits this Surreply to address the new arguments appearing for the first time in Polaroid Corporation's ("Polaroid") Reply Brief in Support of its Motion for Summary Judgment under 35 U.S.C. § 287" ("Reply") (D.I. 221).[1]

## I.    ARGUMENT

HP asserts that Polaroid failed to mark its commercial products that embodied Claim 7 of Polaroid's patent-in-suit, U.S. Patent No. 4,829,381 (the "'381 Patent"). Polaroid's Reply asserts new arguments that its products did not embody Claim 7 of the '381 patent. HP's responses to Polaroid's new arguments are as follows:

### A.    Dodge and Burn's Use of Intermediate Values Embodies Claim 7, Element 3

In its Opening Brief, Polaroid argued in passing that Dodge and Burn, which was incorporated in several Polaroid commercial products, does not embody Element 1 of Claim 7 of the '381 Patent because Dodge and Burn creates more than one "average" ("intermediate value" as construed by the parties) for a given neighborhood of pixels. Opening Brief at 21. In its Reply, Polaroid submits four pages of additional argument on Element 1, and also asserts for the first time that Dodge and Burn's alleged use of two intermediate values does not meet *Element 3* of Claim 7. Reply at 7. Specifically, Polaroid references a portion of the equation described in the '381 patent specification and in Element 3 of Claim 7 ("Av/M -1"), and states for the first time that "for the equation found in this passage to operate correctly, there can be only *one* value for Av." *Id.* (emphasis added). In addition, Polaroid asserts for the first time that Dodge and Burn ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See id.*

---

[1] Polaroid filed "Polaroid Corporation's Opening Brief in Support of Its Motion for Summary Judgment under 35 U.S.C. § 287" ("Opening Brief") on May 16, 2007 (D.I. 146). HP filed "Defendant Hewlett-Packard Company's Opposition to Polaroid Corporation's Motion for Summary Judgment under 35 U.S.C. § 287" ("Opposition") on June 5, 2008 (D.I. 186).

# REDACTED

Polaroid made none of these assertions in its Opening Brief or in its Expert Report on marking (see Opening Brief at 21-23 (addressing intermediate values only as to Element 1), J.A. Ex. B, Agouris Rep. at 90-98 (not addressing Claim 7 at all));[2] and Polaroid's new factual assertion is incorrect.

Element 3 of Claim 7 of the '381 patent states, in part, that a transfer function for each pixel is selected "as a function of the ratio of the average electronic information signal to a select proportionate value of the dynamic range of the electronic information signals. . . ." There are two independent reasons why Polaroid's new arguments relating to Element 3 are wrong. First, contrary to Polaroid's assertion, Dodge and Burn ███████████████████████████████ ████████████████████████████████ As HP's expert explained (and Polaroid's expert did not contest), Dodge and Burn █████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████ HP Surreply Ex. 1, Schonfeld Rep., at 9-10 █████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████(emphasis added). HP's expert elaborated that,███████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████

---

[2] To avoid the filing of duplicate exhibits, HP cites herein to exhibits in Polaroid's Joint Appendix (D.I. 99) as "J.A. Ex. ___," to exhibits otherwise filed with Polaroid's Motion (D.I. 146) as "Pol. Ex. ___," and to exhibits filed with HP's Opposition (D.I. 187) as "HP Ex. ___". New exhibits cited herein are attached to the Declaration of William J. Marsden, Jr. submitted herewith, and are cited as "HP Surreply Ex. ___". HP Surreply Ex. 1 contains the entire report of HP's expert, Dr. Dan Schonfeld, because this Surreply cites portions of that report that were not previously submitted in the report excerpts in HP Ex. 1 (D.I. 146). Rather than submit only the additional report pages herewith and create a split exhibit, HP has included the whole Schonfeld report in HP Surreply Ex. 1 for the Court's convenience.

