# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POLAROID CORPORATION | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    C.A. No. 06-738 (SLR) |
| | ) |
| HEWLETT-PACKARD COMPANY, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## POLAROID'S REPLY BRIEF IN SUPPORT OF
## ITS MOTION TO PRECLUDE HEWLETT-PACKARD FROM RELYING ON
## UNTIMELY DISCLOSED OPINIONS AND WITNESSES

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, Delaware  19801
jblumenfeld@mnat.com
jheaney@mnat.com
(302) 658-9200

*Attorneys for Plaintiff Polaroid Corporation*

OF COUNSEL:

Russell E. Levine, P.C.
G. Courtney Holohan
Michelle W. Skinner
David W. Higer
Maria A. Meginnes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

July 21, 2008

# <u>TABLE OF CONTENTS</u>

ARGUMENT...........................................................................................................................1

      A.     HP's Excuse For Failing To Provide Dr. Rangayyan's Opinions
            According To The Amended Scheduling Order is Unjustified. ..................1

      B.     HP's Excuse For Failing To Identify Fact Witnesses According To
            The Amended Scheduling Order is Unjustified..........................................4

      C.     The *Pennypack* Factors Support Exclusion Of The Rangayyan
            Declaration And Witnesses.........................................................................6

CONCLUSION.......................................................................................................................7

## TABLE OF AUTHORITIES

**Cases**

*Bridgestone Sports Co., Ltd. v. Acushnet Co.*
    C.A. No. 05-132 JJF, 2007 WL 521894, (D. Del. Feb. 15, 2007)......................................6

*Greate Bay Hotel & Casino v. Tose*
    34 F.3d 1227 (3d Cir. 1994)..............................................................................6

*Inline Connection Corp. v. AOL Time Warner, Inc.*
    C.A. No. 02-272 MPT, 2007 WL 61883 (D. Del., Jan. 8, 2007)..................................3, 4

*Meyers v. Pennypack Woods House Ownership Assn.*
    559 F.2d 894 (3d Cir. 1977)..............................................................................5

*Norman v. CP Rail Systems*
    No. 99 C 2823, 2000 WL 1700137 (N.D. Ill., Nov. 13, 2000)........................................7

*Philips Elecs. N. Am. Corp. v. Contec Corp.*
    No. Civ. A. 02-123-KAJ, 2004 WL 769371, (D. Del. Apr. 5, 2004)................................1

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*
    C.A. No. 04-1371-JJF, 2006 WL 2435083 (D. Del. Aug. 22, 2006)................................3

*Praxair, Inc. v. ATMI, Inc.*
    231 F.R.D. 457 (D. Del. 2005)..........................................................................4

*Quinn v. Consolidated Freightways Corp. of Delaware*
    283 F.3d 572 (3d Cir. 2002)..............................................................................6

*Williams v. Morton*
    343 F.3d 212 (3d Cir. 2003)..............................................................................7

**Rules**

Fed.R.Civ.P. 37(c)(1)..........................................................................................1

## SUMMARY OF ARGUMENT

HP has not provided — and cannot establish — any reasonable justification for its delay in disclosing new expert opinions and witnesses.  Under Federal Rule of Civil Procedure 37(c), HP should be precluded from relying on this late disclosed information at trial or in summary judgment for at least the following reasons:

- The new opinions contained in Dr. Rangayyan's declaration are not consistent with his prior expert reports or his deposition testimony.  Unlike his declaration, neither of Dr. Rangayyan's expert reports contain opinions on the motivation to combine prior art references.

- HP cannot justify its delay in identifying Messrs. Hayes, Ruder and Ruiz by blaming Polaroid for HP's own lack of diligence in supporting HP's contention for a reasonable royalty or in responding to Polaroid's specific discovery requests.

- HP's failure to disclose these new opinions and witnesses is not harmless because if allowed, Polaroid would be required to re-open fact and expert discovery that would inevitably disrupt the trial process.

