IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POLAROID CORPORATION,                    )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )      C.A. No. 06-738 (SLR)
                                         )
HEWLETT-PACKARD COMPANY,                 )
                                         )
            Defendant.                   )

**POLAROID'S ANSWERING BRIEF IN OPPOSITION TO HEWLETT-PACKARD'S
CROSS-MOTION TO PRECLUDE**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
Wilmington, Delaware  19801
(302) 658-9200
jheaney@mnat.com
*Attorneys for Plaintiff, Polaroid Corporation*

OF COUNSEL:

Russell E. Levine, P.C.
G. Courtney Holohan
Michelle W. Skinner
David W. Higer
Maria A. Meginnes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL  60601
(312) 861-2000

July 28, 2008

# TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDINGS ...................................................1

SUMMARY OF THE ARGUMENT ...........................................................................1

ARGUMENT..................................................................................................................2

    I.       THE AGOURIS DECLARATION REGARDING THE OKADA
           REFERENCE — WHICH REBUTS HP'S UNTIMELY OKADA
           CONTENTIONS — COULD NOT HAVE BEEN SUBMITTED
           EARLIER..............................................................................................2

    II.     THE AGOURIS AND WROBLEWSKI DECLARATIONS
           REGARDING SOURCE CODE PROPERLY RESPOND TO HP'S
           *DAUBERT* MOTION...........................................................................3

    III.    DR. AGOURIS PROVIDED DEPOSITION TESTIMONY ON
           MARKING AT THE APPROPRIATE TIME.......................................3

    IV.    THE MCCULLOUGH DECLARATION PROPERLY RESPONDS TO
           HP'S *DAUBERT* MOTION. ...............................................................4

    V.     THE BEAUDOIN DECLARATION FALLS SQUARELY WITHIN THE
           SUBJECTS POLAROID IDENTIFIED FOR BEAUDOIN IN ITS FIRST
           AMENDED INITIAL DISCLOSURES AND PROPERLY ADDRESSES
           HP'S LACHES SUMMARY JUDGMENT MOTION. ..........................5

CONCLUSION.............................................................................................................5

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*In re TMI Litigation*,
     193 F.3d 613 (3d Cir. 1999).................................................................................... 2

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
     No. Civ. A. 02-123-KAJ, 2004 WL 769371 (D. Del. Apr. 5, 2004) ................................ 2

*Praxair, Inc. v. ATMI, Inc.*,
     445 F. Supp. 2d. 460 (D. Del. 2006).................................................................... 2

**Rules**

Fed. R. Civ. P. 37(c)(1).................................................................................................. 2

## NATURE AND STAGE OF THE PROCEEDINGS

HP has filed a Cross-Motion To Preclude (D.I. 266) ("Cross-Motion") and Memorandum In Opposition To Polaroid's Motion To Preclude And In Support Of HP's Cross-Motion To Preclude (D.I. 267) ("Cross-Motion Brief").  This is Polaroid's answering brief in opposition to HP's Cross-Motion.

## SUMMARY OF THE ARGUMENT

HP's Cross-Motion — coming weeks after Polaroid submitted its initial motion to preclude, in conjunction with HP's opposition to Polaroid's second preclusion motion, and which is conditioned upon the grant of Polaroid's motion — is an attempt to divert attention from HP's discovery abuses.  Polaroid submitted all of the evidence referenced in HP's Cross-Motion in accordance with this Court's scheduling orders, and HP's Cross-Motion lacks merit:

- Polaroid timely disclosed the allegedly "new" opinion contained in the declaration submitted by Polaroid's technical expert, Dr. Peggy Agouris, regarding the Okada reference, which was ***disclosed late by HP***.

- The declarations submitted by Dr. Agouris and Joseph P. Wroblewski regarding source code issues rebutted arguments ***made for the first time*** in HP's motion to preclude Dr. Agouris' testimony.

- This Court's schedule provided for only two rounds of expert reports, and Dr. Agouris appropriately addressed HP's rebuttal report on marking at her deposition in light of the schedule.

- The declaration of Polaroid's survey expert, Walter McCullough, simply summarizes information given at his deposition and responds to issues ***first raised in HP's preclusion motion*** directed at McCullough.

- Thomas Beaudoin's declaration discusses only his personal background and Polaroid's corporate history in response to HP's summary judgment motion.  Polaroid disclosed Beaudoin's knowledge of this subject matter in its amended initial disclosures months before the close of fact discovery.

