IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POLAROID CORPORATION | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 06-738 (SLR) ) |
| HEWLETT-PACKARD COMPANY, | ) REDACTED VERSION ) ) |
| Defendant. | ) ) ) |

**POLAROID'S ANSWERING BRIEF IN OPPOSITION TO HEWLETT-PACKARD'S MOTION TO STRIKE NEW MATTER IN PLAINTIFF'S REPLY BRIEF OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
Wilmington, Delaware 19801
(302) 658-9200
jheaney@mnat.com
jblumenfeld@mnat.com

*Attorneys for Plaintiff
Polaroid Corporation*

OF COUNSEL:

Russell E. Levine, P.C.
G. Courtney Holohan
Michelle W. Skinner
David W. Higer
Maria A. Meginnes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

July 21, 2008
Original Filing Date: July 21, 2008
Redacted Filing Date: July 30, 2008

**TABLE OF CONTENTS**

NATURE AND STAGE OF THE PROCEEDINGS ..........................................................1

SUMMARY OF THE ARGUMENT .................................................................................1

ARGUMENT.......................................................................................................................1

    I.    POLAROID DID NOT ARGUE THAT DODGE AND BURN DID NOT EMBODY ELEMENT 3 OF CLAIM 7 ███████████ ███████████████████ ..........................................................2

    II.    POLAROID ARGUED IN ITS OPENING BRIEF THAT DODGE AND BURN AND ADAPTIVE SHARPENING LACKED THE SPECIFIC RATIO REQUIRED BY ELEMENT 3, CLAIM 7. ................................3

    III.    HP IMPROPERLY USES ITS SURREPLY TO ADDRESS OTHER ISSUES THAT ADMITTEDLY ARE NOT "NEW". ............................................4

CONCLUSION....................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Federal Ins. Co. v. Signtactics, Inc.*,
   Nos. 97-343-SLR, 97-647-SLR,
   1998 WL 175882 (D. Del. Mar. 26, 1998) .................................................................. 2, 5

*In re Finova Group, Inc.*,
   CA No. 07-480-JJF, 2007 WL 3238764
   (D. Del. Oct. 31, 2007) ..................................................................................................... 1

*In re Valley Media, Inc.*,
   338 B.R. 605 (D. Del. 2006) ............................................................................................. 1

*ISCO Int'l, Inc. v. Conductus, Inc.*,
   279 F. Supp. 2d. 489 (D. Del. 2003) ................................................................................. 1

*Millett v. Truelink, Inc.*,
   Civ. No. 05-599 SLR, 2006 WL 2583100  (D. Del. Sept. 7, 2006) ................................... 1

## NATURE AND STAGE OF THE PROCEEDINGS

In response to Polaroid's Reply Brief in Support of its Motion for Summary Judgment Under 35 U.S.C. § 287 (D.I. 221) ("Reply Brief"), HP filed a Motion to Strike New Matter in Plaintiff's Reply Brief Or, in the Alternative, for Leave to File a Surreply (D.I. 260) ("HP's Motion"). This is Polaroid's Opposition to HP's Motion.

## SUMMARY OF THE ARGUMENT

Polaroid did not make new arguments in its Reply Brief. HP simply seeks to reargue issues that have already been briefed. HP's Motion lacks merit for at least the following reasons:

- Polaroid did not argue that dodge and burn source code failed to embody Element 3, Claim 7 ███████████████████████████

- Polaroid argued in its Opening Brief in Support of its Motion for Summary Judgment Under 35 U.S.C. § 287 (D.I. 146) ("Opening Brief") that the relevant Polaroid technologies lacked the specific ratio required by Element 3, Claim 7. HP did not address this argument in its Opposition to Polaroid's Motion for Summary Judgment Under 35 U.S.C. § 287 (D.I. 186) ("Opposition Brief"). There is no basis for HP to do so in a surreply.

- Other arguments addressed by HP are admittedly not "new."

