IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POLAROID CORPORATION,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>Defendant and Counterclaim Plaintiff. | C.A. No. 06-738-SLR<br><br> |

### HEWLETT-PACKARD COMPANY'S REPLY MEMORANDUM IN SUPPORT OF ITS CROSS-MOTION TO PRECLUDE

**FISH & RICHARDSON P.C.**
William J. Marsden, Jr. (#2247)
Raymond N. Scott, Jr. (#4949)
919 N. Market Street, Suite 1100
Wilmington, DE 19801
Tel.: (302) 652-5070
Fax: (302) 652-0607
Emails: *marsden@fr.com; rscott@fr.com*

Robert S. Frank, Jr. *(pro hac vice)*
Daniel C. Winston *(pro hac vice)*
Carlos Perez-Albuerne *(pro hac vice)*
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02109
Tel.: (617) 248-5000
Emails: *rfrank@choate.com; cperez@choate.com; dwinston@choate.com*

John E. Giust *(pro hac vice)*
Matthew E. Bernstein *(pro hac vice)*
MINTZ, LEVIN, COHN, FERRIS,
    GLOVSKY AND POPEO PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel.: (858) 314-1500
Emails: *jgiust@mintz.com; mbernstein@mintz.com*

*Attorneys for Defendant and Counterclaim-Plaintiff
Hewlett-Packard Company*

Dated: August 7, 2008

# TABLE OF CONTENTS

Page(s)

NATURE AND STAGE OF THE PROCEEDINGS .................................................................. 1

SUMMARY OF ARGUMENT ........................................................................................................ 2

ARGUMENT ...................................................................................................................................... 2

    I.    Dr. Agouris' Declaration In Opposition To HP's Motion For Summary Judgment Of Non-Infringement Or, In The Alternative, Patent Invalidity. ............. 2

    II.    The Agouris And Wroblewski Declarations Regarding Dr. Agouris' Qualifications And The Way That She Developed Her Opinions. ......................... 3

    III.    Dr. Agouris' Deposition Testimony Regarding Marking. ....................................... 5

    IV.    The McCullough Declaration. ........................................................................................ 7

    V.    Mr. Beaudoin's Laches Declaration. ............................................................................. 8

CONCLUSION .................................................................................................................................. 9

4358948v1

# TABLE OF AUTHORITIES

**CASES**

*Nike Inc. v. Wal-Mart Stores,*
 138 F.3d 1437 (Fed. Cir. 1998)............................................................................................5

**STATUTES**

35 U.S.C. § 287....................................................................................................................5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26........................................................................................................... 4, 6-8

4358948v1

## NATURE AND STAGE OF THE PROCEEDINGS

Polaroid filed a Motion to Preclude Hewlett-Packard Company's ("HP") invalidity expert, Dr. Rangayyan, from testifying in accordance with a declaration (D.I. 190) that he filed in opposition to Polaroid's Motion for Summary Judgment of Obviousness. D.I. 247. In the same motion, Polaroid sought an order precluding the testimony of three fact witnesses that HP designated to testify in rebuttal to Polaroid contentions that were not disclosed at any time during the fact discovery period, and were advanced, for the first time, in Polaroid's expert reports. D.I. 247.[1]

HP opposed Polaroid's motion. It established that Dr. Rangayyan's Declaration (a) was consistent with Dr. Rangayyan's expert reports and his deposition testimony, and (b) addressed a subject about which Polaroid had a full opportunity to depose -- and did depose -- Dr. Rangayyan. As to the fact witnesses, HP observed (1) that the Scheduling Order does not require the prior disclosure of true rebuttal witnesses, (2) that the need for rebuttal witnesses arose because of Polaroid's failure seasonably to disclose its contentions, and (3) that Polaroid had ample opportunity to depose these witnesses, but voluntarily chose not to do so. There was no conceivable prejudice to Polaroid.