# REDACTED



████████████████████████ *Id.* at 17-20. ████████████████████████

██████████████████████████████

██████████████████████████████████████

█████████ ████ █████

████████████████████████████████████████████

HP Surreply Ex. 1, Schonfeld Report at 10 (emphasis added).[3]  Dodge and Burn therefore does

not, as Polaroid suggests, ████████████████████████████████████

██████████████████████

     Second, Element 3 of Claim 7 does not, in any event, require the use of only one

intermediate value in the equation that it uses to select a transfer function for a pixel.[4]  Element

3, by its express terms, merely requires that the transfer function be selected "*as a function of* the

ratio of the [intermediate value]" to a select proportionate value of the dynamic range (emphasis

added).  Thus if at least one average is used in the ratio and an additional factor is also present,

---

[3] ████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████ *Compare* HP
Surreply Ex. 1, Schonfeld Rep. at 9-10, 17-20 *and* HP Opposition at 5 *with* Polaroid Reply at 5,
9. ██████████████████████████████████████████████

███████████████████████████ *See* HP Surreply Ex. 1,
Schonfeld Rep. at 8, 12-13.  Thus, even under Element 1, Polaroid's arguments are wrong.

[4] Polaroid cites a number of cases for the first time in its Reply which, it asserts, state that the
articles "a" and "the" in this case require the use of only one intermediate value.  However, *all*
these decisions found a singular meaning based on evidence not present in this case, such as
clear language in the specification limiting the claim to a singular meaning, limiting language in
the prosecution history, or admissions by the patentee.  And none included the "as a function of"
language that is present in Claim 7 of the '381 patent.  *See* all cases cited in Polaroid Reply at 6,
9.

# REDACTED

the limitation would still be satisfied.  Indeed, Polaroid itself contends that ████████████████

████████████████████████████████████████████████████████████████████

████████ J.A. Ex. B, Agouris Report at 70-71; *see* HP Opposition, at 22 n.12.[5]

## B. Dodge and Burn's and Adaptive Sharpening's "Ratio" Equation Embodies Claim 7, Element 3

In its Opening Brief, Polaroid stated, without explanation, that each of Dodge and Burn and Adaptive Sharpening "lack" the "specific ratio" required by Element 3 of Claim 7.  Opening Brief at 22, 23.  In its Reply, Polaroid argues for the first time that Dodge and Burn and Adaptive Sharpening do not contain the ratio required by Element 3 because ████████████████████

████████████████████████████████ Reply at 11-13, 15-16.  Polaroid's new arguments, which appear nowhere in Polaroid's Opening Brief or in its Expert Report on marking (*see* J.A. Ex. B, Agouris Rep. at 90-98), are wrong.

As explained by HP's expert, both Dodge and Burn and Adaptive Sharpening embody Element 3 of Claim 7, if Polaroid's interpretation of that Claim were to be adopted, because both Polaroid technologies ████████████████████████████████████████████████

████████████████████████████████████████████ HP Surreply Ex. 1, Schonfeld Rep. at 19-20, 71-82 (Dodge and Burn), 37-44, 71-82 (Adaptive Sharpening); HP Opposition at 5, 7, 25, 28. ████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

---

[5] Polaroid also argues in its Reply for the first time that Claim 7, Element 2 requires that only ████████████████ Reply at 9 n. 9, 14.  However, the '381 patent specification expressly describes modifying the "original" pixel intensity information *before* averaging under Element 2.  J.A. Ex. A, '381 patent, col. 3, ll. 35-37, 43-49, 53-61.  *See also* HP Opposition at 22-24, 27-28. Polaroid's Element 2 arguments therefore are without merit.

# REDACTED

███████████████████████     ██████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████     *See* J.A. Ex.

B, Agouris Rep. at 27, 35; HP Surreply Ex. 1, Schonfeld Rep. at 19-20 & n.1, 38-39 & n.2, 71

n.6; HP Surreply Ex. 2, Schonfeld Dep. at 200-202, 204, 250-51.