## ARGUMENT

HP's late disclosure of expert opinions and witnesses is not substantially justified or harmless.  *See* Fed.R.Civ.P. 37(c)(1) (precluding untimely disclosed information or witnesses unless the failure was "substantially justified or harmless."); *Philips Elecs. N. Am. Corp. v. Contec Corp.*, No. Civ. A. 02-123-KAJ, 2004 WL 769371, at *1 (D. Del. Apr. 5, 2004) (granting motion to preclude when there was no reasonable justification for delay).

### A.    HP's Excuse For Failing To Provide Dr. Rangayyan's Opinions In Accordance With The Amended Scheduling Order Does Not Support Allowing These New Opinions.

HP's attempt to belatedly supplement Dr. Rangayyan's opening expert report with piecemeal declarations should not be permitted.  HP's two excuses for disclosing these opinions after the Amended Scheduling Order cut-off are inapposite: (i) Dr. Rangayyan's declaration is not consistent with his expert reports and deposition testimony; and (ii) Polaroid's experts did

1

not submit inconsistent declarations in an attempt to get around the disclosure deadlines.  D.I.
267 at p. 11.

Neither of Dr. Rangayyan's expert reports contain opinions on the motivation to combine
prior art references that HP now seeks to include through Dr. Rangayyan's late declaration.  *See*
D.I. 170 and D.I. 188.  Dr. Rangayyan testified in his deposition that he did not consider the
motivation of one skilled in the art to combine references when rendering his opinions.  D.I. 170,
Ex. B, p. 252, lines 9–24.  If HP's contention that Dr. Rangayan's new declaration is consistent
with his previous reports and deposition were true, HP could have relied on Dr. Rangayyan's
expert reports and/or deposition testimony to oppose Polaroid's motion, instead of relying on the
late-disclosed declaration.[1]  *See* D.I. 190, Exs. A and C.  HP submitted a new declaration from
Dr. Rangayyan to circumvent the Amended Scheduling Order's prohibition against
supplementing expert reports with new opinions after the required deadlines.[2]

HP's excuse that its late production of these opinions is acceptable because Polaroid's
expert submitted declarations is not a reasonable justification for HP's delay.  Polaroid's experts'
declarations differ from the Rangayyan declaration in two significant ways.  First, the only
Polaroid declaration that arguably contains new opinions is the declaration Polaroid submitted to

---

[1]   HP misstates the facts in stating that both parties' experts have filed two expert reports.  D.I.
      267 at p. 2.  Polaroid's expert filed an opening expert report and a rebuttal expert report
      pursuant to the Amended Scheduling Order.  HP's expert, on the other hand, filed an opening
      expert report pursuant to the Amended Scheduling Order, and then filed a second opening
      expert report one month after the deadline for submitting those opinions.

[2]   HP cites the same portions of Dr. Rangayyan's expert report in its opposition to this motion
      as it did in its opposition to Polaroid's *Daubert* motion regarding Dr. Rangayyan, in an
      attempt to contend that Dr. Rangayyan's declaration does not contain new opinions.  Polaroid
      explained in its reply to its *Daubert* motion that those portions of Dr. Rangayyan's expert
      report cited by HP do not contain opinions regarding a motivation to combine.  *See* D.I. 244
      at pp. 6–13.

address the Okada reference, which Dr. Rangayyan belatedly identified as allegedly invalidating

on the same date that Polaroid's expert was required to submit her rebuttal expert report, thus

preventing Polaroid from addressing this reference in its expert report.  *See* D.I. 193, Ex. 3.

Second, the remaining declarations referenced by HP do not contain any new opinions, but

merely explain the circumstances surrounding Dr. Agouris's analysis of the accused products

and Mr. McCullough's process of designing the surveys in direct response to HP's new

preclusion contentions.  *See* D.I. 219 Exs. 2 and 4 and D.I. 218, Ex. 2.

      HP's reliance on *Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.*,

C.A. No. 04-1371-JJF, 2006 WL 2435083 (D. Del. Aug. 22, 2006) and *Inline Connection*

*Corporation v. AOL Time Warner, Inc.*, C.A. No. 02-272 MPT, 2007 WL 61883 (D. Del., Jan. 8,

2007) is misplaced.  D.I. 267 at p. 10.  In *Power Integrations*, the defendant produced a

supplemental expert report that analyzed prior art that the plaintiff belatedly produced.  *Power*

*Integrations*, 2006 WL 2435083, at * 1.  The court found that the additional opinions contained

in the supplemental report were consistent with opinions found in the expert's opening report.