1

## ARGUMENT

HP's contention that Polaroid submitted declarations and deposition testimony late is factually inaccurate, and HP's Cross-Motion should be denied. *See, e.g.,* FED. R. CIV. P. 37(c)(1) (providing for preclusion only where party "fails to provide information or identify a witness as required by [the rules of discovery]"); *In re TMI Litigation*, 193 F.3d 613, 722 (3d Cir. 1999); *Praxair, Inc. v. ATMI, Inc.*, 445 F. Supp. 2d. 460, 471 (D. Del. 2006); *Philips Elecs. N. Am. Corp. v. Contec Corp.*, No. Civ. A. 02-123-KAJ, 2004 WL 769371, at *1 (D. Del. Apr. 5, 2004).[1]  HP has not identified — and did not experience — any prejudice as a result of Polaroid's timely submission of this evidence.

## I.   THE AGOURIS DECLARATION REGARDING THE OKADA REFERENCE — WHICH REBUTS HP'S UNTIMELY OKADA CONTENTIONS — COULD NOT HAVE BEEN SUBMITTED EARLIER.

HP belatedly disclosed opinions regarding the Okada reference, and the declaration submitted by Polaroid's expert, Dr. Agouris — responding to HP's eleventh hour contentions — was timely.  D.I. 172 at 2–4; D.I. 246 at 1–4.  HP's technical expert, Dr. Rangaraj Rangayyan, improperly filed two opening expert reports in this case.  D.I. 271 at 2, n.1.  His second opening report, filed on the same day that Dr. Agouris filed her rebuttal expert report, identified brand-new opinions regarding the Okada reference.  *Id.* at 3.  As a result of HP's untimely disclosure of the Okada reference opinions, Dr. Agouris **could not** rebut Dr. Rangayyan's new opinions in her rebuttal expert report.  After HP relied on the Okada reference in its summary judgment motion, Dr. Agouris submitted her declaration to address the late-disclosed Okada reference.  *See* D.I.

---

[1]   Earlier-filed Polaroid briefs detail the applicable case law on preclusion.  *See, e.g.,* D.I. 172; D.I. 246; D. I. 248; D.I. 271.

193, Ex. 3.  To exclude the Agouris declaration regarding the Okada reference would reward HP

for delaying disclosure of that reference in violation of this Court's scheduling orders.

## II.    THE AGOURIS AND WROBLEWSKI DECLARATIONS REGARDING SOURCE CODE PROPERLY RESPOND TO HP'S *DAUBERT* MOTION.

This Court should not exclude the declarations of Dr. Agouris and Wroblewski, which

timely respond to HP's contentions regarding the scope of Dr. Agouris' expertise.  D.I. 219, Exs.

2 and 4.  HP's claims that these declarations contradict Dr. Agouris' deposition testimony

regarding her expertise in computer software and computer hardware are baseless, as explained

in earlier briefing.  *Compare* D.I. 267 at 5, 18 *with* D.I. 219.  Consistent with Dr. Agouris'

deposition testimony,[2] these declarations explain the circumstances surrounding her analysis of

the accused products in response to HP's mischaracterization of her knowledge and analysis.

D.I. 219, Exs. 2 and 4.  HP does not claim that the declarations contain new *opinions*, and they

could not have been submitted before HP filed its *Daubert* motion.

## III.    DR. AGOURIS PROVIDED DEPOSITION TESTIMONY ON MARKING AT THE APPROPRIATE TIME.

In accordance with this Court's Amended Scheduling Order, and in response to HP's

contentions regarding marking, Polaroid's technical expert appropriately provided testimony at

her deposition.[3]  Dr. Agouris submitted an initial expert report on marking in which she

addressed all of the claims in the '381 patent, including Claim 7.  *See* D.I. 151, J.A. Ex. B,

Agouris Rpt. at 95–96.  For example, regarding the '381 patent's method claims (that include

---

[2]    Even assuming HP were correct in its statements that the declarations are inconsistent with Dr. Agouris's deposition testimony — which it is not — preclusion is unwarranted as HP can explore these alleged inconsistencies on cross-examination at trial.

[3]    The parties have already briefed this issue.  *See, e.g.,* D.I. 221 at 4–5.

Claim 7), Dr. Agouris stated, "Because Polaroid's [dodge and burn/adaptive sharpening] technology does not embody any apparatus claim of the '381 patent, it also does not embody the method claims of the '381 patent which are directed at the use of the apparatus claims." *Id*. HP's expert Dr. Dan Schonfeld responded to Dr. Agouris' expert report by filing his own report, focusing exclusively on Claim 7. DI. 268, HP Ex. D. As this Court's schedule did not permit rebuttal reports, Dr. Agouris properly responded to Dr. Schonfeld's contention during her deposition testimony. *See* D.I. 51, Am. Scheduling Order at Section 3(c)(1); 2/11/08 Order. Because Dr. Agouris could not have disclosed her rebuttal contention until after Dr. Schonfeld submitted his report, her timely testimony on marking should not be excluded.