## ARGUMENT

HP contends that Polaroid raised two arguments for the first time in its Reply Brief in violation of Local Rule 7.1.3(c)(2). In fact, Polaroid's Reply Brief contained only arguments made in its Opening Brief or responsive to HP's Opposition Brief. Accordingly, HP's Motion should be denied. *See, e.g., In re Finova Group, Inc.*, CA No. 07-480-JJF, 2007 WL 3238764, at *1 (D. Del. Oct. 31, 2007) (denying motion for leave to file surreply because the surreply "fail[ed] to comport with the purposes for which it was offered and fail[ed] to respond to new issues raised in the Reply Brief"); *In re Valley Media, Inc.*, 338 B.R. 605, 608, n.2 (D. Del. 2006); *Millett v. Truelink, Inc.*, Civ. No. 05-599 SLR, 2006 WL 2583100, at *1, n.1 (D. Del. Sept. 7, 2006); *ISCO Int'l, Inc. v. Conductus, Inc.*, 279 F. Supp. 2d. 489, 511 (D. Del. 2003);

1

*Federal Ins. Co. v. Signtactics, Inc.*, Nos. 97-343-SLR, 97-647-SLR, 1998 WL 175882, at *1–2 (D. Del. Mar. 26, 1998).

I. **POLAROID DID NOT ARGUE THAT DODGE AND BURN DID NOT EMBODY ELEMENT 3 OF CLAIM 7** ▮

Nowhere in its Opening or Reply Brief did Polaroid suggest that (1) dodge and burn did not meet *Element 3* of Claim 7 ▮

*Compare* D.I. 221 at 7 *with* HP's Surreply In Opposition to Polaroid's Mot. for Summ. J. Under 35 U.S.C. § 287 (Ex. A to D.I. 260) ("Surreply Brief") at 1.[1]

Polaroid argued in its *Opening Brief* that dodge and burn source code is not an embodiment of *Element 1* of Claim 7 ▮ Surreply Br. at 1 (citing D.I. 146 at 21). HP countered in its Opposition Brief that the claim language of Element 1 permitted the calculation of more than one intermediate value, alleging that the articles "a" or "an" had been held to mean "one or more." D.I. 186 at 21–22. In response, Polaroid argued in its Reply Brief that the claim language and the patent specification indicated a singular meaning for "a" and "an." D.I. 221 at 5–9. That argument did not refer to *Element 3* of Claim 7,[2] nor did it refer to the operation of dodge and burn. ▮

---

[1] ▮ Surreply Br. at 3, n.3. Polaroid's citations were correct because they referred to the supposed embodiment of *Element 1*. D.I. 221 at 5, 9. The allegedly omitted sections refer to the intermediate values in the context of *Element 3*. Surreply Br. at 3, n.3.

[2] Polaroid addressed the lack of embodiment of Element 3 of Claim 7 by Polaroid's dodge and burn code in separate sections of both its Opening and Reply Briefs. D.I. 146 at 22; D.I. 221 at 11–13.

2

███████████████████████████████████ as HP claims. Surreply Br. at 1. Rather, Polaroid rebutted an argument from HP's Opposition Brief that Polaroid could not have addressed earlier.

## II. POLAROID ARGUED IN ITS OPENING BRIEF THAT DODGE AND BURN AND ADAPTIVE SHARPENING LACKED THE SPECIFIC RATIO REQUIRED BY ELEMENT 3, CLAIM 7.

Polaroid did argue in its Opening Brief that dodge and burn and adaptive sharpening did not embody Element 3 of Claim 7 because they did not have the "specific ratio" required by this element. D.I. 146 at 22–23. HP's contention that Polaroid asserted an improper "new" argument in its Reply Brief in offering evidence that the necessary ratio was missing ███████ ████████████████████████████████████████████████████████████████████ (1) Polaroid specifically cited expert deposition testimony on this issue in its Opening Brief; and (2) Polaroid responded to arguments made in HP's Opposition Brief. Surreply Br. at 4.