HP also filed a Cross-Motion to Preclude. D.I. 266. It pointed to conduct by Polaroid that was of the same character as, but was significantly more prejudicial than, the conduct about which Polaroid was complaining, and urged that, if the Court were inclined to grant Polaroid's Motion to Preclude, it should also grant HP's Cross-Motion. This reply memorandum is filed in support of HP's Cross-Motion.

---

[1] Polaroid's answers to HP's contention interrogatories were filed on February 2, 2008. They do not disclose the theories stated in Polaroid's expert reports, even on issues as to which Polaroid has the burden of proof. Polaroid has not since supplemented those answers.

4358948v1

# REDACTED

## SUMMARY OF ARGUMENT

In its efforts to avoid summary judgment and to sidestep HP's *Daubert* motions, Polaroid has repeatedly filed declarations by its expert witnesses that advance opinions that are not stated, or otherwise expand its experts' testimony well beyond anything stated, in Polaroid's expert reports. Polaroid should not be permitted to present testimony in accordance with the new material stated in these affidavits at trial, or in opposition to HP's pending post-discovery motions. Polaroid's Answering Brief in Opposition to Hewlett-Packard's Cross-Motion to Preclude (D.I. 273) is replete with misrepresentations of fact and mischaracterizations of the record. Each incorrect or misleading statement is addressed below.

## ARGUMENT

### I. Dr. Agouris' Declaration In Opposition To HP's Motion For Summary Judgment Of Non-Infringement Or, In The Alternative, Patent Invalidity.

The Court will recall that the prior art Okada patent was the basis for the Patent Examiner's rejection of the original claims of the application leading to the Polaroid patent-in-suit, U.S. Patent No. 4,829,381 (the "'381 patent"). D.I. 138 (Ex. E., pp. 1-3). Polaroid overcame that rejection by adding to all relevant claims a limitation that required the use of a specific ratio in the "selection" of a transfer function. (The transfer function is the part of the disclosed algorithm that "transforms" an input luminance value ($Y_{in}$) into an output luminance value ($Y_{out}$).)

Polaroid's expert Dr. Peggy Agouris submitted two reports. One of her reports was addressed to patent invalidity. In that report, Dr. Agouris characterized the Okada patent. She said that, in her opinion, the Okada patent ████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████ D.I. 151 (Ex. C, pp. 31-32).

**REDACTED**

In HP's Memorandum in Support of Its Motion for Summary Judgment of Non-Infringement, Or, In The Alternative, Patent Invalidity, HP observed that Dr. Agouris had thus conceded in her report that the limitation that Polaroid added during prosecution to distinguish the Okada patent, did not actually distinguish the Okada patent, and that Dr. Agouris' opinion established that the '381 patent was invalid. D.I. 137, p. 39.

Polaroid filed Dr. Agouris' Declaration (D.I. 193, Ex. 3) in an effort to respond to this argument. In her declaration, Dr. Agouris recanted (Polaroid would say "explained") the relevant statement in her expert report. Polaroid does not deny that Dr. Agouris' Declaration was filed long after the close of expert discovery, and states opinions that are not stated in her expert report.

Polaroid's sole justification for this new expert testimony is that Dr. Agouris' Declaration was filed in response to one of Dr. Rangayyan's expert reports. Polaroid's Answering Brief in Opposition to Hewlett-Packard's Cross-Motion to Preclude ("Opposition"), at 2. This statement is false. The Agouris Declaration does not even mention Dr. Rangayyan's reports. It is addressed solely to Dr. Agouris' *own* prior opinion and HP's Memorandum in Support of Its Motion for Summary Judgment, which points to that opinion. Thus, Polaroid's only explanation for this new, post-discovery opinion is baseless.

Dr. Agouris' Declaration (D.I. 193, Ex. 3) should be stricken because it goes well beyond Dr. Agouris' reports and Dr. Agouris should be precluded from testifying at trial with respect to the matters stated in that Declaration.