      HP's expert demonstrated that if one were to apply the same methodology to Dodge and

Burn and Adaptive Sharpening, they too would meet the limitations of Claim 7 of the '381

patent.  If Polaroid's methodology is accepted, these Polaroid technologies also████████████

████████████████████████████████████████████████████████████

███████████████████████  HP Surreply Ex. 1, Schonfeld Rep. at 19-20 & n.1, 38-39 & n.2, 71

n.6; HP Surreply Ex. 2, Schonfeld Dep. at 200-202, 204, 250-51.  ██████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████  Thus, as HP's expert has explained, Dodge and Burn and

Adaptive Sharpening contain and use the Element 3 ratio to the same extent that LACE does.  *Id*.

Polaroid has not presented expert opinion or other evidence to the contrary.

5

## II.    CONCLUSION

For the reasons stated above, HP respectfully requests that Polaroid's Motion for Summary Judgment be DENIED.


Dated:  July 2, 2008                              **FISH & RICHARDSON P.C.**


By:    /s/ William J. Marsden, Jr.
William J. Marsden, Jr. (#2247)
Raymond N. Scott, Jr. (#4949)
919 N. Market Street, Suite 1100
Wilmington, DE 19801
Tel.:  (302) 652-5070
Fax:  (302) 652-0607
Email:  rscott@fr.com

Robert S. Frank, Jr. (pro hac vice)
Daniel C. Winston (pro hac vice)
Carlos Perez-Albuerne (pro hac vice)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02109
Tel.:  (617) 248-5000
Fax:  (617) 248-4000
Emails:  rfrank@choate.com; dwinston@choate.com;
          cperez@choate.com

John E. Giust (pro hac vice)
Matthew E. Bernstein (pro hac vice)
MINTZ, LEVIN, COHN, FERRIS,
    GLOVSKY AND POPEO PC
5355 Mira Sorrento Place, Suite 600
San Diego, CA 92121-3039
Tel.:  (858) 320-3000
Fax:  (858) 320-3001
Emails:  jgiust@mintz.com; mbernstein@mintz.com

Attorneys for Defendant and Counterclaim-Plaintiff
Hewlett-Packard Company

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2008, I electronically filed with the Clerk of Court Defendant Hewlett-Packard Company's Surreply in Opposition to Polaroid Corporation's Motion for Summary Judgment under 35 U.S.C. § 287 using CM/ECF, which will send electronic notification of such filing(s) to the following Delaware counsel. In addition, the filing will also be sent via hand delivery:

| | |
|---|---|
| ***Via Email*** | Attorneys for Plaintiff and Counterclaim-Defendant Polaroid Corporation |
| Jack B. Blumenfeld (#1014) | |
| Julia Heaney (#3052) | |
| MORRIS, NICHOLS, ARSHT & TUNNELL, LLP | |
| 1201 North Market Street | |
| Wilmington, DE 19899-1347 | |
| Phone: 302-658-9200 | |
| Fax: 302-658-3989 | |
| Emails: *jblumenfeld@mnat.com; jheaney@mnat.com* | |
| | |
| ***Via Email*** | Attorneys for Plaintiff and Counterclaim-Defendant Polaroid Corporation |
| Russell E. Levine, P.C. | |
| Michelle W. Skinner/David W. Higer | |
| Maria A. Meginnes/Courtney Holohan/C. Beasley | |
| KIRKLAND & ELLIS LLP | |
| 200 East Randolph Drive | |
| Chicago, IL 60601 | |
| Phone: 312-861-2000 | |
| Fax: 312-861-2200 | |
| Emails: *rlevine@kirkland.com; ggerst@kirkland.com; mskinner@kirkland.com; dhiger@kirkland.com; mmeginnes@kirkland.com; mmeginnes@kirkland.com; cbeasley@kirkland.com* | |

***Courtesy Copy Via Federal Express***

Michelle W. Skinner
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
Phone: 312-861-2000
Fax: 312-861-2200

      I hereby certify that on July 2, 2008 I have mailed by United States Postal Service, the

document(s) to the following non-registered participants:

[Insert Non-Registered Participants Here]

                                     */s/ William J. Marsden, Jr.*
                                       William J. Marsden, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POLAROID CORPORATION,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>    v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>    Defendant and Counterclaim Plaintiff. | C.A. No. 06-738-SLR<br><br>**REDACTED** |

**DECLARATION OF WILLIAM J. MARSDEN, JR. IN SUPPORT OF
DEFENDANT HEWLETT-PACKARD COMPANY'S SURREPLY TO "POLAROID
CORPORATION'S MOTION FOR SUMMARY JUDGMENT UNDER 35 U.S.C. § 287"**

**FISH & RICHARDSON P.C.**
William J. Marsden, Jr. (#2247)
Raymond N. Scott, Jr. (#4949)
919 N. Market Street, Suite 1100
Wilmington, DE 19801
Tel.: (302) 652-5070
Fax: (302) 652-0607
Email: *marsden@fr.com; rscott@fr.com*

Robert S. Frank, Jr. *(pro hac vice)*
Daniel C. Winston *(pro hac vice)*
Carlos Perez-Albuerne *(pro hac vice)*
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02109
Tel.: (617) 248-5000
Fax: (617) 248-4000
Emails: *rfrank@choate.com; dwinston@choate.com;
      cperez@choate.com*

John E. Giust *(pro hac vice)*
Matthew E. Bernstein *(pro hac vice)*
MINTZ, LEVIN, COHN, FERRIS,
    GLOVSKY AND POPEO PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel.: (858) 314-1500
Fax: (858) 314-1501
Emails: *jgiust@mintz.com; mbernstein@mintz.com*

*Attorneys for Defendant and Counterclaim-Plaintiff
Hewlett-Packard Company*

Dated: July 2, 2008

I, William J. Marsden, Jr., declare as follows:

1.      I am an attorney with Fish & Richardson P.C., counsel for Hewlett-Packard Company.  I am a member of the Bar of the State of Delaware and of this Court.  I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

2.      Attached hereto as <u>Exhibit 1</u> is a true and correct copy of the Expert Report of Dr. Dan Schonfeld, dated April 18, 2008.

3.      Attached hereto as <u>Exhibit 2</u> is a true and correct copy of excerpts of the Deposition of Dr. Dan Schonfeld, dated May 7, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd of July, 2008, at Wilmington, Delaware.

_/s/ William J. Marsden, Jr._____
William J. Marsden, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2008, I electronically filed with the Clerk of Court the

foregoing document using CM/ECF which will send electronic notification of such filing(s) to

the following counsel:

| | |
|---|---|
| ***Via Email***<br>Jack B. Blumenfeld (#1014)<br>Julia Heaney (#3052)<br>Morris, Nichols, Arsht & Tunnell, LLP<br>1201 North Market Street<br>Wilmington, DE 19899-1347<br>Phone: 302-658-9200<br>Fax: 302-658-3989<br>Emails: jblumenfeld@mnat.com; jheaney@mnat.com | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |
| ***Via Email***<br>Russell E. Levine, P.C.<br>Michelle W. Skinner/David W. Higer<br>Maria A. Meginnes/Courtney Holohan/C. Beasley<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL 60601<br>Phone: 312-861-2000<br>Fax: 312-861-2200<br>Emails: rlevine@kirkland.com; ggerst@kirkland.com;<br>mskinner@kirkland.com; dhiger@kirkland.com;<br>mmeginnes@kirkland.com; mmeginnes@kirkland.com;<br>cbeasley@kirkland.com | Attorneys for Plaintiff and<br>Counterclaim-Defendant<br>Polaroid Corporation |

***Courtesy Copy Via Federal Express***
Michelle W. Skinner
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Phone: 312-861-2000
Fax: 312-861-2200

/s/ William J. Marsden, Jr.
William J. Marsden, Jr.

# Exhibit 1

# REDACTED
# IN ITS ENTIRETY

# Exhibit 2

# REDACTED
# IN ITS ENTIRETY