*Id.*  The supplemental report at issue in *Inline Connection* included prior art that the defendants

did not discover until after defendants submitted their  opening expert report.  *Inline Connection*,

2007 WL 61883, at *1.  In contrast, Dr. Rangayyan's declaration provides new opinions with

respect to prior art that HP did not discover late.

      HP's inexcusable delay is instead analogous to the conduct in *Praxair, Inc. v. ATMI, Inc.*,

231 F.R.D. 457 (D. Del. 2005), where this Court precluded testimony because defendants had no

justification for the late disclosure.  *Praxair*, 231 F.R.D. at 464.  HP does not even attempt to

distinguish its conduct from that found in *Praxair*.  *See* D.I. 267 at p. 10.

**B.     HP's Excuse For Failing To Identify Fact Witnesses
According To The Amended Scheduling Order Does
Not Support Allowing These New Witnesses.**

HP has not reasonably justified its delay in belatedly identifying Messrs. Hayes, Ruder
and Ruiz as required before permitting inclusion of late-disclosed information.  HP's attempt to
blame Polaroid for *HP's* lack of investigation of accused products after Polaroid specifically
sought this information in an interrogatory does not provide the requisite justification.

HP's excuse for belatedly identifying Messrs. Hayes, Ruiz and Ruder — that they
allegedly have information to rebut theories contained in Polaroid's damages expert's report —
is factually and legally inapposite.  *See* D.I. 267 at p. 14.  Specifically, HP contends that Messrs.
Ruiz and Hayes have information about HP products that Polaroid contends contain the
infringing source code but that HP failed to identify during discovery.  HP does not dispute that
Polaroid sought the identification of all products that contained the accused source code during
discovery.  HP could have — and should have —identified these witnesses as having
information about accused products in response to Polaroid's discovery request.  HP cannot now
credibly blame Polaroid for HP's insufficient investigation into additional products that contain
the accused source code.

HP's excuse for belatedly identifying Jim Ruder is similarly insufficient.  Throughout
discovery, Polaroid stated that it was seeking a reasonable royalty as damages for HP's
infringement and sought the identification of all evidence and witnesses on which HP would rely
to support its damages analysis.  Thus, HP's excuse that it should be allowed to disclose a new
witness after discovery to rebut Polaroid's reasonable royalty damages expert is unsupportable.
HP should have identified Mr. Ruder in response to Polaroid's discovery requests during
discovery.

4

HP's reliance on *Meyers v. Pennypack Woods House Ownership Association*, 559 F.2d 894 (3d Cir. 1977) is misplaced. D.I. 267 at p. 9. In *Meyers*, the plaintiff did not discover the witnesses until after the pretrial memorandum was filed, and one of the witnesses was the defendant's former president. *Meyers*, 559 F.2d at 904–05. The court held that the plaintiff's excuse was justified and the prejudice was minimized given the defendant's familiarity with the witness. *Id.* In contrast, the witnesses that HP belatedly identified are its own employees and Polaroid has no familiarity with these witnesses.

The other cases on which HP relies are similarly distinguishable. The court in *Greate Bay Hotel & Casino v. Tose*, 34 F.3d 1227 (3d Cir. 1994) affirmed the trial court's holding to allow previously unidentified witnesses to testify because it held that the district court took appropriate curative measures and the defendant did not indicate during the trial that the measures were insufficient. *Greate Bay*, 34 F.3d at 1236–37. In contrast, here, where discovery would have to be reopened and redone, preclusion is the only appropriate curative measure.

In *Quinn v. Consolidated Freightways Corporation of Delaware*, 283 F.3d 572 (3d Cir. 2002), the court reversed the trial court's decision to preclude previously unidentified testimony because it recognized that there is "judicial inhospitability to blanket evidentiary exclusions in discrimination cases." *Quinn*, 283 F.2d at 578. In addition, the court held that the prejudice was neutralized because the new testimony afforded the defense an additional avenue to impeach plaintiff's own testimony. *Quinn*, 283 F.2d at 577–78. The same inhospitability, however, does not exist for patent infringement cases. *See*, *e.g.*, *Bridgestone Sports Co., Ltd. v. Acushnet Co.*, C.A. No. 05-132 JJF, 2007 WL 521894, *4 (D. Del. Feb. 15, 2007) (holding motion to preclude may be granted in patent infringement case without strict showing that each of the *Pennypack* factors has been satisfied).