## IV.    THE MCCULLOUGH DECLARATION PROPERLY RESPONDS TO HP'S *DAUBERT* MOTION.

The declaration of McCullough did not provide any new expert opinion, but rather summarized McCullough's deposition testimony and responded to allegations in HP's McCullough *Daubert* motion. D.I. 218, Ex. 2. It should not be excluded.

HP's claim that McCullough "expand[ed] upon his alleged qualifications" is factually inaccurate. D.I. 267 at 4. Only two paragraphs of McCullough's declaration discussed his qualifications. *See* D.I. 218, Ex. 2 at ¶ 3 (listing professional associations to which McCullough and his company belong) and ¶ 6 (detailing the number and types of surveys McCullough has conducted over 40 years). McCullough provided this same information in response to HP's questioning at his deposition, as evidenced by Polaroid's citation of ***both*** his testimony and his declaration in its opposition to HP's *Daubert* motion. *See* D.I. 218 at 2, 18–19.

HP's contention that McCullough "state[ed] ***opinions*** that attempt to justify various aspects of his survey methodology" is similarly inaccurate. D.I. 267 at 4. McCullough did not provide any additional opinions on his methodology, but rather explained the process of

designing his surveys in response to HP's *Daubert* contentions.  D.I. 218, Ex. 2 at ¶¶ 4–5, 7–14.

McCullough's statements regarding the knowledge attributable to a survey expert and the

information such an expert would consider also appropriately addressed issues raised in HP's

*Daubert* motion.  *Compare* D.I. 165 at 13–14, 17–18 *with* D.I. 218 at 14, 17–18.  There is no

basis to preclude Polaroid from reliance on McCullough's declaration as it does not contain

untimely disclosed opinions.

## V.    THE BEAUDOIN DECLARATION FALLS SQUARELY WITHIN THE SUBJECTS POLAROID IDENTIFIED FOR BEAUDOIN IN ITS FIRST AMENDED INITIAL DISCLOSURES AND PROPERLY ADDRESSES HP'S LACHES SUMMARY JUDGMENT MOTION.

HP's contention that Polaroid did not identify its then-current President, Chief Operating

Officer, and Chief Financial Officer, Beaudoin, as a person "likely to have discoverable

information regarding the issues or laches or equitable estoppel," distorts the facts.   D.I. 267 at

20.  On November 29, 2007 — months before the close of fact discovery — Polaroid disclosed

Beaudoin in its amended initial disclosures as a person likely to have information about

Polaroid's corporate history, which is ***the only subject discussed in Beaudoin's declaration***.

D.I. 268, Ex. E at 3**;** D.I. 195, Ex. 3.

HP demanded Beaudoin's deposition during fact discovery, but shortly before the

deposition was to commence, HP unilaterally cancelled his deposition with no explanation.

Polaroid Ex. A, Beaudoin Deposition Notice; Polaroid Ex. B, 1/21/08 and 1/29/08 Coburn

Emails.  HP's strategic choice not to depose Beaudoin during fact discovery after Polaroid timely

disclosed him as knowledgeable on Polaroid's corporate history does not support preclusion of

his declaration on that topic.

## CONCLUSION

For the reasons set forth herein, HP's Cross-Motion should be denied.

5

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

OF COUNSEL:

Russell E. Levine, P.C.
G. Courtney Holohan
Michelle W. Skinner
David W. Higer
Maria A. Meginnes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

July 28, 2008
2428110

_____

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
jheaney@mnat.com
  *Attorneys for Plaintiff, Polaroid Corporation*

6

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on July 28, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> William J. Marsden, Jr.
> FISH & RICHARDSON P.C.

I also certify that copies were caused to be served on July 28, 2008 upon the following in the manner indicated:

## BY E-MAIL

William J. Marsden, Jr.
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
Wilmington, DE 19801

Matthew Bernstein
John E. Giust
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130

Bradley Coburn
FISH & RICHARDSON P.C.
One Congress Plaza, Suite 810
111 Congress Avenue
Austin, TX 78701

Daniel Winston
CHOATE HALL & STEWART, LLP
Two International Place
Boston, MA 02110

*/s/ Julia Heaney*

Julia Heaney (#3052)

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

POLAROID CORPORATION,

    Plaintiff and Counterclaim-Defendant,

    v.

HEWLETT-PACKARD COMPANY,

    Defendant and Counterclaim-Plaintiff.

C.A. No. 06-738 (SLR)

**NOTICE OF DEPOSITION OF THOMAS L. BEAUDOIN PURSUANT TO FED. R. CIV. P. 30(b)(1)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Hewlett-Packard Company, by its counsel, will take the deposition of Mr. Thomas Beaudoin at the offices of Fish & Richardson, P.C., 225 Franklin Street, Boston, Massachusetts 02110-2804, commencing at 9:00 a.m. on January 7, 2008, or at such other place and time as may be agreed upon by counsel. The deposition will continue from day to day until completed. Some or all of the deposition testimony may be recorded by stenographic, audio, audiovisual, video, and/or real-time computer means.