Polaroid contended in its Opening Brief that dodge and burn and adaptive sharpening did not embody Element 3 because they did not have the required ratio. D.I. 146 at 22–23. HP had questioned Polaroid's expert, Dr. Agouris, about the lack of a ratio in these technologies at her deposition, and Polaroid cited this testimony in its Opening Brief. *Id.* (citing D.I. 147, Polaroid Ex. P, Agouris Dep. Tr. at p. 218, lines 3–13; p. 236, lines 14–18; p. 237, lines 7–20).[3]

Even if Polaroid had not done so, however, Polaroid's arguments were in response to HP's Opposition Brief. According to HP, its expert "provided a detailed analysis of Element 3 of Claim 7" and found that (1): "Dodge and Burn met the requirements of Element 3 of Claim 7, *because it applies the claimed ratio under the theory used by Polaroid's expert*," and (2)

---

[3] Polaroid submitted a Joint Appendix with its May 16, 2008 summary judgment motions, cited herein as "D.I. 151, J.A. Ex._". *See* D.I. 151. Polaroid cites the appendix filed with its Opening Brief as "D.I. 147, Polaroid Ex. _," and the appendix filed with its Reply Brief as "D.I. 222, Polaroid Ex. _."

"Adaptive Sharpening meets the requirements of Element 3 *under Polaroid's analysis*." D.I. 186 at 25, 28 (emphasis added). Polaroid appropriately answered by demonstrating that the Polaroid technologies did not meet the requirements of Element 3 and that HP's expert did not apply the theory used by Polaroid's expert.

In its Surreply, HP incorrectly suggests that Polaroid's expert applied the same approach as HP's expert. ██████████████████████████████████████ ████████████████████████ Surreply Br. at 5 (emphasis added). ████████████ ████████████████████████████████████████████████████ *See* D.I. 151, J.A. Ex. B, Agouris Rpt. at 27, 31–32, 35. ████████████████████████████████████ ████████████ *Id.* ████████████████████████████████████ ████████████████████████████████████ *See* D.I. 222, Polaroid Ex. 1, Schonfeld Dep. Tr. at p. 205, lines 17–19; p. 250, line 23–p. 251, line 12. ████████████████ ████████████████████████████ Thus, HP's expert did not apply Polaroid's approach to dodge and burn and adaptive sharpening. ████████████████████████████████ ████████████████████████████████████████████████

### III.  HP IMPROPERLY USES ITS SURREPLY TO ADDRESS OTHER ISSUES THAT ADMITTEDLY ARE NOT "NEW".

HP uses its Surreply not to address arguments HP contends are "new," but instead to respond to Polaroid's arguments for a second time.

####  A.  Polaroid Argued That Dodge And Burn ████████████████████████ ████████████████████████████ In Its Opening Brief.

HP argues that dodge and burn source code ████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████ Surreply Br. at 3, n.3. HP cannot assert that this argument is responsive to any "new" Polaroid contention. In its Opening Brief, Polaroid

4

repeatedly stated that dodge and burn ██████████████████████████
██████ D.I. 146 at 21. HP did not challenge this statement in its Opposition Brief. D.I. 186 at 21-22. It should not be allowed to do so here.

In any event, HP's argument is misleading. Both Polaroid and HP use the term "neighborhood," but the term has a unique meaning for each party. Polaroid's Opening Brief described the invention claimed in the '381 patent: "The first step in the transformation process is to define a window, local neighborhood, or plurality of pixels that includes the pixel to be transformed." D.I. 146 at 3. That brief also showed a sample 3x3 neighborhood of pixels (a-i) surrounding pixel "e," the pixel to be transformed. *Id.* ████████████████████
████████████████████████████████████████████████████████████████
████
████████████ Surreply Br. at 3, n.3. ████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████ D.I. 146 at 21; D.I. 186 at 5–9.