II.  **The Agouris And Wroblewski Declarations Regarding Dr. Agouris' Qualifications And The Way That She Developed Her Opinions.**

At her deposition, Dr. Agouris testified ████████████████████████████████
████████████████████████████████████████████████████████████████████████

4358948v1

**REDACTED**

███████████████████████████████████████████████

██████████████████████████ Mr. Wroblewski did not submit an expert report. HP then filed a *Daubert* motion to preclude Dr. Agouris from testifying about subjects (1) that were beyond the scope of her expertise, or (2) where her opinions were based upon, or derivative of, Mr. Wroblewski's expert source code analysis. D.I. 167.

In response to this *Daubert* motion, Dr. Agouris filed another declaration. D.I. 219 (Ex. 2). This time, she asserted that she had qualifications, and engaged in certain source code analysis, that she did not disclose in either of her expert reports. Her declaration was inconsistent with her deposition testimony. *Compare* D.I. 268 (Ex. C, pp. 56, 58-59) *with* D.I. 219 (Ex. 2, pp. 3-5). Mr. Wroblewski provided a declaration in which he described (and minimized) his activities. D.I. 219 (Ex. 4).

Polaroid does not deny that these declarations go beyond anything stated in Dr. Agouris' expert reports. Polaroid attempts to explain away its effort to add new expert testimony after the close of expert discovery on the ground that Dr. Agouris did not state new *opinions* (in this particular declaration). Opposition at 3. Polaroid's argument is short of the mark. Fed. R. Civ. P. 26(a)(2) requires more than just a disclosure of opinions in an expert report. It mandates a full statement of the witness's qualifications (Rule 26(a)(2)(iv)) and an accurate description of what the expert did in order to form his/her opinions. Rule 26(a)(2)(ii). Polaroid does not even contend that Dr. Agouris' reports complied with these parts of Rule 26(a)(2).

Polaroid's only other response is that inconsistencies between Dr. Agouris' deposition testimony and her Declaration may be "explored" on cross-examination at trial. Opposition, p. 3, n.2. This contention is similarly inadequate. It ignores the purpose of *Daubert* motions, which is to *preclude* testimony where an expert is not sufficiently qualified to state particular expert

opinions, or where the expert's methodology is deficient. Based on Dr. Agouris' deposition testimony, Dr. Agouris should not be permitted to offer any testimony whatever -- (1) at trial, (2) in opposition to HP's Motion for Summary Judgment of Non-Infringement (D.I. 136), or (3) in support of Polaroid's Motion for Summary Judgment Under 35 U.S.C. § 287 (D.I. 145) -- regarding subjects that Dr. Agouris *admitted* were outside the scope of her expertise, or where her "opinions" are merely derivative of the opinions of another expert who has not provided an expert report.

### III. Dr. Agouris' Deposition Testimony Regarding Marking.

HP contends that, if Polaroid's construction of the claims of the '381 patent were to be accepted, certain identified Polaroid products (a) embody those claims, and (b) were not marked. *See* 35 U.S.C. § 287. Polaroid has the burden of proof regarding the product marking issue. *Nike Inc. v. Wal-Mart Stores*, 138 F.3d 1437, 1446 (Fed. Cir. 1998). Prior to the filing of expert reports, HP informed Polaroid that, because Polaroid had the burden of proof on this issue, Polaroid should provide any expert opinion regarding the subject as it relates to certain identified Polaroid products in the first round of expert reports. *See* Letter from John Giust to David Higer, filed herewith as Exhibit A to the Declaration of William J. Marsden, Jr. In Support Of Defendant Hewlett-Packard's Reply Brief In Support of Its Cross Motion to Preclude ("Marsden Decl.").

Dr. Agouris did provide such a report. She opined that marking was not required. In her report, she said that the source code for two Polaroid products -- source code that she never read -- did not embody claims 1-6 of the '381 patent. As the ground for these opinions, Dr. Agouris stated that she "understands" (apparently, based on what Mr. Wroblewski told her) that the relevant Polaroid products do ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

██████████████████████████████████████████████████████████████████

██████████████████████████████ ) D.I. 151 (Ex. B, pp. 94-95). Dr. Agouris then said, in utterly conclusory fashion, ██████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████ ) *Id.* at 95-96.