In *Williams v. Morton*, 343 F.3d 212 (3d Cir. 2003) — unlike here — the witness was not discovered until the deadline for discovering witnesses had passed.  *Williams*, 343 F.3d at 222.

### C.    The *Pennypack* Factors Support Exclusion Of The Rangayyan Declaration And Witnesses.

HP's failure to disclose these new opinions and witnesses is not harmless.  If HP is permitted to rely on the untimely opinions and witnesses, Polaroid would be required to re-open fact and expert discovery that would disrupt the trial process.

HP's contention that the fact witnesses were identified during discovery because their names appear on a multitude of documents HP produced in this case does not save HP.[3]  General references in documentary evidence are insufficient to identify potential witnesses pursuant to Rule 26.  *See*, *e.g.*, *Norman v. CP Rail Systems*, No. 99 C 2823, 2000 WL 1700137, at *1 (N.D. Ill., Nov. 13, 2000)  (expecting defendant to search through discovery material to identify potential witnesses contrary to purpose of Rule 26(a)).  Polaroid is not required to assume that HP will rely upon a witness just because his or her name appears on documents, particularly where HP produced over two hundred and fifty thousand documents in this case with more than two million pages.  Because that would be an impossible task, the Federal Rules require that a party identify witnesses with relevant knowledge during discovery.  If simply disclosing documents were enough, there would be no need for Rule 26(a)(1).

HP's contention that it should be allowed to rely on these witnesses because it offered them for deposition now — after discovery has closed — similarly fails.  Deposing the witnesses

---

[3]  HP also implies that Polaroid should have known about Mr. Ruder because Polaroid inquired about his role at HP during the deposition of Charles Moore.  *See* D.I. 267 at p. 8.  Polaroid only asked about Mr. Ruder because his name appeared on HP's privilege log.  Mr. Moore refused to answer questions about Mr. Ruder's relevancy to this case on the grounds of privilege.  *See* D.I. 267, Ex. J at p. 122, line 14–p. 123, line 24.

now does not alleviate Polaroid's prejudice in re-opening fact discovery and then working through its damages expert analysis and report all at the time when it should be focused on trial preparation.

In addition to taking additional time to re-do both fact and expert discovery, the additional work will result in a financial burden to Polaroid. Allowing HP to rely upon these belatedly identified opinions and witnesses would cause Polaroid to incur costs to redo work that it has already spent significant time and resources in developing.

## **CONCLUSION**

For the reasons stated herein, and in Polaroid's opening brief, Polaroid respectfully requests that this Court grant its motion to preclude.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, Delaware 19801
jblumenfeld@mnat.com
jheaney@mnat.com
(302) 658-9200

*Attorneys for Plaintiff Polaroid Corporation*

OF COUNSEL:

Russell E. Levine, P.C.
G. Courtney Holohan
Michelle W. Skinner
David W. Higer
Maria A. Meginnes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

July 21, 2008

7

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on July 21, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> William J. Marsden, Jr.
> FISH & RICHARDSON P.C.

I also certify that copies were caused to be served on July 21, 2008 upon the following in the manner indicated:

## BY E-MAIL

William J. Marsden, Jr.
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19801

Bradley Coburn
FISH & RICHARDSON P.C.
One Congress Plaza, Suite 810
111 Congress Avenue
Austin, TX 78701

Matthew Bernstein
John E. Giust
MINTZ LEVIN COHN FERRIS GLOVSKY AND
POPEO PC
5355 Mira Sorrento Place
Suite 600
San Diego, CA 92121-3039

Daniel Winston
CHOATE HALL & STEWARD, LLP
Two International Place
Boston, MA 02110

*/s/ Julia Heaney*
_____
Julia Heaney (#3052)