Dated: December 21, 2007

FISH & RICHARDSON P.C.

By:   _/s/ Matthew C. Bernstein_
    William J. Marsden, Jr. (#2247)
    919 N. Market Street, Suite 1100
    Wilmington, DE 19801
    Telephone: (302) 652-5070; Facsimile: (302) 652-0607
    Email: marsden@fr.com

    John E. Giust *(pro hac vice)*
    Matthew E. Bernstein *(pro hac vice)*
    12390 El Camino Real
    San Diego, CA 92130
    Telephone: (858) 678-5070; Facsimile: (858) 678-5099
    Emails: giust@fr.com; bernstein@fr.com

    Bradley D. Coburn *(pro hac vice)*
    111 Congress Avenue, Suite 810
    Austin, TX 78701
    Telephone: (512) 472-5070; Facsimile: (512) 320-8935
    Email: coburn@fr.com

Attorneys for Defendant and Counterclaim-Plaintiff
Hewlett-Packard Company

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2007, I served a copy of the attached on the following individuals in the manner indicated: **NOTICE OF DEPOSITION OF THOMAS L. BEAUDOIN PURSUANT TO FED. R. CIV. P. 30(b)(1)**

*Via Email*                                                     Attorneys for Plaintiff and
Jack B. Blumenfeld (#1014)                          Counterclaim-Defendant
Julie Heaney (#3052)                                    Polaroid Corporation
Morris, Nichols, Arsht & Tunnell, LLP
1201 North Market Street
Wilmington, DE 19899-1347
Phone: 302-658-9200
Fax: 302-658-3989
Emails: jblumenfeld@mnat.com; jheaney@mnat.com

*Via Email*                                                     Attorneys for Plaintiff and
Russell E. Levine, P.C./C. Graham Gerst        Counterclaim-Defendant
Michelle W. Jordan/David W. Higer               Polaroid Corporation
Maria A. Meginnes/C. Beasley
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Phone: 312-861-2000
Fax: 312-861-2200
Emails: rlevine@kirkland.com; ggerst@kirkland.com;
mjordan@kirland.com; dhiger@kirkland.com;
mmeginnes@kirkland.com; cbeasley@kirkland.com

*Courtesy Copy Via Overnight Mail*
Michelle W. Jordan
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
Phone: 312-861-2000
Fax: 312-861-2200

                                            */s/  Matthew C. Bernstein*

10795491.doc

# Exhibit B



"Bradley Coburn"
<coburn@fr.com>
01/21/2008 11:34 AM

To   "David Higer" <dhiger@kirkland.com>

cc

Subject   Polaroid v. HP - Beaudoin Deposition

Dear David:

HP in unable to take Mr. Beaudoin's deposition on January 24, 2008.  Given that Polaroid has proposed the Zink deposition for January 30, 2008 in Boston, HP proposes that Mr. Beaudoin be deposed on either January 29 or January 31, 2008.

Best,

Bradley

**Bradley D. Coburn**
~ Fish & Richardson P.C.
111 Congress Ave., Suite 810
Austin, TX  78701
Direct Dial:  512.226.8111
Facsimile: 512.320.8935
bdc@fr.com

**From:** David Higer [mailto:dhiger@kirkland.com]
**Sent:** Monday, January 21, 2008 11:21 AM
**To:** Bradley Coburn
**Subject:** Polaroid v. HP - Correspondence

Please see the attached.

David W. Higer
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601
direct: 312-469-7029
fax: 312-660-9730

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
**********************************************************

*******************************************************************************
****************************************

This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized use or disclosure is
prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication
(including any attachments) is not intended or written to be used, and cannot be used,
for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any transaction or matter
addressed herein.

*******************************************************************************
****************************************



| | |
|---|---|
| "Bradley Coburn" <coburn@fr.com> | To "Maria Meginnes" <MMeginnes@kirkland.com> |
| 01/29/2008 02:44 PM | cc |
| | bcc |
| | Subject HP/Polaroid: Deposition Issues |

Dear Maria:

I write to advise Polaroid and the relevant third parties that HP will not be taking the Zink, Beaudoin, and Petters' depositions.

Additionally, we are still in the process of responding to Ms. Skinner's and Mr. Gerst's letters of yesterday.

Best,

Bradley

Bradley D. Coburn
~ Fish & Richardson P.C.
111 Congress Ave., Suite 810
Austin, TX  78701
Direct Dial:  512.226.8111
Facsimile: 512.320.8935
bdc@fr.com
****************************************************************************
********************************************

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

****************************************************************************
********************************************