**B.    Polaroid's Reply Brief Cited Supporting Case Law In Response To HP's Opposition Brief Arguments.**

In its Opposition Brief, HP argued that the articles "a" or "an" mean "one or more." D.I. 186 at 21–22. In its Reply Brief, Polaroid cited case law where the Federal Circuit and other courts gave those terms a singular interpretation. D.I. 221 at 6. Polaroid cited this precedent at the correct time — in its Reply Brief. *See, e.g., Federal Ins. Co.*, 1998 WL 175882 at *2 (finding party did not violate Local Rule 7.1.3(c)(2) by distinguishing cases cited by opponent in answering brief). HP does not now get to reargue the point.

### C. Polaroid Has Not Argued That The Use Of More Than One Average Is Equivalent To Using One Average.

In its Surreply, HP mischaracterizes Polaroid's arguments regarding the use of averages. Polaroid has never suggested that "the use of more than one calculated average is equivalent to using only one calculated average in related Claim 7 contexts," as HP contends. Surreply Br. at 4. *HP made this claim in an earlier pleading*, as evidenced by HP's citation of its Opposition Brief as support for this sentence, and Polaroid appropriately responded in its Reply Brief. *Compare* D.I. 186 at 22, n.12 *with* D.I. 221 at 8. Both parties have already addressed this issue.

### D. Polaroid Argued That Element 2, Claim 7 Required That The Original Luminance Be Averaged In Its Opening Brief.

As Polaroid demonstrated in its Opening Brief, Element 2 of Claim 7 requires "the use of the average luminance of the original image to select the transfer function." D.I. 146 at 21. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* Polaroid's statement in its Reply Brief that the claim language was broader than the phrase "original luminance value" in its Opening Brief did not change Polaroid's position. D.I. 221 at 9, n.9.

In any event, the '381 patent does not "expressly describe modifying the 'original' pixel intensity information before averaging under Element 2." Surreply Br. at 4, n.5. Lines 35–37 describe a process in which the original electronic information signal is converted to a luminance or chrominance value. J.A. Ex. A, '381 Pat., col. 3, lines 35–37. This conversion does not change the character of the original pixel information▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ it is still the original information for the image. Lines 43–49 describe a gain array not found in the claims of the '381 patent. *Id.*, col. 3, lines 43–49. The claims of the '381 patent determine whether a Polaroid technology embodies the '381 patent, not the patent specification. Lines 53–61 simply describe the averaging process. *Id.*, col. 3, lines 53–61.

## CONCLUSION

For the reasons set forth herein, HP's Motion should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, Delaware 19801
jblumenfeld@mnat.com
jheaney@mnat.com
(302) 658-9200

*Attorneys for Plaintiff Polaroid Corporation*

OF COUNSEL:

Russell E. Levine, P.C.
G. Courtney Holohan
Michelle W. Skinner
David W. Higer
Maria A. Meginnes
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

July 21, 2008

7

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on July 30, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>William J. Marsden, Jr.
>FISH & RICHARDSON P.C.

I also certify that copies were caused to be served on July 30, 2008 upon the following in the manner indicated:

### BY E-MAIL

| | |
|---|---|
| William J. Marsden, Jr.<br>FISH & RICHARDSON P.C.<br>919 N. Market Street, Suite 1100<br>Wilmington, DE 19801 | Bradley Coburn<br>FISH & RICHARDSON P.C.<br>One Congress Plaza, Suite 810<br>111 Congress Avenue<br>Austin, TX 78701 |
| Matthew Bernstein<br>John E. Giust<br>MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC<br>3580 Carmel Mountain Road, Suite 300<br>San Diego, CA 92130 | Daniel Winston<br>CHOATE HALL & STEWART, LLP<br>Two International Place<br>Boston, MA 02110 |

*/s/ Julia Heaney*

Julia Heaney (#3052)