However, it is undisputed that claims 1-6 are stated in means plus function form, that claim 7 is not a means plus function claim, and, that, as a result, the scope of claim 7 differs from the scope of claims 1-6. In particular, it is undisputed that claim 7 of the '381 patent does *not* require either ███████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ) Excerpts from the Deposition of Dr. Peggy Agouris (Marsden Decl. Ex. B), at pp. 213. Thus, Dr. Agouris' conclusory opinion regarding claim 7 was completely without basis.

Once again, Polaroid had to plug a leak in its case. As a result, at her deposition, Dr. Agouris stated entirely new and different reasons why she allegedly believes the relevant Polaroid products do not embody claim 7 of the '381 patent, as interpreted by Polaroid. Polaroid does not deny that Dr. Agouris' deposition testimony goes well beyond anything stated in her expert report. Further, Polaroid never corrected Dr. Agouris' expert reports (before or after her deposition) as required by Fed. R. Civ. P. 26(e)(1) and (2).

Polaroid now justifies Dr. Agouris' statement of a new rationale for her claim 7 opinion by citing the portion of her report in which she states the now-abandoned reason. Opposition at 4. No other excuse is provided. The indisputable facts are (1) that Polaroid was on notice that Dr. Agouris should state, in her report, *all* reasons why the cited Polaroid products did not embody the claims of the '381 patent, (2) that Dr. Agouris failed to do so, (3) that Dr. Agouris

stated new opinions at her deposition, and (4) that Dr. Agouris did not supplement her expert report in advance of her deposition, thus depriving HP of the opportunity properly to examine her at her deposition. Even now, she has not supplemented her expert report. Polaroid simply violated the requirements of Rule 26. It should be precluded from offering testimony at trial or in support of its motion for partial summary judgment relating to the product marking issue that goes beyond that which is fairly stated in her expert reports.

### IV. The McCullough Declaration.

Mr. McCullough is Polaroid's survey expert. He issued an expert report and was deposed. Thereafter, HP filed a *Daubert* motion which pointed to the manifest flaws in Mr. McCullough's survey. D.I. 164. In response, Polaroid procured and filed Mr. McCullough's Declaration. D.I. 218, (Ex. 2). According to Polaroid, Mr. McCullough "explained," in this post-discovery disclosure, "the process of designing his survey," and opined as to what experienced "survey researchers" "know" and "take into account." Polaroid does not deny (a) that these are subjects that a survey expert is required to state in his expert report, (b) that the statements in Mr. McCullough's Declaration were omitted from his expert report, and (c) were not even made by Mr. McCullough at his deposition. Polaroid should not be allowed to rely on these new opinions at trial or in opposition to HP's relevant *Daubert* motion.

Polaroid's justification -- that Mr. McCullough did not provide any additional opinions on his methodology (Opposition at 4) leads nowhere. Assertions by an expert about what experienced persons in his field "know" or "take into account" are opinions. And, Mr. McCullough was obligated to explain how his survey was designed in his expert report, not in a post-discovery expert declaration.

# REDACTED

### V. Mr. Beaudoin's Laches Declaration.

Polaroid identified Thomas Beaudoin, who joined Polaroid in 2004, as a person knowledgeable about only one subject: "Polaroid's corporate history." Then, in opposition to HP's Motion for Summary Judgment On Grounds of Estoppel And, In The Alternative Or In Addition, Laches, Polaroid relied on Mr. Beaudoin's Declaration. In his Declaration, Mr. Beaudoin offered alleged excuses for Polaroid's failure to sue HP for more than six years after it learned of conduct that it now alleges infringed the '381 patent. Polaroid now justifies its use of Mr. Beaudoin's Declaration as the principal support for its opposition to HP's laches summary judgment motion on the ground that "corporate history is the only subject discussed in Beaudoin's declaration." Opposition at 5.

Polaroid's assertion is disingenuous. The Declaration goes well beyond Polaroid's corporate history (as to which Mr. Beaudoin had no personal knowledge because he did not join Polaroid until 2004). It is an attempt to justify Polaroid's failure to sue HP during the six-year delay period. *See, E.g.*, D.I. 195 (Ex. 3) at ¶ 17 ( ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ ) Polaroid's assertion that its Rule 26 disclosures fairly identified the scope of Mr. Beaudoin's alleged knowledge, or his potential testimony, is unsupportable.

## CONCLUSION

Polaroid's Motion to Preclude is litigation gamesmanship designed to obtain a tactical advantage from Polaroid's own failure seasonably to disclose its contentions. Polaroid has suffered no actual prejudice. By contrast, Polaroid engaged in a systematic expansion of its experts' testimony (and the testimony of one of its fact witnesses) after the close of discovery. Polaroid's conduct, if permitted, will prejudice HP. Therefore, HP's Cross-Motion to Preclude should be granted.

Dated: August 7, 2008  **FISH & RICHARDSON P.C.**

By: /s/ *William J. Marsden, Jr.*
William J. Marsden, Jr. (#2247)
Raymond N. Scott, Jr. (#4949)
919 N. Market Street, Suite 1100
Wilmington, DE 19801
Tel.: (302) 652-5070
Fax: (302) 652-0607
Email: *marsden@fr.com; rscott@fr.com*

Robert S. Frank, Jr. *(pro hac vice)*
Carlos Perez-Albuerne *(pro hac vice)*
Daniel C. Winston *(pro hac vice)*
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02109
Tel.: (617) 248-5000
Fax: (617) 248-4000
Emails: *rfrank@choate.com; cperez@choate.com; dwinston@choate.com*

John E. Giust *(pro hac vice)*
Matthew E. Bernstein *(pro hac vice)*
MINTZ, LEVIN, COHN, FERRIS,
    GLOVSKY AND POPEO PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel.: (858) 314-1500
Fax: (858) 314-1501
Emails: *jgiust@mintz.com; mbernstein@mintz.com*

*Attorneys for Defendant and Counterclaim-Plaintiff Hewlett-Packard Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2008, I electronically filed with the Clerk of Court the foregoing document using CM/ECF which will send electronic notification of such filing(s) to the following counsel:

| | |
|---|---|
| *Via Email*<br><br>Jack B. Blumenfeld (#1014)<br>Julia Heaney (#3052)<br>MORRIS, NICHOLS, ARSHT & TUNNELL, LLP<br>1201 North Market Street<br>Wilmington, DE 19899-1347<br>Phone: 302-658-9200<br>Fax: 302-658-3989<br>Emails: *jblumenfeld@mnat.com; jheaney@mnat.com* | Attorneys for Plaintiff and Counterclaim-Defendant Polaroid Corporation |
| *Via Email*<br><br>Russell E. Levine, P.C.<br>Michelle W. Skinner/David W. Higer<br>Maria A. Meginnes/Courtney Holohan/C. Beasley<br>KIRKLAND & ELLIS LLP<br>200 East Randolph Drive<br>Chicago, IL 60601<br>Phone: 312-861-2000<br>Fax: 312-861-2200<br>Emails: *rlevine@kirkland.com; ggerst@kirkland.com;*<br>*mskinner@kirkland.com; dhiger@kirkland.com;*<br>*mmeginnes@kirkland.com; mmeginnes@kirkland.com;*<br>*cbeasley@kirkland.com* | Attorneys for Plaintiff and Counterclaim-Defendant Polaroid Corporation |

*Courtesy Copy Via Federal Express*

Michelle W. Skinner
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
Phone: 312-861-2000
Fax: 312-861-2200

/s/ *William J. Marsden, Jr.*
William J. Marsden, Jr.

4358948v1